UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                           Date: April 29, 2021

Title      _Relevant Group, LLC, et al. v. Nourmand, et al._

Present:  The Honorable:   Karen L. Stevenson, United States Magistrate Judge

Gay Roberson
Deputy Clerk                                    Court Reporter / Recorder

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION [Dkt. No. 59]**

**INTRODUCTION**

Before the Court is a Motion to Compel brought by Plaintiffs Relevant Group, LLC ("Relevant"), 1451 Wilcox Hotel LLC ("Wilcox"), 6516 Tommie Hotel LLC ("Tommie"), and 6421 Selma Wilcox Hotel LLC ("Selma") (collectively, "Plaintiffs").  (Dkt. No. 59 (the "Motion" or "Joint Stip.").)  The Motion was filed in the joint stipulation format pursuant to Local Rule 37-2 on March 31, 2021.  (_Id._)  Plaintiffs request an order compelling responses from Defendants The Sunset Landmark Investment LLC ("Sunset") and its principal, Stephan Nourmand, to its Requests for Production ("RFPs").

Plaintiffs seek two categories of documents:  (1) Defendants' communications regarding the terms of settlement agreements in underlying California Environmental Quality Act ("CEQA") challenges;[1] and (2) documents relating to Defendants' legal spend to the attorneys representing them in those challenges.  (Joint Stip. at 1-3.)  The parties also submit a Declaration of Joshua A. Rubin, Plaintiffs' counsel, in Support of the Motion with supporting exhibits (Dkt. No. 60 ("Rubin Decl.")); a Declaration of Blake L. Osborn, Defendants' counsel, in support of Defendants'

---

[1]     As Plaintiffs explain in the Motion, "CEQA is a California statute designed to ensure that public agencies mitigate environmental damages arising out of activities that may affect the quality of the environment.  _See Save Our Big Trees v. City of Santa Cruz_, 241 Cal. App. 4th 694, 704 (2015) (citation omitted)."  (Joint Stip. at 1 n.1.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                                  Date: April 29, 2021

Title        _Relevant Group, LLC, et al. v. Nourmand, et al._

opposition to the Motion with supporting exhibits (Dkt. No. 61); Plaintiffs' Supplemental Memorandum in Support of the Motion (Dkt. No. 62 ("P's Supp. Mem.")); and Defendants' Supplemental Memorandum in Support of their Opposition to the Motion (Dkt. No. 62 ("D's Supp. Mem.")).  On April 21, 2021, the Court held hearing on the Motion and took the matter under submission.  (Dkt. No. 64.)

For the reasons outlined below, the Motion is GRANTED in part and DENIED in part.

**RELEVANT BACKGROUND**

I.        **The Parties' Allegations and Asserted Defenses**

a.        **Plaintiffs' Second Amended Complaint**

The operative pleading in this action is Plaintiffs' Second Amended Complaint ("SAC") filed on June 3, 2020.  (Dkt. No. 41.)  Plaintiffs allege that Defendants operated a criminal enterprise by filing reflexive sham litigation under the guise of voicing environmental concerns in order to burden and delay development projects until competing developers, including Plaintiffs, acquiesced to Defendants' extortionate demands.  (SAC ¶¶ 1, 4, 56.)  Defendants are represented by the Silverstein Firm, who allegedly litigate the sham claims.  (SAC ¶¶ 2, 5-6.)  According to Plaintiffs, the enterprise aims to restrict who is permitted to develop and the projects' aesthetics, as well as to strongarm rival developers by extracting ransom money and concessions in exchange for Defendants' agreement to drop the lawsuits.  (SAC ¶¶ 3-4.)  Plaintiffs allege that Defendants "openly admit" that its litigation is unrelated to any environmental concern.  (_Id._)

Relevant, a real estate developer, alleges it is a common target of Defendants' scheme. (SAC ¶¶ 7-8.)  In October 2014, Wilcox, an entity managed by Relevant, filed an application with the City of Los Angeles (the "City") to develop the Thompson Hotel.  (SAC ¶ 57.)  In its preliminary analysis, the City concluded that various mitigation measures would reduce potential adverse environment effects, and Wilcox adopted the proposed mitigation measures.  (SAC ¶¶ 58-60.)  In February 2016, after a positive recommendation by the City Planning Commission, the City Council approved the Thompson Hotel project, including the plans to mitigate environmental impact.  (SAC ¶ 61.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                              Date: April 29, 2021

Title      _Relevant Group, LLC, et al. v. Nourmand, et al._

On March 3, 2016, Sunset, through the Silverstein Firm, initiated a lawsuit against the City, naming Wilcox as a real party in interest, alleging that notwithstanding the City's findings, the Thompson Hotel would cause significant unmitigable impacts to the environment.  (SAC ¶ 62.) Sunset pursued baseless claims against Wilcox, without offering substantial evidence to support the claims.  (SAC ¶¶ 63-64.)  Defendants then sought "ransom" payment by informing Wilcox and Relevant that even it agreed to its non-monetary demands (which were unrelated to the CEQA litigation), it would continue to pursue the litigation unless Relevant agreed to pay.  (SAC ¶ 66.) According to Plaintiffs, Defendants made clear in subsequent communications that their environmental concerns were pretextual—they sent Relevant a list of demands unrelated to environmental issues and consistently communicated that for Defendants to consider dropping the litigation, Plaintiffs had to pay them, change the projects' aesthetics, and deliver personal concessions to Sunset.  (SAC ¶¶ 67-72.)  Plaintiffs pursued a settlement with Defendants, but after unsuccessful attempts to negotiate, Plaintiffs agreed to pay Sunset the sum it demanded ($5.5 million) and to make the requested design changes.  (SAC ¶¶ 9, 73-74, 77-78.)  Plaintiffs allege that the Silverstein firm obtained personal economic benefit from the payment through a contingency or related agreement between the firm and Defendants.  (SAC ¶¶ 9, 79.)

In January 2016, Tommie, another entity managed by Relevant, filed an application with the City relating to property owned by Tommie for the construction of a mixed use hotel.  (SAC ¶ 80.)  In December 2016, the City proposed certain mitigation measures to reduce potential adverse environmental effects.  (SAC ¶ 81.)  In January 2017, the Commission concluded that with the imposition of certain proposed mitigation measures, there was no substantial evidence that the project would have a significant effect on the environment and made the adoption of those measures a condition for the project.  (SAC ¶ 82.)  The City Council accepted the recommendation and approved the project.  (_Id._)

In June 2017, Sunset, through the Silverstein firm, initiated a lawsuit against the City and the City Community Redevelopment Agency, naming Tommie as a real party in interest.  (SAC ¶ 84.)  As in the Thompson Hotel litigation, Sunset falsely alleged that the Tommie development would have significant negative impact on the environment as pretext for extorting money from Tommie and forcing it to make monetary and aesthetic concessions to Defendants.  (SAC ¶ 85.) Ultimately, Sunset dismissed the Tommie litigation at the same time it dismissed the Thompson Hotel litigation, based on the payment to Sunset of the $5.5 million.  (SAC ¶ 86.)  Plaintiffs allege

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                                    Date: April 29, 2021

Title       _Relevant Group, LLC, et al. v. Nourmand, et al._

that the terms of this payment were unrelated to the purported environmental issues with the Tommie Hotel, as evidenced by the fact that Sunset dismissed the litigation without any significant alterations to the development highlights the sham nature of the litigation.  (SAC ¶ 87.)

In April 2019, Defendants targeted another of Relevant's projects at 6241 Selma Avenue in Hollywood (the "Selma Hotel"), operated by Selma, by initiating a similar CEQA lawsuit.  (SAC ¶¶ 10, 97.)  As with the Thompson and Tommie projects, Selma sought approval from the City for the project, the City concluded that with mitigation efforts enacted there was no substantial evidence that the project would have a significant impact on the environment, and the City approved the project.  (SAC ¶¶ 94-96.)  Plaintiffs contend that Defendants hired a third-party to file his own lawsuit concerning the Selma Hotel two days before Sunset filed its CEQA complaint, naming Selma as a real party in interest.  (SAC ¶¶ 11, 107.)  Although the third party initiated the litigation _pro se_, Plaintiffs contend that he acted in concert with Defendants, which directed and funded the litigation.  (SAC ¶¶ 12, 105-06.)

As with the Thompson and Tommie projects, Defendants again commenced CEQA litigation against Selma based on pretextual environmental concerns to delay the project and extort money from Plaintiffs.  (SAC ¶¶ 98-100.)  After Sunset filed its legal challenge to the Selma Hotel, a representative of Relevant tried to reason with Nourmand, who allegedly stated:  "You know the drill.  It's going to take a check to make this go away."  (SAC ¶¶ 14, 102.)  In sum, Defendants' conduct "reveals a pattern of coercion, extortion, and other unlawful conduct.  Through its bullying tactics, the enterprise has engaged in a pattern of lucrative racketeering activity, at the expense of Plaintiffs and other developers in the Los Angeles area."  (SAC ¶ 16.)

