# Exhibit 2

1   ANDREW J. WAXLER (SBN 113682)
    Email: awaxler@kdvlaw.com
2   JENNIFER E. NEWCOMB (SBN 287314)
    Email: jnewcomb@kdvlaw.com
3   KAUFMAN DOLOWICH & VOLUCK LLP
    11755 Wilshire Boulevard, Suite 2400
4   Los Angeles, California 90025
    Tel:   (310) 775-6511
5   Fax:   (310) 525-9720

6   Attorneys Specially Appearing for
    ROBERT SILVERSTEIN
7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  RELEVANT GROUP, LLC, a            )   Case No. 2:19-cv-05019-ODW (KSx)
    Delaware limited liability company; )
12  1541 WILCOX HOTEL LLC, a          )   **ROBERT SILVERSTEIN'S**
    Delaware limited liability company; )   **RESPONSE TO PLAINTIFF'S**
13  6516 TOMMIE HOTEL LLC, a          )   **SUBPOENA OF DOCUMENTS**
    Delaware limited liability company; and )
14  6421 SELMA WILCOX HOTEL LLC,       )
    a California limited liability company, )
15                                      )
              Plaintiffs,               )
16                                      )
         vs.                            )
17                                      )
    STEPHAN "SAEED" NOURMAND,           )
18  an individual; THE SUNSET           )
    LANDMARK INVESTMENT LLC, a          )
19  California limited liability company; )
    and DOES 1-10,                      )
20                                      )
              Defendants,               )
21  _____ )

22

23        Third party Robert Silverstein, specially appearing in this action through counsel, hereby

24  responds and objects to the Subpoena to Produce Documents, Information, or Objects or to Permit

25  Inspection of Premises in a Civil Action (the "Subpoena") served by Plaintiffs.

26                        **PRELIMINARY STATEMENT**

27        Each of the following responses is made solely for the purposes of this action. Each response

28  is subject to the general objections set forth below, which are incorporated herein by reference.

These general objections form a part of the response to each and every request for production, and any subparts therein. These general objections may also specifically be interposed for the purpose of clarity in response to any particular request.

## **GENERAL OBJECTIONS**

1.     The fact that Responding Party has responded or objected to a particular request for production is not intended and shall not be construed as an admission that Responding Party accepts or admits the existence of any facts set forth or assumed by such request for production, or that any part of such responses or objections constitute admissible evidence. The fact that Responding Party has responded to part or all of any particular request for production is not intended and shall not be construed as a waiver by Responding Party of any part of any objection to such request for production, or any part of any general objection made herein. Nothing herein shall be construed as an admission respecting the admissibility, truth, accuracy or relevance of any document.

2.     To the extent each request for production calls for information that is protected from disclosure by any privilege, immunity, or specific state or federal statute, including the attorney-client privilege and attorney work-product doctrine, and to the extent that any request or part thereof calls for information, legal analysis or reasoning, writings, communications, or anything else protected from disclosure by the attorney work-product doctrine or the attorney-client privilege, or any other privilege, Responding Party objects to the request.

3.     Responding Party objects to all requests for production to the extent that they seek information that is protected by the right to privacy provided by any statute and/or under the United States Constitution.

4.     To the extent each request for production seeks information which is not related to any of the claims, allegations or defenses in the subject case, it is objected to as overbroad, unduly burdensome and seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence.

5.     To the extent each request for production calls for information that is not in the possession, custody or control of Responding Party, it is objected to as overbroad, unduly burdensome and calling for speculation as to what information may exist or may have once existed.

6.     Responding Party objects to the terms "YOU" and "YOUR" as they are vague and ambiguous.

7.     Responding Party objects to the terms "RELATES", "RELATE TO", and "RELATING TO" as they are vague, ambiguous, overbroad and require Responding Party to speculate on the potential logical, factual or legal relationships of documents and impermissibility requires a legal opinion by Responding Party or his counsel.

Responding party reserves the right to make changes to the following responses if it appears that omissions or errors have been made or that further or more accurate information becomes available. No incidental or implied admission is intended.

Subject to and without waiving any of the foregoing, Responding Party responds as follows.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

All COMMUNICATIONS with Casey Maddren that RELATE TO the SELMA/MADDREN LITIGATION.

