Patrick M. Maloney – CSBN 197844
Gregory M. Smith – CSBN 259971
**THE MALONEY FIRM, APC**
2381 Rosecrans Avenue, Suite 405
El Segundo, California 90245
T: 310-540-1505 | F: 310-540-1507
E: pmaloney@maloneyfirm.com
E: gsmith@maloneyfirm.com

Attorneys for Defendant,
NOURMAND & ASSOCIATES

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC, a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10, <br><br> Defendants. | Case No.:  2:19-cv-05019-ODW (KSx) <br> Judge:  Hon. Otis D. Wright II <br> Department:  Courtroom 5D, 5th Floor <br> Action Filed: June 10, 2019 <br><br> **NOURMAND & ASSOCIATES' REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT** <br> **[Fed. R. Civ. P. 12(b)(6)]** <br><br> **Date:  November 15, 2019** <br> **Time:  1:30 p.m.** |

00186610

**TABLE OF CONTENTS**

I.  INTRODUCTION ...................................................................................1

II. The Court Should Dismiss Plaintiffs' Complaint For Failure To State A Claim ...........................................................................................1

    A.   Plaintiffs Third Amended Complaint Is Time Barred As To N&A ........................................................................................1

        1. The Injury Discovery Rule .................................................1

        2. Judicial Notice ....................................................................3

        3. Meet and Confer and Local rule 7-3 ..................................3

    B.   The First Amendment And The Noerr-Pennington Doctrine Absolve N&A From Liability ..........................................................4

    C.   The Plaintiffs Fail to Plead the Required Elements of the RICO Statute ....................................................................................7

III. CONCLUSION .......................................................................................9

# TABLE OF AUTHORITIES

*Affordable Hous. Dev. Corp. v. City of Fresno*,
433 F.3d 1182 (9th Cir. 2006) ...................................................................................6

*Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1102 (2d Cir. 1988),
cert. denied, 490 U.S. 1007.......................................................................................2

*Barron v. Reich*, 13 F.3d 1370 (9th Cir.1994).........................................................3

*Boy Scouts of America v. Dale*, 530 U.S. 640 (2000)..............................................6

*Brandenburg v. Ohio*, 395 U.S. 444 (1969) ............................................................6

*Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008) ..............................9

*Chagby v. Target Corp.*, No. CV 08–4425–GKH(PJWX),
2008 WL 5686105. at *3 (C.D.Cal. Oct. 27, 2008) aff'd,
358 Fed.Appx. 805 (9th Cir.2009)............................................................................9

*Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392 (7th Cir.2009) .......................9

*E. R. R. Presidents Conf. v. Noerr Motor Freight, Inc.*,
365 U.S. 127 (1961).................................................................................................5

*Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180 (9th Cir. 2005)..................5

*Granite Falls Bank v. Henrikson,* 924 F.2d 150 (8th Cir. 1991)......................2

*Grimmett v. Brown*, 75 F.3d 506 (9th Cir.1996) ................................................2

*InnoZen, Inc. v. T. Lynn Mitchell Cos., LLC*,
2010 WL 11552927, at *3 (C.D. Cal. Oct. 26, 2010)........................................3

*Jubelirer v. MasterCard Int'l, Inc.*, 68 F.Supp.2d 1049 (W.D.Wis.1999) ........9

*McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 347 (1995).......................6

*Munoz-Guzman v. Humberto's Mexican Food*, 2018 WL 8803946, at *1
(C.D. Cal. Dec. 4, 2018).  ........................................................................................3

*NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958)............................6

*Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) ..........................7

*Reves v. Ernst & Young*, 507 U.S. 170 (1993) ...................................................8

*Rosner v. Bank of China*, 528 F.Supp.2d 419, 428–29 (S.D.N.Y.2007) .........9

*Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000) …………………………… 3

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507


*Sosa v. DIRECTV, Inc.*, 437 F.3d 923 (9th Cir. 2006) ........................................4, 5

*United States v. Oreto*, 37 F.3d 739 (1st Cir.1994),
cert. denied, 513 U.S. 1177 (1995) ..................................................................8

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) ........................................3

*Van Buskirk v. CNN*, 284 F.3d 977 (9th Cir.2002); ............................................3

*VanDenBroeck v. CommonPoint Mortgage Co.*,
210 F.3d 696  (6th Cir.2000) ..........................................................................9

