O

# United States District Court
# Central District of California

RELEVANT GROUP LLC, et al.,

               Plaintiffs,

      v.

STEPHAN "SAEED" NOURMAND, et al.,

               Defendants.

Case № 2:19-cv-05019-ODW (KSx)

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [102]; ORDER GRANTING IN PART EX PARTE APPLICATION TO CONTINUE TRIAL [109] [110]**

## I.    INTRODUCTION

Defendant Nourmand & Associates ("N&A") moves to dismiss the Third Amended Complaint ("TAC") of Plaintiffs Relevant Group, LLC; 1541 Wilcox Hotel, LLC; 6516 Tommie Hotel LLC; and 6421 Selma Wilcox Hotel LLC (together, "Relevant") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (Mot. Dismiss ("Mot."), ECF No. 102; TAC, ECF No. 89.)  Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the reasons that follow, N&A's Motion to Dismiss is **DENIED**.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

For purposes of this Rule 12(b)(6) motion, the Court accepts Relevant's well-pleaded allegations as true. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). As alleged, Defendants Saeed Nourmand, Sunset Landmark Investment LLC, and N&A operate an enterprise (the "Nourmand Enterprise") that develops and sells real estate in the Los Angeles area. (TAC ¶¶ 1–4.) The Nourmand Enterprise extorted millions of dollars from Plaintiff Relevant Group, LLC, a competing property developer, by reflexively initiating frivolous litigation against Relevant and its properties under the California Environmental Quality Act ("CEQA"). (*Id.* ¶¶ 1–2, 34–35.)

On June 10, 2019, Relevant filed suit against Defendants, alleging three counts of conspiracy to violate the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Compl. ¶¶ 67–118, ECF No. 1.) Following the Court's order granting Defendants' motion to dismiss with leave to amend, Relevant dismissed N&A from the action by filing a Second Amended Complaint omitting N&A. (Second Am. Compl., ECF No. 41.) Nevertheless, discovery later revealed a factual basis for Relevant to add N&A back into the action, and accordingly, the Court granted Relevant leave to amend for that purpose. (Order Granting Leave File TAC ("Order Granting Leave") 7, ECF No. 88.) In granting leave to amend, the Court found that, during discovery, Defendants did not adequately communicate the extent and nature of N&A's involvement in the allegedly sham CEQA litigation. (*Id.* at 6–7.) Now, N&A moves to dismiss all three claims in the TAC as asserted against N&A. The motion is fully briefed. (Mem. P. & A. ("Mem."), ECF No. 102-1; Opp'n, ECF No. 104; Reply, ECF No. 106.)

## III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading

requirements of Rule 8(a)(2) by setting forth a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a claim must be "plausible on its face" to avoid dismissal).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, there must be sufficient factual allegations "to give fair notice and to enable the opposing party to defend itself effectively," and the "allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV. DISCUSSION

N&A asserts four arguments as to why this Court should dismiss Relevant's TAC: (1) The TAC is time-barred as to N&A because it does not relate back to the original complaint; (2) the *Noerr-Pennington* doctrine absolves N&A from liability; (3) Relevant does not plead facts to establish a RICO enterprise; and (4) Relevant does not plead facts to establish N&A's conduct in direction of a RICO enterprise. (Mem. 6–11.) Each contention is unavailing.

## A. Whether the TAC is Time-Barred

N&A contends the TAC does not relate back to the original complaint because federal courts routinely refuse to apply the relation back doctrine under Rule 15(c)(1)

to defendants that plaintiffs dismiss and subsequently seek to reintroduce.  (Mem. 8.) This argument is not applicable to this case.

Rule 15 provides that an amendment proposing to change the defendant parties relates back to the original pleading when the new party: "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C)(i)–(ii).

Relevant's renewed claims against N&A fit the textual requirements of this Rule. Relevant originally named N&A as a defendant in this action but dismissed it because Defendants represented in discovery that N&A did not share employees with Sunset Landmark or participate in the CEQA litigation underlying Relevant's RICO claims. (Order Granting Leave 6–7.)  Further discovery showed otherwise, and this Court held that "Defendants did not adequately communicate the extent and nature of N&A's involvement" in the litigation.  (*Id.* at 6.)  N&A knows the extent of its own involvement in the enterprise and has therefore been on notice of its role in the dispute since the beginning of this action, regardless of the fact that it was not a named defendant for a period of time.  N&A will therefore not be prejudiced by being called back to court to defend on the merits.  Likewise, N&A knew it should have remained a named defendant in the action, but for Relevant's mistake in dismissing it.  Notably, Relevant's mistake is ultimately attributable not to Relevant but to Defendants' incomplete and delayed discovery.  Thus, the claims against N&A in the TAC thus relate back to the original Complaint.

