1 | **WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
2 | SUSAN K. LEADER, State Bar No. 216743
sleader@wsgr.com
3 | ALI R. RABBANI, State Bar No. 253730
arabbani@wsgr.com
4 | CONOR TUCKER, State Bar No. 318075
ctucker@wsgr.com
5 | 633 West Fifth Avenue, Suite 1550
Los Angeles, CA 90071-2027
6 | Telephone:  (323) 210-2900
Facsimile:   (866) 974.7329
7 |
8 | **WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
9 | DALE R. BISH, State Bar No. 235390
dbish@wsgr.com
10 | CHARLES A. TALPAS, State Bar No. 308505
ctalpas@wsgr.com
11 | 650 Page Mill Road
Palo Alto, CA 94304-1050
12 | Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
13 |
14 | Attorneys for Plaintiffs
Relevant Group, LLC, 1541 Wilcox Hotel
15 | LLC, 6516 Tommie Hotel LLC, and 6421
Selma Wilcox Hotel LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC; a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10, <br><br> Defendants. | Case No.: 2:19-cv-05019-ODW (KSx) <br><br> **PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Date:  June 13, 2022 <br> Time:  1:30 p.m. <br> Place: Courtroom 5D <br> Judge: Hon. Otis D. Wright II |

# STATEMENT OF UNCONTROVERTED FACTS
# AND CONCLUSIONS OF LAW

| | UNCONTROVERTED FACTS & CONCLUSIONS OF LAW | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | The Silverstein Law Firm, on behalf of Sunset Landmark Investment LLC ("Sunset") filed a California Environmental Quality Act (CEQA) suit against the City of Los Angeles, with 1541 Wilcox Hotel LLC ("Thompson") as real party in interest on March 3, 2016. | Ex.[1] 1 at 5. |
| 2. | The Silverstein Law Firm, on behalf of Sunset, filed a CEQA suit against the City of Los Angeles, with 6516 Tommie Hotel LLC ("Tommie") as real party in interest on June 9, 2017. | Ex. 2 at 44. |
| 3. | As of the filing of the CEQA suit against Tommie, Defendants Stephan Saeed Nourmand ("Stephan") knew that Relevant Group LLC ("Relevant") was the developer for both the Thompson and Tommie hotel projects. | Ex. 3 at 100.<br><br>Ex. 4 at 124. |
| 4. | In its petitions against the Thompson and the Tommie, Sunset did not seek damages; its requests for monetary relief was | Ex. 1 at 33-35.<br><br>Ex. 2 at 79-80. |

---

[1] Unless otherwise specified, all references to "Ex." or "Exhibit" refer to those attached to the Declaration of Charles Talpas in support of Plaintiffs' Partial Motion for Summary Judgment (filed concurrently herewith).

| UNCONTROVERTED FACTS & CONCLUSIONS OF LAW | | SUPPORTING EVIDENCE |
|---|---|---|
| | limited to attorney fees under California Code of Civil Procedure 1021.5 and costs of suit. | |
| 5. | In its petitions against Thompson and Tommie, Sunset did not seek specific changes to the hotel projects or operations. | Ex. 1 at 33-35. Ex. 2 at 79-80. |
| 6. | In its petitions against Thompson and Tommie, Sunset sought equitable relief against the City of Los Angeles, including to set aside the Mitigated Negative Declaration, Land Use Entitlements, and all project approvals for the Thompson and Tommie. | Ex. 1 at 33-35. Ex. 2 at 79-80. |
| 7. | In its petitions against Thompson and Tommie, Sunset sought an injunction against Relevant (through its affiliates) "from undertaking any Project construction pursuant to the City's approval of the MND, Land Use Entitlements, and all Project approvals." | Ex. 1 at 33-35. Ex. 2 at 79-80. |
| 8. | Monetary damages are not an available remedy under CEQA. | *See* Cal. Pub. Res. Code § 21000 *et seq*. |
| 9. | Under certain circumstances, CEQA litigants can seek attorneys' fees under California Code of Civil Procedure Section 1021.5. | Cal. Civ. Proc. Code § 1021.5. Ex. 5 at 145 (tr. 56:13-25). |
| 10. | On April 21, 2017, counsel for Sunset sent a list of thirteen demands to resolve the CEQA litigation. | Ex. 6. |

