1  Patrick M. Maloney – CSBN 197844
2  Gregory M. Smith – CSBN 259971
   **THE MALONEY FIRM, APC**
3  2381 Rosecrans Avenue, Suite 405
   El Segundo, California 90245
4  T: 310-540-1505 | F: 310-540-1507
5  E: pmaloney@maloneyfirm.com
6  E: gsmith@maloneyfirm.com

7  Attorneys for Defendant Nourmand & Associates

8                **UNITED STATES DISTRICT COURT**

9         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10

11 RELEVANT GROUP, LLC, a          Case No.:   2:19-cv-05019-ODW (KSx)
12 Delaware limited liability company;   Judge:      Hon. Otis D. Wright II
   1541 WILCOX HOTEL LLC, a       Dept.:      Courtroom 5D, 5th Floor
13 Delaware limited liability company;   Filed:      June 10, 2019
   6516 TOMMIE HOTEL LLC, a
14 Delaware limited liability company; and
15 6421 SELMA WILCOX HOTEL LLC,   **DEFENDANT NOURMAND &**
   a California limited liability company,   **ASSOCIATES' STATEMENT OF**
16                                  **UNCONTROVERTED FACTS AND**
17              Plaintiffs,         **CONCLUSIONS OF LAW IN**
                                    **SUPPORT OF MOTION FOR**
18 v.                              **SUMMARY JUDGMENT AS TO**
                                    **PLAINTIFFS' OPERATIVE THIRD**
19                                  **AMENDED COMPLAINT**
20 STEPHAN "SAEED" NOURMAND,
   an individual; THE SUNSET       **Date     June 13, 2022**
21 LANDMARK INVESTMENT LLC, a      **Time     1:30 p.m.**
   California limited liability company;   **Dept.    Courtroom 5D**
22 NOURMAND & ASSOCIATES, a
23 California corporation; and DOES 1-10,
24
25              Defendants.
26
27
28 00194280
                                    1
   **DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED**
   **FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY**
   **JUDGMENT**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendant Nourmand & Associates ("N&A") hereby submits the following Statement of Uncontroverted Facts and Conclusions of Law in Support of its Motion for Summary Judgment:

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. Sunset filed the lawsuit styled as *The Sunset Landmark Investment LLC v. City of Los Angeles (1541 Wilcox Hotel LLC, Real Party-in-Interest)*, Case No. BS160807. | Declaration of Elizabeth Schaus ("Schaus Decl."), ¶ 4, Exhibit B. |
| 2. The operative Second Amended Petition for Writ of Mandamus and Complaint for Declaratory Relief was filed on or about January 20, 2017. | Schaus Decl., ¶ 4, Exhibit B. |
| 3. N&A was not a party to this lawsuit. | Declaration of Michael Nourmand ("Michael Decl."), ¶ 11. Schaus Decl., ¶ 4, Exhibit B. |
| 4. N&A was not a party to the settlement of the Thompson lawsuit. | Michael Decl., ¶ 11. Schaus Decl., ¶ 5, Exhibit C. |
| 5. N&A did not receive any money, financial or other benefits from the suit or the settlement. | Michael Decl., ¶¶ 16-17. Schaus Decl., ¶ 5, Exhibit C. |

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

00194280

2

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| | |
|---|---|
| 6. Sunset filed the lawsuit styled as *The Sunset Landmark Investment LLC v. City of Los Angeles (6516 Tommie Hotel LLC, Real Party in Interest),* Case No. BS169821. | Schaus Decl., ⁋ 6, Exhibit D. |
| 7. Sunset filed this lawsuit on June 9, 2017. | Schaus Decl., ⁋ 6, Exhibit D. |
| 8. N&A was not a party to this lawsuit. | Michael Decl., ⁋ 11. Schaus Decl., ⁋ 6, Exhibit D. |
| 9. N&A was not a party to the settlement of the Tommie lawsuit. | Michael Decl., ⁋ 11. Schaus Decl., ⁋ 7, Exhibit E. |
| 10. N&A did not receive any of the benefits from the suit or the settlement. | Michael Decl., ⁋⁋ 16-17. Schaus Decl., ⁋ 7, Exhibit E. |
| 11. Sunset filed a lawsuit styled as *The Sunset Landmark Investment LLC v. City of Los Angeles (6421 Selma Wilcox Hotel LLC, Real Party in Interest),* Case No. 19STCP01027. | Schaus Decl., ⁋ 8, Exhibit F. |
| 12. N&A is not a party to this lawsuit. | Michael Decl., ⁋ 11. Schaus Decl., ⁋ 8, Exhibit F. |
| 13. Sunset filed this suit on April 2, 2019. | Schaus Decl., ⁋ 8, Exhibit F. |
| 14. This suit remains pending. | Declaration of Saeed Nourmand ("Saeed Decl."), ⁋ 9. |

