**NORTON ROSE FULBRIGHT US LLP**
JAMES H. TURKEN (BAR NO. 89618)
CHRISTOPHER K. PELHAM (BAR NO. 241068)
NEIL P. THAKOR (BAR NO. 308743)
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494
james.turken@nortonrosefulbright.com
neil.thakor@nortonrosefulbright.com
christopher.pelham@nortonrosefulbright.com

Attorneys for Defendants,
STEPHAN "SAEED" NOURMAND,
and THE SUNSET LANDMARK
INVESTMENT LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC, a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; and DOES 1-10,<br><br>Defendants. | Case No. 2:19-cv-05019-ODW-KSx<br>*[Hon. Otis D. Wright II]*<br><br>**DECLARATION OF SAEED NOURMAND IN SUPPORT OF DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT**<br><br>*[Notice of Motion; Memorandum of Points and Authorities; Request for Judicial Notice and Declaration of Neil P. Thakor Filed Concurrently Herewith; [Proposed] Order and [Proposed] Judgment Submitted Concurrently Herewith]*<br><br>**Date:  June 13, 2022**<br>**Time: 1:30 pm**<br>**Place: Courtroom 5D**<br><br>Complaint Filed: June 10, 2019<br>TAC Filed:  September 21, 2021<br>Trial Date:  August 2, 2022 |

002

DOCUMENT PREPARED ON RECYCLED PAPER

DECLARATION OF SAEED NOURMAND IN SUPPORT OF DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT

# DECLARATION OF SAEED NOURMAND

I, Stephan "Saeed" Nourmand, declare as follows:

1. I am above eighteen years of age and a party to this action. If called as a witness, I could and would competently testify to the following facts based on my personal knowledge, except to those matters stated based on information and belief, and as for those matters, I am informed and believe them to be true.

2. I am the majority member of The Sunset Landmark Investment, LLC ("Sunset Landmark"). Sunset Landmark was incorporated in California in 2004. Sunset Landmark is the owner of a commercial property of historical significance located at 6525 W. Sunset Boulevard in Hollywood, California ("Property").

3. I also founded Nourmand & Associates ("N&A") in the 1970s. I served as the President until I sold the business over 12 years ago. At that time, my son, Michael Nourmand ("Michael") took over the role of President of N&A. Since then, I have had no ownership interest, management role or other involvement in the operations of N&A.

4. N&A and Sunset Landmark are two separate and distinct business entities. Sunset Landmark owns and operates a commercial building. N&A is a brokerage firm. Neither Michael Nourmand nor N&A had or have an ownership interest or a financial interest in Sunset Landmark. Likewise, Sunset Landmark has never had an ownership or financial interest in N&A.

5. For continuity sake only, after selling and stepping away from N&A, I continued to use my email address snourmand@nourmand.com to conduct business on behalf of Sunset Landmark as a convenience. I stopped using that email address approximately two years ago.

6. Michael allowed me to continue to obtain occasional secretarial support from my former assistant at N&A, Sarah Gould, as well as Rachelle DeCastro. Their primary role was to assist in scheduling meetings and to serve as a conduit for email communications.

7. Sunset Landmark hired Mohamad Iravani ("Mohamad") as an independent contractor to perform bookkeeping and property management duties for Sunset Landmark. Mohamad concurrently worked for both N&A and Sunset Landmark until he left Sunset Landmark in approximately 2020.

8. Mohamad's work for Sunset Landmark was separate and distinct from his work for N&A, and he was paid separately by Sunset Landmark for his independent contracting work. Sunset Landmark did not have its own email server, and since Sunset Landmark did not provide Mohamad with a different email address, he continued to use the miravani@nourmand.com email address.

9. Sunset Landmark caused CEQA litigations to be filed challenging certain hotel projects by Relevant Group that were neighboring the Sunset Landmark property: the Thompson Hotel, the Tommie Hotel, and the Selma Hotel ("CEQA litigations"). Sunset Landmark caused the CEQA litigations to be filed because Sunset Landmark had concerns regarding the environmental impacts of Plaintiffs' hotel projects near its property. Sunset Landmark entered into settlement agreements with respect to the CEQA litigations relating to the Thompson Hotel and the Tommie Hotel. The CEQA litigation pertaining to the Selma Hotel project is still pending.

10. Other than the CEQA litigations, Sunset Landmark has never filed another petition challenging any other developments.

11. I sent an email to Michael (and others) asking that Michael attend one of the meetings with Plaintiffs in his individual capacity, but he did not attend.

12. I never asked N&A to be a party to the CEQA litigations or to pay any legal fees in connection with the CEQA litigation. Sunset Landmark never promised any money or any financial benefits to N&A should the CEQA litigations settle or succeed. Sunset Landmark also never paid any money to N&A from any proceeds received from the settlement.

13. All of the emails I sent to Mohamad relating to the CEQA litigations

or settlements were sent to him in his capacity as an independent contractor for Sunset Landmark.

14. When I directed Sarah Gould or Rochelle DeCastro to send emails on my behalf relating to my opposition to Plaintiffs' projects, it was only because they provided me with occasional secretarial support.

15. I sent emails to Michael relating to the opposition to the Thompson hotel project for a variety of reasons. I wanted his individual perspective or input as my son, and at times because N&A was a tenant of Sunset Landmark and I wanted to be sure that N&A was not concerned about how it might be impacted by Plaintiffs' projects as Sunset Landmark's tenant.

I declare under penalty of perjury under the laws of the state of California and the United States that the foregoing is true and correct.

Executed on May 9, 2022, in Los Angeles County, California.

/s/ *Stephan Saeed Nourmand*
*Stephan Saeed Nourmand*

Document Prepared on Recycled Paper

- 3 -

DECLARATION OF SAEED NOURMAND IN SUPPORT OF DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S MOTION FOR SUMMARY JUDGMENT