**NORTON ROSE FULBRIGHT US LLP**
JAMES H. TURKEN (BAR NO. 89618)
CHRISTOPHER K. PELHAM (BAR NO. 241068)
NEIL P. THAKOR (BAR NO. 308743)
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494
james.turken@nortonrosefulbright.com
neil.thakor@nortonrosefulbright.com
christopher.pelham@nortonrosefulbright.com

Attorneys for Defendants,
STEPHAN "SAEED" NOURMAND,
and THE SUNSET LANDMARK
INVESTMENT LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC, a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; and DOES 1-10, <br><br> Defendants. | Case No. 2:19-cv-05019-ODW-KSx <br> *[Hon. Otis D. Wright II]* <br><br> **DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S NOTICE OF *EX PARTE* APPLICATION AND APPLICATION FOR RELIEF UNDER RULE 6(B)(1)(B) DUE TO EXCUSABLE NEGLECT** <br><br> **Date:  May 16, 2022** <br> **Time: 1:30 p.m.** <br> **Place: Courtroom 5D** <br><br> Complaint Filed: June 10, 2019 <br> TAC Filed:  September 21, 2021 <br> Trial Date:  August 2, 2022 |

107373211.1

DOCUMENT PREPARED ON RECYCLED PAPER

DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S NOTICE OF *EX PARTE* APPLICATION AND APPLICATION FOR RELIEF UNDER RULE 6(B)(1)(B) DUE TO EXCUSABLE NEGLECT

1    PLEASE TAKE NOTICE that on May 16, 2022 at 1:30 p.m., or as soon

2    thereafter as this matter may be heard, in Courtroom 5D of the above-entitled Court,

3    located at 350 W. 1st Street, Los Angeles, California 90012, Defendants Stephan

4    "Saeed" Nourmand and the Sunset Landmark Investment LLC (collectively, "S-

5    Defendants") will apply to the Court, *ex parte*, for an order granting relief under

6    Federal Rule of Civil Procedure 6(b)(1)(B) to consider the late filing of S-

7    Defendants' exhibits in support of its Motion for Summary Judgment (the "Motion")

8    due to excusable neglect.  After extensive (and ongoing) discovery in this case, S-

9    Defendants prepared the Motion against each of the claims alleged by Plaintiffs

10   Relevant Investment, LLC, 1541 Wilcox Hotel LLC, 6516 Tommie Hotel LLC, and

11   6421 Selma Wilcox Hotel LLC (collectively "Plaintiffs").  The deadline to file that

12   Motion was May 9, 2022, and accordingly, S-Defendants did file the motion that day.

13   Although the motion and supporting papers—including the notice of motion,

14   memorandum of points and authorities, declarations in support, proposed order,

15   proposed judgment, and request for judicial notice—were timely filed, counsel for S-

16   Defendants was unable to properly organize the voluminous supporting exhibits

17   before the midnight deadline.  This inability stemmed in part from an absence of

18   finalized deposition transcripts, a large amount of uncertified public records and

19   unauthenticated exhibits, and counsel's own mistake in appreciating the

20   technological difficulties posed by marshalling such voluminous documentary

21   evidence.  Moreover, S-Defendants later learned that a second copy of the

22   memorandum of points and authorities in support of the Motion was inadvertently

23   filed twice instead of the declaration of counsel attaching the exhibits.

24   The following morning, S-Defendants informed Plaintiffs' counsel that it had

25   issues filing these ancillary documents in support of the Motion, which resulted in

26   the exhibits not being timely-filed.  S-Defendants also offered to provide a copy of

27   the exhibits while they worked on filing those exhibits with the Court.  Those exhibits

28   were then shared with Plaintiffs' counsel and will be filed with the Court today.

- 1 -

1  Given that there is not any prejudice to Plaintiffs—as the exhibits were provided to
2  Plaintiffs' counsel and filed with the Court less than one day after the deadline, the
3  Motion sets forth the factual and legal basis for the motion and makes clear which
4  evidence is being offered in support of the Motion, and all of the evidence is already
5  part of the record in this case—S-Defendants asked that Plaintiffs not oppose this
6  Application.  While counsel for Plaintiffs said they would respond later that day, S-
7  Defendants have yet to receive any firm indication of whether or not Plaintiffs would
8  oppose this Application.

9       This application is based on this Application, the Memorandum of Points and
10 Authorities, and Declaration of Neil Thakor filed concurrently herewith, and such
11 further argument as the Court may permit to be introduced at the hearing on this
12 Motion.

13
14  Dated:  May 10, 2022                **NORTON ROSE FULBRIGHT US LLP**
15
16
17                                        By  */s/ Christopher K. Pelham*
18                                            CHRISTOPHER K. PELHAM
                                             Attorneys for Defendants
19                                           THE SUNSET LANDMARK
                                             INVESTMENT, LLC, and STEPHEN
20                                           "SAEED" NOURMAND
21
22
23
24
25
26
27
28

DOCUMENT PREPARED
ON RECYCLED PAPER

- 2 -
DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S NOTICE OF *EX PARTE*
APPLICATION AND APPLICATION FOR RELIEF UNDER RULE 6(B)(1)(B) DUE TO EXCUSABLE NEGLECT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTUAL BACKGROUND

