**NORTON ROSE FULBRIGHT US LLP**
JAMES H. TURKEN (BAR NO. 89618)
CHRISTOPHER K. PELHAM (BAR NO. 241068)
NEIL P. THAKOR (BAR NO. 308743)
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Telephone:   (213) 892-9200
Facsimile:    (213) 892-9494
james.turken@nortonrosefulbright.com
neil.thakor@nortonrosefulbright.com
christopher.pelham@nortonrosefulbright.com

Attorneys for Defendants,
STEPHAN "SAEED" NOURMAND,
and THE SUNSET LANDMARK
INVESTMENT LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

RELEVANT GROUP, LLC, a
Delaware limited liability company;
1541 WILCOX HOTEL LLC, a
Delaware limited liability company;
6516 TOMMIE HOTEL LLC, a
Delaware limited liability company;
and 6421 SELMA WILCOX HOTEL
LLC, a California limited liability
company,

Plaintiffs,

v.

STEPHEN "SAEED" NOURMAND,
an individual; THE SUNSET
LANDMARK INVESTMENT LLC, a
California limited liability company;
and DOES 1-10,

Defendants.

Case No. 2:19-cv-05019-ODW-KSx
*[Hon. Otis D. Wright II]*

**CORRECTED REQUEST FOR
JUDICIAL NOTICE IN SUPPORT
OF DEFENDANTS STEPHAN
"SAEED" NOURMAND AND
THE SUNSET LANDMARK
INVESTMENT LLC'S MOTION
FOR SUMMARY JUDGMENT
OR, ALTERNATIVELY, FOR
PARTIAL SUMMARY
JUDGMENT**

*[Notice of Motion; Memorandum of
Points and Authorities; Separate
Statement of Undisputed Material
Fact and Conclusions of Law; and
Declarations of Stephan Saeed
Nourmand and Neil P. Thakor Filed
Concurrently Herewith; [Proposed]
Order and [Proposed] Judgment
Submitted Concurrently Herewith]*

**Date:  June 13, 2022
Time: 1:30 p.m.
Place: Courtroom 5D**

Complaint Filed: June 10, 2019
TAC Filed:  September 21, 2021
Trial Date:  August 2, 2022

107405421.1

DOCUMENT PREPARED ON RECYCLED PAPER

PLEASE TAKE NOTICE that pursuant to Federal Rule of Evidence 201, Defendants STEPHAN "SAEED" NOURMAND, and THE SUNSET LANDMARK INVESTMENT LLC (collectively, "S Defendants") request that this Court take judicial notice of the exhibits described in and attached to this Request, in support of S Defendants' Motion For Summary Judgment on the Third Amended Complaint of Plaintiffs RELEVANT GROUP, LLC; 1541 WILCOX HOTEL LLC; 6516 TOMMIE HOTEL LLC; and 6421 SELMA WILCOX HOTEL LLC ("Plaintiffs").

## I.    DOCUMENTS S DEFENDANTS REQUEST TO BE JUDICIALLY NOTICED[1]

1.    Attached hereto as Exhibit "1" is a true and correct copy of the docket, *Sunset Landmark Investment, Inc. v. City of Los Angeles*, Case No. BS160807 in Los Angeles Superior Court (last accessed at lacourt.org on May 9, 2022).

2.    Attached hereto as Exhibit "2" is a true and correct copy of the docket for *Lauren "Elle" Farmer, et al. v. City of Los Angeles*, Case No. BS169855 ("Farmer Tommie Litigation") (last accessed at lacourt.org on May 9, 2022).

3.    Attached hereto as Exhibit "3" is a true and correct copy of the docket for *Mama Wilcox, LLC v. City of Los Angeles*, Case No. BS169883 ("Mama Wilcox Tommie Litigation") (last accessed at lacourt.org on May 9, 2022).

4.    Attached hereto as Exhibit "4" is a true and correct copy of the Tommie Hotel Litigation docket, Case No. BS169821 in Los Angeles Superior Court (last accessed at lacourt.org on May 9, 2022).

5.    Attached hereto as Exhibit "5" is a true and correct copy of the docket for *Sunset Landmark Investment, Inc. v. City of Los Angeles*, Case No. 19STCP01027 in the Los Angeles Superior Court ("Selma Litigation") (last accessed at lacourt.org on May 9, 2022).

