**NORTON ROSE FULBRIGHT US LLP**
JAMES H. TURKEN (BAR NO. 89618)
CHRISTOPHER K. PELHAM (BAR NO. 241068)
NEIL P. THAKOR (BAR NO. 308743)
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494
james.turken@nortonrosefulbright.com
neil.thakor@nortonrosefulbright.com
christopher.pelham@nortonrosefulbright.com

Attorneys for Defendants,
STEPHAN "SAEED" NOURMAND,
and THE SUNSET LANDMARK
INVESTMENT LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC, a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>STEPHEN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; and DOES 1-10,<br><br>　　　　　　　Defendants. | Case No. 2:19-cv-05019-ODW-KSx<br>*[Assigned to the Hon. Otis D. Wright II]*<br><br>**DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S CORRECTED STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT**<br><br>*[Notice of Motion; Memorandum of Points and Authorities; and Declarations of Stephen "Saeed" Nourmand and Neil P. Thakor Filed Concurrently Herewith; [Proposed] Order and [Proposed] Judgment Submitted Concurrently Herewith]*<br><br>**Date: June 13, 2022**<br>**Time: 1:30 p.m.**<br>**Place: Courtroom 5D**<br><br>Complaint Filed: June 10, 2019<br>TAC Filed:  September 21, 2021<br>Trial Date:  August 2, 2022 |

107404587.1

Pursuant to Local Rule 56-1, Defendants Stephan "Saeed" Nourmand and The Sunset Landmark Investment LLC ("S Defendants"), hereby submit the following Statement of Uncontroverted Facts in Support of its Motion for Summary Judgement, or Alternatively, For Partial Summary Judgment, setting forth the facts on which S Defendants contends there is no genuine issue for trial. All references to Exhibits are to the Exhibits attached to either the Declaration of Neil P. Thakor and the Request for Judicial Notice, which are being filed contemporaneously with this Statement.

**STATEMENT OF UNCONTROVERTED FACTS:**

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| 1. Defendant Sunset Landmark Investment, LLC ("Sunset") owns the historic Hollywood Athletic Club Building on Sunset Boulevard. Sunset's principal is Stephan "Saeed" Nourmand ("S. Nourmand") (together with Sunset the "S Defendants"). | Stephan "Saeed" Nourmand Declaration ("Nourmand Decl.")., ¶ 2. |
| 2. Except for the three petitions challenging Plaintiffs' hotels, Sunset has never filed a CEQA petition or a city appeal challenging a development. | Nourmand Decl., ¶ 10; Thakor Decl., Ex. A, King Tr., 64, 66-68, 60 75-78, 187-188. |
| 3. Prior to forming Sunset Landmark, Saeed was the owner/operator of Nourmand & Associates ("N&A"). Before 2010, Saeed relinquished not only all operational control of | Nourmand Decl., ¶ 3. |

- 1 -

DOCUMENT PREPARED ON RECYCLED PAPER

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| N&A to his wife and sons. | |
| 4. Relevant Group, LLC ("Relevant") is an umbrella company that describes itself as "a vertically integrated, design-focused real estate development company that creates distinctive hospitality, real estate, and lifestyle destinations." | Thakor Decl., Ex. G, Relevant's Website. |
| 5. Relevant does not have a direct ownership interest in Plaintiff 1541 Wilcox, LLC. | Thakor Decl., Ex. B, Shayne Tr., 126:10-22; 78:08-12, 131:16-132:7, 162:17-22. |
| 6. Relevant does not have a direct ownership interest in Plaintiff 6516 Tommie, LLC. | Thakor Decl., Ex. B, Shayne Tr., 126:10-22; 78:08-12. |
| 7. Relevant does not have a direct ownership interest in Plaintiff 6421 Selma Wilcox, LLC. | Thakor Decl., Ex. B, Shayne Tr., 126:04-16. |
| 8. In total, Relevant has been involved in the development of at least 9 separate projects in Hollywood and Downtown Los Angeles in the past ten years. | Thakor Decl., Ex. G, (Website); Thakor Decl., Ex. F, Maisnik Tr. 267-273; |
| 9. On February 23, 2015, the City of Los Angeles (the "City") issued a Notice of Public Comment for the Thompson Hotel. | Request for Judicial Notice ("RJN"), Ex. 11 ("Wilcox AR Index"), REL33532. |

