1  **WILSON SONSINI GOODRICH & ROSATI**
   **Professional Corporation**
2  SUSAN K. LEADER, State Bar No. 216743
   sleader@wsgr.com
3  ALI R. RABBANI, State Bar No. 253730
   arabbani@wsgr.com
4  CONOR TUCKER, State Bar No. 318075
   ctucker@wsgr.com
5  633 West Fifth Avenue, Suite 1550
   Los Angeles, CA 90071-2027
6  Telephone:  (323) 210-2900
   Facsimile:   (866) 974.7329
7
   **WILSON SONSINI GOODRICH & ROSATI**
8  **Professional Corporation**
   DALE R. BISH, State Bar No. 235390
9  dbish@wsgr.com
   CHARLES A. TALPAS, State Bar No. 308505
10 ctalpas@wsgr.com
   650 Page Mill Road
11 Palo Alto, CA 94304-1050
   Telephone:  (650) 493-9300
12 Facsimile:   (650) 565-5100

13 Attorneys for Plaintiffs
   Relevant Group, LLC, 1541 Wilcox Hotel
14 LLC, 6516 Tommie Hotel LLC, and 6421
   Selma Wilcox Hotel LLC
15

16                    **UNITED STATES DISTRICT COURT**

17                   **CENTRAL DISTRICT OF CALIFORNIA**

18

19 RELEVANT GROUP, LLC, a Delaware      ) Case No.: 2:19-cv-05019-ODW
   limited liability company; 1541 WILCOX) (KSx)
20 HOTEL LLC, a Delaware limited liability)
   company; 6516 TOMMIE HOTEL LLC; a ) **DECLARATION OF ANDREW**
21 Delaware limited liability company; and ) **SHAYNE**
   6421 SELMA WILCOX HOTEL LLC, a   )
22 California limited liability company,    )
                                            )
23               Plaintiffs,                )
                                            )
24        v.                                )
                                            )
25 STEPHAN "SAEED" NOURMAND, an  )
   individual; THE SUNSET LANDMARK  )
26 INVESTMENT LLC, a California limited )
   liability company; NOURMAND &         )
27 ASSOCIATES, a California corporation; )
   and DOES 1-10,                          )
28                                          )
                 Defendants.                )
                                            )

DECLARATION OF A. SHAYNE                            CASE NO.: 2:19-CV-05019-ODW (KSX)

# DECLARATION OF ANDREW SHAYNE

I, Andrew Shayne, declare as follows:

1. I am the Chief Financial Officer of Relevant Group, LLC ("Relevant Group"), a title I have held at all time periods relevant to this declaration. I am also the Chief Financial Officer of 1541 Wilcox Hotel, LLC, 6516 Tommie Hotel LLC, and 6421 Selma Wilcox Hotel, LLC. Except as otherwise stated, I have personal knowledge of the facts set forth in this declaration, and, if called upon as a witness, could and would testify competently regarding these facts under oath.

2. Relevant Group, and its members, have numerous direct and indirect financial interests in the hotel projects and project companies at issue in this litigation.

3. Relevant Group owns a 50% indirect interest in 1541 Wilcox Hotel LLC, 6516 Tommie Hotel LLC, and 23.5% in 6421 Selma Wilcox Hotel LLC. Specifically, Relevant Group owns 50% of Hollywood International Regional Center (HIRC), which owns the project companies. As the owner and managing member, Relevant is a sponsor of all three project companies.

4. As part of the capitalization structure for each project company and project, Relevant Group and affiliates contributed key money or equity financing through HIRC. For The 1541 Wilcox Hotel ("Thompson"), Relevant and affiliates provided $10 million in key money and $5 million in equity financing, which it then used a portion of the funds to fund equity in the Citizen News project. For the 6516

Tommie Hotel ("Tommie") Relevant Group and affiliates contributed $16 million in equity financing. Relevant and affiliates provided $5 million in equity to Dream 2 Holdings LLC, which owns 6421 Selma Wilcox Hotel ("Selma Wilcox") and 1615 Cahuenga LLC (Beauty & Essex).

5. As the owner and managing member of the project companies, any shortfalls or any required capital becomes the full responsibility of Relevant Group. For example, with respect to the Thompson and Tommie, the delays caused by Defendants required Relevant Group, and the project companies, to acquire additional debt and contribute additional equity. Those loans require personal guarantees from the members of Relevant Group and Relevant Group must indemnify the partners against all losses resulting from them.

6. In addition to financial obligations, Relevant Group's members and employees have direct operational responsibilities for each project. For example, Relevant Group oversaw and managed construction activities on the Thompson and Tommie. As a direct result of the project delays caused by Defendants, these employees had to spend substantial additional time, money, and effort meeting with contractors, vendors, suppliers—as well as time on the premises overseeing construction—instead of committing their time and effort to Relevant Group's other projects and businesses.

7. Relevant Group's members and employees likewise were required to spend a substantial amount of time, money, and effort meeting and interacting with legal counsel regarding Defendants' many objections and challenges to our projects.

8. Without the delays, increased expense, and modifications to the hotels, all caused by Defendants, the portfolio of properties would have more value for Relevant Group because its cost basis would be lower (meaning more equity value for its partners) and the portfolio itself would be more valuable with a larger building, more hotel rooms, and additional cash flow from operations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and was executed in Los Angeles, California this 23rd day of May 2022.

_____
Andrew Shayne