Patrick M. Maloney – CSBN 197844
Gregory M. Smith – CSBN 259971
Elizabeth T. Schaus – CSBN 272258
**THE MALONEY FIRM, APC**
2381 Rosecrans Avenue, Suite 405
El Segundo, California 90245
T: 310-540-1505 | F: 310-540-1507
E: pmaloney@maloneyfirm.com
E: gsmith@maloneyfirm.com

Attorneys for Defendant,
NOURMAND & ASSOCIATES

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC, a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 2:19-cv-05019-ODW (KSx)<br>Judge: Hon. Otis D. Wright II<br>Dept.: Courtroom 5D, 5th Floor<br>Filed: June 10, 2019<br><br>**DEFENDANT NOURMAND & ASSOCIATES' RESPONSE TO PLAINTIFFS ADDITIONAL FACTS OFFERED IN SUPPORT OF OPPOSITION NOURMAND & ASSOCIATES' MOTION FOR SUMMARY JUDGMENT**<br><br>Date   **June 13, 2022**<br>Time   **1:30 p.m.**<br>Dept.   **Courtroom 5D** |

00195117

1

Defendant NOURMAND & ASSOCIATES ("N&A") hereby submits the following response to Plaintiffs' Additional Facts Offered in Support of Opposition N&A's Motion For Summary Judgment:

| Plaintiffs' Undisputed Fact and Supporting Evidence | N&A's Response and Supporting Evidence |
|---|---|
| 74. Saeed Nourmand founded N&A and was the President for 30 years.<br><br>Balitzer Decl. Ex. 11 at 115-16 (tr. at 24:17-22, 25:4-6). | Undisputed. |
| 75. N&A initially operated out of its offices in Beverly Hills and Brentwood.<br><br>Balitzer Decl. Exs. 30 at 292 (tr. 16:6-17), 11 at 117 (tr. 48:14-17). | Undisputed. |
| 76. Nourmand erroneously claims he "sold" N&A to his son, Michael Nourmand.<br><br>Balitzer Decl. Ex. 11 at 118 (tr. 49:16-22). | Undisputed. |
| 77. Michael Nourmand has been the President of N&A since 2008.<br><br>Balitzer Decl. Ex. 15 at 146 (tr. 23:7-11). | Undisputed. |
| 78. N&A is a "family run" organization.<br><br>Balitzer Decl. Exs. 30 at 288, 296-97 (tr. 11:14-12:11, 24:2-20, 25:9-16), 11 at 118 (tr. 49:4-6). | Undisputed. |
| 79. Michael Nourmand erroneously believes he is a director of N&A.<br><br>Balitzer Decl. Ex. 15 at 146-27 (tr. 23:23-24:9). | Undisputed. |

00195117

2

**DEFENDANT NOURMAND & ASSOCIATES' RESPONSE TO PLAINTIFFS ADDITIONAL FACTS OFFERED IN SUPPORT OF OPPOSITION NOURMAND & ASSOCIATES' MOTION FOR SUMMARY JUDGMENT**

| Plaintiffs' Undisputed Fact and Supporting Evidence | N&A's Response and Supporting Evidence |
|---|---|
| 80. Nourmand & Associates has offices in Brentwood and Beverly Hills, where Michael Nourmand maintains his personal offices.<br><br>Balitzer Decl. Ex. 30 at 292 (tr. 16:6-17). | Undisputed. |
| 81. In 2012, Nourmand & Associates opened its Hollywood branch office in leased space from Sunset Landmark Investment LLC.<br><br>Balitzer Decl. Exs. 11 at 119-22 (tr. 77:17-19, 58:5-60:15), 30 at 293-94 (tr. 18:23-19:6), 15 at 149-50 (tr. 36:19-37:9). | Undisputed. |
| 82. Myra Nourmand has been majority shareholder and sole director of N&A for more than a decade.<br><br>Balitzer Decl. Exs. 30 at 288-91 (tr. 11:14-12:11, 13:25-14:17), 15 at 148 (tr. 26:20-22), 1 at 29-31 (tr. 71:10-73:17). | Undisputed. |
| 83. Saeed has a personal office on the Sunset Property, where he uses N&A offices, employees, and other resources (e.g., emails, printers, office meeting space).<br><br>Balitzer Decl. Exs. 1 at 9-10, 26 (tr. 31:1-7, 31:21-32:4, 62:5-21), 2, 9, 10, 11 at 114, 122-23 (tr. 12:19-24, 77:17-19, 141:1-8), 30 at 295 (tr. 20:2-12); Schaus Decl. Ex. O at 524. | Undisputed. |

