**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
SUSAN K. LEADER, State Bar No. 216743
sleader@wsgr.com
ALI R. RABBANI, State Bar No. 253730
arabbani@wsgr.com
CONOR TUCKER, State Bar No. 318075
ctucker@wsgr.com
633 West Fifth Avenue, Suite 1550
Los Angeles, California 90071-2027
Telephone: (323) 210-2900
Facsimile: (323) 974-7329

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
DALE R. BISH, State Bar No. 235390
dbish@wsgr.com
CHARLES A. TALPAS, State bar No. 308505
ctalpas@wsgr.com
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Plaintiffs Relevant Group, LLC; 1541 Wilcox Hotel LLC; 6516 Tommie Hotel LLC; and 6421 Selma Wilcox Hotel LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC, a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-05019-ODW-KS<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT STATEMENT OF ADDITIONAL FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITIONS TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: June 13, 2022<br>Time: 1:30 p.m.<br>Dept: Courtroom 5D, Fifth Floor<br>Before: Hon. Otis D. Wright II |

Pursuant to the Central District of California's Local Rule 56-2 and this Court's Scheduling and Case Management Order, Plaintiffs respectfully submit following responses to Defendants' Joint Statement of Additional Facts (ECF No. 144).

## PLAINTIFFS' RESPONSES TO DEFENDANTS' STATEMENT OF ADDITIONAL FACTS

| Defendants' Uncontroverted Fact | Plaintiffs' Response and Evidence |
|---|---|
| 30. In the past ten years, Relevant, through affiliated companies, has developed eight properties within once block of property owned by Sunset. | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs. Undisputed that Relevant has developed three hotels (Dream, Thompson, Tommie), two restaurants, and the Citizen News building, and a proposed hotel (Selma Wilcox) in the last ten years.<br><br>Defendants' Evidence:<br>Thakor Decl., Ex. A, at 007-012 (tr., 60, 70, 72, 75-76, 78); Ex. B, at 025-029 (tr. 267-271); Ex. Q. |
| 31. Sunset has filed CEQA petitions against just three of Plaintiffs' developments: the Thompson Hotel, the Tommie Hotel, and the Selma Hotel. | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs. Further, it is disputed as misleading given that Defendants objected to every development (but one) that they could (and the one they missed was a mistake).<br><br>Plaintiffs' Evidence:<br>*See* ECF No. 141, Plaintiffs' Response to Defendants "UF" 2; ECF No.137 at 4-66-7 (citing Sunset RJN Exs. 8, 9, 11; SGI102-103).<br><br>Defendants' Evidence:<br>Thakor Decl., Ex. A, at 007-013 (tr., 60:10-24; 70:10-25; 72:13-25, 75:23-76:5, 78:17-25; 187:19-23). |

| Defendants' Uncontroverted Fact | Plaintiffs' Response and Evidence |
|---|---|
| 32. Relevant does not directly own 1541 Wilcox Hotel, LLC., and was not identified as the developer of the Thompson Hotel Project. | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs; and disputed as misleading, as Relevant has an equity stake in Wilcox Hotel LLC and is financially responsible for covering losses associated with the Thompson Hotel Project. Further disputed that Relevant was not identified as the developer.<br><br>Plaintiffs' Evidence:<br>*See* ECF No. 141, Plaintiffs' Response to Defendants' "UF" 5; ECF No.137 at 24 (SGI84-86).<br><br>Defendants' Evidence:<br>Thakor Decl., Ex. F; Ex. C, at 035-037 (tr., 102:9-103:21); Ex. T. |
| 33. Relevant does not directly own 6516 Tommie Hotel, LLC and was not identified as the developer of the Tommie Hotel Project. | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs and disputed as misleading as Relevant has an equity stake in Tommie Hotel LLC and is financially responsible for covering losses associated with the Tommie Hotel Project. Further disputed that Relevant was not identified as the developer.<br><br>Plaintiffs' Evidence:<br>*See* ECF No. 141, Plaintiffs' Response to Defendants' "UF" 6; ECF No.137 at 24 (SGI84-86).<br><br>Defendants' Evidence:<br>Thakor Decl., Ex. F; Ex. C, at 033, 039 (tr. 130:13-21.); Ex. U. |