The SAC asserts claims against Defendants for violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c); violation of the RICO Act, 18 U.S.C. § 1962(d), by conspiring to violate § 1962(c); and violation of the RICO Act, 18 U.S.C. § 1962(d), by conspiring to violation § 1962(b).  (SAC ¶¶ 112-66.)  Plaintiffs seek injunctive relief forbidding Defendants from engaging in further extortion with respect to the Selma project; damages equal to the amount Plaintiffs have sustained or will sustained, in an amount to be proven at trial, but believed to be in excess of $100 million; prejudgment interest; costs of suit; punitive damages; and such other relief as the Court deems just and proper.  (_Id._ at p. 35.)
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                                    Date: April 29, 2021

Title      *Relevant Group, LLC, et al. v. Nourmand, et al.*

### b.  Defendants' Answer

On June 24, 2020, Defendants filed an Answer to the SAC in which they generally deny Plaintiffs' allegations. (Dkt. No. 44.)  As to the issues in the present dispute, Defendants elaborate on the parties' settlement discussions related to the underlying CEQA litigation.  They explain that on the eve of trial in the Thompson Hotel litigation, the Court issued a tentative ruling; during that time, Wilcox and Sunset had settlement discussions related to the litigation.  (*Id.* ¶¶ 8, 33, 45, 47, 74-78, 86, 119.)  According to Defendants, Wilcox demanded that any settlement with Sunset be a global settlement so as to include Tommie and to settle all pending litigation.  (*Id.*)  The parties then reached two settlement agreements simultaneously and one single payment was made for the benefit of both Wilcox and Tommie.  (*Id.*)  Wilcox and Tommie each agreed to certain concessions in consideration for mutual releases and dismissals of Sunset's litigation against the parties.  (*Id.*)

Defendants deny that any "Nourmand Enterprise," as described by Plaintiffs, exists.  (*Id.*)  They state that Sunset negotiated its settlements with Wilcox and Tommie, but not with Relevant.  (*Id.* ¶ 9.)  Defendants raise several affirmative defenses including, as relevant here, that Plaintiffs' claims fail because the *Noerr-Pennington* doctrine applies to Defendants.[2]  (*Id.* at p. 38.)

## II.     Procedural History and Discovery Efforts Preceding Plaintiffs' Motion

Plaintiffs filed their First Amended Complaint ("FAC") on August 30, 2019.  (Dkt. No. 21.)  In September 2019, the Court received two concurrently filed motions to dismiss the FAC— one from Nourmand & Associates, a defendant who was later dismissed from the action (*see* Dkt. No. 46), and another from Nourmand and Sunset. (Dkt. Nos. 22-23.)  In October 2019, Nourmand and Sunset also filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11.  (Dkt. No. 34.)  On May 18, 2020, the Court granted in part and denied in part the motions to dismiss, and denied the sanctions motion.  (Dkt. No. 39.)  As relevant here, the Court held, *inter alia*, (1) Plaintiffs had sufficiently alleged that Defendants' environmental lawsuits constituted sham litigation as an exception to the *Noerr-Pennington* doctrine; (2) Plaintiffs failed to adequately plead

---

[2]      The *Noerr-Pennington* doctrine generally provides immunity from RICO liability to those who petition any department of the government for redress. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). Presiding District Judge, the Honorable Otis D. Wright III, discussed the *Noerr-Pennington* doctrine at length in an Order Granting In Part Defendants' Motions to Dismiss and Denying Motion for Sanctions. (Dkt. No. 39 at 6-9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                     Date: April 29, 2021

Title   *Relevant Group, LLC, et al. v. Nourmand, et al.*

the enterprise prong of a RICO claim; and (3) leave to amend was granted.  (*Id.* at 6-9, 12-15.)  In June 2020, Plaintiffs filed the SAC and Defendants filed their Answer.  (Dkt. No. 41, 44.)

The parties' discovery cut-off date is August 16, 2021.  (Dkt. No. 48 at 24.)  On July 21, 2020, Plaintiffs served their first set of RFPs on Defendants.  (Rubin Decl. ¶ 2.)  On September 10, 2020, Defendants served responses to Plaintiffs' first set of RFPs.  (*Id.* ¶ 3.)  The parties exchanged meet-and-confer letters on September 29, 2020, October 4, 2020, January 8, 2021 and January 21, 2021.  (*Id.* ¶ 4.)  They also engaged in verbal discussions on September 29, 2020.  (*Id.*)  Through these discussions, the parties narrowed their disputes to the two categories of requests at issue in the Motion.  (Joint Stip. at 2 n.2.)

On March 13, 2021, the parties requested an informal discovery conference with the Court.  (Dkt. No. 53.)  On March 15, 2021, the Court held a telephonic conference with both parties' counsel concerning Defendants' failure to produce document in response to Plaintiffs' RFPs regarding:  (1) settlement terms between Plaintiffs and Sunset in connection with two prior lawsuits that Plaintiff contends were sham CEQA lawsuits in an effort to block Plaintiffs' development projects; and (2) RFPs seeking documents "sufficient to identify the amount of Defendants' legal spend in the underlying CEQA litigations" and documents "evidencing an agreement of whether or how the monetary payment Sunset received as part of the settlement agreements would be allocated to pay its CEQA attorney."  (Dkt. No. 54 at 1.)  After hearing the arguments of counsel at the discovery conference, the Court determined that full briefing would be helpful to resolve these discovery  disputes and authorized the parties to file a motion to compel in the joint stipulation format pursuant to Local Rule 37-2.  (*Id.* at 2.)

**THE MOTION**

**A.  Plaintiffs' Position**

In the Motion, Plaintiffs seek an order compelling Defendants to produce documents in response to Plaintiffs' RFPs, to which Defendants responded on September 10, 2020.  The pertinent RFPs seek documents relating to Defendants' settlement discussions in the underlying CEQA challenges and documents relating to Defendants' legal spend in those challenges, including payments made to the Silverstein firm.   Specifically, the Motion seeks an order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                          Date: April 29, 2021

Title        *Relevant Group, LLC, et al. v. Nourmand, et al.*

compelling Defendants to respond to Plaintiffs' RFPs Nos. 31-34, 36, 38, 40, 42, 44, 46, and 54-56.[3]  Plaintiffs argue that those documents are crucial to proving that the CEQA actions at issue were sham lawsuits and that Defendants brought the challenges to recover money and other concessions completely unrelated to CEQA.  (Joint Stip. at 1-3, 25-36.)

### 1.   Documents Relating to Settlement Discussions in the CEQA Challenges

RFP Nos. 31-33 seek documents relating to Sunset's internal deliberations and communications with third parties (not Plaintiffs) about settlement offers, the monetary terms of settlements, and demands for design changes in the Relevant projects.  (*Id.* at 25.)  Specifically, these requests seek:

### a.   Settlement Communications

- "COMMUNICATIONS with any PERSON that RELATE to any settlement offers, settlement discussions, negotiations, offers to compromise, or demand in connection with any CEQA CHALLENGE, including but not limited to the THOMPSON LITIGATION, TOMMIE LITGATION, or SELMA/SUNSET LITIGATION"  (RFP No. 31);
- "DOCUMENTS that RELATE TO YOUR decision to demand a monetary payment from PLAINTIFFS in exchange for the dismissal of the THOMPSON LITIGATION and/or TOMMIE LITGATION" (RFP No. 32); and
- "DOCUMENTS that RELATE TO YOUR CALCULATION OF THE $5.5 million monetary payment YOU demanded from PLAINTIFFS in exchange for the dismissal of the THOMPSON LITIGATION and/or TOMMIE LITGATION" (RFP No. 33).

//
//
//
//
//

---

[3]      Because of the voluminous nature of the disputed RFPs and responses, the Court will not recite each of the requests and objections in full in this Order, but has attached the relevant requests, along with Defendants' responses and objections as Appendix A.  (*See infra* at 23-35.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                                Date: April 29, 2021

Title        *Relevant Group, LLC, et al. v. Nourmand, et al.*

### b.  Demands for Project Design Changes

- "DOCUMENTS that RELATE TO YOUR decision to demand a height change to the Thompson Hotel as a condition for settlement of the THOMPSON LITIGATION" (RFP No. 34);
- "DOCUMENTS that RELATE TO YOUR decision to demand changes to the lightwell of the Thompson Hotel as a condition for settlement of the THOMPSON LITIGATION" (RFP No. 36);
- "DOCUMENTS that RELATE TO YOUR decision to demand changes to the setback of the Thompson Hotel as a condition for settlement of the THOMPSON LITIGATION" (RFP No. 38);
- "DOCUMENTS that RELATE TO YOUR decision to demand that there be no balconies or operable windows on the west-facing side of Thompson Hotel as a condition for settlement of the THOMPSON LITIGATION" (RFP No. 40); and
- "DOCUMENTS that RELATE TO YOUR decision to demand changes be made to the stairwell and setback of the Tommie Hotel as a condition for settlement of the TOMMIE LITIGATION" (RFP No. 44);

### c.  Other Settlement Terms

- "DOCUMENTS that RELATE TO YOUR decision to demand that Wilcox agree to take reasonable actions requested by Sunset Landmark Investment LLC . . . to assist and support Sunset with the City of Los Angeles on any future development proposal for the Sunset Property . . . in exchange for the dismissal of the THOMPSON LITIGATION" (RFP No. 42);  and
- DOCUMENTS that RELATE TO YOUR decision to demand that Tommie agree to take reasonable actions requested by Sunset Landmark Investment LLC . . . to assist and support Sunset with the City of Los Angeles on any future development proposal for the Sunset Property . . . in exchange for the dismissal of the TOMMIE LITIGATION" (RFP No. 46).