**RESPONSE TO REQUEST NO. 1**

Responding Party objects to this request as overbroad, vague and ambiguous.  Responding Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible evidence and as such seeks disclosure of information irrelevant to the subject matter of this litigation.  Without waiving and subject to the foregoing objections, Responding Party responds as follows: all responsive documents, if any, in Responding Party's custody, possession or control will be produced at a date and place to be agreed upon.

**REQUEST NO. 2**

All COMMUNICATIONS with Casey Maddren that RELATE TO the SELMA/SUNSET LITIGATION.

**RESPONSE TO REQUEST NO. 2**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible evidence and as such seeks disclosure of information irrelevant to the subject matter of this

1 litigation. Without waiving and subject to the foregoing objections, Responding Party responds as

2 follows: all responsive documents, if any, in Responding Party's custody, possession or control will

3 be produced at a date and place to be agreed upon.

4 **REQUEST NO. 3**

5      All COMMUNICATIONS with Casey Maddren that RELATE TO any CEQA

6 CHALLENGE in connection with a property in Los Angeles County in the last 5 years.

7 **RESPONSE TO REQUEST NO. 3**

8      Responding Party objects to this request as overbroad, vague and ambiguous. Responding

9 Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible

10 evidence and as such seeks disclosure of information irrelevant to the subject matter of this

11 litigation. Without waiving and subject to the foregoing objections, Responding Party responds as

12 follows: all responsive documents, if any, in Responding Party's custody, possession or control will

13 be produced at a date and place to be agreed upon.

14 **REQUEST NO. 4**

15      All COMMUNICATIONS with Casey Maddren that RELATE TO RELEVANT GROUP

16 or any project developed by RELEVANT GROUP.

17 **RESPONSE TO REQUEST NO. 4**

18      Responding Party objects to this request as overbroad, vague and ambiguous. Responding

19 Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible

20 evidence and as such seeks disclosure of information irrelevant to the subject matter of this

21 litigation. Without waiving and subject to the foregoing objections, Responding Party responds as

22 follows: all responsive documents, if any, in Responding Party's custody, possession or control will

23 be produced at a date and place to be agreed upon.

24 **REQUEST NO. 5**

25      All COMMUNICATIONS with NOURMAND & ASSOCIATES that RELATE TO the

26 SELMA/MADDREN LITIGATION.

27 / / /

28 / / /

**RESPONSE TO REQUEST NO. 5**

Responding Party objects to this request as overbroad, vague and ambiguous. Without waiving and subject to the foregoing objections, Responding Party responds as follows: there are no responsive documents.

**REQUEST NO. 6**

All COMMUNICATIONS with NOURMAND & ASSOCIATES that RELATE TO the SELMA/SUNSET LITIGATION, THOMPSON LITIGATION, or TOMMIE LITIGATION.

**RESPONSE TO REQUEST NO. 6**

Responding Party objects to this request as overbroad, vague and ambiguous. Without waiving and subject to the foregoing objections, Responding Party responds as follows: there are no responsive documents.

**REQUEST NO. 7**

All COMMUNICATIONS with NOURMAND & ASSOCIATES that RELATE TO any CEQA CHALLENGE in connection with a property in Los Angeles County in the last 5 years.

**RESPONSE TO REQUEST NO. 7**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible evidence and as such seeks disclosure of information irrelevant to the subject matter of this litigation. Without waiving and subject to the foregoing objections, Responding Party responds as follows: there are no responsive documents.

**REQUEST NO. 8**

All COMMUNICATIONS with NOURMAND & ASSOCIATES that RELATE TO RELEVANT GROUP or any project developed by RELEVANT GROUP.

**RESPONSE TO REQUEST NO. 8**

Responding Party objects to this request as overbroad, vague and ambiguous. Without waiving and subject to the foregoing objections, Responding Party responds as follows: there are no responsive documents.

/ / /

**REQUEST NO. 9**

All COMMUNICATIONS with NOURMAND & ASSOCIATES that RELATE TO any meeting with RELEVANT GROUP in connection with the THOMPSON HOTEL PROJECT or TOMMIE HOTEL PROJECT.

**RESPONSE TO REQUEST NO. 9**

Responding Party objects to this request as overbroad, vague and ambiguous. Without waiving and subject to the foregoing objections, Responding Party responds as follows: there are no responsive documents.