### **STATUTES**

18 U.S.C.§ 1962(c) ..............................................................................................7

## I. INTRODUCTION

Plaintiffs' Opposition, as their prior Motion for Leave to File a Third Amended Complaint ("TAC") – which NOURMAND & ASSOCIATES ("N&A") wasn't permitted to oppose – brazenly seeks to recast long-asserted allegations as newly discovered gems of liability. In both their First and Second Amended Complaints, Plaintiffs alleged that Sunset Landmark and N&A shared "employees and officers" (Doc. 21, ¶17; Doc. 41, ¶28). In light of these allegations the Court granted N&A's Motion to Dismiss the FAC and Plaintiffs did not even bother to name N&A in the SAC. However, Plaintiffs now claim that "hundreds of emails" between Saeed Nourmand and these long-acknowledged shared employees necessitated the TAC.

While the TAC does allege greater factual specificity as to N&A, none of the refined allegations solve the deficiency previously noted by the Court in its ruling Dismissing the FAC that "Plaintiffs have not adequately pled the enterprise prong of a RICO claim." (Doc. 39, 15:4 – 15:5.) N&A must (again) be dismissed from the present action.

## II. THE COURT SHOULD DIMSISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM

Plaintiffs fail to state a cause of action against N&A; for multiple reasons, the FAC should be dismissed.

### A. Plaintiffs Third Amended Complaint Is Time Barred As To N&A

#### 1. The Injury Discovery Rule

The Parties here agree that the statute of limitations for a RICO claims is four years (Oppo. 7:8-14), but disagree as to when that four year period begins. Plaintiffs argue that the statute of limitations cannot begin to run until "January 8, 2018, when Plaintiffs finally 'succumbed to Defendants' threats and agreed to pay' the $5.5 million ransom payment." (Oppo. 8:18-19.) Plaintiffs' hyperbolic description of a settlement agreement paid to Sunset Landmark aside, the argument is similar to that

raised in *Granite Falls Bank v. Henrikson*, 924 F.2d 150, 154 (8th Cir. 1991). There the Court criticized the "injury discovery rule" as set forth in *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1102 (2d Cir. 1988), cert. denied, 490 U.S. 1007 and wrote "…the problem with the Bankers Trust accrual rule is that it focuses upon the injury sustained by a predicate act rather than upon the RICO injury, thus making it possible for the limitations period to have lapsed before the plaintiff can state a RICO cause of action. For example, 'if a plaintiff suffers a single injury as a result of a predicate act but the second predicate act which establishes the necessary 'pattern' occurs five years after the injury to the plaintiff, that plaintiff's claim is barred by the four year civil RICO statute of limitations.'" *Granite Falls Bank* at 154.

In *Grimmett v. Brown*, 75 F.3d 506 (9th Cir. 1996), the Court reaffirmed the Ninth Circuit's commitment to the "injury discovery rule" set forth in *Bankers Trust Co. v. Rhoades* that "a civil RICO cause of action arises when the plaintiff knows or should know that she has been injured." *Grimmett* at 512. In doing so, *Grimmett* provided a survey of the alternative accrual rules followed by other Circuits, cited to, and explicitly rejected, *Granite Falls Bank*. *Grimmett* at 511-512. Regarding the argument raised by *Granite Falls Bank*, *Grimmett* held, "This argument has merit, however, only if the focus of RICO is on the RICO violation and not on the predicate acts. RICO focuses on the predicate acts." *Id.* at 511.

Plaintiffs' TAC alleges that the predicate act – the filing of a "sham" lawsuit, occurred on March 3, 2016. (TAC ¶71). Even if Plaintiffs argue they did not have knowledge of their injury on the date of filing, N&A's request for judicial notice establishes that a Proof of Publication of the lawsuit was filed with the Los Angeles Superior Court on July 7, 2016. Thus, Plaintiffs had knowledge by that date - at the very latest - that the CEQA lawsuit had been filed, and they knew or should have known that they had been injured. Thus the statute of limitations expired on July 7, 2020.

## 2. Judicial Notice

Plaintiffs argue that the Court cannot consider the statute of limitations because it is "not apparent on the face of the Complaint" and cite to a non-binding District Court opinion. However, Plaintiffs ignore that judicial notice and incorporation by reference allow a court to consider material outside of the complaint without turning a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir.2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994).

Plaintiffs have provided no opposition to N&A's Request for Judicial Notice, thus, it must be granted. See, *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000).