None of the cases N&A cited changes this conclusion because in none of the cited cases was the purported "mistake" (the plaintiff's voluntary dismissal of a defendant from the action) due to the defendant's own failure to comply with its discovery obligations.  Here, because of Defendants' discovery failures, Relevant did not have full knowledge of the facts when it previously dismissed N&A, so the Court cannot say that the dismissal was a "tactical choice."  *Nite & Day Power Techs. v. Corporate*

1  *Capital Resources, Inc.*, No. CV-89-20298, 1995 WL 7942, at *5 (N.D. Cal. Jan. 5,
2  1995). For this same reason, the Court cannot conclude that Relevant made the decision
3  not to sue N&A "while fully understanding the factual and legal differences" among
4  the parties. *Krupski v. Costa Crociere S.P.A.*, 560 U.S. 538, 549 (2010).

5        The last step of this analysis is to verify that the Complaint itself was timely filed.
6  RICO claims are subject to a four-year statute of limitations. 15 U.S.C. § 15b. Relevant
7  filed its original Complaint on June 10, 2019, meaning that all claims that accrued after
8  June 10, 2015 are within the limitations period. (Compl.) N&A argues only that
9  Relevant's claims accrued no later than July 2016, which is within the limitations
10  period. (Mem. 6.) Thus, N&A fails to show that the Complaint is time-barred. Because
11  claims against N&A relate back to the claims in the original Complaint, the claims
12  against N&A in the TAC are likewise not time-barred.

13  **B.    Whether the *Noerr-Pennington* Doctrine Bars Claims Against N&A**

14        N&A argues that the *Noerr-Pennington* doctrine immunizes it from Plaintiff's
15  claims. (Mem. 8–10.) "Under the *Noerr-Pennington* doctrine, those who petition any
16  department of the government for redress are generally immune from statutory liability
17  for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir.
18  2006). However, "[c]ourts rarely award *Noerr-Pennington* immunity at the motion to
19  dismiss stage, where the Court must accept as true the non-moving party's well-leaded
20  allegations with respect to sham litigation." *In re Outlaw Lab., LP Litig.*, No. 3:18-cv-
21  1820-GPC-BGS, 2019 WL 1205004, at *5 (S.D. Cal. Mar. 14, 2019).

22        The Ninth Circuit has identified three types of sham litigation exceptions to
23  *Noerr-Pennington* immunity, one of which this Court already acknowledged applies to
24  this case: the *USS-POSCO* exception. (Order Granting in Part Defendants' Mot.
25  Dismiss ("Prior MTD Order") 9, ECF No. 39.) This exception applies to conduct that,
26  as alleged, involves a series of lawsuits brought pursuant to a policy of starting legal
27  proceedings without regard to the merits and for an unlawful purpose. *Sosa*, 437 F.3d
28  at 938. The sham litigation exception is not limited to formal litigation and includes

pre-suit legal activity.  *See id.* ("[P]rivate discovery conduct, not itself a petition, may fall within the sham exception."); *see also In re Outlaw Lab., LP Litig.*, 2019 U.S. Dist. LEXIS 41940, at *5 (S.D. Cal. Mar. 14, 2019) (applying sham litigation exception to demand letters and participation in administrative hearings as pre-suit legal activity).

This Court previously acknowledged that Relevant alleged sufficient facts to invoke the *USS-POSCO* exception, and that the *Noerr-Pennington* doctrine thus does not bar the RICO claims in their entirety.  (Prior MTD Order 9, ECF No. 39.)  N&A now observes that this Court has not applied the *Noerr-Pennington* doctrine to N&A alone and argues that the sham litigation exception in fact does not apply to N&A because "the TAC lacks any allegation that N&A was party" to any of the underlying sham environmental lawsuits.  (Mem. 8–10.)  But this argument fails for two reasons. First, it does not in fact go to the *Noerr-Pennington* question, and second, in any case, it ignores Relevant's allegations in the TAC that N&A did indeed participate in the allegedly sham CEQA litigation.  Relevant alleges that N&A (1) participated in the negotiations related to the sham lawsuits; (2) offered its own employees to perform support and administrative functions in the initiation of sham lawsuits; and (3) participated in legal strategizing by meeting with Sunset Landmark's attorney. (TAC ¶¶ 51, 52, 54.)   Further, Relevant alleges N&A spearheaded enforcing the $5.5 million extortionate payout against Relevant, that N&A facilitated Saeed Nourmand's overt threats to developers, and that N&A participated in creating meritless objections and legal arguments that other enterprise members advanced in the sham litigation.  (TAC ¶¶ 55, 56, 75, 95, 109.)  Thus, Relevant clearly alleges that N&A directly participated in the Nourmand Enterprise's sham CEQA litigation.