| UNCONTROVERTED FACTS & CONCLUSIONS OF LAW | | SUPPORTING EVIDENCE |
|---|---|---|
| 11. | None of the thirteen demands were remedies sought in Sunset's CEQA petitions. | *Compare* Ex. 6, *with* Ex. 1 at 33-35, *and* Ex. 2 at 79-80.<br><br>Ex. 5 at 151-52 (tr. 96:23-97:24). |
| 12. | The list of demands in the April 21, 2017, letter did not include preparation of an Environmental Impact Report. | Ex. 6. |
| 13. | In the April 21, 2017, letter, Sunset stated that payment of "money … based on legal fees incurred to date" was "not adequate" and directed counsel for Relevant to "call me and I will inform you what figure is acceptable to my client." | Ex. 6. |
| 14. | Counsel for Sunset demanded $2,000,000 to settle the Thompson CEQA litigation alone. | Ex. 7 at 160-61 (tr. 62:22-63:8). |
| 15. | Counsel for Sunset indicated that only approximately $500,000 of that number was attorneys' fees incurred to that date. | Ex. 7 at 160-61 (tr. 62:22-63:8). |
| 16. | At a meeting with Relevant, Mr. Nourmand reiterated Sunset's demands made in the April 12, 2017, letter. | Ex. 7 at 163-64 (tr. 83:8-84:4). |
| 17. | Counsel for Relevant explained that Sunset's demands in the April 12, 2017 letter were not available under CEQA. | Ex. 7 at 165-66 (tr. 85:21-86:5). |
| 18. | During an August 2017, meeting, Sunset demanded and Relevant agreed to pay $5,500,000 along with other | Ex. 8 at 168-70. |

| UNCONTROVERTED FACTS & CONCLUSIONS OF LAW | | SUPPORTING EVIDENCE |
|---|---|---|
| | concessions to settle both the Thompson and Tommie lawsuits. | |
| 19. | On January 8, 2018, Sunset and Relevant, through its Thompson affiliate, entered into a Settlement Agreement to resolve the Thompson CEQA suit. | Ex. 9. |
| 20. | On January 8, 2018, Sunset and Relevant, through its Tommie affiliate, entered into a Settlement Agreement to resolve the Tommie litigation. | Ex. 10. |
| 21. | The City of Los Angeles is not party to the Settlement Agreements. | Ex. 9.<br><br>Ex. 10. |
| 22. | Nourmand & Associates is not a party to the Settlement Agreements. | Ex. 9.<br><br>Ex. 10. |
| 23. | Both Settlement Agreements include a general release against Sunset and purport to waive the provisions of California Civil Code Section 1542. | Ex. 9 at 178.<br><br>Ex. 10 at 205. |
| 24. | Neither Settlement Agreement purports to release Nourmand & Associates. | Ex. 9.<br><br>Ex. 10. |
| 25. | Both settlement agreements are governed by California law. | Ex. 9 at 181.<br><br>Ex. 10 at 208. |
| 26. | The concessions listed in the "Hotel Covenants" section of the Settlement Agreements were not included in the Prayers for Relief in either the Thompson or Tommie petitions. | *Compare* Ex. 9 at 175-77, *and* Ex. 10 at 203-04, *with* Ex. 1 at 33-35, *and* Ex. 2 at 79-80. |

| UNCONTROVERTED FACTS & CONCLUSIONS OF LAW | SUPPORTING EVIDENCE |
|---|---|
| 27. The Silverstein Law Firm, on behalf of Sunset, filed a CEQA suit against the City of Los Angeles, with 6421 Selma Wilcox Hotel LLC ("Selma") as real party in interest on April 2, 2019. | Ex. 11. |
| 28. On June 10, 2019, Plaintiffs filed this suit against Defendants. | ECF No. 1. |
| 29. All Defendants have asserted affirmative defenses that Plaintiffs' claims are barred in whole or in part by the Settlement Agreements. | ECF Nos. 117, 118. |

Dated: May 9, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Susan K. Leader*
    Susan K. Leader

Attorneys for Plaintiffs
Relevant Group, LLC, 1541 Wilcox Hotel LLC, 6516 Tommie Hotel LLC and 6421 Selma Wilcox Hotel LLC