00194280

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| | |
|---|---|
| 15. Finding Sunset had met its burden, the Court remanded the CEQA determination to the City, granting the City the option of conducting an environmental impact report. | Schaus Decl., ℙ 21, Exhibit S, Order re: Petitions for Writ of Mandate at pg. 65 and Interlocutory Writ and Order of Remand, pgs. 1-2. |
| 16. Maddren filed a lawsuit styled as *Maddren v. City of Los Angeles (6421 Selma Wilcox Hotel LLC, Real Party in Interest)*, Case No. 19STCP00988. | Schaus Decl., ℙ 9, Exhibit G. |
| 17. N&A and Sunset are not parties to this lawsuit. | Schaus Decl., ℙ 9, Exhibit G. |
| 18. Maddren vehemently denies being a co-conspirator with Saeed or bringing this lawsuit in furtherance of the alleged RICO enterprise. | Schaus Decl., ℙ 10, Exhibit H, 101:18-102:4, 111:8-19. |
| 19. Maddren brought his CEQA lawsuit believing it to be meritous. | Schaus Decl., ℙ 10, Exhibit H, 110:12-111:7, 97:16-21, 102:24-103:20, 104:9-106:7. |
| 20. Plaintiffs also contend Sunset attempted, but failed, to extort the proponents of the Schrader Hotel project. | TAC, ¶¶ 99-103. |
| 21. Plaintiffs also assert that Sunset brought these lawsuits to extort | TAC, ℙ 47. |

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| | |
|---|---|
| settlements and that Sunset received the settlement payments:<br><br>47. Sunset Landmark conducts the business of Nourmand Enterprise through its role as the entity that formally initiates the sham CEQA litigation that is used to extort competing developers into making payments in order to avoid the devastating costs associated with the delay of projects. ***Sunset Landmark is also the entity that receives the immediate financial benefit of the extortion payments made by victims.*** | |
| 22. The TAC does not contain any | See TAC. |

00194280

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| | |
|---|---|
| specific allegation that N&A received any benefit from its participation in the enterprise or the assistance its employees provided to the enterprise. | |
| 23. In Paragraph 129, of the TAC, Plaintiffs assert that the predicate acts are extortion arising under state and federal criminal statutes:<br><br>129. . . . .<br><br>through a pattern of activity unlawful under 18 U.S.C. § 1961(1)(A) and (B), including multiple, repeated, and continuous acts or threats involving extortion and/or attempted extortion, chargeable under 18 U.S.C. § 1951 and California Penal Code §§ 518, 522, 523, 524. | TAC, ¶ 129, see also TAC, ¶¶ 143, 149156, 157, 161, 167, 174, 175, 178. |
| 24. The TAC reflects that Saeed directed the asserted enterprise: | TAC, ¶ 48 (emphasis added). |

00194280

6

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

48. Nourmand conducts the business of the enterprise through his role as the owner, manager, and principal of Sunset Landmark. **Nourmand is also the ultimate decision-maker** as to which competing developers will be targeted. **Nourmand also makes the overt threats** telling developers that their projects will continue to be subject to sham litigation until they accede to Nourmand Enterprise's demands, and **he leads the "negotiations"** with these developers that

00194280

7

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| | |
|---|---|
| ultimately lead to multi-million dollar ransom payments. | |
| 25. Plaintiffs do not allege in the TAC that N&A adopted or maintained corporate policies to engage in CEQA litigation or to extort developers. | See TAC. |
| 26. For example, in Paragraphs 51, 53, 54, 55, and 56 the TAC refers to acts taken by "Nourmand & Associates' *employees*." | TAC, ¶¶ 51, 53, 54, 55, and 56. |
| 27. Paragraph 53 alleges that "**Nourmand insisted** that Michael Nourmand participate in the meeting where Sunset Landmark and Nourmand extorted the $5.5 million ransom payment." | TAC, ¶ 53. |
| 28. In Paragraph 56, Plaintiffs make clear that the supposed conduct taken by N&A employees was *directed by Saeed*, asserting, in relevant part: 56. In this and similar ways, | TAC, ¶ 56. |