After extensive (and ongoing) discovery in this case, S-Defendants prepared the Motion against each of the claims alleged by Plaintiffs.  (Declaration of Neil P. Thakor ("Thakor Decl."), ¶ 2.)  The deadline to file that Motion was May 9, 2022, and accordingly, S-Defendants did file the motion that day.  (*Id.*)  Although the motion and supporting papers—including the notice of motion, memorandum of points and authorities, declarations in support, proposed order, proposed judgment, and request for judicial notice—were timely filed, counsel for S-Defendants was unable to properly organize the voluminous supporting exhibits before the midnight deadline.  (*Id.*, ¶ 3.)  This inability stemmed in part from an absence of finalized deposition transcripts, a large amount of uncertified public records and unauthenticated exhibits, and counsel's own mistake in appreciating the technological difficulties posed by marshalling such voluminous documentary evidence.  (*Id.*)  Moreover, S-Defendants later learned that a second copy of the memorandum of points and authorities in support of the Motion was inadvertently filed twice instead of the declaration of counsel attaching the exhibits.  (*Id.*)

The following morning, S-Defendants informed Plaintiffs' counsel that it had issues filing these ancillary documents in support of the Motion, which resulted in the exhibits not being timely-filed.  (*Id.*, ¶ 4.)  S-Defendants also offered to provide a copy of the exhibits while they worked on filing those exhibits with the Court.  (*Id.*)  Those exhibits were then shared with Plaintiffs' counsel and will be filed with the Court today.  (*Id.*, ¶ 5.)  Given that there is not any prejudice to Plaintiffs—as the exhibits were provided to Plaintiffs' counsel and filed with the Court less than one day after the deadline, the Motion sets forth the factual and legal basis for the motion and makes clear which evidence is being offered in support of the Motion, and all of the evidence is already part of the record in this case—S-Defendants asked that Plaintiffs not oppose this Application.  (*Id.*, ¶ 6.)  While counsel for Plaintiffs said

- 3 -

they would respond later that day, S-Defendants have yet to receive any firm indication of whether or not Plaintiffs would oppose this Application. (*Id.*, ¶ 7.)

## II.    RELIEF IS APPROPRIATE HERE AS THE SLIGHT DELAY IN FILING THE EXHIBITS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WAS DUE TO EXCUSABLE NEGLECT

This Court has the authority to grant relief and allow Defendants to file the exhibits in support of its Motion under the principal of excusable neglect.  Federal Rule of Civil Procedure 6(b)(1)(B) allows a party to request a filing extension "after the time has expired if the party failed to act because of excusable neglect."  The good cause standard governs the Court's review of such an application. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (finding that "good cause" is a "non-rigorous standard").

The Supreme Court has explained that "excusable neglect'" can encompass mistakes and carelessness: "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). Whether the neglect is "excusable" is a flexible standard, and "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395.

The Court in *Pioneer* laid out the following four-factor test for determining excusable neglect: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer* 507 U.S. at 395).  "Pioneer made clear that the standard is a balancing test, meaning that a delay might be excused even where the reasons for the delay are not particularly compelling." *United States v. Brown*,

DOCUMENT PREPARED ON RECYCLED PAPER

133 F.3d 993, 997 (7th Cir. 1998) (affirming the district court's finding that an attorney's confusion of state and federal rules amounted to excusable neglect.)  In *Pincay*, the court found, "[t]here should similarly be no rigid legal rule against late filings attributable to any particular type of negligence. Instead, we leave the weighing of *Pioneer*'s equitable factors to the discretion of the district court in every case." 389 F.3d at 860.

Here, each of the *Pioneer* factors weigh in favor of granting relief.  First, there is no risk of prejudice to Plaintiffs in considering the late-filed exhibits.  The Motion sets forth the factual and legal basis for the motion, makes clear which evidence is being offered in support, and only references evidence which is already part of the record in this case. (Thakor Decl., ¶ 3.)  Further, counsel for S-Defendants provided a copy of each exhibit while it worked on filing those exhibits with the Court. (*Id.*., ¶ 5.)  In short, Plaintiffs were not surprised by any of the evidence, nor endured a meaningful delay in reviewing those exhibits as they received them just one day after the deadline had passed. Relatedly, the second factor also weighs in favor of relief, as the exhibits were received by Plaintiffs' counsel and filed with the Court less than a day after the filing deadline. (*Id.*)

The third factor also favors relief, as S-Defendant's counsel admits they made a mistake in not appreciating the technical difficulties of marshalling voluminous exhibits to be filed in support of the Motion—due in part to an absence of finalized deposition transcripts, and a large amount of uncertified public records and unauthenticated exhibits. (*Id.*, ¶ 3.)  Further, counsel for S-Defendants later learned that a second copy of the memorandum of points and authorities in support of the Motion was inadvertently filed twice instead of the declaration of counsel attaching the exhibits. (*Id.*)  Moreover, S-Defendants timely filed the motion itself and the supporting papers. (*Id.*)  This fact—along with sharing a copy of those exhibits with Plaintiffs' counsel the following day—also demonstrates that S-Defendants did not

DOCUMENT PREPARED ON RECYCLED PAPER

act in bad faith, and thus the fourth factor weighs in favor of relief. (*Id.*, ¶5.) In all, the actions of S-Defendants' counsel amount to excusable neglect.

Therefore, in order to effectuate the federal rules' "general purpose of seeing that cases are tried on the merits," *Ahanchian*, 624 F.3d at 1259, S-Defendants respectfully request that the Court grant this Application, and consider the exhibits filed with the Court one day after the deadline had passed.

## III. CONCLUSION

For the foregoing reasons, S-Defendants respectfully request that the Court grant this Application, and consider the exhibits filed in support of their Motion for Summary Judgment.

Dated: May 10, 2022                    **NORTON ROSE FULBRIGHT US LLP**

By  */s/ Christopher K. Pelham*
     CHRISTOPHER K. PELHAM
     Attorneys for Defendants
     THE SUNSET LANDMARK
     INVESTMENT, LLC, and STEPHEN
     "SAEED" NOURMAND

DOCUMENT PREPARED
ON RECYCLED PAPER