6.    Attached hereto as Exhibit "6" is a true and correct copy of the Notice of Determination for the Selma CEQA Petition filed on March 6, 2019.

---

[1] Exhibits 10, 17, 18 and 25 are intentionally omitted.

DOCUMENT PREPARED ON RECYCLED PAPER

7.     Attached hereto as Exhibit "7" is a true and correct copy of Sunset's CEQA Appeal Application for the Selma Petition filed on September 6, 2018.

8.     Attached hereto as Exhibit "8" is a true and correct copy of Sunset's Verified Petition for Writ of Mandamus against the City of Los Angeles filed in Los Angeles Superior Court filed on April 2, 2019.

9.     Attached hereto as Exhibit "9" is a true and correct copy of Sunset's Verified First Amended Petition for Writ of Mandamus against the City of Los Angeles filed in Los Angeles Superior Court filed on August 4, 2017.

10.     Attached hereto as Exhibit "11" is a true and correct copy of the Administrative Record Index for the Wilcox/Thompson Hotel Litigation .

11.     Attached hereto as Exhitbit "12" is a true and correct copy of Sunset's Opening Memorandum of Points and Authorities in Support of Petition for Writ of Mandamus filed in Los Angeles Superior Court on September 16, 2020 in *Sunset v. City of Los Angeles*, Case No. 19STCP01027.

12.     Attached hereto as Exhibit "13" is a true and correct copy of Sunset's Second Amended Verified Petition Against 1541 Wilcox filed in Los Angeles Superior Court on January 20, 2017.

13.     Attached hereto as Exhibit "14" is a true and correct copy of the Notice of Ruling at 12/19/18 Trial in the Farmer Tommie Litigation filed on December 19, 2018.

14.     Attached hereto as Exhibit "15" is a true and correct copy of the Verified Petition for Writ of Mandamus in the Farmer Tommie Litigation filed on June 8, 2017.

15.     Attached hereto as Exhibit "16" is a true and correct copy of the Mama Wilcox Verified Petition for Writ of Mandate and/or Administrative Mandamus filed in Los Angeles Superior Court on June 9, 2017.

16.     Attached hereto as Exhibit "19" is a true and correct copy of the Order re: Petitions for Writ of Mandate in the Selma Litigation on January 11, 2021.

17.     Attached hereto as Exhibit "20" is a true and correct copy of the Administrative Record Index for the Selma Litigation.

18.     Attached hereto as Exhibit "21" is a true and correct copy of the Notice of Entry of Interlocutory Writ and Order of Remand in the Selma Litigation filed on February 8, 2021.

19.     Attached hereto as Exhibit "22" is a true and correct copy of the City of Los Angeles and 1541 Wilcox Hotel LLC's Joint Opposition Brief to the Petition for Writ of Mandate in the Wilcox/Thompson Hotel Litigation filed on April 24, 2017.

20.     Attached hereto as Exhibit "23" is a true and correct copy of 6421 Selma Wilcox Hotel LLC's Opposition Brief in the Selma Litigation filed on October 16, 2020.

21.     Attached hereto as Exhibit "24" is a true and correct copy of Sunset's Reply Trial Brief in Support of Petition for Writ of Mandamus in the Selma Litigation filed on January 6, 2021.

22.     Attached hereto as Exhibit "26" is a true and correct copy of the Superior Court of California's Judgment regarding the Combined Final Ruling After Sua Sponte Reconsideration filed on April 22, 2022 in case No.: 34-Z0ZG-80003462 titled *Aids Healthcare Foundation v. City of Los Angeles*.

23.     Attached hereto as Exhibit "27" is a true and correct copy of the Tentative Ruling issued on August 24, 2017 in Case No. BS160807.

## II.     REASONS WHY JUDICIAL NOTICE SHOULD BE GRANTED

### A.     <u>Applicable Legal Standard</u>

A court may take judicial notice of facts not reasonably in dispute at any stage in the proceeding, including in deciding a motion to dismiss. *See* Fed.R.Evid. 201(b) and (d).  Courts may take judicial notice of the records and reports of administrative bodies and, more generally, of any matters of public record. *Anderson v. Holder*, 673 F.3d 1089, 1094 (9th Cir. 2012); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Lee v. City of Los Angeles*, No. CV 13-01410, 2015 WL 12748244, at *3

- 3 -

DOCUMENT PREPARED
ON RECYCLED PAPER

(C.D. Cal. Feb. 24, 2015). In addition, a court may take judicial notice of court records in another case. *United States v. Howard,* 381 F.3d 873, 876 n.1 (9th Cir. 2004). A federal court may also take judicial notice of orders made in a state court proceeding. *See Miles v. California*, 320 F.3d 986, 987 n.1 (9th Cir. 2003).