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| 10. Sunset had concerns that another 12-story hotel with a roof top bar would negatively impact the environment and neighborhood. | Request for Judicial Notice ("RJN"), Ex. 11 ("Wilcox AR Index"), REL33532. |
| 11. Several other residents and commercial property owners also opposed the Thompson Hotel. | RJN, Ex. 11, Wilcox AR Index, REL33552, REL33569; |
| 12. From 2015 to 2018, Relevant made multiple efforts to convince Sunset to drop its opposition to the Thompson and Tommie Hotels. | Thakor Decl., Ex. J<br>Thakor Decl., Ex. K<br>Thakor Decl., Ex. L<br>Thakor Decl., Ex. M<br>Thakor Decl., Ex. N<br>Thakor Decl., Ex. O<br>Thakor Decl., Ex. P<br>Thakor Decl., Ex. Q<br>Thakor Decl., Ex. R<br>Thakor Decl., Ex. S<br>Thakor Decl., Ex. T<br>Thakor Decl., Ex. U |
| 13. On October 19, 2015, the City approved the Thompson Hotel Project with a mitigated negative declaration ("MND") | RJN, Ex. 11, Wilcox AR Index, REL33552, REL33569. |
| 14. In CEQA actions, challengers prevail 50% of the time and 58% of | Third Amended Complaint ("TAC"), fn, 1.(*citing* Jennifer L. Hernandez, et |

- 3 -

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| the time when the challenge involved a negative declaration. | al., Holland & Knight LLP, *In the Name of Environment: How Litigation Abuse under the California Environmental Quality Act Undermines California's Environmental, Social, Equity and Economic Priorities – and Proposed Reforms to Protect the Environment from CEQA Litigation Abuse.*) |
| 15. On January 11, 2016, Sunset filed an appeal challenging the City's approval of the Thompson Hotel. | RJN, Ex. 11, Wilcox AR Index, REL33560-33561. |
| 16. David Carrera, Girodo, Gideon Kracov, and Doug Haines supported Sunset's appeal. | RJN, Ex. 11, Wilcox AR Index, REL33562, 33565, 33567. |
| 17. Several other persons appealed the approval of the Thompson Hotel. | RJN, Ex. 11, Wilcox AR Index, REL33556-33559. |
| 18. On February 3, 2016, the City of Los Angeles issued a Notice of Determination denying all appeals. | RJN, Ex. 11, Wilcox AR Index, REL33518. |
| 19. On March 6, 2016, Sunset filed a Verified Petition For Writ of Mandate against the City of Los Angeles challenging the approval of the Thompson Hotel Project. Wilcox was named as a real party | RJN, Ex. 1, ("Wilcox Docket"), p. 25 RJN, Ex. 13, ("Second Amended Verified Petition Against 1541 Wilcox"). |

- 4 -

DOCUMENT PREPARED ON RECYCLED PAPER

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| in interest. | |
| 20. In the Thompson Litigation, Sunset supported its argument that the City unlawfully approved the project with a mitigated negative declaration with citations to expert analysis. | RJN, Ex. 12, ("Wilcox Trial Brief") RJN, Ex. 13,. |
| 21. The Thompson Litigation was litigated for over 18 months. | RJN, Ex. 1, Wilcox Docket. |
| 22. On April 21, 2017, in response to Plaintiffs' requests to settle, Robert Silverstein sent a proposal indicating terms Sunset would be willing to settle on. | Thakor Decl., Ex. N |
| 23. That proposal was rejected by Plaintiffs. | Thakor Decl., Ex. O |
| 24. In June 2017, Relevant instructed its outside counsel, Guy Maisnik to settle the lawsuits. | Thakor Decl., Ex. F, Maisnik Tr., 105-107 |
| 25. Mr. Maisnik then reached out to Sunset's counsel, Jayesh Patel, to act as "mediators" to bring their respective clients to reach a deal which "[had] to happen quickly."[1] | Thakor Decl., Ex. F, Maisnik Tr., 105-107, Ex. 5. |
| 26. During negotiations, Maisnik | Thakor Decl., Ex. F, Maisnik Tr., 107- |

---
[1]