00195117    3

**DEFENDANT NOURMAND & ASSOCIATES' RESPONSE TO PLAINTIFFS ADDITIONAL FACTS OFFERED IN SUPPORT OF OPPOSITION NOURMAND & ASSOCIATES' MOTION FOR SUMMARY JUDGMENT**

| Plaintiffs' Undisputed Fact and Supporting Evidence | N&A's Response and Supporting Evidence |
|---|---|
| 84. When Saeed learned of Relevant's development plans near the Sunset Property, Saeed wanted Michael Nourmand to attend a meeting with Relevant.<br><br>Schaus Decl. Ex. O at 559, 573; Balitzer Decl. Ex. 30 at 302-03 (tr. 44:25-45:25). | Undisputed. |
| 85. When Michael Nourmand was unavailable for the initial meeting with Relevant, the meeting was first postponed before N&A's Controller (Mohamad Iravani) attended in Michael's stead.<br><br>Schaus Decl. Ex. O at 531, 559, 573; Balitzer Decl. Ex. 1 at 11-18 (tr. 35:24-42:4). | **Disputed that the cited evidence supports the proffered fact that Iravani attended any meeting with Relevant Group in a representative capacity of N&A or Michael's stead.** See facts set forth in Ex. 5 to N&A Motion, Iravani Decl., ¶ 9(c). |
| 86. Relevant agreed to many of the changes demanded by Saeed Nourmand and Iravani in the hopes that Saeed would support or at least not oppose Relevant's projects.<br><br>Schaus Decl. Ex. O at 531; Balitzer Decl. Exs. 1 at 22-24 (tr. 58:4-60:25), 17. | **Disputed that the cited evidence supports the proffered fact as to Iravani.** |
| 87. When Michael Nourmand directed N&A employees, at Saeed's request, to attend public hearings and object to Relevant's projects, several of those employees did not work or live in Hollywood.<br><br>Balitzer Decl. Exs. 30 at 298-99, 306-08, 312-14 (tr. 49:12-51:9, 72:22-73:3, 26:19-27:18, 74:13-24), 1 at 19 (tr. 51:8-14); Shapiro Decl. ¶ 2; Schaus Decl. Ex. O at 523. | **Disputed that the cited evidence supports the proffered fact that Michael Nourmand "directed" anybody to do anything.** |

00195117

4

**DEFENDANT NOURMAND & ASSOCIATES' RESPONSE TO PLAINTIFFS ADDITIONAL FACTS OFFERED IN SUPPORT OF OPPOSITION NOURMAND & ASSOCIATES' MOTION FOR SUMMARY JUDGMENT**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| Plaintiffs' Undisputed Fact and Supporting Evidence | N&A's Response and Supporting Evidence |
|---|---|
| 88. N&A's office manager, Karen Lewis, canceled the regularly-scheduled agent meeting in Brentwood so that its agents could attend.<br><br>Schaus Decl. Ex. O at 523. | Undisputed. |
| 89. Even though several of the employees did not live or work in Hollywood, they signed a petition reading: "I hereby object to the proposed 162 foot high proposed Hotel at 1541 Wilcox Avenue on the grounds that it is out of character with the neighborhood, will cast shadows on our properties, will make the traffic even worse in our neighborhood and will be a noise and parking nuisance with its proposed nightclub, bar and restaurant and will contribute to the already intolerable late night foot and car traffic on our largely residential streets late into the night."<br><br>Schaus Decl. Ex. O at 554; Balitzer Decl. Ex. 30 at 311-14 (tr. 71:18-74:24); Shapiro Decl. ¶ 2. | Undisputed. |
| 90. When signing the petition, all of the attendees listed N&A's Hollywood office address, not their home addresses.<br><br>Schaus Decl. Ex. O at 554; Balitzer Decl. Ex. 30 at 311-14 (tr. 71:18-74:24). | Undisputed. |

| Plaintiffs' Undisputed Fact and Supporting Evidence | N&A's Response and Supporting Evidence |
|---|---|
| 91. N&A staff kept the enterprise informed and on task, by monitoring documents related to Relevant projects during the City's approval process, including notices of public hearings, project plans and drawings, determination notices and appeal deadlines.<br><br>Schaus Decl. Ex. O at 523, 531, 534, 546, 551, 556, 559, 561, 562, 565, 566, 571, 576, 580; Balitzer Decl. Exs. 18-22. | **Disputed that the cited evidence supports the proffered fact that an "enterprise" existed or that N&A staff did anything referenced on behalf of the enterprise.** |
| 92. Iravani was involved in enforcing the settlement: he collected the initial amount due on the settlement agreement, was responsible for "strictly" enforcing the settlement agreement and worked with tax advisors to ensure favorable tax treatment for the proceeds.<br><br>Baltizar Decl. Exs. 1 at 32-36 (tr. 82:8-85:18, 89:3-20), 2, 9, 10. | **Disputed that the cited evidence supports the proffered fact that Iravani undertook any of those actions at the direction or for the benefit of N&A.** See facts set forth in Ex. 5 to N&A Motion, Iravani Decl., ¶ 9(f). |
| 93. On March 3, 2015, N&A employee, Sarah Gould, forwarded the Thompson plans to Ms. Cole, whose first (and candid) reaction was "Why me?" to which Sarah Gould replied "Not sure. Please stand by for directions. Per Saeed."<br><br>Schaus Decl. Ex. O at 551. | Undisputed. |
| 94. Over the next several weeks, Ms. Cole researched potential objections—notwithstanding her lack of training in land use law—and appears to have developed the principal objection that permeated each and every challenge to Plaintiffs' projects. | **Disputed that the cited evidence supports the proffered fact as to the extent of research conducted, and Plaintiffs' speculation as to any objection Cole may or may not have reached.** See facts set forth in Ex. 6 to N&A Motion, Cole Decl., ¶¶ 2-9. |