| Defendants' Uncontroverted Fact | Plaintiffs' Response and Evidence |
|---|---|
| 34. Relevant does not directly own 6421 Selma Hotel, LLC. | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs and disputed as misleading. Further disputed that Relevant was not identified as the developer.<br><br>Plaintiffs' Evidence:<br>*See* ECF No. 141, Plaintiffs' Response to Defendants' "UF" 7; ECF No. 137 at 24 (SGI84-86).<br><br>Defendants' Evidence:<br>Thakor Decl., Ex. F, Ex. C, 039 (tr.162:17-22.). |
| 35. From 2015 to 2018, Plaintiffs repeatedly reached out to Sunset to convince Sunset to drop its opposition to the Thompson and Tommie Hotel. | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs and disputed as misleading to the extent it mischaracterizes Plaintiffs' resolution efforts as a reflection of the merits of Defendants' opposition to the Thompson and Tommie Hotels.<br><br>Plaintiffs object to statements within Exs. H, I, O, P, R under Fed. R. Evid. 801. *See* Plaintiffs' Evidentiary Objections (filed concurrently herewith).<br><br>Plaintiffs' Evidence:<br>*See* ECF No. 141, Plaintiffs' Response to Defendants' "UF" 74; ECF No. 137 at 4-6; SGI105.<br><br>Defendants' Evidence:<br>Thakor Decl., Exs. N, O, P, R, H, I. |

| Defendants' Uncontroverted Fact | Plaintiffs' Response and Evidence |
|---|---|
| 36. The Thompson lawsuit was litigated for 18 months, during which the parties discovered that the City impermissibly analyzed and disclosed an out-of-date version of the hotel which did not include significant structural alterations. | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs and disputed to the extent any inference of merit or success flows therefrom. Undisputed that the Thompson lawsuit was litigated for 18 months. Disputed as to the contention that the City "impermissibly analyzed and disclosed an out-of-date version," as the City did indeed analyze and disclose the final plans for the Thompson Hotel.<br><br>Plaintiffs' Evidence:<br>*See* ECF No. 141, Plaintiffs' Response to Defendants' "UF" 68.<br><br>Defendants' Evidence:<br>Thakor Decl., Ex. Z. |
| 37. The City brought a motion to augment the administrative record, which was to be heard the day before trial in the Thompson lawsuit was set to begin. | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs and disputed to the extent any inference of merit or success flows therefrom. Otherwise undisputed.<br><br>Plaintiffs' Evidence:<br>*See* ECF No. 141, Plaintiffs' Response to Defendants' "UF" 69.<br><br>Defendants' Evidence:<br>Thakor Decl., Ex. Z. |

| Defendants' Uncontroverted Fact | Plaintiffs' Response and Evidence |
|---|---|
| 38. The day before trial, on August 24, 2017, the trial court issued a tentative ruling denying the motion, stating the motion was "intertwined with fair notice," had "significance on the parties' arguments on the merits," and that the "City's failure to tell the public about the design changes...prejudiced [Sunset's] rights under CEQA." | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs, and disputed to the extent any inference of merit or success flows therefrom.<br><br>Plaintiffs' Evidence:<br>See ECF No. 141, Plaintiffs' Response to Defendants' "UF" 27; Thakor Decl., Ex. Z.<br><br>Defendants' Evidence:<br>Thakor Decl., Ex. Z. |
| 39. On August 25, 2017, the parties gave notice that a settlement had been reached, and vacated the hearing on the petition for writ of mandate. Counsel for Plaintiff represented to Court he was "pleased" that the parties reached a settlement agreement. | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs, and disputed to the extent any inference of merit or success flows therefrom. Otherwise undisputed.<br><br>Plaintiffs object to Ex. AA under Fed. R. Evid. 106, 403, 602, 1002. See Plaintiffs' Evidentiary Objections (filed concurrently herewith).<br><br>Defendants' Evidence:<br>Thakor Decl., Ex. AA, at 226 (tr. 2:5-15). |
| 40. Plaintiffs' counsel informed the Court that the settlement required both design changes and "of course, a monetary component." Neither Plaintiffs' counsel, the City's counsel, nor the Court made any remarks indicating that such a settlement was improper. | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs, and disputed to the extent Defendants seek any inference of merit or success flows therefrom. Otherwise undisputed.<br><br>Plaintiffs object to Ex. AA under Fed. R. Evid. 106, 403, 602, 1002. See also Plaintiffs' Evidentiary Objections (filed concurrently herewith).<br><br>Defendants' Evidence:<br>Thakor Decl., Ex. AA, at 227-228 (tr.3-4) |