Plaintiffs contend that these documents are relevant to prove that Defendants' CEQA challenges were a pretext for extorting unrelated concessions from Relevant, and they therefore

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                                    Date: April 29, 2021

Title       *Relevant Group, LLC, et al. v. Nourmand, et al.*

constitute the predicate acts of extortion underlying Plaintiffs' RICO claims.   (*Id.* at 26-29.) Plaintiffs further maintain that the communications are material to Relevant's assertion of the sham exception to the *Noerr-Pennington* doctrine, which Defendants raise as an affirmative defense. (*Id.* at 26, 29-31.)

Plaintiffs rely on two exceptions in which a sham lawsuit exception to *Noerr-Pennington* applies:  first, where the alleged sham lawsuit is objectively baseless and the defendant's motive in bringing it was unlawful; and second, where the conduct involves a series of lawsuits brought pursuant to a policy of starting legal proceedings without regard to the merits and for an unlawful purpose. (*Id.* at 29-30.) Plaintiffs contend that Defendants' communications about the settlements are relevant to ascertain whether Sunset initiated the lawsuits with improper motive and not out of a genuine interest in redressing grievances. (*Id.* at 30.) They are also relevant to rebut Defendants' argument that the settlement agreements revealed that the CEQA challenges were not objectively baseless. (*Id.* at 31.)

Plaintiffs further contend that the settlement communications are proportional to the needs of the case.  They assert that Defendants have exclusive access to the documents, producing them would not be unduly burdensome, and the benefit of discovery outweighs any minimal burden or expense imposed on Defendants. (*Id.* at 32.) Finally, Plaintiffs argue that the settlement communications are not privileged.  They are not covered by a federal settlement privilege because the Ninth Circuit has adopted no such privilege. (*Id.* at 32-33.) And even if it has recognized such a privilege, the requested documents would not fall within its scope because Plaintiffs seek Defendants' internal deliberations and third-party communications concerning the settlement discussions, rather than actual settlement negotiations within the meaning of Federal Rule of Evidence 408. (*Id.* at 33-34.)

## 2.   Documents Relating to Defendants' Legal Spend in the CEQA Challenges

RFP Nos. 54-56 concern Defendants' legal spend in the underlying CEQA challenges, including any agreement or understanding that any portion of the settlements obtained would be provided to the Silverstein firm. (*Id.* at 34.) Plaintiffs contend that the invoices Sunset received from the Silverstein firm are relevant because Plaintiffs will need to compare the firm's fees to the $5.5 million settlement Defendants obtained—any discord between the figures would support

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                          Date: April 29, 2021

Title       *Relevant Group, LLC, et al. v. Nourmand, et al.*

Relevant's claim that Defendants' extorted concessions were unrelated to their CEQA challenges. (*Id.*)  Plaintiffs also argue they are entitled to documents showing how the settlement monies were shared and how much was paid to the Silverstein firm.  Plaintiffs assert this information is relevant to prove the firm's conspiracy with Defendants and to show whether it received any portion of the payment as a kickback for the representation in the sham litigation.  (*Id.* at 34-35.)  Plaintiffs also assert that the documents are neither unduly burdensome, nor disproportionate to the needs of the case because Defendants have access to the documents, producing them would impose minimal expense, and they can designate the documents as confidential under the parties' protective order. (*Id.* at 35.)

Plaintiffs argue that the legal spend documents are not protected by attorney-client privilege because they were created for billing purposes; and any documents showing how the $5.5 million was to be allocated among Defendants, the Silverstein firm, and others is discoverable. (*Id.* at 35-36.)

**B.  Defendants' Position**

**1.  Documents Relating to Settlement Discussions in the CEQA Challenges**

In opposition to the Motion, Defendants first contend that the requested settlement documents are irrelevant and compelling their disclosure would unleash a torrent of settlement-related discovery in almost all cases.  (*Id.* at 37-41.)  Defendants note that parties reach settlement agreements for many reasons, including some unrelated to the relief able to be obtained after trial; thus, the documents Plaintiffs seek are not probative of any relief only attainable after trial.  (*Id.* at 37-38.)  Defendants further observe that the settlements at issue were made the day before the underlying CEQA cases were set to go to trial, so if Relevant was concerned with being extorted, it could have imminently proceeded to trial to vindicate its position, rather than agree to pay Defendants.  (*Id.*)  And Defendants contend that settlements for significant sums of money cannot form the basis for the sham litigation exception, regardless of the content of the settlement communications.  (*Id.* at 38-39.)

Defendants also argue that the documents are irrelevant to their *Noerr-Pennington* defense. (*Id.* at 40-41.)  The settlements highlight the objective merit of the CEQA actions (which cannot

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                          Date: April 29, 2021

Title        *Relevant Group, LLC, et al. v. Nourmand, et al.*

form the basis for the sham litigation exception), Plaintiffs were defendants in other CEQA lawsuits brought by other parties based on the same projects, and the court in one of those lawsuits ruled that the Tommie Hotel project's CEQA analysis was defective and that it had significant adverse environmental impact.  (*Id.* at 40.)  Moreover, Defendants maintain that if Sunset's lawsuits were objectively baseless, as Plaintiffs claim, they would not have settled on the eve of trial.  (*Id.* at 40-41.)  Defendants further note that Plaintiffs' RFPs are not as narrowly drafted as Plaintiffs purport—specifically, Plaintiff's RFPs are not limited to internal deliberations and communications with third parties.  (*Id.* at 41.)  And the RFPs are overboard, vague, and ambiguous.  (*Id.* at 41-42.)

Finally, Defendants contend that even if the Court is persuaded that the settlement communications are relevant, they are protected either by settlement privilege or attorney-client privilege and work doctrine produce.  (*Id.* at 42-43.)  Defendants assert that an "elevated standard" for settlements applies here that places the burden on the requesting party to make a particularized showing that the settlement information is relevant and likely to lead to admissible evidence and here, Plaintiffs make no such showing.  (*Id.* at 42.)  Further, Defendants urge that the requested discovery would lead to misleading and prejudicial results.  (*Id.* at 42-43.)

### 2. Documents Relating to Defendants' Legal Spend in the CEQA Challenges

Defendants argue that Plaintiffs' requests as to the legal spend in the CEQA litigation are overbroad and irrelevant.  RFP No. 44 is facially overbroad because it requests an unlimited amount of documents related to at least three, if not more, actual litigations, and is not limited to identify merely legal spend.  (*Id.* at 44)  Thus, it is not proportional to the needs of the case.  (*Id.* at 45.)  Defendants also contend that RFP No. 55 is overbroad as a document request and should instead be asked in an interrogatory.  (*Id.*)

Defendants contend that even if the requests are not overbroad, they are irrelevant.  First, documents reflecting Defendants' legal spend in the CEQA lawsuits have no bearing on the merits of the case.  (*Id.* at 45.)  Defendants argue that Plaintiffs' claim that they need the information to show a nexus between the amount the Silverstein firm billed and the settlement figure is unavailing because it ignores the value of other items of consideration contained in the settlement.  (*Id.* at 45-46.)  Billing record documents are generally not available in this kind of case and the documents

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                              Date: April 29, 2021

Title        *Relevant Group, LLC, et al. v. Nourmand, et al.*

have no bearing on the *Noerr-Pennington* exceptions Plaintiffs cite.  (*Id.* at 46.)  Second, Defendants argue that documents purporting to show how the settlement payment was shared or paid to the Silverstein firm (RFP No. 56) are also irrelevant because they do not go to the objectively baseless inquiry, and do not show whether lawsuits interfere with the business or competitors nor any policy of starting legal proceedings.  (*Id.* at 47.)  Moreover, Defendants contend that the cases Plaintiffs cite on this issue are readily distinguishable.  (*Id.* at 47-48.)

Finally, Defendants assert that even if the discovery requests are not overbroad and the documents are relevant, the RFPs seek privileged information about Defendants' motivation for pursuing the CEQA litigation, clues about legal strategy in that litigation (which Plaintiffs now seek to relitigate), and about fee sharing agreements.  (*Id.* at 48-50.)