**REQUEST NO. 10**

All DOCUMENTS that RELATE TO any administrative appeal, objections, legal petition, or other COMMUNICATION with the City of Los Angeles in which YOU or YOUR client objected to the height of the THOMPSON HOTEL PROJECT.

**RESPONSE TO REQUEST NO. 10**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request as it seeks disclosure of information protected by the attorney-client and/or attorney work product privileges. Responding Party further objects to this request as it seeks disclosure of public records, if any, of the City of Los Angeles which are equally available to the propounding party.

**REQUEST NO. 11**

All DOCUMENTS that RELATE TO any administrative appeal, objections, legal petition, or other COMMUNICATION with the City of Los Angeles in which YOU or YOUR client objected to the direction that the lightwell was facing and/or the dimensions of the lightwell on the THOMPSON HOTEL PROJECT.

**RESPONSE TO REQUEST NO. 11**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request as it seeks disclosure of information protected by the attorney-client and/or attorney work product privileges. Responding Party further objects to this request as it

seeks disclosure of public records, if any, of the City of Los Angeles which are equally available to the propounding party.

**REQUEST NO. 12**

All DOCUMENTS that RELATE TO any administrative appeal, objections, legal petition, or other COMMUNICATION with the City of Los Angeles in which YOU or YOUR client objected to there being west-facing balconies on the THOMPSON HOTEL PROJECT.

**RESPONSE TO REQUEST NO. 12**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request as it seeks disclosure of information protected by the attorney-client and/or attorney work product privileges. Responding Party further objects to this request as it seeks disclosure of public records, if any, of the City of Los Angeles which are equally available to the propounding party.

**REQUEST NO. 13**

All DOCUMENTS that RELATE TO any administrative appeal, objections, legal petition, or other COMMUNICATION with the City of Los Angeles in which YOU or YOUR client objected to the stairwell or setback dimensions on the TOMMIE HOTEL PROJECT.

**RESPONSE TO REQUEST NO. 13**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request as it seeks disclosure of information protected by the attorney-client and/or attorney work product privileges. Responding Party further objects to this request as it seeks disclosure of public records, if any, of the City of Los Angeles which are equally available to the propounding party.

**REQUEST NO. 14**

All DOCUMENTS that RELATE TO any administrative appeal, objections, legal petition, or other COMMUNICATION with the City of Los Angeles in which YOU or YOUR client objected to the economic impact that the THOMPSON HOTEL PROJECT or TOMMIE HOTEL PROJECT would have on YOUR client.

/ / /

1   **RESPONSE TO REQUEST NO. 14**

2        Responding Party objects to this request as overbroad, vague and ambiguous. Responding

3   Party further objects to this request as it seeks disclosure of information protected by the attorney-

4   client and/or attorney work product privileges. Responding Party further objects to this request as it

5   seeks disclosure of public records, if any, of the City of Los Angeles which are equally available to

6   the propounding party.

7   **REQUEST NO. 15**

8        All DOCUMENTS that RELATE TO any administrative appeal, objections, legal petition,

9   or other COMMUNICATION with the City of Los Angeles in which YOU or YOUR client objected

10  to the fact that 6516 Tommie Hotel, LLC and 1541 Wilcox Hotel LLC were not obligated to assist

11  and support SUNSET LANDMARK with the City of Los Angeles on any future development

12  proposal for SUNSET LANDMARK's property.

13  **RESPONSE TO REQUEST NO. 15**

14       Responding Party objects to this request as overbroad, vague and ambiguous. Responding

15  Party further objects to this request as it seeks disclosure of information protected by the attorney-

16  client and/or attorney work product privileges. Responding Party further objects to this request as it

17  seeks disclosure of public records, if any, of the City of Los Angeles which are equally available to

18  the propounding party.

19  **REQUEST NO. 16**

20       All engagement letters, retention letters, or other contracts RELATING TO YOUR

21  representation of SUNSET LANDMARK and/or Saeed Nourmand in connection with any CEQA

22  CHALLENGE.

23  **RESPONSE TO REQUEST NO. 16**

24       Responding Party objects to this request as overbroad, vague and ambiguous. Responding

25  Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible

26  evidence and as such seeks disclosure of information irrelevant to the subject matter of this

27  litigation. Responding Party further objects to this request as it seeks disclosure of information

28  protected by the attorney-client and/or attorney work product privileges.  Responding Party further

ROBERT SILVERSTEIN'S RESPONSE TO PLAINTIFF'S SUBPOENA OF DOCUMENTS

Exhibit 2, Page 24

objects to this request as it seeks disclosure of financial information in violation of the privacy rights of Responding Party and/or third parties.