## 3. Meet and Confer and Local Rule 7-3

Grasping at straws, Plaintiffs also argue that the Court cannot consider N&A's statute of limitations arguments because they were not adequately raised during meet and confer efforts. Plaintiffs cite to two cases (*Munoz-Guzman v. Humberto's Mexican Food*, and *InnoZen, Inc. v. T. Lynn Mitchell Cos., LLC*) where Courts denied Motions to Dismiss for failure to meet and confer in accordance with Local Rule 7-3.

However, the situations in those cases is far different here. In *InnoZen, Inc.*, there was a conference of counsel regarding another defendant's motion to strike, but not the moving defendants' motion; the Court noted that prior to filing, "neither InnoZen nor its counsel has any knowledge that Enlyten would be filing a Rule 12(b)(6) Motion to Dismiss the Amended Complaint." *InnoZen, Inc. v. T. Lynn Mitchell Cos., LLC*, 2010 WL 11552927, at *3 (C.D. Cal. Oct. 26, 2010). In *Munoz-Guzman* the moving defendant asserted that the meet and confer occurred three weeks after, the filing of the Motion to Dismiss. *Munoz-Guzman v. Humberto's Mexican Food*, 2018 WL 8803946, at *1 (C.D. Cal. Dec. 4, 2018).

Here, the counsel for Plaintiffs admits that counsel for the parties met and conferred via email and phone as to this Motion, but nitpicks whether or not statute of limitations was one of the grounds discussed. Because Plaintiffs fail to supply any

decision that stands for the position that Local Rule 7-3 applies on an issue by issue basis, this argument must fail.

### B. The First Amendment And The Noerr-Pennington Doctrine Absolve N&A From Liability

Plaintiffs argue that that the activities of N&A employees went beyond petitioning activities by "participating" in the "sham" lawsuits, but they cite to no case where a non-litigant has ever been found to have "participated" in a lawsuit, sham or otherwise. Unable to do so, Plaintiffs seek to expand the "sham litigation" exception to activities beyond litigation in reliance on *In re Outlaw Lab., LP Litig.*, and *Sosa v. DirecTV, Inc.* However, Plaintiffs fundamentally misread both of these cases.

In *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 939 (9th Cir. 2006) the Ninth Circuit ruled that a party that settled a "weak" legal claim after receiving a pre-litigation demand letter could not then bring a RICO case against the claimant with whom it had previously decided to settle. DirecTV believed that Sosa, and others, might be have been pirating its satellite signal and issued demand letters. Rather than incur the expense of engaging an attorney to respond, Sosa paid DirectTV to settle the claims. *Id*. at 926. Thereafter Sosa filed a RICO action in the Central District of California; DirecTV brought a 12(b)(6) motion that was granted under the *Noerr-Pennington* doctrine. Sosa appealed, and the Ninth Circuit affirmed the dismissal.

The *Sosa* Court explained that the "*Noerr-Pennington* doctrine derives from the First Amendment's guarantee of the right of the people . . . to petition the Government for a redress of grievances. Under the *Noerr-Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Id*. at 928. It continued, "Under the *Noerr-Pennington* rule of statutory construction, we must construe federal statutes so as to avoid burdening conduct that implicates the protections afforded by the Petition Clause unless the statute clearly provides otherwise." *Id*. at 930. *Sosa* confirmed that communications to the court in which litigants make arguments in support of a request

1  that a court do something – such as complaints – are protected petitioning activities.
2  *Id*. at 932-933, citing to *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th
3  Cir. 2005).

4      *In re Outlaw Lab., LP Litig.* 2019 WL 1205004 (S.D. Cal Mar. 14, 2019), a
5  manufacturer of male-enhancement pills send demand letters to gas stations, liquor
6  stores, and similar establishments that sold competing products that allegedly
7  contained an undisclosed FDA-regulated ingredient. *Id.* at *2. A group of defendant
8  retailers filed a Cross-Complaint against Outlaw Labs for RICO and rescission of
9  prior settlement agreements because the demand letters were fraudulent, and Outlaw
10 Labs moved to dismiss the RICO Cross-Complaint. *Id.* at *5. In ruling on the Motion
11 to Dismiss, the trial court found that the Defendants had properly pled that Outlaw's
12 pre-litigation demand letters were a sham. *Id.* at *11.