N&A's alleged conduct is thus part of the same enterprise which the Court previously ruled was not shielded from RICO liability by the *Noerr-Pennington* doctrine.  (Prior MTD Order 9 ("Plaintiffs have sufficiently alleged that Defendants' environmental lawsuits constitute "sham" litigation as an exception to the *Noerr-Pennington* doctrine.").)   The sham litigation exception to the *Noerr-Pennington*

doctrine allows Relevant's claims against N&A, like their claims against the other Defendants, to proceed.

**B.     RICO Claims**

To state a RICO claim, Relevant must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014).

N&A asserts that Relevant does not adequately plead facts to establish a RICO enterprise, or to establish N&A's conduct "in direction of" a RICO enterprise. (Mem. 10–13.)  Both arguments fail.

*1.   Whether Relevant Sufficiently Alleges a RICO Enterprise*

This Court previously acknowledged that Relevant's FAC did not include adequate allegations of the enterprise prong of their RICO claim but granted leave to amend these shortcomings.  (Prior MTD Order 15.)  Notably, after Relevant filed its Second Amended Complaint ("SAC"), Defendants did not renew their challenge to the enterprise allegations and instead proceeded to answer.  (Answer SAC, ECF No. 44.) In any case, the operative TAC adequately alleges a RICO enterprise.

To allege a RICO enterprise, a plaintiff must allege "the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).  An "inter-related group of corporate entities" can constitute a RICO enterprise.  *Alexander v. Incway Corp.*, 633 F. App'x 472, 473 (9th Cir. 2016).

Here, Relevant alleges the Nourmand Enterprise consists of Saeed Nourmand, Sunset Landmark, N&A, and other members not party to this action.  (TAC ¶¶ 43–64.) Relevant alleges that each member of the enterprise has "an existence that is separate and apart" from the enterprise itself.  (*Id.* at ¶¶ 46, 50, 62, 64.)  Based on other allegations in the TAC describing the role of each of these persons in the Nourmand

Enterprise, Relevant's allegation regarding the separateness of the members from the enterprise is plausible. Moreover, this allegation not substantially contradicted by any other allegations in the TAC. Thus, Relevant sufficiently alleges that the Nourmand Enterprise is distinct from its constituent members. Plaintiffs adequately plead the enterprise prong of Relevant's RICO claims.

2. *Whether Relevant Sufficiently Alleges N&A's Conduct in Direction of the RICO Enterprise*

N&A argues that Relevant does not plead facts to establish N&A's conduct in direction of a RICO enterprise. (Mem. 11.) Among other contentions, N&A argues that, because Relevant alleges N&A was subservient to Saeed Nourmand and followed his bidding, N&A's alleged conduct does not sufficiently constitute direction of the RICO enterprise. (*Id.* at 12.)

A RICO plaintiff must allege that a defendant "conduct[ed] or participat[ed], directly or indirectly, in the conduct of the enterprise's affairs." 18 U.S.C. § 1962(c). The Supreme Court clarified that the word "conduct" requires an element of direction, and the word "participate" connotes "to take part in." *Reeves v. Ernst & Young*, 507 U.S. 170, 177–79 (1993). Thus, "to 'participate, directly or indirectly, in the conduct of [an] enterprise's affairs,' one must have some part in directing those affairs." *Id.* at 179 (quoting 18 U.S.C. § 1962(c).) This applies not only to upper management, but also to "lower rung participants in the enterprise who are under the direction of upper management." *Id.* at 184.

Here, Relevant alleges N&A participates in the enterprise's targeting process, engages in negotiations with targeted victims, and provides resources and support to other members of the enterprise. (TAC ¶¶ 51–52.) N&A's employees allegedly directed the enterprise's strategy and led efforts "to delay the development of competing properties," "advised Nourmand and his consultants and attorneys on legal strategies," and "spearheaded" enforcement of the enterprise's demands. (TAC ¶¶ 53–55.) These

1  allegations satisfy the standard articulated in *Reeves*, and accordingly, Relevant
2  sufficiently pleads that N&A took part in directing the Nourmand Enterprise's affairs.