00194280

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| | |
|---|---|
| Nourmand & Associates' employees functioned as Nourmand's own recruiting pool *through which Nourmand tasked Nourmand & Associates' employees* with critical support functions to extort competing developers into making payments avoid the devastating costs associated with the delay of projects. | |
| 29. Examples of Saeed directing the enterprise appear in Plaintiffs' response to Interrogatory No. 14:<br><br>• On March 3, 2015, Mohamad Iravani and Sarah Gould **received correspondence from Saeed Nourmand** | Schaus Decl., ¶ 16, Exhibit N, Plaintiffs' Responses to N&A Interrogatory No. 14. |

00194280

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

regarding the Wilcox Hotel

- On March 6, 2015, pursuant to the **request of Saeed Nourmand**, Sarah Gould assists with forwarding Wilcox Hotel plans, including an environmental assessment form, a site plan review, renderings, and master land use permit application, to zoning consultant Jeff Seymour, and arranges a call for Saeed Nourmand and Jeff Seymour;

- On March 11, 2015, Sarah Gould forwards public hearing information for the Thompson Hotel and notes that **he** [Saeed] would like a host of people to attend, including Karen Lewis at N&A, Howard Lorey at N&A, and Michael Nourmand; she copies Saeed and Mohamad Iravani;

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

00194280

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

- On March 17, 2015, **Saeed Nourmand forwards** his concerns regarding the Thompson Hotel to Carolyn Rae Cole;

- On March 17, 2015, Carolyn Rae Cole emails Fred Gains noting that **she has volunteered her assistance to Saeed** to provide arguments that could be helpful at the hearing on Wednesday at the City;

- On March 18, 2015, **Saeed sends more** information regarding 1541 Wilcox project to Carolyn Rae Cole with respect to arguments against the project;

- In or around March 2015 and April 2015, employees of N&A, **acting under the direction of Saeed Nourmand** and the Nourmand Enterprise,

00194280

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

conceived of meritless arguments regarding the 1988 Hollywood Community Plan, in opposition to the Thompson Hotel project and subsequently used against other Relevant Group projects;

- In or around March 2015 and April 2015, employees of N&A, **acting under the direction of Saeed Nourmand** and the Nourmand Enterprise, concocted and submitted written comments in opposition to the Thompson Hotel project submitted to the Department of City Planning and City Councilmembers;

- On March 3, 2015, Mohamad Iravani **received the Wilcox Hotel Drawings from Saeed**

00194280

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| **Nourmand**; | |
|---|---|
| 30. Plaintiffs' responses claim that the enterprise committed some thirty-three predicate acts over the period spanning March 2015 through April 2019. | Schaus Decl., ¶ 16, Exhibit N, Plaintiffs' Responses to N&A Interrogatory No. 4. |
| 31. Plaintiffs' responses to Interrogatories Nos. 5 and 6 are identical, identifying nine allegedly distinct sets of activities, six of which occurred in March and April 2015, roughly a year before Sunset filed the first CEQA suit. | Schaus Decl., ¶ 16, Exhibit N, Plaintiffs' Responses to N&A Interrogatory Nos. 5-6. |
| 32. These responses focus on attendance at public meetings, signing a petition, and reviewing public materials. | Schaus Decl., ¶ 16, Exhibit N, Plaintiffs' Responses to N&A Interrogatory Nos. 5-6. |
| 33. Plaintiffs admit that attendance at public hearings, signing a petition, and reviewing public materials, is generally lawful. | Schaus Decl., ¶ 15, Exhibit M, Plaintiffs' Responses N&A Request for Admission Nos. 5-7. |
| 34. N&A employees have submitted declarations stating that they attended the public hearing in their individual capacity and not on behalf of N&A, and that N&A | Declaration of Carolyn Rae Cole, ¶¶ 8-9. Declaration of Howard Lorey, ¶¶ 3-5. Declaration of Elizabeth Shapiro, ¶¶ 3-5. Declaration of Karen Lewis, ¶¶ 3-5. Declaration of Michael Nourmand, ¶¶ |