This Request for Judicial Notice is an essential part of S Defendants' *Noerr-Pennington* defense raised in S Defendants' Motion for Summary Judgment. Plaintiffs' causes of action target Defendant Sunset's past petitioning under the California Environmental Quality Act ("CEQA") on two development projects adjacent to its business/property, and current CEQA petitioning of one development project adjacent to Sunset's business/property in Hollywood.

The documents that comprise S Defendants' CEQA petitioning are a necessary part of Plaintiffs' challenge to the petitioning. Recognizing this, courts in the Ninth Circuit frequently take judicial notice of documents necessary to *Noerr-Pennington* defenses on motions to dismiss. *See, e.g., Kottle v. Northwest Kidney Centers*, 146 F.3d 1056, 1064 n.7 (9th Cir 1998) (taking judicial notice of governmental petitions that were the basis for *Noerr-Pennington* immunity); *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F.Supp.3d 1132, 1151 (E.D. Cal. 2017) (taking judicial notice of voluminous court and administrative records in adjudicating *Noerr-Pennington* immunity on 12(b)(6) motion).

### B. Specific Grounds for Judicially Noticing Each Document Referenced Herein

#### 1. Wilcox/Thompson Hotel, Farmer Tommie, Mama Wilcox, Tommie Hotel, and Selma Litigation Dockets (Exhibits 1-5)

The five litigation dockets in Exhibits 1-5 are public documents created by the Los Angeles Superior Court ("LASC"). They are available on the LASC's website, so their authenticity is not in question. *Gerritsen v. Warner Bros. Entm't, Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("[u]nder Rule 201, the court can take judicial notice of '[p]ublic records and government documents available from

DOCUMENT PREPARED ON RECYCLED PAPER

reliable sources on the Internet,' such as websites run by governmental agencies") (internal citations omitted).

### 2. Court Records From The Superior Court of California (8, 9, 12, 14, 15, 19, 21, 22, 24, 26)

Exhibits 8, 9, 12, 14, 15, 19, 21, 22, 24, 26, and 27 are all rulings, orders, or pleadings filed in the underlying CEQA litigations. Therefore, their authenticity is not in question. Furthermore, a court may take judicial notice of and give effect to its own records in another, but interrelated, proceeding. A court may take judicial notice of and give effect to its own records in another, but interrelated, proceeding. *See Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 277 (S.D.N.Y. 2015); *See also Freshman v. Atkins*, 269 U.S. 121, 124 (1925). Here, the underlying CEQA lawsuits, as well as lawsuits litigated by third-parties on substantially similar issues, are all interrelated with the current lawsuit brought by Plaintiffs. Thus, judicial notice of these documents are appropriate.

### 3. Administrative Records (Ex. 6, 7, 11, 17)

Exhibits 6, 7, 11, and 17 are all documents from the administrative record in the underlying administrative proceedings in this case. Courts in the Ninth Circuit frequently take judicial notice of documents necessary to *Noerr-Pennington* defenses. *See, e.g., Kottle v. Northwest Kidney Centers*, 146 F.3d 1056, 1064 n.7 (9th Cir 1998) (taking judicial notice of governmental petitions that were the basis for *Noerr-Pennington* immunity); *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F.Supp.3d 1132, 1151 (E.D. Cal. 2017) (taking judicial notice of voluminous court and administrative records in adjudicating *Noerr-Pennington* immunity on 12(b)(6) motion). Accordingly, judicial notice is appropriate.

///
///
///
///

DOCUMENT PREPARED ON RECYCLED PAPER

1

Dated:  May 10, 2022        **NORTON ROSE FULBRIGHT US LLP**

2

3

4            By  */s/ Christopher K. Pelham*

5               CHRISTOPHER K. PELHAM

Attorneys for Defendants

6               THE SUNSET LANDMARK

INVESTMENT, LLC, and STEPHEN

7               "SAEED" NOURMAND

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Document Prepared on Recycled Paper