- 5 -

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| believed Mr. Patel's "candor and approach were refreshing and will help move these discussions in the right direction for both parties," that Mr. Patel did not come across as "unyielding, or unwilling to negotiate," and that he and Mr. Patel "got along pretty well" throughout the entire settlement process. | 118, Ex. 3. |
| 27. On August 24, 2017, three hours after a "favorable" ruling for Sunset, Guy Maisnik emailed Jay Patel memorializing an agreement in principle to settle the Thompson and Tommie litigations. | Thakor Decl., Ex. F, Maisnik Tr., Ex. 6 |
| 28. On August 25, 2017, the parties gave notice that a settlement had been reached, and vacated the hearing on the petition for writ of mandate. | RJN, Ex. 1, Wilcox Docket., p. 26 |
| 29. From August 25, 2017 to January 8, 2018, the parties further negotiated the terms of the settlement. | Thakor Decl., Ex. M; Thakor Decl., Ex. H, Thakor Decl., Ex. I |
| 30. On January 8, 2018, Sunset and | Thakor Decl., Ex. H |

- 6 -

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| Wilcox entered into a settlement agreement to resolve the Wilcox Litigation. | |
| 31. On January 8, 2018, Sunset and Tommie entered into a settlement agreement to resolve the Tommie Litigation. | Thakor Decl., Ex. I |
| 32. The agreements, which were drafted by both parties, included a reduction in height, set-offs, delivery timeframes, and rooftop operation curfews. | Thakor Decl., Ex. H<br>Thakor Decl., Ex. I |
| 33. Both agreements contained mutual releases for any claims relating to, arising out of, or in any way stemming from the underlying litigation, as well as a waiver releasing unknown claims under California Code of Civil Procedure section 1542. | Thakor Decl., Ex. H<br>Thakor Decl., Ex. I |
| 34. Both agreements also contained representations that they were signed under the advice of counsel and not the product of any duress. Sunset also granted Tommie a temporary five year easement and a | Thakor Decl., Ex. H,<br>Thakor Decl., Ex. I |

DOCUMENT PREPARED ON RECYCLED PAPER

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| tieback agreement that allowed it to excavate under Sunset's parcel of land to "assist with the construction of the Tommie Hotel." | |
| 35. Sunset also granted Tommie a temporary five year easement and a tieback agreement that allowed it to excavate under Sunset's parcel of land to "assist with the construction of the Tommie Hotel." Immediately thereafter, Sunset filed dismissals of both lawsuits and recorded the easement in favor of Plaintiffs. For its part, Relevant paid the entirety of the $5.5 million settlement amount within just three months. | Thakor Decl., Ex. I |
| 36. On May 12, 2017, the City of Los Angeles overruled the appeal and approved the Tommie Hotel. | RJN, Ex. 15 |
| 37. On June 9, 2017, Sunset filed a Petition For Writ of Mandate challenging the approval of the Tommie Hotel. | RJN, Ex. 9. |
| 38. On June 8, 2017, Lauren "Elle" Farmer filed a Petition against the | RJN, Ex. 15, Lauren "Elle" Farmer Petition. |

- 8 -

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| Tommie Hotel. (the "Farmer action") | |
| 39. On June 9, 2017, Mama Wilcox, LLC, the owner of another newly built neighboring hotel, also filed a Petition challenging the approval of the Tommie Hotel. (the "Mama Wilcox action") | RJN, Ex. 16, Mama Wilcox, LLC Petition. |
| 40. In July of 2018, Tommie settled the Mama Wilcox action. | RJN, Ex. 3; Thakor Decl., Ex. Y. |
| 41. On January 8, 2019, an injunction was issued against the Tommie Hotel in the Farmer litigation. | RJN, Ex. 14. |
| 42. In April of 2019, Tommie settled the Farmer action. | RJN, Ex. 2. Thakor Decl., Ex. Y |
| 43. On March 6, 2018 the City of Los Angeles issued a Notice of Public Comment for the Selma Hotel. | RJN, Ex. 20. |
| 44. Several persons opposed the Selma Hotel. | RJN, Ex. 20. |
| 45. Immediately thereafter, Sunset filed dismissals of both lawsuits and recorded the easement in favor of Plaintiffs. | Thakor Decl., Ex. H, Thakor Decl., Ex. I |
| 46. Plaintiffs paid the entirety of the $5.5 million in three months. | Thakor Decl., Ex. B, Shayne Tr., 172-174. |

DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S STATEMENT OF UNCONTROVERTED FACTS