00195117

6

**DEFENDANT NOURMAND & ASSOCIATES' RESPONSE TO PLAINTIFFS ADDITIONAL FACTS OFFERED IN SUPPORT OF OPPOSITION NOURMAND & ASSOCIATES' MOTION FOR SUMMARY JUDGMENT**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| Plaintiffs' Undisputed Fact and Supporting Evidence | N&A's Response and Supporting Evidence |
|---|---|
| Schaus Decl. Ex. O at 561, 577; Balitzer Decl. Exs. 11 at 126-29 (tr. 168:4-171:4), 12. | |
| 95. Ms. Cole speculated that the City somehow lacked authority to remove the "D Development Limitation" from the Hollywood Community Plan and, instead, enact a different zoning ordinance for the specific property at issue<br><br>Balitzer Decl. Ex. 15 at 166-67 (tr. 189:11-190:13); Schaus Decl. Ex. O at 561, 565-66. | Undisputed. |
| 96. N&A employees including Rachelle DeCastro and Mohamad Iravani reduced Ms. Rae Cole's arguments to writing, including by drafting a letter on or around September 2, 2015 for Saeed Nourmand that mirrors the arguments developed by Ms. Rae Cole.<br><br>Balitzer Decl. Ex. 1 at 25-26 (tr. 61:1-62:21); Schaus Decl. Ex. O at 561-62, 565-66. | Undisputed. |
| 97. Defendants have refused to produce any documents regarding use of the funds received from Relevant in Settlement<br><br>Balitzer Decl. Ex. 23. | **Disputed. N&A cannot produce documents regarding use of funds from the settlement because it received none.** See Ex. 1 to N&A Motion, Michael Decl., ¶ 17. |

00195117    7

**DEFENDANT NOURMAND & ASSOCIATES' RESPONSE TO PLAINTIFFS ADDITIONAL FACTS OFFERED IN SUPPORT OF OPPOSITION NOURMAND & ASSOCIATES' MOTION FOR SUMMARY JUDGMENT**

| Plaintiffs' Undisputed Fact and Supporting Evidence | N&A's Response and Supporting Evidence |
|---|---|
| 98. N&A's responses to Plaintiffs' discovery requests were incomplete or false.<br><br>*Compare* Balitzer Decl. Ex. 24 at Nos. 1, 4, 26, 27, *and* Balitzer Decl. Ex. 25, *with* Schaus Decl. Ex. O at 586-624, *and* Balitzer Decl. Ex. 15 at 157-162 (tr. 108:15-113:25), *and* ECF No. 114. | Undisputed that N&A has produced all responsive documents in its possession that were requested by Plaintiffs and there is no open discovery dispute.<br><br>**Disputed as to the unsupported argument/opinion extrapolated therefrom.** See Smith Decl., filed concurrently herewith, ¶¶ 1-17. |
| 99. In response to Plaintiff Relevant's 34 document requests, Michael Nourmand attested that N&A had only a single responsive document in its possession or control.<br><br>Balitzer Decl. Exs. 24-25. | Undisputed that N&A has produced all responsive documents in its possession that were requested by Plaintiffs and there is no open discovery dispute.<br><br>**Disputed as to the unsupported argument/opinion extrapolated therefrom, as the evidence does not support the proffered fact.** See Smith Decl., filed concurrently herewith, ¶¶ 1-17. |
| 100. Almost every document from Sunset Landmark's production and privilege log resides on N&A's servers.<br><br>Balitzer Decl. ¶ 33 & Ex. 15 at 163- 65 (tr. 158:18-160:9); Schaus Decl. Ex. O at 586-624. | Undisputed. |
| 101. Only 7 of the 729 entries from Sunset's privilege log indicate that the correspondence did not originate from or go to an @nourmand.com email address, owned by N&A. All remaining communications on the log include correspondence to or from @nourmand.com email addresses, with the remainder of documents appearing to be attachments to those communications.<br><br>Schaus Decl. Ex. O at 586-624; *see also id.* at 559. | Undisputed. |