| **Defendants' Uncontroverted Fact** | **Plaintiffs' Response and Evidence** |
|---|---|
| 41. The terms of the settlement agreements were negotiated from August 24, 2017 to January 8, 2018 with both parties exchanging redlines and playing a role in the drafting. | Undisputed.<br><br>Plaintiffs object statements within Exs, I, J, K, and Y under Fed. R. Evid. 801. *See* Plaintiffs' Evidentiary Objections (filed concurrently herewith).<br><br><u>Defendants' Evidence:</u><br>Thakor Decl., Ex. I-K; Ex. Y. |
| 42. During negotiations, Sunset requested a liquidated damages clause in the settlement agreement to enforce the hotel covenants in the settlement agreements. | Undisputed.<br><br>Plaintiffs object to statements within Ex. K under Fed. R. Evid. 801. *See* Plaintiffs' Evidentiary Objections (filed concurrently herewith).<br><br><u>Defendants' Evidence:</u><br>Thakor Decl., Ex. K, 096. |
| 43. Plaintiffs were represented by counsel during the negotiations of the settlement agreements. | Undisputed. |
| 44. Plaintiffs' counsel stated the liquidated damages clause would not work with their partners, and represented to Sunset that the agreements could be enforced in Court. | Undisputed except to the extent it mischaracterizes the full context of Plaintiffs' counsel's correspondence with Jayesh Patel, which states that "There is simply no way this project will proceed with a liquidated damages provision" and later adds that "we cannot seem to get around . . . the liquidated damage issue" and that "we agree with you that its enforceability is questionable."<br><br>Plaintiffs object to statements within Ex. K under Fed. R. Evid. 801. *See* Plaintiffs' Evidentiary Objections (filed concurrently herewith).<br><br><u>Plaintiffs' Evidence:</u><br>Thakor Decl., Ex. K, 092, 096.<br><br><u>Defendants' Evidence:</u><br>Thakor Decl., Ex. K, 096. |

| **Defendants' Uncontroverted Fact** | **Plaintiffs' Response and Evidence** |
|---|---|
| 45. Both agreements also contained representations that they were signed under the advice of counsel and not the product of any duress. | Undisputed that the settlement agreements contained provisions stating that "The Parties acknowledge, warrant, and represent that they have retained and consulted their own attorneys in executing this Agreement." <br><br> However, this statement is not material to whether the releases are unenforceable under theories put forth by Plaintiffs. <br><br> Disputed as to the remainder of the paragraph which states a legal conclusion, not a fact, and does not affect the merits of the inquiries on this Motion or any others. <br><br> Plaintiffs' Evidence: <br> Talpas Decl. Ex. 9-10. <br><br> Defendants' Evidence: <br> Talpas Decl., Ex. 9-10. |
| 46. Plaintiffs' 30(b)(6) witness, Richard Heyman, initially admitted the agreements were not signed under duress. | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs. <br><br> Disputed as misleading and incomplete citations to the transcript. <br><br> Plaintiffs object to Ex. G under Fed. R. Evid. 702. *See* Plaintiffs' Evidentiary Objections (filed concurrently herewith). <br><br> Defendants' Evidence: <br> Thakor Decl., Ex. G, at 066-068 (tr. 316:10-318:21). |

| **Defendants' Uncontroverted Fact** | **Plaintiffs' Response and Evidence** |
|---|---|
| 47. Sunset also granted Tommie a temporary easement and a tieback agreement. | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs. Also disputed as to the relevance of the agreement, as Tommie did not actually use the easement or tie-back agreement.<br><br>Plaintiffs object to Ex. V in isolation under Fed. R. Evid. 106. *See* Plaintiffs' Evidentiary Objections (filed concurrently herewith).<br><br>Plaintiffs' Evidence:<br><br>Declaration of Conor Tucker in Support of Plaintiffs' Evidentiary Objections, Response to Defendants' Joint Statement of Additional Facts, and Reply Brief ("Tucker Decl.") Exhibit 15 (Ferrell tr. 179:10-15; 180:12-23; 181:6-15; 181:25-182:10); Tucker Decl. Exhibit 16 (Heyman tr. 245:15-246:10).<br><br>Defendants' Evidence:<br>Thakor Decl., Ex. V. |