**THE SUPPLEMENTAL MEMORANDA**

**A.  Plaintiffs' Supplemental Memorandum (Dkt. No. 62)**

Plaintiffs reiterate that the settlement communications underlying the CEQA litigation are relevant.  (P's Supp. Mem. at 1-3.)  Superficially, Plaintiff respond that the fact that the settlement agreements contained integration and no duress clauses does not obviate the probative value of internal settlement discussions to Plaintiffs' claims.  (*Id.* at 1-2.)  Further, Plaintiffs reject Defendants' argument that a high-value settlement cannot form the basis for the sham litigation exception to *Noerr-Pennington* because this position is inconsistent, Plaintiff argue, with Defendants' own claim that parties enter settlements for various reasons independent of the merits of claims.  (*Id.* at 2.)  Additionally, Plaintiffs emphasize that Judge Wright expressly held in the Order Granting in Part Defendants' Motion to Dismiss that Plaintiffs sufficiently alleged that the CEQA lawsuits constituted sham lawsuits for *Noerr-Pennington* purposes.  (*Id.* at 2-3.)  Finally, the parties resolved Defendants' concern that the requests are overbroad during the meet-and-confer discussions.  (*Id.* at 3.)  Plaintiffs further emphasize that the settlement documents are not protected by any settlement privilege and any concern about the potential misleading nature of the settlement communications are assuaged by limiting their admissibility, not by excluding them from discovery.  (*Id.* at 3-4.)

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                          Date: April 29, 2021

Title        _Relevant Group, LLC, et al. v. Nourmand, et al._


With regard to the legal spend documents, Plaintiffs reassert that the documents are relevant and state that Defendants' relevance arguments are duplicative of their settlement document arguments. (*Id.* at 4-5.) Additionally, the documents are not privileged because fee information and invoices in connection with litigation is discoverable and Defendants do not assert the requested documents concern the mental impressions of counsel. (*Id.* at 5.)

### B. Defendants' Supplemental Memorandum (Dkt. No. 63)

Defendants first argue that the requested documents could only be relevant on a retrospective basis and this is impermissible under the *Noerr-Pennington* exception they cite, which only applies prospectively. (*Id.* at 1-2.) Because the settlement documents at issue were created after the underlying CEQA lawsuits were filed, they do not involve the pattern or practice of successive filings undertaken for purposes of harassment. (*Id.*) Second, Defendants contend the documents are not relevant to show whether the CEQA claims had objective merit. (*Id.* at 2-3.) Third, Defendants assert that Plaintiffs ignore the integration and releases of claims provision contained in the subject settlements. (*Id.* at 3.) Lastly, Defendants argue that the parties have not resolved the scope of all of the disputed RFPs, and the documents relating to legal spend are privileged and contain privileged information. (*Id.* at 3-4.)

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26, a party may obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). As amended in 2015, Rule 26(b)(1) identifies six factors to be considered when determining if the proportionality requirement has been met, namely, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* Relevant information need not be admissible to be discoverable. *Id.*

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3). The party seeking to compel production of documents under Rule 34 has the "burden of informing the court why the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                                    Date: April 29, 2021

Title        *Relevant Group, LLC, et al. v. Nourmand, et al.*

opposing party's objections are not justified or why the opposing party's responses are deficient."
*Best Lockers, LLC v. Am. Locker Grp., Inc.,* Case. No. SACV 12-403-CJC (ANx), 2013 WL
12131586, at *4 (C.D. Cal. Mar. 27, 2013).

District courts have broad discretion in controlling discovery.  *See Hallett v. Morgan*, 296
F.3d 732, 751 (9th Cir. 2002).  When considering a motion to compel, the Court has similarly
broad discretion in determining relevancy for discovery purposes.  *Surfvivor Media, Inc. v.
Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallet,* 296 F.3d at 751). In
resolving discovery disputes, the court may exercise its discretion in "determining the relevance
of discovery requests, assessing oppressiveness, and weighing those facts in deciding whether
discovery should be compelled."  *Unilin Beheer B.V. v. NSL Trading Corp,* Case No. CV 14-2210-
BRO (SSx), 2015 WL 12698382, at *4 (C.D. Cal. Feb. 27, 2015) (citing *Favale v. Roman Catholic
Diocese of Bridgeport,* 235 F.R.D. 553, 558 (D. Conn. 2006) (internal quotation marks omitted)).

**ANALYSIS**

For the reasons discussed below, the Court concludes that, with certain limitations, the
documents that Plaintiffs seek are relevant to the claims and defenses at issue and proportionate to
the needs of the case within the meaning of Rule 26(b)(1).  Accordingly, Plaintiff's Motion is
GRANTED in part and DENIED in part.

**I.   Documents Relating to Settlement Discussions in the CEQA Challenges**

The first category of documents—Defendants' internal deliberations and communications
regarding their negotiation and arrival at the terms of the settlements with Relevant—are relevant
to Plaintiffs' claims and the *Noerr-Pennington* defense at issue in this case.  Despite Defendants'
contention that authorizing disclosure of these documents would result in a fishing expedition,
after carefully reviewing the parties' briefing and hearing the arguments of counsel, the Court is
persuaded that the settlement documents Plaintiffs seek likely have probative value and must be
provided by Defendants.

Central to Plaintiffs' allegations is the claim that Defendants had improper motives for
initiating the CEQA lawsuits—namely, to extort payments from Relevant and concessions from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                              Date: April 29, 2021

Title        *Relevant Group, LLC, et al. v. Nourmand, et al.*

its development projects.  Plaintiffs emphasize that they are entitled to discovery of the requested materials because the multi-million-dollar settlement figure is incongruous with any remedy that would have otherwise been available under CEQA in  underlying litigation.  The Court agrees.

Indeed,  parties may enter settlement agreements for various reasons unrelated to the merits of the case, and those agreements may result in a party obtaining relief it could not have obtained had the litigation gone to trial.  But to the extent the FAC put the parties' *motivations* for entering settlement agreements at the core of this litigation, those motivations may not be apparent from the agreements themselves, even where, as here, a settlement is entered on the eve of trial.  Therefore, Plaintiffs are entitled to seek discovery to uncover documents, if any, relating to Defendants' discussions and communications about the reasons for the settlements.  Such documents may contain communications that substantiate Plaintiffs' allegation that Defendants demanded payments and other benefits from Relevant that were untethered to any environmental claim asserted in the CEQA action.  Alternatively, such communications could also bolster Defendants' defenses to Plaintiff's RICO claims.

The documents are also relevant to Defendants' *Noerr-Pennington* defense and Plaintiffs' assertion that the CEQA lawsuits fall within the sham lawsuit exceptions to *Noerr-Pennington*.  The Court first emphasizes that the District Judge, in ruling on Defendants' motions to dismiss Plaintiffs' First Amended Complaint, concluded that "the *Noerr-Pennington* doctrine does not immunize Defendants from RICO liability[.]"  (Dkt. No. 39 at 9.)  Thus, to the extent Defendants argue that the exceptions to *Noerr-Pennington* do not apply (and thus, the information Plaintiffs seek is not relevant), this Court rejects Defendant's efforts to relitigate Plaintiff's ability to plausibly assert one of those exceptions.

The Court is also persuaded that Defendants' settlement communications may be  probative on the issue of whether the underlying CEQA lawsuits were baseless, *i.e.*, whether the litigation was commenced with improper motivations, rather than out of a genuine interest in redressing environmental grievances.  As this inquiry is a necessary element in the exceptions to *Noerr-Pennington* on which Plaintiffs rely, the information contained in Defendants' settlement communications is clearly relevant to the issues involved here.  *See, e.g.*, *Perez v. DirecTV Grp. Holdings, LLC*, Case No. CV 16-1440-JLS (DFM), 2019 WL 6362471, at *8-*9 (C.D. Cal. July 23, 2019) ("[T]he alleged scheme—setting up minority business owners to extract settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                         Date: April 29, 2021

Title       *Relevant Group, LLC, et al. v. Nourmand, et al.*

payments—suggests that Defendants' motive in making the litigation threats was unlawful . . . These allegations plausibly suggest that the [Defendants] were attempting to use the governmental process—as opposed to the outcome of that process—as a tool for extortion.").

Defendants argue that even if the settlement communication documents are relevant at all, it would only be on a retrospective basis, which is impermissible to demonstrate the sham litigation exception to *Noerr-Pennington*. This argument ignores, however, the fact that discovery is broad and permits parties to seek information regarding their claims whether or not they will ultimately prevail on those claims. Here, the possibility that Defendants could have initiated the lawsuits with the goal of extracting settlements from Plaintiffs and other vulnerable parties is relevant to Plaintiff's central claims and the requested documents may (or may not) reveal whether Defendants brought the lawsuits "pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival." *Aventis Pharma S.A. v. Amphastar Pharm., Inc.*, Case Nos. CV 03-887-MRP, CV 04-333-MRP, 2009 WL 8727693, at *7 (C.D. Cal. Feb. 17, 2009) (citing *Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc.*, 552 F.3d 1033, 1046 (9th Cir. 2009)).