**REQUEST NO. 17**

DOCUMENTS sufficient to show the amount of any fees incurred RELATING TO professional services rendered by YOU to SUNSET LANDMARK and/or Saeed Nourmand in connection with any CEQA CHALLENGE.

**RESPONSE TO REQUEST NO. 17**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible evidence and as such seeks disclosure of information irrelevant to the subject matter of this litigation. Responding Party further objects to this request as it seeks disclosure of information protected by the attorney-client and/or attorney work product privileges. Responding Party further objects to this request as it seeks disclosure of financial information in violation of the privacy rights of Responding Party and/or third parties.

**REQUEST NO. 18**

All invoices for fees incurred RELATING TO professional services rendered by YOU to Sunset Landmark and/or Saeed Nourmand in connection with any CEQA CHALLENGE.

**RESPONSE TO REQUEST NO. 18**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible evidence and as such seeks disclosure of information irrelevant to the subject matter of this litigation. Responding Party further objects to this request as it seeks disclosure of information protected by the attorney-client and/or attorney work product privileges. Responding Party further objects to this request as it seeks disclosure of financial information in violation of the privacy rights of Responding Party and/or third parties.

**REQUEST NO. 19**

All engagement letters, retention letters, or other contracts RELATING TO YOUR representation of Casey Maddren in connection with any CEQA CHALLENGE.

ROBERT SILVERSTEIN'S RESPONSE TO PLAINTIFF'S SUBPOENA OF DOCUMENTS

Exhibit 2, Page 25

**RESPONSE TO REQUEST NO. 19**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request as it assumes facts not in evidence. Responding Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible evidence and as such seeks disclosure of information irrelevant to the subject matter of this litigation. Without waiving and subject to the foregoing objections, Responding Party responds as follows: there are no responsive documents.

**REQUEST NO. 20**

DOCUMENTS sufficient to show the amount of any fees incurred RELATING TO professional services rendered by YOU to Casey Maddren in connection with any CEQA CHALLENGE.

**RESPONSE TO REQUEST NO. 20**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request as it assumes facts not in evidence. Responding Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible evidence and as such seeks disclosure of information irrelevant to the subject matter of this litigation. Without waiving and subject to the foregoing objections, Responding Party responds as follows: there are no responsive documents.

**REQUEST NO. 21**

All invoices for fees incurred RELATING TO professional services rendered by YOU to Casey Maddren in connection with any CEQA CHALLENGE.

**RESPONSE TO REQUEST NO. 21**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request as it assumes facts not in evidence. Responding Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible evidence and as such seeks disclosure of information irrelevant to the subject matter of this litigation. Without waiving and subject to the foregoing objections, Responding Party responds as follows: there are no responsive documents.

**REQUEST NO. 22**

All engagement letters, retention letters, or other contracts RELATING TO YOUR representation of NOURMAND & ASSOCIATES in connection with any CEQA CHALLENGE.

**RESPONSE TO REQUEST NO. 22**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request as it assumes facts not in evidence. Responding Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible evidence and as such seeks disclosure of information irrelevant to the subject matter of this litigation. Without waiving and subject to the foregoing objections, Responding Party responds as follows:  there are no responsive documents.

**REQUEST NO. 23**

DOCUMENTS sufficient to show the amount of any fees incurred RELATING TO professional services rendered by YOU to NOURMAND & ASSOCIATES in connection with any CEQA CHALLENGE.

**RESPONSE TO REQUEST NO. 23**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request as it assumes facts not in evidence. Responding Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible evidence and as such seeks disclosure of information irrelevant to the subject matter of this litigation. Without waiving and subject to the foregoing objections, Responding Party responds as follows:  there are no responsive documents

**REQUEST NO. 24**

All invoices for fees incurred RELATING TO professional services rendered by YOU to NOURMAND & ASSOCIATES in connection with any CEQA CHALLENGE.