13     Both *In re Outlaw Lab.* and *Sosa* are different from this action in several ways.
14 Both Outlaw Labs and DirectTV directed their pre-litigation activities at the eventual
15 targets of their litigation by way of letters demanding money to avoid lawsuits. Here,
16 there are no allegations that N&A engaged in conduct directed towards the Plaintiffs
17 or made any monetary demand to anybody. Instead the TAC alleges that various
18 employees of N&A attended public hearings for the City of Los Angeles, signed
19 petitions for the City of Los Angeles, and drafted or reviewed documents opposing
20 Relevant's developments before the materials were submitted to the City of Los
21 Angeles. [TAC ¶¶52, 53, and 56.] These activities, "directed at obtaining
22 government action," meet the very standard of petitioning activity set for the by the
23 *Noerr* Court. *E. R. R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127,
24 140 (1961). In *Noerr*, the Court emphasized that it does not matter whether
25 petitioners intend to bring about an advantage to themselves or a disadvantage to their
26 competitors: "The right of the people to inform their representatives in government of
27 their desires with respect to the passage or enforcement of laws cannot properly be
28 made to depend upon their intent in doing so." *Id.* at 139.

Further, while both Outlaw Labs and DirecTV acted on the threats in their demand letters by filing lawsuits, there is no allegation that N&A has ever been a party to any CEQA Action. Instead, Plaintiffs seek to hold N&A liable for the decision of Sunset Landmark to file a lawsuit to which N&A was not a party.

Finally, Plaintiffs' attempts to differentiate *Affordable Hous. Dev. Corp. v. City of Fresno*, 433 F.3d 1182, 1193 (9th Cir. 2006) misses the point. N&A never stated that *Affordable Housing* was "sham litigation" case. Rather *Affordable Housing* holds that when it comes to matters of real estate development, citizens have an absolute right to petition the government against approval of projects, even if the projects have legal, or socially desirable, goals. "As important as the objectives of the federal and state fair housing laws are, nothing in our constitutional history has suggested that they trump the First Amendment or that they outweigh the exercise of First Amendment rights." *Id.* at 1198.

"In distributing flyers advocating a controversial political position, the citizens were exercising the freedom of speech assured by the First Amendment. *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 347 (1995). The citizens were also exercising the complementary right guaranteed by that amendment to associate with others in pursuit of a political objective. *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 460 (1958). The exercise of these constitutional rights is not deprived of protection if the exercise is not politically correct and even if it is discriminatory against others. *Boy Scouts of America v. Dale*, 530 U.S. 640, 660 (2000). Provided that the exercise of these rights does not incite imminent violence, it is free from governmental suppression or sanction even if the speakers advocate violation of law. *Brandenburg v. Ohio*, 395 U.S. 444, (1969) (per curiam)." *Affordable Housing* at 1197-1198.

Because Plaintiffs have failed to allege facts by which that N&A directed its activities at anything under than swaying the minds of elected officials and the general public, N&A's actions must be protected and N&A must be dismissed from this case.

### C. Plaintiffs Fail to Plead the Required Elements of the RICO Statute

To allege an association-in-fact RICO enterprise, the complaint must (1) describe "a group of persons associated together for a common purpose of engaging in a course of conduct," (2) provide both evidence of an ongoing organization, formal or informal, and (3) evidence that the various associates function as a continuing unit. *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007). Plaintiffs fail to plead a proper RICO enterprise in that they accuse the "Nourmand Enterprise" of targeting "competing developers and initiates (or threatens to initiate) reflexive sham environmental lawsuits for the sole purpose of delaying the development of competing properties. Instilling fear of severe economic loss, Nourmand Enterprise extracts ransom money and aesthetic concessions from its victims in exchange for their agreement to drop these sham lawsuits." [TAC ¶4.] While Plaintiffs contend that they properly allege that the "Nourmand Enterprise" exists as a separate entity from Sunset Landmark, it is undisputed that Sunset Landmark was the only party to the CEQA actions, and Sunset Landmark was the only party to whom Plaintiffs paid a settlement money. Thus the actions of the "Nourmand Enterprise" are really nothing more than the actions of Sunset Landmark.

In fact, Plaintiffs allege that N&A and its employees worked against Sunset Landmark's scheme to sue Hollywood developers by virtue of lobbying the government for design and environmental concessions instead of simply demanding that the Plaintiffs provide them with cash for their silence. Had N&A succeeded in changing the mind of the city council, resulting in Relevant's projects being disapproved, there would have been no need and no ability for Sunset Landmark to either file or settle its lawsuits.