3  As none of N&A's arguments supporting dismissal have merit, N&A's Motion
4  to Dismiss is **DENIED**.

### V.    EX PARTE APPLICATION TO CONTINUE TRIAL

6  Very recently, on March 1, 2022, N&A filed an ex parte application to continue
7  the trial.  (Ex Parte Appl., ECF No. 109.)  N&A maintains that its reintroduction back
8  into the lawsuit, along with the Court's delay in issuing this Order, have placed it in a
9  crisis that can only be remedied by a trial continuance.

10  The Court finds that  the Application is both procedurally and substantively
11  deficient, warranting denial on either of these bases.  Procedurally, pursuant to *Mission
12  Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995), the party
13  seeking ex parte relief must be without fault in creating the exigency justifying the
14  expedited nature of the application.  Here, N&A apparently made a unilateral decision
15  not to participate in discovery while its Motion to Dismiss was under submission.
16  Moreover, this Court has already observed that it was Defendants' own discovery
17  failures that concealed, for a significant period of time, N&A's role in the controversy.
18  (Order Granting Leave 6 ("Defendants did not adequately communicate the extent and
19  nature of N&A's involvement in the underlying CEQA litigation prior to the deadline
20  to amend, nor could Plaintiffs have known this information through the exercise of
21  reasonable diligence.").)  That N&A is now purportedly out of time appears to be a
22  crisis of its own making for which ex parte relief is not available.

23  These same principles also support denying the application on its merits.  "Here,
24  Defendants could have, but did not, seek a stay of discovery from the District Judge.
25  They may not impose a unilateral 'self-help' stay by simply objecting and refusing to
26  provide substantive discovery responses while Motions to Dismiss are pending."  *Gold
27  v. Kaplan*, No. 2:21-cv-03204-FLA (JDEx), 2021 WL 6618643, at *10 (C.D. Cal.
28  Dec. 2, 2021); *see Daniel J. Hartwig Assoc., Inc. v. Kanner*, 913 F.2d 1213, 1223 (7th

Cir. 1990) (refusing to stay discovery or continue trial after defendant "deliberately chose not to engage in discovery during the pendency of his motion to dismiss"). N&A's failure to participate in discovery while this Motion was under submission is particularly inexcusable here, where discovery propounded on N&A would be reasonably likely to lead to the discovery of admissible evidence regarding not only the claims against N&A but also the claims against the other interrelated Defendants. The Court will not award N&A's failure to participate in discovery with a significant trial continuance.

That said, Relevant stipulates to a short continuance of the trial and pre-trial dates, (Opp'n Ex Parte Appl. 7, ECF No. 112), and the Court will grant this stipulation as provided below. The parties are advised that the Court will not adjust any of the individual deadlines piecemeal without also continuing the trial and adjusting the schedule as a whole.

## VI.   CONCLUSION

For the foregoing reasons, the Court **DENIES** N&A's Motion. (ECF No. 102.) N&A shall answer the TAC within <u>fourteen (14) days</u> of the date of this Order.

N&A's Ex Parte Application to Continue Trial is **GRANTED IN PART**. (ECF Nos. 109, 110.) The Court **ORDERS** that the following dates and deadlines shall supersede any dates and deadlines previously set in the case.

///

///

///

///

///

///

///

///

///

| | | |
|---|---|---|
| **08/30/22** | | Trial at 9:00 a.m. |
| **08/25/22** | | Deadline to File: |
| | | Final Trial Exhibit Stipulation |
| **08/22/22** | | Hearing on Motions in Limine at 1:30 p.m. |
| **08/15/22** | | Deadline to File: |
| | | Oppositions to Motions in Limine |
| **08/08/22** | | Final Pretrial Conference at 1:30 p.m. |
| | | Deadline to File: |
| | | Motions in Limine |
| **08/01/22** | | Deadline to File: |
| | | Proposed Pretrial Conference Order |
| | | Memoranda and Contentions of Fact and Law |
| | | Joint Witness List |
| | | Joint Exhibit List and Exhibit Stipulation |
| | | Proposed Verdict Form(s) |
| | | Proposed Jury Instructions / Disputed Jury Instructions |
| | | Proposed Voir Dire Questions |
| | | Joint Statement of the Case |
| | | Joint Status Report re: Settlement |
| **06/13/22** | | Deadline for Hearing Motions |
| **06/13/22** | | Deadline to Conduct Settlement Conference |
| **05/23/22** | | Expert Discovery Cutoff |
| **05/02/22** | | Percipient/Fact Discovery Cutoff |

**IT IS SO ORDERED.**

March 4, 2022

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**