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

00194280

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| | |
|---|---|
| did not ask or require them to attend. | 19. |
| 35. The remaining categories of activities allegedly taken by N&A are as follows:<br><br>• N&A employees participated in communications regarding legal strategy related to sham CEQA lawsuits brought by the Nourmand Enterprise;<br><br>• N&A employees assisted in facilitating payments to attorneys engaged in sham CEQA lawsuits;<br><br>• N&A employees enforced and extracted extortionate payments from Plaintiffs in early 2018. | Schaus Decl., ¶ 16, Exhibit N, Plaintiffs' Responses to N&A Interrogatory Nos. 5-6. |
| 36. In response to Interrogatory No. 7, Plaintiffs identified documents they contend establish N&A's role in the enterprise. | Schaus Decl., ¶ 16, Exhibit N, Plaintiffs' Responses to N&A Interrogatory No. 7. Schaus Decl., ¶ 17, Exhibit O, copies of all documents identified by Plaintiffs. Schaus Decl., ¶ 22, Exhibit T, email correspondence from S Defendants withdrawing |

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| | confidentiality designation. |
|---|---|
| 37. The identified documents predominantly focus on events during March and April 2015 and Saeed's use of certain individuals for secretarial support. | Declaration of Sarah Gould, ¶¶ 3-4, Exhibit A. Declaration of Maria Rachelle DeCastro, ¶¶ 3-8. Michael Decl., ¶ 8. Saeed Decl., ¶¶ 6, 15. Schaus Decl., ¶ 16, Exhibit N, Plaintiffs' Responses to N&A Interrogatory No. 7. Schaus Decl., ¶ 17, Exhibit O, copies of all documents identified by Plaintiffs. Schaus Decl., ¶ 22, Exhibit T, email correspondence from S Defendants withdrawing confidentiality designation. |
| 38. In response to N&A's interrogatories Plaintiffs identified the following employees of N&A as engaging in the activities carried out by the enterprise as a result of being directed by Saeed: Despite having "no role" at N&A himself, **Saeed Nourmand would regularly use, direct, and assign** N&A staff, including Mohammad Iravani, Sarah Gould, Rachelle DeCastro and Carolyn Rae Cole, for the benefit of the Nourmand Enterprise. | Schaus Decl., ¶ 16, Exhibit N, Plaintiffs' Responses to N&A Interrogatory No. 5. |

00194280

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| | |
|---|---|
| 39. N&A is a residential real estate brokerage. | Michael Decl., ▮ 2. |
| 40. N&A does not engage in either residential or commercial real estate development. | Michael Decl., ▮ 2. |
| 41. N&A generally does not take a position on commercial real estate development. | Michael Decl., ▮ 18. |
| 42. Although Saeed founded N&A some years ago, at least a decade ago, Saeed sold the entirety of his interest in N&A. | Michael Decl., ▮ 4. Saeed Decl., ▮ 3. |
| 43. Since the sale, N&A has been owned by Michael Nourmand, his siblings, and his mother. | Michael Decl., ▮ 4. |
| 44. Since the sale, Saeed has not had any ownership interest, management role or other involvement in the operations of N&A. | Michael Decl., ▮ 5. Saeed Decl., ▮ 3. |
| 45. For over a decade, Michael Nourmand has been the CEO and President of N&A. | Michael Decl., ▮ 2. |
| 46. Until 2020, Iravani worked for both N&A and Sunset. | Declaration of Mohamad Iravani ("Iravani Decl."), ▮▮ 2-3. |
| 47. Iravani's involvement in the | Iravani Decl., ▮▮ 6-11. |

00194280

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| CEQA suits stemmed solely from his work with Sunset, not his role with N&A. | |
| 48. When Iravani pursued the unpaid settlement payments, he was doing so on behalf of Sunset. | Iravani Decl., ¶¶ 9f, Exhibit A. Schaus Decl., ¶ 22, Exhibit T, email correspondence from S Defendants withdrawing confidentiality designation. |
| 49. Iravani provided Plaintiffs with wire instructions so they could transmit the settlement funds into Sunset's account – not N&A's. | Iravani Decl., ¶¶ 9f, Exhibit A. Schaus Decl., ¶ 22, Exhibit T, email correspondence from S Defendants withdrawing confidentiality designation. |
| 50. In March 2015, Saeed sought advice from Carolyn Rae Cole regarding upcoming public hearings. | Declaration of Carolyn Rae Cole ("Cole Decl."), ¶ 4. |
| 51. Ms. Cole volunteered to provide advice to Saeed outside of her role at N&A. | Cole Decl., ¶¶ 5-6. |
| 52. Since March 2015, Ms. Cole has not provided any additional advice to Saeed or Sunset regarding Plaintiffs' projects | Cole Decl., ¶ 10. |
| 53. Gould worked at N&A as a Receptionist, Listing Coordinator, and Relocation Director. | Declaration of Sarah Gould ("Gould Dec."), ¶ 2. |
| 54. She also occasionally handled secretarial tasks for Saeed, such | Gould Dec. ¶ 3. |