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| 47. On September 6, 2018, Sunset filed an appeal against the approval of the Selma Hotel. | RJN, Ex. 7. |
| 48. Several other persons filed an appeal against the approval of the Selma Hotel. | RJN, Ex. 20. |
| 49. On March 6, 2019, the City issued a Notice of Determination denying all appeals. | RJN, Ex. 20. |
| 50. On April 2, 2019 Sunset filed a Petition for Writ of Mandate against the Selma Hotel. | RJN, Ex. 19. |
| 51. On April 4, 2019, Casey Maddren filed a Petition for Writ of Mandate. | TAC, ¶ 119. |
| 52. Maddren testified that he does not know Stephan "Saeed" Nourmand and has never spoken to Mr. Nourmand. | Thakor Decl., Ex. D, Maddren R. Tr., 93-94. |
| 53. Sunset's Petition for Writ of Mandate included citations to expert testimony on air quality for a fair argument that there may be significant impacts on the environment. | RJN, Ex. 24 |
| 54. On January 8, 2020, the trial court | RJN. Ex. 21. |

- 10 -

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| issued an interlocutory order remanding the Selma Hotel back to the City. | |
| 55. Maddren's petition against the Selma Hotel was denied by the Court. | RJN, Ex. 21. |
| 56. In or around March 2019, the City approved another hotel development project located near the HAC (the "Schrader Hotel") initiated by the development company the Koar Group ("Koar"). | Thakor Decl., Ex. E, Rothman Tr. 89:1-91:15 |
| 57. Sunset had concerns about another hotel with a rooftop bar being built in the neighborhood and filed an appeal to the Schrader Hotel. | Thakor Decl., Ex. E, Rothman Tr. 63:15-24, 75:25-76:11) |
| 58. Representatives of the parties met to "figure out the best path forward." | Thakor Decl., Ex. E, Rothman Tr. 63:15-24, 75:25-76:11; 82:7-14, 84:3-11.) |
| 59. After Schrader owners indicated that they did not intend to try to modify restrictions imposed by the City, Sunset withdrew its appeal. The hotel's representative, Mr. Rothman, testified that he did not feel Sunset was pressuring him in | Thakor Decl., Ex. E, Rothman Tr. 63:15-24, 75:25-76:11; 82:7-14, 84:3-11. |

DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S STATEMENT OF UNCONTROVERTED FACTS

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| any way. | |
| 60. The harm Relevant has suffered is the same as each of the other Plaintiffs. | Thakor Decl., Ex. W<br>Thakor Decl., Ex. X<br>Thakor Decl., Ex. Y<br>Thakor Decl., Ex. Z |
| 61. The Sacramento Superior Court has found "the [City of Los Angeles'] practice of granting density bonuses…without complying with the Hollywood Redevelopment Plan…is unlawful." | RJN, Ex. 26. |
| 62. Relevant's subsidiary, HIRC, owns another subsidiary, HIRC Wilcox, which in turn owns a portion of Wilcox. | Thakor Decl., Ex. B, Shayne Tr., 126:10-22; 78:08-12, 131:16-132:7, 162:17-22. |
| 63. Wilcox does not directly own the Thompson Hotel, which is instead owned by Wilcox's subsidiary, 1541 Wilcox Holdings, LLC. | Thakor Decl., Ex. B, Shayne Tr., 126:10-22; 78:08-12, 131:16-132:7, 162:17-22. |
| 64. Tommie and Selma are similarly held through multiple layers of holding companies. | Thakor Decl., Ex. D, Shayne Tr., 126:10-22; 78:08-12, 131:16-132:7, 162:17-22. |
| 65. In 2007, Relevant began developing a series of hotel and hospitality-related buildings within | Thakor Decl., Ex. A, King Tr., 81:18-24. |

DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S STATEMENT OF UNCONTROVERTED FACTS

DOCUMENT PREPARED ON RECYCLED PAPER

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| one block of the HAC. | |
| 66. The first of these was the Dream Hotel, a 10 story hotel with a rooftop bar near the HAC. | Thakor Decl., Ex. A, King Tr., 51:4-25. |
| 67. After successfully developing the Dream Hotel, Relevant moved on to additional properties adjacent to the HAC and in Downtown Los Angeles. | Thakor Decl., Ex. A, King Tr., 51:4-25, 72:2-7, 79:13-80:3. |
| 68. In March of 2017, the parties discovered that the City impermissibly analyzed and disclosed an out-of-date version of the Thompson Hotel which not only failed to include the two planned rooftop bars, but even had the building facing the opposite direction. | RJN, Ex. 27, August 24, 2017 Tentative Ruling. |
| 69. The City brought a motion to augment the administrative record to include materials purportedly showing the City analyzed the correct version of the project, which was continued to the day the trial was set to begin. | RJN, Ex. 1, Wilcox Docket. |
| 70. The day before trial, on August 24, | RJN, Ex. 27, August 24, 2017 |