00195117                                8

**DEFENDANT NOURMAND & ASSOCIATES' RESPONSE TO PLAINTIFFS ADDITIONAL FACTS OFFERED IN SUPPORT OF OPPOSITION NOURMAND & ASSOCIATES' MOTION FOR SUMMARY JUDGMENT**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| Plaintiffs' Undisputed Fact and Supporting Evidence | N&A's Response and Supporting Evidence |
|---|---|
| 102. M. Nourmand had no concerns or issues with the Thompson and generally supports development in the neighborhood.<br><br>Balitzer Decl. & Ex. 30 at 300-01, 309 (tr. 34:23-35:16, 60:18-61:2); Schaus Decl. Ex. O at 544. | Undisputed. |

Dated: May 27, 2022

                                                **THE MALONEY FIRM, APC**

By:       /s/ Patrick M. Maloney
           Patrick M. Maloney, Esq.
           Gregory M. Smith, Esq.
           Attorneys for Defendant,
           NOURMAND & ASSOCIATES

00195117

9

**DEFENDANT NOURMAND & ASSOCIATES' RESPONSE TO PLAINTIFFS ADDITIONAL FACTS OFFERED IN SUPPORT OF OPPOSITION NOURMAND & ASSOCIATES' MOTION FOR SUMMARY JUDGMENT**

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2381 Rosecrans Avenue, Suite 405, El Segundo, CA 90245.

I served the foregoing document(s) described as:
**DEFENDANT NOURMAND & ASSOCIATES' RESPONSE TO PLAINTIFFS ADDITIONAL FACTS OFFERED IN SUPPORT OF OPPOSITION NOURMAND & ASSOCIATES' MOTION FOR SUMMARY JUDGMENT**
on the interested party(ies) below, using the following means:

SEE ATTACHED SERVICE LIST

☐ BY PERSONAL SERVICE I delivered such envelope(s) by hand to the offices of the addressee(s).

☐ BY UNITED STATES MAIL I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at El Segundo, California.

☐ BY OVERNIGHT DELIVERY I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 27, 2022, at El Segundo, California.

          /s/ Marilyn Vigil
          Marilyn Vigil

# MAILING LIST

| | |
|---|---|
| WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>Susan K. Leader, Esq.<br>Granville C. Kaufman, Esq.<br>633 West Fifth Avenue, Suite 1550<br>Los Angeles, CA 90071-2027<br>T: (323) 210-2900 \| F: (866) 974.7329<br>E: sleader@wsgr.com<br>E: gkaufman@wsgr.com | Attorneys for Plaintiffs,<br>Relevant Group, LLC<br>1541 Wilcox Hotel LLC,<br>6516 Tommie Hotel LLC,<br>and 6421 Selma Wilcox<br>Hotel LLC |
| WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>Dale R. Bish, Esq.<br>Charles A. Talpa, Esq.<br>Karen Kwok, Esq.<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>T: (650) 493-9300 \| F: (650) 565-5100<br>E: dbish@wsgr.com<br>E: Sctalpas@wsgr.com<br>E: kkwok@wsgr.com | |
| WILSON SONSINI GOODRICH &ROSATI<br>Conor Tucker, Esq.<br>633 West Fifth Street, Suite 1550<br>Los Angeles, CA 90071-2048<br>T: (323) 210-2900 \| F: (866) 974-7329<br>E: ctucker@wsgr.com | Attorneys for Plaintiffs<br>Relevant Group, LLC; 1541<br>Wilcox Hotel, LLC; 6516<br>Tommie Hotel, LLC: 6421<br>Selma Wilcox Hotel, LLC |
| NORTON ROSE FULBRIGHT US LLP<br>James H. Turken, Esq.<br>Neil P. Thakor, Esq.<br>Phillip R. Di Tullio, Esq.<br>Christopher Pelham, Esq.<br>555 South Flower Street, Forty-First Floor<br>Los Angeles, CA 90071<br>T: (213) 892-9200 \| (323) 892-9200<br>F: (213) 892-9494 \| (323) 892-9400<br>E: james.turken@nortonrosefulbright.com<br>E: neil.thakor@nortonrosefulbright.com<br>E: christopher.pelham@nortonrosefulbright.com | Attorneys for Defendants<br>STEPHEN "SAEED"<br>NOURMAND and<br>THE SUNSET<br>LANDMARK<br>INVESTMENT, LLC |

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

0019511700195117.DOCX

ii

**PROOF OF SERVICE**