| Defendants' Uncontroverted Fact | Plaintiffs' Response and Evidence |
|---|---|
| 48. Tommie admits it requested a temporary easement to "assist with the construction of the Tommie Hotel." | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs. Also disputed as to the relevance of the agreement, as Tommie did not actually use the easement or tie-back agreement.<br><br>Plaintiffs object to Ex. W in isolation under Fed. R. Evid. 106, 403. *See* Plaintiffs' Evidentiary Objections (filed concurrently herewith).<br><br><u>Plaintiffs' Evidence:</u><br><br>Tucker Decl. Exhibit 15 (Ferrell tr. 179:10-15; 180:12-23; 181:6-15; 181:25-182:10); Tucker Decl. Exhibit 16 (Heyman tr. 245:15-246:10).<br><br><u>Defendants' Evidence:</u><br>Thakor Decl., Ex. W, 0185. |
| 49. After Sunset settled with Tommie, the Los Angeles Superior Court found that the City of Los Angeles' approval of the Tommie Hotel violated CEQA and issued an injunction against the Tommie Hotel. | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs. Disputed to the extent the statement mischaracterizes the outcome of the case and to extent Defendants seek any inference of merit or success flows therefrom.<br><br><u>Plaintiffs' Evidence:</u><br>*See* ECF No. 137-3, Declaration of Tina Thomas Ex. A.<br><br><u>Defendants' Evidence:</u><br>Thakor Decl., Ex. S. |

| Defendants' Uncontroverted Fact | Plaintiffs' Response and Evidence |
|---|---|
| 50. In the lawsuits concerning the Thompson, Tommie, and Selma projects, Plaintiffs were represented by the law firm Sheppard Mullin Richter Hampton LLP. | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs. Undisputed.<br><br>Defendants' Evidence:<br>Thakor Decl., Ex. BB, Ex. CC. |
| 51. In the Thompson Litigation, Plaintiffs were additionally represented by the law firm Jeffer Mangels Butler & Mitchell LLP. | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs. Undisputed.<br><br>Defendants' Evidence:<br>Thakor Decl., Ex. BB |
| 52. All instances of Saeed or Sunset allegedly directing N&A employees as part of the enterprise are found in Plaintiffs' Response to N&A Interrogatory No. 14. | Not material to whether the releases are unenforceable under theories put forth by Plaintiffs. Undisputed that Plaintiff's Response to N&A Interrogatory No. 14 contain numerous examples of Saeed Nourmand, and other members of the enterprise, directing N&A employees. Disputed to the extent Plaintiffs' mischaracterizes the interrogatory request (and its attendant response) where the requests asks to "describe all occasions that N&A offered its own employees to perform" functions for Sunset or Saeed Nourmand "as alleged in paragraph 52 of the TAC, other than sharing an administrative assistant."<br><br>Plaintiffs' Evidence:<br>Thakor Decl. Ex. X at 201.<br><br>Defendants' Evidence:<br>Thakor Decl., Ex. X. |

| Defendants' Uncontroverted Fact | Plaintiffs' Response and Evidence |
|---|---|
| 53. In the mutual releases, Plaintiffs released, in pertinent part, "Sunset and its....agents, employees... affiliates... from any and all claims, demands, liens, actions, suits, causes of action,... costs, attorneys' fees, expenses, damages, judgments, orders...and liabilities of every kind or nature, in law, equity or otherwise, whether now known or unknown, suspected or unsuspected, and whether concealed or hidden, relating to, arising out of, or in any way stemming from" the Thompson and Tommie lawsuits." | Undisputed as to the quotation from the releases.  But those releases are unenforceable (by any Defendant) in this action.<br><br>Defendants' Evidence:<br>Talpas Ex. 9-10. |

| | |
|---|---|
| | Respectfully submitted, |
| Dated:  May 27, 2022 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| | By: */s/ Susan K. Leader*<br>Susan K. Leader |
| | Attorneys for Plaintiffs<br>Relevant Group, LLC, 1541 Wilcox Hotel LLC, 6516 Tommie Hotel LLC and 6421 Selma Wilcox Hotel LLC |