Defendants further argue that even if the settlement communications were relevant, they are privileged and inadmissible, and this Court has generally employed an elevated standard in the settlement context by placing the burden on the requesting party to make a particularized showing that the settlement information is relevant and likely to lead to admissible evidence. (Joint Stip. at 42-43.) Defendants' argument on this point fails for several reasons.

First, there is no broad federal privilege that applies to settlement agreements. *Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008) ("[T]here is no federal privilege preventing the discovery of settlement agreements and related documents."). Second, the documents Plaintiffs seek do not fall within the ambit of Federal Rule of Evidence 408. Rule 408(a) prohibits the admission of compromises or offers to compromise as evidence "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to the validity or amount, or to impeach through a prior inconsistent statement or contradiction." FED. R. EVID. 408(a). It "limits the admissibility of settlement agreements at trial, not their discoverability." *Big Baboon Corp. v. Dell, Inc.*, Case No. CV 09-1198-SVW (SSx), 2010 WL 3955831, *2 (C.D. Cal. Oct. 8, 2010). In *Big Baboon*, the court determined that because the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                              Date: April 29, 2021

Title      _Relevant Group, LLC, et al. v. Nourmand, et al._


defendants were requesting discovery for a purpose not limited by Rule 408, and because the Ninth Circuit does not clearly recognize a broad settlement privilege, the subject settlement agreement between the plaintiff and the third party was not protected from disclosure on that ground.  _Id._ Here, Plaintiffs do not seek settlement agreements, as they already have those in their possession as a party to the agreements.  Rather, Plaintiffs seek Defendants' communications with third parties _about_ the settlements, in an effort to determine Defendants' motives for the underlying litigation and demonstrate the predicate acts of the allegedly fraudulent RICO enterprise.  This purpose is outside the scope of Rule 408(a), and the Court declines to impose a more stringent standard than necessary in determining the discoverability of the documents at issue.

Finally, Defendants rely on _Cook v. Yellow Freight, Sys., Inc._, 132 F.R.D. 548 (E.D. Cal. 1990), to argue that admission of the settlement documents would lead to misleading and highly prejudicial results.  (Joint Stip. at 42-43.)  Setting aside the fact that Defendants have not sufficiently explained how they would suffer prejudice, or the results would be misconstrued by compelling disclosure, _Cook_ is readily distinguishable from this case.  In _Cook,_ the discovery request  concerned settlement negotiations between adverse parties.  Here, Plaintiffs do not seek settlement documents between Defendants and parties with whom they are negotiating settlements; rather, they seek communications with third parties concerning the specific settlement agreements executed between Relevant and Sunset.  Thus, the Court sees no likely danger that the disclosure of requested documents will lead to prejudicial or misleading results in this lawsuit.  This is particularly so with respect to Plaintiffs' RFPs that seek documents relating to design changes to the Thomson Hotel as a condition of settlement for the Thompson Litigation (RFP Nos. 34 (heights changes); 36 (lightwell changes); 38 (setback changes); 40 (no balconies or operable windows on the west-facing side); 44 (changes to stairwell and setback).)

Turning to the second prong of the discovery inquiry, the Court finds that the settlement-related communications are proportional to the needs of the case.  Defendants have exclusive control over the documents Plaintiffs seek.  The documents relate to two discrete settlement agreements, which were negotiated in tandem, and which contain virtually identical terms.  Thus, compelling Defendants to produce the requested documents would not impose significant burden and expense on them, and there is a reasonably likelihood that those documents would be fruitful to the claims and defenses at issue in this case.

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                                    Date: April 29, 2021

Title        *Relevant Group, LLC, et al. v. Nourmand, et al.*


Nevertheless, because RFP Nos. 31, 32, and 33 demand "All COMMUNICATIONS with any PERSON" related to the settlement offers, discussions, "in connection with any CEQA CHALLENGE," the Court finds that these RFPs are facially overbroad. The requests seek information that is neither relevant to any claim or defense at issue in this case and appear to demand privileged communications as well.

Accordingly, the Court concludes that the documents Plaintiffs seek in RFP Nos. 31-33 pertaining to Defendants' settlement discussions with third parties relating to the Thompson and Tommie Hotel settlement agreements and/or Selma/Sunset Litigation are relevant and proportional to the needs of the case. But the Motion to compel production of documents in response to those RFPs is GRANTED <u>only</u> as to CEQA challenges pertaining to the Thompson, Tommie, and/or Selma/Sunset Litigations. Plaintiffs' Motion as to RFP Nos. 31-33 is DENIED in all other respects.

Further, the Motion is GRANTED as to the RFPs that seek documents concerning specific design changes to the Thompson and Tommie Hotels demanded as conditions for settlement of the Thompson and Tommie Litigations, *i.e.*, RFP Nos. 34 (heights changes); 36 (lightwell changes); 38 (setback changes); 40 (no balconies or operable windows on the west-facing side); and 44 (changes to stairwell and setback).)

## II.     Documents Relating to Defendants' Legal Spend in the CEQA Challenges

In RFP Nos. 54-56, Plaintiffs seek documents relating to Defendants' legal spend in the underlying CEQA challenges and payments made to the attorneys representing Defendants in that litigation. Specifically the RFPs seek:

- "All invoices, bills or other DOCUMENTS . . . received in connection with any CEQA CHALLENGES, including but not limited to the THOMPSON LITIGATION, TOMMIE LITIGATION, OR SELMA/SUNSET LITIGATION." (RFP No. 54);
- "DOCUMENTS sufficient to show the total amount of money YOU paid in exchange for legal services in connection with any CEQA CHALLENGES,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                                    Date: April 29, 2021

Title        *Relevant Group, LLC, et al. v. Nourmand, et al.*

including but not limited to the THOMPSON LITIGATION, TOMMIE LITIGATION, OR SELMA/SUNSET LITIGATION." (RFP No. 55); and

- "All DOCUMENTS that RELATE TO any written or unwritten contract, agreement, or understanding regarding whether any portion of the $5.5 million YOU received pursuant to the THOMPSON SETTLEMENT AGREEMENT and the TOMMIE SETTLEMENT AGREEMENT would be provided to any of YOUR attorneys, including but not limited to THE SILVERSTEIN FIRM." (RFP No. 56).

To the extent Plaintiffs' RFPs seek information pertaining to Defendants' legal spend in the CEQA litigations underlying the Thompson and Tommie settlement agreements, the Court finds that the requests are relevant to the claims at issue in the case and proportionate to the needs of the case.  Central to Plaintiffs' allegations is that the Silverstein firm conspired with Defendants and allegedly received kickbacks from litigating Defendants' sham lawsuits.  Documents showing that the Silverstein firm received a disproportionate financial benefit from Sunset's CEQA litigation and along with agreements between the Silverstein firm and Sunset to pursue the litigation would be relevant to Plaintiffs' RICO claims.  *See In re Outlaw Labs., LP Litig.*, 2020 WL 3513492, at *5 (S.D. Cal. June 26, 2020).  When and how much the Silverstein firm received from Sunset could shed light on the inception of the scheme alleged in the SAC, and any fee agreements might provide a timeline for that scheme.  Additionally, time entries in the billing records for payment of legal services may provide greater clarity about Defendants' motivations for pursuing the litigation through the Silverstein firm.

Defendants argue that the legal spend documents are irrelevant to both prongs of the *Noerr-Pennington* test.  (Joint Stip. at 4.)  However, because the documents are directly relevant to the substance of Plaintiffs' claims—whether the CEQA challenge was initiated for an improper purpose—whether they are also relevant to Defendants' defenses is immaterial.

Turning to proportionality, the Court finds Defendants would not face undue burden by being compelled to turn over documents about their legal spend on the litigation underlying the Thompson and Tommie Hotel litigation.  Defendants and the Silverstein firm have sole authority over those documents and, assuming they keep adequate billing records, Defendants should have no problem retrieving and disclosing the fee information related to these settlements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                                    Date: April 29, 2021

Title   _Relevant Group, LLC, et al. v. Nourmand, et al._


However, the Court agrees with Defendants that, as written, Plaintiffs' RFPs concerning legal spend are overbroad insofar as they would require Defendants to produce documents concerning CEQA challenges beyond the actions at issue in this lawsuit.  RFP No. 54 requests "all invoices, bill, or other documents you [Sunset and Nourmand] received in connection with **any CEQA challenge**, including but not limited to the Thompson litigation, Tommie litigation, or Selma/Sunset litigation." (Joint Stip. at 21-22 (capitalization omitted and emphasis added).)  RFP No. 55 requests "documents sufficient to show the total amount of money you [Sunset and Nourmand] paid in exchange for legal services in connection with any CEQA challenge, including but not limited to the Thompson litigation, Tommie litigation, or Selma/Sunset litigation." (_Id._ at 22-23 (capitalization omitted).)  As drafted, these RFPs require production of documents far outside the scope of the issues involved in this case and would arguably require Defendants to produce all billing information for each lawsuit  for which they have retained the Silverstein firm, even those not involving Plaintiffs or the specific projects at issue in this case.