**RESPONSE TO REQUEST NO. 24**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request as it assumes facts not in evidence. Responding Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible evidence

ROBERT SILVERSTEIN'S RESPONSE TO PLAINTIFF'S SUBPOENA OF DOCUMENTS

Exhibit 2, Page 27

1 and as such seeks disclosure of information irrelevant to the subject matter of this litigation. Without

2 waiving and subject to the foregoing objections, Responding Party responds as follows: there are

3 no responsive documents.

4 **REQUEST NO. 25**

5       All agreements and contracts RELATING TO or referencing the sharing of information or

6 litigation strategy between SUNSET LANDMARK and/or Saeed Nourmand, on the one hand, and

7 any other PERSON, on the other hand, in connection with any CEQA CHALLENGE.

8 **RESPONSE TO REQUEST NO. 25**

9       Responding Party objects to this request as overbroad, vague and ambiguous. Responding

10 Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible

11 evidence and as such seeks disclosure of information irrelevant to the subject matter of this

12 litigation. Responding Party further objects to this request as it seeks disclosure of information

13 protected by the attorney-client and/or work product and/or common interest privileges. Responding

14 Party further objects to this request as it assumes facts not in evidence.

15 **REQUEST NO. 26**

16       All DOCUMENTS that RELATE TO RELEVANT GROUP's payment of money to

17 SUNSET LANDMARK pursuant to the THOMPSON SETTLEMENT AGREEMENT and the

18 TOMMIE SETTLEMENT AGREEMENT.

19 **RESPONSE TO REQUEST NO. 26**

20       Responding Party objects to this request as overbroad, vague and ambiguous. Responding

21 Party further objects to this request to the extent that it seeks disclosure of information protected by

22 the attorney-client and/or attorney work product privileges. Without waiving and subject to the

23 foregoing objections, Responding Party responds as follows: there are no responsive documents.

24 **REQUEST NO. 27**

25       All DOCUMENTS, including COMMUNICATIONS, that RELATE TO how the $5.5

26 million SUNSET LANDMARK received in connection with the THOMPSON SETTLEMENT and

27 TOMMIE SETTLEMENT was distributed, allocated, or spent.

28 / / /

ROBERT SILVERSTEIN'S RESPONSE TO PLAINTIFF'S SUBPOENA OF DOCUMENTS

Exhibit 2, Page 28

**RESPONSE TO REQUEST NO. 27**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request to the extent that it seeks disclosure of information protected by the attorney-client and/or attorney work product privileges. Without waiving and subject to the foregoing objections, Responding Party responds as follows: there are no responsive documents.

**REQUEST NO. 28**

All DOCUMENTS, including wire transfers or bank statements, that evidence or reference any payments or transfers from SUNSET LANDMARK between January 12, 2018 and January 12, 2019.

**RESPONSE TO REQUEST NO. 28**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible evidence and as such seeks disclosure of information irrelevant to the subject matter of this litigation. Responding Party further objects to this request as it seeks disclosure of financial information in violation of the privacy rights of Responding Party and/or third parties. Responding Party further objects as this request seeks disclosure of attorney-client privileged communications.

**REQUEST NO. 29**

All DOCUMENTS that RELATE TO the negotiation, drafting, and execution of the THOMPSON SETTLEMENT AGREEMENT and the TOMMIE SETTLEMENT AGREEMENT.

**RESPONSE TO REQUEST NO. 29**

Responding Party objects to this request as overbroad, vague and ambiguous. Responding Party further objects to this request as it seeks disclosure of information protected by the attorney-client and/or attorney work product privileges. Without waiving and subject to the foregoing objections, Responding Party responds as follows: there are no responsive documents.

**REQUEST NO. 30**

All COMMUNICATIONS with KOAR that RELATE TO any of KOAR's properties or proposed developments, including but not limited to any COMMUNICATIONS with KOAR that RELATE TO any CEQA CHALLENGES in connection with KOAR's properties.

1   **RESPONSE TO REQUEST NO. 30**

2         Responding Party objects to this request as overbroad, vague and ambiguous. Responding

3   Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible

4   evidence and as such seeks disclosure of information irrelevant to the subject matter of this

5   litigation. Without waiving and subject to the foregoing objections, Responding Party responds as

6   follows: there are no responsive documents.