If an enterprise has been properly alleged, a RICO Plaintiff must also allege facts that a defendant "conduct(ed) or participate(d), directly or indirectly, in the conduct of [the] enterprise's affairs." 18 U.S.C. § 1962(c). "Conduct" here means

more than mere participation in the enterprise's affairs. RICO liability only attaches to "those who participate in the operation or management of an enterprise through a pattern of racketeering activity." *Reves v. Ernst & Young*, 507 U.S. 170, 184 (1993).

As the Court observed in *United States v. Oreto*, 37 F.3d 739, 750 (1st Cir.1994), cert. denied, 513 U.S. 1177 (1995):

> *Reves* is a case about the liability of outsiders who may assist the enterprise's affairs. Special care is required in translating Reves' concern with "horizontal" connections—focusing on the liability of an outside adviser—into the "vertical" question of how far RICO liability may extend within the enterprise but down the organizational ladder. In our view, the reason the accountants were not liable in *Reves* is that, while they were undeniably involved in the enterprise's decisions, they neither made those decisions nor carried them out; in other words, the accountants were outside the chain of command through which the enterprise's affairs were conducted.

Similarly, here Plaintiffs have failed to allege facts that N&A was involved in the sham lawsuits or extortion that are the heart of the alleged bad acts. Although Plaintiff asserts that N&A employees took efforts to "'delay the development of competing properties' (¶ 53), 'advised Nourmand and his consultants and attorneys on legal strategies' (¶ 54), and 'spearheaded' interactions related to enforcement of the enterprise's demands (¶ 55)" (Oppo. 19:5-8) the first is privileged, as explained above, and the others are similar to the role taken by Ernst & Young in *Reves*.

As Courts have recognized time and again, performing administrative services does not create RICO liability. *Chagby v. Target Corp.*, No. CV 08–4425–GKH(PJWX), 2008 WL 5686105. at *3 (C.D.Cal. Oct. 27, 2008) aff'd, 358 Fed.Appx. 805 (9th Cir.2009) (no RICO enterprise between retailer and its advertising agency); *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 400 (7th Cir.2009) (no RICO enterprise where party agreed to market a specific health insurer to its members); *VanDenBroeck v. CommonPoint Mortgage Co.*, 210 F.3d 696, 700 (6th Cir.2000) (abrogated on other grounds by *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008)) (no RICO enterprise alleged from "a business relationship" between bank and secondary lenders); *Rosner v. Bank of China*, 528 F.Supp.2d 419, 428–29 (S.D.N.Y.2007) (no RICO enterprise exists where one defendant provided the other with "indispensable banking services"); *Jubelirer v. MasterCard Int'l, Inc.*, 68 F.Supp.2d 1049, 1052 (W.D.Wis.1999) (no RICO enterprise created by a standard credit card agreement).

Plaintiffs continue to fall short of pleading each and every element required by RICO; N&A must be dismissed.

### III. CONCLUSION

For the forgoing reasons, and those set forth fully in its Memorandum of Points and Authorities, Nourmand & Associates requests that Plaintiff's Third Amended Complaint be dismissed without leave to amend.

Dated: November 1, 2021

**THE MALONEY FIRM, APC**

By: /s/Gregory M. Smith
Patrick M. Maloney
Gregory M. Smith
Attorneys for Defendant,
Nourmand & Associates

# CERTIFICATE OF SERVICE

I hereby certify that on _____, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

☒  I, Gregory M. Smith, declare that I am employed by The Maloney Firm, APC, a citizen of the United States of America, a resident of the state of California, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On November 1, 2021, I **caused** a true and correct copy of the foregoing document to be served on the person(s) listed below in the manner indicated:

Susan Kay Leader, Esq.
Wilson Sonsini Goodrich & Rosati, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA  90071-2027
sleader@wsgr.com

Attorneys for Plaintiffs,
Relevant Group, LLC;
1541 Wilcox Hotel LLC,
6516 Tommie Hotel LLC, and
6421 Selma Wilcox Hotel LLC

James Turken, Esq.
Norton Rose Fulbright US LLP
555 South Flower Street
Forty-First Floor
Los Angeles, ,CA   90071
james.turken@nortonrosefulbright.com

Attorneys for Defendant,
The Sunset Landmark Investment LLC

☐ Via Hand Delivery
☐ Via First Class Mail
☐ Via Facsimile
☒ Via Electronic Mail

Dated: November 1, 2021

**THE MALONEY FIRM, APC**

By: /s/ Gregory M. Smith
GREGORY M. SMITH
Attorneys for Defendants
Nourmand & Associates

00186610

i

**PROOF OF SERVICE**