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

00194280

17

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| | |
|---|---|
| as helping with calendaring or setting meetings. | |
| 55. When she assisted Saeed, Gould typically updated her email signature block to reflect that her emails were being sent for the "Office of Saeed Nourmand" or she was acting as "Saeed Nourmand's assistant." | Gould Dec. ⁋ 3. |
| 56. Gould did not provide advice to Saeed or Sunset regarding CEQA or how CEQA applies in a lawsuit. | Gould Dec. ⁋ 4. |
| 57. Rachelle DeCastro did not provide advice to Saeed or Sunset regarding CEQA or how CEQA applies in a lawsuit. | Declaration of Maria Rachelle DeCastro, ⁋⁋ 4-9. |
| 58. 1541 Wilcox Hotel LLC and 6516 Tommie Hotel LLC settled the Tommie and Thompson suits with Sunset. | Schaus Decl., ⁋ 5, Exhibit C; Schaus Decl., ⁋ 7, Exhibit E. |
| 59. Plaintiffs refused to allow their attorney from the underlying CEQA case, Arthur Friedman, answer questions concerning the merits of the lawsuits in deposition, asserting the attorney | Schaus Decl., ⁋ 12, Exhibit J, 57:13-58:22. |

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| | |
|---|---|
| client privilege. | |
| 60. The Tommie and Thompson suits settled at the same time, for a total payment of $5.5M as well as environmental concessions. | Schaus Decl., ¶ 5, Exhibit C, pgs. 1-4; Schaus Decl., ¶ 7, Exhibit E, pgs. 2-3. |
| 61. Noise was raised in Sunset's CEQA suits. | Schaus Decl., ¶ 4, Exhibit B; Schaus Decl., ¶ 6, Exhibit D. |
| 62. The settlement terms included, among other things, limiting the hours for deliveries and trash pickup, and mitigating noise generated by the outdoor bars, pools, and restaurants to be located on the hotel roofs. | Schaus Decl., ¶ 5, Exhibit C, pgs. 2-4; Schaus Decl., ¶ 7, Exhibit E, pgs. 2-3. |
| 63. The court presiding over the Selma suit found merit to Sunset's claims:<br><br>Sunset has presented substantial evidence supporting a fair argument that the Project may have significant effects on air quality. As such, the City's decision to adopt an MND was an abuse of | Schaus Decl., ¶ 21, Exhibit S, Order re: Petitions for Writ of Mandate at pg. 12. |

00194280

19

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| discretion. | |
| 64. Numerous others initiated similar CEQA challenges concerning the Tommie, Thompson, and Selma projects, including: Casey Maddren, Lauren Farmer and Liliana Hernandez, Unite Here Local 1l; Mama Wilcox Land, LLC; Alexis Olbrei; Southwest Carpenters; Fran Offenhauser; Hollywood Heritage; and David Carrera. | Schaus Decl., ¶ 14, Exhibit L, Plaintiffs' Supplemental Responses to Sunset Landmark's First Set of Interrogatories, No. 1. |
| 65. Plaintiffs admit to settling several of these CEQA disputes. | Schaus Decl., ¶ 14, Exhibit L, Plaintiffs' Supplemental Responses to Sunset Landmark's First Set of Interrogatories, No. 3. |
| 66. *Mama Wilcox Land LLC v. City of Los Angeles,* Case No. BS169883, was filed by a litigant other than Sunset. | Schaus Decl., ¶ 18, Exhibit P. |
| 67. In that suit, Mama Wilcox Land LLC is represented by the law firm of Greenberg Glusker Fields Claman & Matchinger, LLP. | Schaus Decl., ¶ 18, Exhibit P. |
| 68. *Farmer v. City of Los Angeles,* Case No.BS169855 was filed by a litigant other than Sunset. | Schaus Decl., ¶ 19, Exhibit Q. |