- 13 -

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| 2017, the trial court issued a tentative ruling denying the motion. | Tentative Ruling; RJN Ex. 1, Wilcox Docket. |
| 71. In March of 2017, while the Thompson Hotel litigation was pending, the City issued a notice of public comment for the approval of the Tommie Hotel. | TAC, 92. |
| 72. As was the case with the Thompson Hotel, Sunset and other community members opposed the Tommie Hotel on the grounds that it would increase noise and traffic, add further strain on local infrastructure, and negatively impact the overall aesthetic of the neighborhood. | RJN, Ex 15. |
| 73. Once again, the City approved the project in spite of those objections. | RJN, Ex. 20 |
| 74. From 2015 to 2018, Relevant made repeated, and unsolicited, efforts to convince Sunset to "consider changing [its] position regarding supporting, or at least not opposing," Plaintiffs' projects. | Thakor Decl., Ex. J<br>Thakor Decl., Ex. K<br>Thakor Decl., Ex. L<br>Thakor Decl., Ex. M<br>Thakor Decl., Ex. N<br>Thakor Decl., Ex. O<br>Thakor Decl., Ex. P |

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | Thakor Decl., Ex. Q |
| | Thakor Decl., Ex. R |
| | Thakor Decl., Ex. S |
| | Thakor Decl., Ex. T |
| | Thakor Decl., Ex. U |
| 75. Mr. Maisnik's asked Sunset to settle the Thompson Hotel litigation again one week before trial, this time also asking to settle the Tommie litigation. | Thakor Decl., Ex. K<br>Thakor Decl., Ex. L |
| 76. Mr. Maisnik admitted the tentative order denying the City's Motion to Augment was "favorable to Sunset." | Thakor Decl., Ex. F, Maisnik Tr., 188:2-10. |
| 77. Days after Relevant paid off the entirety of the settlement amount in the Thompson Hotel and Tommie Hotel lawsuits, Mr. Heyman invited S. Nourmand to lunch as a "thank you," and "to express how glad I am we have resolved our issues . . . ." | Thakor Decl., Ex. T, March 2018 Text messages. |
| 78. S. Nourmand accepted the invitation, and the meeting took place about 10 days later on the roof of the Dream Hotel. | Thakor Decl., Ex. T, March 2018 Text messages. |

DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S STATEMENT OF UNCONTROVERTED FACTS

Document Prepared on Recycled Paper

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| 79. In or around 2018, Relevant announced that it had acquired the Schrader Hotel project (which remains undeveloped to this date). | Thakor Decl., Ex. E, Rothman Tr., 17:20 - 20:1. |
| 80. Sunset's property does not compete with hotels. | Thakor Decl., Ex. A, King Tr., 159-160. |
| 81. Sunset was not the only party that filed objections to the Schrader Hotel. | Thakor Decl., Ex. E, Rothman Tr., 110:22 - 111:12. |

**CONCLUSIONS OF LAW:**

Based upon the foregoing Statement of Uncontroverted Facts, this Court should make the following Conclusions of Law:

- Sunset is immune to Plaintiffs' claims under the *Noerr-Pennington* doctrine,
- Plaintiffs cannot establish that any threat posed by Sunset's CEQA lawsuits was "wrongful";
- Plaintiffs cannot establish any triable issue of fact to show that Sunset extorted or attempted to extort the owners of the Schrader Hotel;
- Plaintiffs cannot establish any triable issue of fact that there was conspiracy between Sunset and Casey Maddren;
- The releases in the settlement agreements regarding the Thompson and Tommie lawsuits preclude Plaintiffs from raising any claims related to those developments including civil RICO claims; and
- Relevant lacks standing to bring these claims because it has not suffered any harm that is distinct from the other Plaintiffs (its subsidiaries).

DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S STATEMENT OF UNCONTROVERTED FACTS

Dated: May 10, 2022 **NORTON ROSE FULBRIGHT US LLP**

By */s/ Christopher K. Pelham*
  CHRISTOPHER K. PELHAM
  Attorneys for Defendants
  THE SUNSET LANDMARK
  INVESTMENT, LLC, and STEPHEN
  "SAEED" NOURMAND

107204278.1