Thus, the Court finds Plaintiffs are <u>not</u> entitled to documents about Defendants' legal spend in any case other than the CEQA lawsuits concerning the Thompson and/or Tommie Hotels and, in response to RFP Nos. 54 and 55, Defendants need only disclose non-privileged documents that relate to the Thompson and Tommie Litigations.

RFP No. 56 seeks documents relating to "any written or unwritten contract, agreement or understanding regarding whether any portion of the $5.5 million . . . received pursuant to the THOMPSON SETTLEMENT AGREEMENT and the TOMMIE SETTLEMENT AGREEMENT would be provided to any of YOUR attorneys, including but not limited to THE SILVERSTEIN FIRM." Insofar as RFP No. 56 seeks legal invoices, the Court finds that legal invoices are not subject to attorney-client privilege.  _See In re Outlaw Lab., LP Litig._, 2020 WL 3469369, at *5 (S.D. Cal. June 25, 2020) ("[T]he cited invoices were not communicated to [the client] for the purpose of legal consultation, and were instead submitted for the purpose of billing the client[.]"); _Avnet, Inc. v. Avana Techs., Inc._, 2014 WL 4181831, at *2 (D. Nev. Aug. 20, 2014) ("[T]he Ninth Circuit has held that fee information is generally not protected from disclosure by the attorney-client privilege.") (citing _United States v. Blackmun_, 72 F.3d 1418, 1424 (9th Cir. 1995)).  Additionally, any fee sharing agreement between the Silverstein firm and Defendants is not subject to privilege because "the attorney-client privilege generally does not preclude disclosure of fee agreements." _Gusman v. Comcast Corp._, 298 F.R.D. 592, 600 (S.D. Cal. 2014).  Nevertheless, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                          Date: April 29, 2021

Title         _Relevant Group, LLC, et al. v. Nourmand, et al._


Court is mindful that some time entries for the hours billed by the Silverstein firm may contain information concerning work performed by the Silverstein firm, which might be privileged. Accordingly, to the extent Defendants believe that any of the time entries in the disclosed billing records contain privileged information, they may redact the information for which they claim privilege and submit a privilege log in compliance with Federal Rule of Civil Procedure 26(b)(5).

For the foregoing reasons, the Court concludes that the documents Plaintiffs seek pertaining to Defendants' legal spend in the CEQA litigation concerning the Thompson and Tommie Hotels are relevant and proportional to the needs of the case, with limitations. Accordingly, In response to RFP Nos. 54 and 55, Defendants need only produce documents relating to the Thompson and Tommie Hotels. Defendants shall produce documents responsive to RFP No. 56. Where appropriate documents responsive to RFP No. 56 may be produced subject to the parties' Stipulated Protective Order. The Motion is DENIED in all other respects.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Compel is GRANTED in part and denied in part, as follows.

(1) As to RFP Nos. 31-33, the Motion is GRANTED <u>only</u> as to CEQA challenges pertaining to the Thompson, Tommie, and/or Selma/Sunset Litigations. Defendants shall produce responsive documents within fourteen (14) days of the date of this Order. Plaintiffs' Motion as to RFP Nos. 31-33 is DENIED in all other respects.

(2) The Motion is GRANTED as to RFP Nos 34, 36, 40, and 44. Within fourteen (14) days of the date of this Order, Defendants shall produce responsive documents concerning the specific design changes to the Thompson and Tommie Hotels outlined in these RFPs that were demanded as conditions for settlement of the Thompson and Tommie Litigations.

(3) In response to RFP Nos. 54 and 55, within fourteen (14) days of the date of this Order, Defendants shall produce documents relating to the Thompson and Tommie Hotels at issue in this lawsuit.

(4) In response to RFP No. 56, Defendants shall produce any non-privileged responsive documents within fourteen (14) days of the date of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                          Date: April 29, 2021

Title      _Relevant Group, LLC, et al. v. Nourmand, et al._


      To the extent Defendants contend that any of the foregoing disclosures contain privileged information, they shall produce the responsive documents with the information for which they claim privilege redacted.  Defendants must submit a privilege log in compliance with Federal Rule of Civil Procedure 26(b)(5).  The privilege log should provide as to each piece of information for which privilege is claims: (1) the information's general nature and description; (2) identity and position of its author; (3) date it was written; (4) identity and position of all addressees and recipients; (5) document's present location; and (6) specific reasons it was withheld, that is, privilege invoked and grounds thereof.

      Finally, the Court declines to apportion costs associated with bringing the Motion.  _See_ Fed. R. Civ. P. 37(a)(5)(C).

      **IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                              Date: April 29, 2021

Title        *Relevant Group, LLC, et al. v. Nourmand, et al.*

**APPENDIX A**

**REQUEST FOR PRODUCTION NO. 31 TO SUNSET:**
All COMMUNICATIONS, with any PERSON, that RELATE TO any settlement offers, settlement discussions, negotiations, offers to compromise, or demands in connection with any CEQA CHALLENGE, including but not limited to the THOMPSON LITIGATION, TOMMIE LITIGATION, or SELMA/SUNSET LITIGATION.

**SUNSET'S RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**
Sunset Landmark incorporates by reference herein its General Objections. Sunset Landmark objects to this Request as overly broad, vague and ambiguous as "PERSON" includes any and all individuals and the Request is not limited to relevant parties to this action.  Sunset Landmark also objects to this Request as the definition of "CEQA CHALLENGE" refers to any CEQA related lawsuit in California filed by any party and is not limited to the facts or parties of this case, making such definition not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Sunset Landmark further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  Sunset Landmark also objects to this Request as it directly seeks documents protected by confidentiality and/or privacy provisions, and the settlement privilege under both federal and/or California law.

**REQUEST FOR PRODUCTION NO. 31 TO NOURMAND:**
All COMMUNICATIONS, with any PERSON, that RELATE TO any settlement offers, settlement discussions, negotiations, offers to compromise, or demands in connection with any CEQA CHALLENGE, including but not limited to the THOMPSON LITIGATION, TOMMIE LITIGATION, or SELMA/SUNSET LITIGATION.

**NOURMAND'S RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**
Stephan incorporates by reference herein its General Objections.  Stephan objects to this Request as overly broad, vague and ambiguous as "PERSON" includes any and all individuals and the Request is not limited to relevant parties to this action.  Stephan also objects to this Request as the definition of "CEQA CHALLENGE" refers to any CEQA related lawsuit in California filed by any party and is not limited to the facts or parties of this case, making such definition not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Stephan further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  Stephan also objects to this Request as it directly seeks documents protected by confidentiality and/or privacy provisions, and the settlement privilege under both federal and/or California law.
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 19-5019-ODW (KSx)                          Date: April 29, 2021

Title        _Relevant Group, LLC, et al. v. Nourmand, et al._


**REQUEST FOR PRODUCTION NO. 32 TO SUNSET:**
All DOCUMENTS that RELATE TO YOUR decision to demand a monetary payment from
PLAINTIFFS in exchange for the dismissal of the THOMPSON LITIGATION and/or TOMMIE
LITIGATION.
**SUNSET'S RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**
Sunset Landmark incorporates by reference herein its General Objections. Sunset Landmark
objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term
and subject to multiple interpretations.   Sunset Landmark also objects to the definition of
"PLAINTIFFS" as it includes the named Plaintiffs to this litigation, their representatives, agents,
attorneys and any other person acting on its behalf and whom Sunset Landmark would have either
no or limited knowledge of any such individuals or entities.  Accordingly, PLAINTIFFS will be
construed as only the named Plaintiffs who initiated this litigation.  Sunset Landmark further
objects to this Request as it seeks documents that are not relevant to the subject matter of litigation
and not reasonably calculated to lead to the discovery of admissible evidence.  Sunset Landmark
also objects to this Request as argumentative and assumes facts not in evidence in the question
itself, rendering it incapable of answering.  Sunset Landmark also objects to this Request insofar
as it calls for documents containing confidential financial or commercially sensitive information
of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California
Constitutions, applicable statutes and common law, and (2) could result in substantial competitive
injury to Sunset Landmark.  Sunset Landmark further objects to this Request as it directly seeks
documents protected by the attorney-client privilege and/or the attorney work-product doctrine.