7   **REQUEST NO. 31**

8         All COMMUNICATIONS that RELATE TO any meetings with KOAR that RELATE TO

9   any CEQA CHALLENGES in connection with KOAR's properties.

10  **RESPONSE TO REQUEST NO. 31**

11        Responding Party objects to this request as overbroad, vague and ambiguous. Responding

12  Party further objects to this request as it is not reasonably calculated to seek disclosure of admissible

13  evidence and as such seeks disclosure of information irrelevant to the subject matter of this

14  litigation. Responding Party further objects as this request seeks disclosure of attorney-client

15  privileged communications.  Without waiving and subject to the foregoing objections, Responding

16  Party responds as follows: there are no responsive documents.

17

18  Dated: January 11, 2021           KAUFMAN DOLOWICH & VOLUCK LLP

19

20

21                            By: _____

22                                ANDREW J. WAXLER
                                    JENNIFER E. NEWCOMB
23                                  Attorneys Specially Appearing for
                                    ROBERT SILVERSTEIN
24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
COUNTY OF LOS ANGELES )

      I am employed in Los Angeles County.  My business address is 11755 Wilshire Blvd., Suite 2400, Los Angeles, CA 90025, where this mailing occurred.  I am over the age of 18 years and am not a party to this cause.  I am readily familiar with the practices of KAUFMAN DOLOWICH & VOLUCK LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

      On January 11, 2021, I served the foregoing documents on the interested parties in this action entitled as follows:

**ROBERT SILVERSTEIN'S RESPONSE TO PLAINTIFF'S SUBPOENA OF DOCUMENTS**

[XX] by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

[XX] (**BY E-MAIL ELECTRONIC TRANSMISSION**)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) so indicated on the attached list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was incomplete or unsuccessful.

[  ] (**BY FEDEX**)  I am "readily familiar with the firm's practice of collection and processing correspondence for mailing via Express Mail (or another method of delivery providing for overnight delivery pursuant to *C.C.P.* § 1005(b)).  Under that practice, it would be deposited with the United States Postal Service or other overnight delivery carrier (in this case, FedEx) on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[  ] (**BY FACSIMILE**)  I caused to be served, via facsimile, the above-entitled document(s) to the office of the addressee so indicated.

[  ] (**STATE**)  I declare under penalty of perjury that the foregoing is true and correct.

[XX] (**FEDERAL**) I declare that I am employed in the office of a member of the bar of this court at whose direction the services was made.

Executed on January 11, 2021, at Los Angeles, California.

_____
Noemi Bernal

# SERVICE LIST

### *Relevant Group, LLC, et al. v. Stephan "Saeed" Nourmand, et al.*
### *USDC – Central District, Case No. 2:19-cv-05019-ODW (KSx)*

| | |
|---|---|
| Susan K. Leader, Esq.<br>Joshua A. Rubin, Esq.<br>Akin Gump Strauss Hauer & Feld LLP<br>1999 Avenue of the Stars, Suite 600<br>Los Angeles, CA 90067-6022<br>Phone: (310) 229-1000<br>Fax: (310) 229-1001<br>Email: sleader@akingump.com;<br>rubinj@akingump.com<br><br>**Attorneys for Plaintiffs RELEVANT GROUP, LLC, 1541 WILCOX HOTEL LLC, 6516 TOMMIE HOTEL LLC and 6421 SELMA WILCOX HOTEL LLC** | James H. Turken<br>Jayesh Patel<br>Blake L. Osborn<br>Michael J. Dailey<br>GREENSPOON MARDER LLP<br>1875 Century Park East, Suite 1900<br>Los Angeles, California 90067<br>Telephone: 323.880.4520<br>Facsimile: 954.771.9264<br>james.turken@gmlaw.com<br>jay.patel@gmlaw.com<br>blake.osborn@gmlaw.com<br>michael.dailey@gmlaw.com<br><br>**Attorneys for Defendants STEPHAN SAEED NOURMAND AND THE SUNSET LANDMARK INVESTMENT, LLC** |

4851-2200-6738, v. 1

ROBERT SILVERSTEIN'S RESPONSE TO PLAINTIFF'S SUBPOENA OF DOCUMENTS
Exhibit 2, Page 32