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| | |
|---|---|
| 69. In that suit, Lauren "Elle" Farmer, Liliana Hernandez and Hollywood for the Environmental and Equitable Development are represented by the Law Office of Gideon Kracov. | Schaus Decl., ¶ 19, Exhibit Q. |
| 70. *Maddren v. City of Los Angeles (6421 Selma Wilcox Hotel LLC, Real Party in Interest),* Case No. 19STCP00988 was filed by a litigant other than Sunset. | Schaus Decl., ¶ 9, Exhibit G. |
| 71. In the *Farmer* Case, concerning the Tommie project, the Superior Court held that the Mitigated Negative Declaration issued by the City of Los Angeles was defective, and on that basis granted a writ of mandate: Accordingly, the court finds that the MND is defective, and cannot be upheld. Thus, writ of mandate is GRANTED as to the 1st cause of action. | Schaus Decl., ¶ 20, Exhibit R, pg. 1. |
| 72. N&A did not participate in the allegedly extortionate settlement demands made with respect to the suits. | Michael Decl., ¶¶ 10-15. |

00194280

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| 73. Rather, Plaintiffs concede the demands were communicated by others not employed by N&A. | Schaus Decl., ⁋ 13, Exhibit K, Plaintiffs' Responses to Sunset's Second Set of Interrogatories, No. 20. |
| 74. While it did not find in Casey Maddren's favor, the court found that "Maddren raised a valid internal piecemealing argument, . . ." | Schaus Decl., ⁋ 21, Exhibit S, Order re: Petitions for Writ of Mandate at pg. 65. |

Dated: May 9, 2022                    **THE MALONEY FIRM, APC**

By: _____ /s/ Patrick M. Maloney _____

PATRICK M. MALONEY, ESQ.
GREGORY M. SMITH, ESQ.
Attorneys for Defendant,
NOURMAND & ASSOCIATES

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

00194280

22

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

# <u>CERTIFICATE OF SERVICE</u>

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2381 Rosecrans Avenue, Suite 405, El Segundo, CA 90245.

I served the foregoing document(s) described as:
**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' OPERATIVE THIRD AMENDED COMPLAINT**
on the interested party(ies) below, using the following means:

SEE ATTACHED SERVICE LIST

☐ BY PERSONAL SERVICE I delivered such envelope(s) by hand to the offices of the addressee(s).

☐ BY UNITED STATES MAIL I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at El Segundo, California.

☐ BY OVERNIGHT DELIVERY I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 9, 2022, at El Selgundo, California.

_____
/s/ Marilyn Vigil
Marilyn Vigil

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

# MAILING LIST

| | |
|---|---|
| WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>Susan K. Leader, Esq.<br>Granville C. Kaufman, Esq.<br>633 West Fifth Avenue, Suite 1550<br>Los Angeles, CA 90071-2027<br>T: (323) 210-2900 \| F: (866) 974.7329<br>E: sleader@wsgr.com<br>E: gkaufman@wsgr.com | Attorneys for Plaintiffs,<br>Relevant Group, LLC<br>1541 Wilcox Hotel LLC,<br>6516 Tommie Hotel LLC,<br>and 6421 Selma Wilcox<br>Hotel LLC |
| WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>Dale R. Bish, Esq.<br>Charles A. Talpa, Esq.<br>Karen Kwok, Esq.<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>T: (650) 493-9300 \| F: (650) 565-5100<br>E: dbish@wsgr.com<br>E: Sctalpas@wsgr.com<br>E: kkwok@wsgr.com | |
| WILSON SONSINI GOODRICH &ROSATI<br>Conor Tucker, Esq.<br>633 West Fifth Street, Suite 1550<br>Los Angeles, CA 90071-2048<br>T: (323) 210-2900 \| F: (866) 974-7329<br>E: ctucker@wsgr.com | Attorneys for Plaintiffs<br>Relevant Group, LLC; 1541<br>Wilcox Hotel, LLC; 6516<br>Tommie Hotel, LLC: 6421<br>Selma Wilcox Hotel, LLC |
| NORTON ROSE FULBRIGHT US LLP<br>James H. Turken, Esq.<br>Neil P. Thakor, Esq.<br>Phillip R. Di Tullio, Esq.<br>Christopher Pelham, Esq.<br>555 South Flower Street, Forty-First Floor<br>Los Angeles, CA 90071<br>T: (213) 892-9200 \| (323) 892-9200<br>F: (213) 892-9494 \| (323) 892-9400<br>E: james.turken@nortonrosefulbright.com<br>E: neil.thakor@nortonrosefulbright.com<br>E: christopher.pelham@nortonrosefulbright.com | Attorneys for Defendants<br>STEPHEN "SAEED"<br>NOURMAND and<br>THE SUNSET<br>LANDMARK<br>INVESTMENT, LLC |

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507