**REQUEST FOR PRODUCTION NO. 32 TO NOURMAND:**
All DOCUMENTS that RELATE TO SUNSET's decision to demand a monetary payment from
PLAINTIFFS in exchange for the dismissal of the THOMPSON LITIGATION and/or TOMMIE
LITIGATION.
**NOURMAND'S RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**
Stephan incorporates by reference herein its General Objections.  Stephan objects to this Request
as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple
interpretations.  Stephan also objects to the definition of "PLAINTIFFS" as it includes the named
Plaintiffs to this litigation, their representatives, agents, attorneys and any other person acting on
its behalf and whom Stephan would have either no or limited knowledge of any such individuals
or entities. Accordingly, PLAINTIFFS will be construed as only the named Plaintiffs who initiated
this litigation. Stephan further objects to this Request as it seeks documents that are not relevant
to the subject matter of litigation and not reasonably calculated to lead to the discovery of
admissible evidence.  Stephan also objects to this Request as argumentative and assumes facts not
in evidence in the question itself, rendering it incapable of answering.  Stephan further objects to
this Request as it is directed to him as an individual and yet it calls for a decision of Sunset

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                         Date: April 29, 2021

Title      _Relevant Group, LLC, et al. v. Nourmand, et al._


Landmark – a separate party and entity than Stephan.  Stephan further objects to this Request as it seeks documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Stephan also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Stephan. Stephan further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 33 TO SUNSET:**
All DOCUMENTS that RELATE TO YOUR calculation of the $5.5 million monetary payment YOU demanded from PLAINTIFFS in exchange for the dismissal of the THOMPSON Litigation and TOMMIE LITIGATION.
**SUNSET'S RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**
Sunset Landmark incorporates by reference herein its General Objections. Sunset Landmark objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple interpretations.  Sunset Landmark also objects to the definition of "PLAINTIFFS" as it includes the named Plaintiffs to this litigation, their representatives, agents, attorneys and any other person acting on its behalf and whom Sunset Landmark would have either no or limited knowledge of any such individuals or entities.  Accordingly, PLAINTIFFS will be construed as only the named Plaintiffs who initiated this litigation.  Sunset Landmark further objects to this Request as it seeks documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Sunset Landmark also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Sunset Landmark.  Sunset Landmark further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 33 TO NOURMAND:**
All DOCUMENTS that RELATE TO the calculation of the $5.5 million monetary payment SUNSET demanded from PLAINTIFFS in exchange for the dismissal of the THOMPSON Litigation and TOMMIE LITIGATION.
**NOURMAND'S RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**
Stephan incorporates by reference herein its General Objections.  Stephan objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple interpretations.  Stephan also objects to the definition of "PLAINTIFFS" as it includes the named

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                                    Date: April 29, 2021

Title       _Relevant Group, LLC, et al. v. Nourmand, et al._

Plaintiffs to this litigation, their representatives, agents, attorneys and any other person acting on its behalf and whom Stephan would have either no or limited knowledge of any such individuals or entities.  Accordingly, PLAINTIFFS will be construed as only the named Plaintiffs who initiated this litigation.  Stephan further objects to this Request as it seeks documents that are not relevant to the subject matter of litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Stephan also objects to this Request as argumentative and assumes facts not in evidence in the question itself, rendering it incapable of answering.  Stephan further objects to this Request as it is directed to him as an individual and yet it calls for a decision of Sunset Landmark – a separate party and entity than Stephan.  Stephan further objects to this Request as it seeks documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Stephan also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Stephan.  Stephan further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 34 TO SUNSET:**
All DOCUMENTS that RELATE TO YOUR decision to demand a height change to the Thompson Hotel as a condition for settlement of the THOMPSON LITIGATION.
**SUNSET'S RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**
Sunset Landmark incorporates by reference herein its General Objections.  Sunset Landmark objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple interpretations.  Sunset Landmark also objects to this Request as argumentative and assumes facts not in evidence in the question itself, rendering it incapable of answering.  Sunset Landmark further objects to this Request as it seeks documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Sunset Landmark also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Sunset Landmark.  Sunset Landmark further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 34 TO NOURMAND:**
All DOCUMENTS that RELATE TO SUNSET's decision to demand a height change to the Thompson Hotel as a condition for settlement of the THOMPSON LITIGATION.
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                                    Date: April 29, 2021

Title        _Relevant Group, LLC, et al. v. Nourmand, et al._


**NOURMAND'S RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**
Stephan incorporates by reference herein its General Objections.  Stephan objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple interpretations.  Stephan also objects to this Request as argumentative and assumes facts not in evidence in the question itself, rendering it incapable of answering.  Stephan further objects to this Request as it is directed to him as an individual and yet it calls for a decision of Sunset Landmark – a separate party and entity than Stephan.  Stephan further objects to this Request as it seeks documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Stephan also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Stephan.  Stephan further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 36 TO SUNSET:**
All DOCUMENTS that RELATE TO YOUR decision to demand changes made to the lightwell of the Thompson Hotel as a condition for settlement of the THOMPSON LITIGATION.
**SUNSET'S RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**
Sunset Landmark incorporates by reference herein its General Objections. Sunset Landmark objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple interpretations.  Sunset Landmark also objects to this Request as argumentative and assumes facts not in evidence in the question itself, rendering it incapable of answering.  Sunset Landmark further objects to this Request as it seeks documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Sunset Landmark also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Sunset Landmark.  Sunset Landmark further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 36 TO NOURMAND:**
All DOCUMENTS that RELATE TO SUNSET's decision to demand changes made to the lightwell of the Thompson Hotel as a condition for settlement of the THOMPSON LITIGATION.
**NOURMAND'S RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**
Stephan incorporates by reference herein its General Objections.  Stephan objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                          Date: April 29, 2021

Title        *Relevant Group, LLC, et al. v. Nourmand, et al.*

interpretations.  Stephan also objects to this Request as argumentative and assumes facts not in evidence in the question itself, rendering it incapable of answering.  Stephan further objects to this Request as it is directed to him as an individual and yet it calls for a decision of Sunset Landmark – a separate party and entity than Stephan.  Stephan further objects to this Request as it seeks documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Stephan also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Stephan.  Stephan further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 38 TO SUNSET:**
All DOCUMENTS that RELATE TO YOUR decision to demand changes made to the setback of the Thompson Hotel as a condition for settlement of the THOMPSON LITIGATION.
**SUNSET'S RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**
Sunset Landmark incorporates by reference herein its General Objections. Sunset Landmark objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple interpretations.  Sunset Landmark also objects to this Request as argumentative and assumes facts not in evidence in the question itself, rendering it incapable of answering.  Sunset Landmark further objects to this Request as it seeks documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Sunset Landmark also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Sunset Landmark.  Sunset Landmark further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 38 TO NOURMAND:**
All DOCUMENTS that RELATE TO SUNSET's decision to demand changes made to the setback of the Thompson Hotel as a condition for settlement of the THOMPSON LITIGATION.
**NOURMAND'S RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**
Stephan incorporates by reference herein its General Objections.  Stephan objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple interpretations.  Stephan also objects to this Request as argumentative and assumes facts not in evidence in the question itself, rendering it incapable of answering.  Stephan further objects to this Request as it is directed to him as an individual and yet it calls for a decision of Sunset Landmark

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                                Date: April 29, 2021

Title        _Relevant Group, LLC, et al. v. Nourmand, et al._


– a separate party and entity than Stephan.  Stephan further objects to this Request as it seeks documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Stephan also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Stephan.  Stephan further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 40 TO SUNSET:**
All DOCUMENTS that RELATE TO YOUR decision to demand that there be no balconies or operable windows on the west-facing side of the Thompson Hotel as a condition for settlement of the THOMPSON LITIGATION.
**SUNSET'S RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**
Sunset Landmark incorporates by reference herein its General Objections. Sunset Landmark objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple interpretations.  Sunset Landmark also objects to this Request as argumentative and assumes facts not in evidence in the question itself, rendering it incapable of answering.  Sunset Landmark further objects to this Request as it seeks documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Sunset Landmark also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Sunset Landmark.  Sunset Landmark further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 40 TO NOURMAND:**
All DOCUMENTS that RELATE TO SUNSET's decision to demand that there be no balconies or operable windows on the west-facing side of the Thompson Hotel as a condition for settlement of the THOMPSON LITIGATION.
**NOURMAND'S RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**
Stephan incorporates by reference herein its General Objections. Stephan objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple interpretations.  Stephan also objects to this Request as argumentative and assumes facts not in evidence in the question itself, rendering it incapable of answering.  Stephan further objects to this Request as it is directed to him as an individual and yet it calls for a decision of Sunset Landmark – a separate party and entity than Stephan.  Stephan further objects to this Request as it seeks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                           Date: April 29, 2021

Title        _Relevant Group, LLC, et al. v. Nourmand, et al._

documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Stephan also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Stephan.  Stephan further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 42 TO SUNSET:**
All DOCUMENTS that RELATE TO YOUR decision to demand that Wilcox agree to take reasonable actions requested by Sunset Landmark Investment LLC ("Sunset") to assist and support Sunset with the City of Los Angeles on any future development proposal for the Sunset Property (as that term is defined in the THOMPSON SETTLEMENT AGREEMENT) in exchange for the dismissal of the THOMPSON LITIGATION.
**SUNSET'S RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**
Sunset Landmark incorporates by reference herein its General Objections. Sunset Landmark objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple interpretations.  Sunset Landmark also objects to this Request as argumentative and assumes facts not in evidence in the question itself, rendering it incapable of answering.  Sunset Landmark further objects to this Request as it seeks documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Sunset Landmark also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Sunset Landmark.  Sunset Landmark further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 42 TO NOURMAND:**
All DOCUMENTS that RELATE TO SUNSET's decision to demand that Wilcox agree to take reasonable actions requested by Stephan Investment LLC [sic] ("Sunset") to assist and support Sunset with the City of Los Angeles on any future development proposal for the Sunset Property (as that term is defined in the THOMPSON SETTLEMENT AGREEMENT) in exchange for the dismissal of the THOMPSON LITIGATION.
**NOURMAND'S RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**
Stephan incorporates by reference herein its General Objections.  Stephan objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple interpretations.  Stephan also objects to this Request as argumentative and assumes facts not in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                                    Date: April 29, 2021

Title        _Relevant Group, LLC, et al. v. Nourmand, et al._

evidence in the question itself, rendering it incapable of answering.  Stephan further objects to this Request as it is directed to him as an individual and yet it calls for a decision of Sunset Landmark – a separate party and entity than Stephan.  Stephan further objects to this Request as it seeks documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Stephan also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Stephan.  Stephan further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 44 TO SUNSET:**
All DOCUMENTS that RELATE TO YOUR decision to demand changes made to the stairwell and setback of the Tommie Hotel as a condition for settlement of the TOMMIE LITIGATION.
**SUNSET'S RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**
Sunset Landmark incorporates by reference herein its General Objections. Sunset Landmark objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple interpretations.  Sunset Landmark also objects to this Request as argumentative and assumes facts not in evidence in the question itself, rendering it incapable of answering.  Sunset Landmark further objects to this Request as it seeks documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Sunset Landmark also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Sunset Landmark.  Sunset Landmark further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 44 TO NOURMAND:**
All DOCUMENTS that RELATE TO SUNSET's decision to demand changes made to the stairwell and setback of the Tommie Hotel as a condition for settlement of the TOMMIE LITIGATION.
**NOURMAND'S RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**
Stephan incorporates by reference herein its General Objections.  Stephan objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple interpretations.  Stephan also objects to this Request as argumentative and assumes facts not in evidence in the question itself, rendering it incapable of answering.  Stephan further objects to this Request as it is directed to him as an individual and yet it calls for a decision of Sunset Landmark

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                     Date: April 29, 2021

Title      _Relevant Group, LLC, et al. v. Nourmand, et al._

– a separate party and entity than Stephan.  Stephan further objects to this Request as it seeks documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Stephan also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Stephan.  Stephan further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 46 TO SUNSET:**
All DOCUMENTS that RELATE TO YOUR decision to demand that Tommie agree to take reasonable actions requested by Sunset Landmark Investment LLC ("Sunset") to assist and support Sunset with the City of Los Angeles on any future development proposal for the Sunset Property (as that term is defined in the TOMMIE SETTLEMENT AGREEMENT) in exchange for the dismissal of the TOMMIE LITIGATION.
**SUNSET'S RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**
Sunset Landmark incorporates by reference herein its General Objections. Sunset Landmark objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple interpretations.  Sunset Landmark also objects to this Request as argumentative and assumes facts not in evidence in the question itself, rendering it incapable of answering.  Sunset Landmark further objects to this Request as it seeks documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Sunset Landmark also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Sunset Landmark.  Sunset Landmark further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 46 TO NOURMAND:**
All DOCUMENTS that RELATE TO SUNSET's decision to demand that Tommie agree to take reasonable actions requested by Stephan Investment LLC [sic] ("Sunset") to assist and support Sunset with the City of Los Angeles on any future development proposal for the Sunset Property (as that term is defined in the TOMMIE SETTLEMENT AGREEMENT) in exchange for the dismissal of the TOMMIE LITIGATION.
**NOURMAND'S RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**
Stephan incorporates by reference herein its General Objections.  Stephan objects to this Request as overly broad, vague and ambiguous as "decision" is not a defined term and subject to multiple

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                    Date: April 29, 2021

Title      _Relevant Group, LLC, et al. v. Nourmand, et al._

interpretations.  Stephan also objects to this Request as argumentative and assumes facts not in evidence in the question itself, rendering it incapable of answering.  Stephan further objects to this Request as it is directed to him as an individual and yet it calls for a decision of Sunset Landmark – a separate party and entity than Stephan.  Stephan further objects to this Request as it seeks documents that are equally or more available to, or already in the possession, custody, or control of, Plaintiff.  Stephan also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Stephan.  Stephan further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 54 TO SUNSET:**
All invoices, bills, or other DOCUMENTS YOU received in connection with any CEQA CHALLENGE, including but not limited to the THOMPSON LITIGATION, TOMMIE LITIGATION, or SELMA/SUNSET LITIGATION.
**SUNSET'S RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**
Sunset Landmark incorporates by reference herein its General Objections. Sunset Landmark objects to this Request as overly broad, vague and ambiguous as it includes an unlimited amount of documents related to at least three entire litigations.  Sunset Landmark further objects to this Request as it seeks documents that are not relevant to the subject matter of litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Sunset Landmark also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Sunset Landmark.  Sunset Landmark further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 54 TO NOURMAND:**
All invoices, bills, or other DOCUMENTS YOU received in connection with any CEQA CHALLENGE, including but not limited to the THOMPSON LITIGATION, TOMMIE LITIGATION, or SELMA/SUNSET LITIGATION.
**NOURMAND'S RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**
Stephan incorporates by reference herein its General Objections.  Stephan objects to this Request as overly broad, vague and ambiguous as it includes an unlimited amount of documents related to at least three litigations.  Stephan further objects to this Request as it seeks documents that are not relevant to the subject matter of litigation and not reasonably calculated to lead to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                    Date: April 29, 2021

Title   _Relevant Group, LLC, et al. v. Nourmand, et al._

discovery of admissible evidence.  Stephan also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Stephan.  Stephan further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 55 TO SUNSET:**
DOCUMENTS sufficient to show the total amount of money YOU paid in exchange for legal services in connection with any CEQA CHALLENGE, including but not limited to the THOMPSON LITIGATION, TOMMIE LITIGATION, or SELMA/SUNSET LITIGATION.
**SUNSET'S RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**
Sunset Landmark incorporates by reference herein its General Objections. Sunset Landmark objects to this Request as overly broad, vague and ambiguous as it includes an unlimited amount of documents related to at least three entire litigations.  Sunset Landmark further objects to this Request as it seeks documents that are not relevant to the subject matter of litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Sunset Landmark also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Sunset Landmark.  Sunset Landmark further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 55 TO NOURMAND:**
DOCUMENTS sufficient to show the total amount of money YOU paid in exchange for legal services in connection with any CEQA CHALLENGE, including but not limited to the THOMPSON LITIGATION, TOMMIE LITIGATION, or SELMA/SUNSET LITIGATION.
**NOURMAND'S RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**
Stephan incorporates by reference herein its General Objections.  Stephan objects to this Request as overly broad, vague and ambiguous as it includes an unlimited amount of documents related to at least three entire litigations.  Stephan further objects to this Request as it seeks documents that are not relevant to the subject matter of litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Stephan also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-5019-ODW (KSx)                     Date: April 29, 2021

Title      _Relevant Group, LLC, et al. v. Nourmand, et al._

Stephan.  Stephan further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 56 TO SUNSET:**
All DOCUMENTS that RELATE TO any written or unwritten contract, agreement, or understanding regarding whether any portion of the $5.5 million YOU received pursuant to the THOMPSON SETTLEMENT AGREEMENT and the TOMMIE SETTLEMENT AGREEMENT would be provided to any of YOUR attorneys, including but not limited to THE SILVERSTEIN FIRM.

**SUNSET'S RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**
Sunset Landmark incorporates by reference herein its General Objections. Sunset Landmark objects to this Request as it seeks documents that are not relevant to the subject matter of litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Sunset Landmark also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Sunset Landmark.  Sunset Landmark further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 56 TO NOURMAND:**
All DOCUMENTS that RELATE TO any written or unwritten contract, agreement, or understanding regarding whether any portion of the $5.5 million SUNSET received pursuant to the THOMPSON SETTLEMENT AGREEMENT and the TOMMIE SETTLEMENT AGREEMENT would be provided to any of YOUR or SUNSET's attorneys, including but not limited to THE SILVERSTEIN FIRM.

**NOURMAND'S RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**
Stephan incorporates by reference herein its General Objections.  Stephan objects to this Request as it seeks documents that are not relevant to the subject matter of litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Stephan also objects to this Request insofar as it calls for documents containing confidential financial or commercially sensitive information of which (1) constitutes an invasion of privacy protections afforded by the U.S. and California Constitutions, applicable statutes and common law, and (2) could result in substantial competitive injury to Stephan.  Stephan further objects to this Request as it directly seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.