**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
SUSAN K. LEADER, State Bar No. 216743
sleader@wsgr.com
ALI R. RABBANI, State Bar No. 253730
arabbani@wsgr.com
CONOR TUCKER, State Bar No. 318075
ctucker@wsgr.com
633 West Fifth Avenue, Suite 1550
Los Angeles, California 90071-2027
Telephone: (323) 210-2900
Facsimile: (323) 974-7329

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
DALE R. BISH, State Bar No. 235390
dbish@wsgr.com
CHARLES A. TALPAS, State Bar No. 308505
ctalpas@wsgr.com
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Plaintiffs Relevant Group, LLC; 1541 Wilcox Hotel LLC; 6516 Tommie Hotel LLC; and 6421 Selma Wilcox Hotel LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC, a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-05019-ODW-KS<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF EVIDENTIARY OBJECTIONS TO DEFENDANTS' JOINT STATEMENT OF UNCONTROVERTED FACTS AND JOINT STATEMENT OF ADDITIONAL UNCONTESTED FACTS IN SUPPORT OF DEFENDANTS' OPPOSITIONS TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: June 13, 2022<br>Time: 1:30 p.m.<br>Dept: Courtroom 5D, Fifth Floor<br>Before: Hon. Otis D. Wright II |

Pursuant to the Court's Scheduling and Case Management Order, Plaintiffs respectfully submit the following memorandum in support of their evidentiary objections to Defendants' Joint Statement of Material Facts (ECF No. 143) ("JSMF") and Defendants' Joint Statement of Additional Facts (ECF No. 144) ("JSAF"). In the following, all citations to Exhibits refer to those attached to the Declaration of Neil Thakor (ECF No. 142).

JSMF Paragraph 5: Plaintiffs object on the grounds that the deposition testimony cited (Ex. E (tr. 105:22-106:19)) is incomplete, and therefore misleading. Fed. R. Evid. 403, 106. Mr. Silverstein provided that testimony on his own after break without a question pending, and Defendants' counsel blocked follow-up questions on the basis of privilege. *See* Ex. E (tr. 106:21-107:6). To the extent Defendants are using privilege as both a sword and a shield, the evidence should be excluded. Fed. R. Evid. 501, 502, 403.

JSMF Paragraph 11: Plaintiffs object on the grounds that the deposition testimony cited (Ex. E (tr. 105:22-106:19)) is incomplete, and therefore misleading. Fed. R. Evid. 403, 106. Mr. Silverstein provided that testimony on his own after break without a question pending, and Defendants' counsel blocked follow-up questions on the basis of privilege. *See* Ex. E (tr. 106:21-107:6). To the extent Defendants are using privilege as both a sword and a shield, the evidence should be excluded. Fed. R. Evid. 501, 502, 403.

JSMF Paragraph 14: Plaintiffs object to the deposition testimony cited (Ex. B (tr. 124:5-125:13)) to the extent Mr. Patel's statements are introduced for the truth of the matter asserted. Fed. R. Evid. 801.

Plaintiffs also object on the grounds that the deposition testimony cited (Ex. E (tr. 95:21-96:18)) demonstrates that the deponent does not remember and thus does not have personal knowledge sufficient to allow him to testify as to the facts Defendants assert. Fed. R. Evid. 602. It therefore does not contradict the undisputed fact. Further, given the admitted lack of knowledge, Plaintiffs further

1  object that such testimony is misleading and on that basis unduly prejudicial. Fed.
2  R. Evid. 403.
3     Plaintiffs further object to the evidence cited (Ex. P) to the extent Mr.
4  Saeed's statements are introduced for the truth of the matter asserted. Fed. R. Evid.
5  801.
6     JSMF Paragraph 15: Plaintiffs object on the grounds that the deposition
7  testimony cited (Ex. E (tr. 95:21-96:18)) demonstrates that the deponent does not
8  remember and thus does not have personal knowledge sufficient to allow him to
9  testify as to the facts Defendants assert. Fed. R. Evid. 602. It therefore does not
10 contradict the undisputed fact. Further, given the admitted lack of knowledge,
11 Plaintiffs further object that such testimony is misleading and on that basis unduly
12 prejudicial. Fed. R. Evid. 403
13    JSMF Paragraph 16: Plaintiffs object on the grounds that the deposition
14 testimony cited (Ex. D (tr. 49:23-53:3)) is incomplete and equivocal, and therefore
15 misleading, as it does not establish the fact Defendants seek to assert. Fed. R. Evid.
16 403, 106.
17    Plaintiffs also object to the evidence cited (Ex. P) to the extent Mr. Saeed's
18 statements are introduced for the truth of the matter asserted. Fed. R. Evid. 801.
19    JSMF Paragraph 17: Plaintiffs object on the grounds that the deposition
20 testimony cited (Ex. D (tr. 49:23-53:3)) is incomplete and equivocal, and therefore
21 misleading, as it does not establish the fact Defendants seek to assert. Fed. R. Evid.
22 403, 106.
23    JSMF Paragraph 18: Plaintiffs object on the grounds that the statements of
24 Mr. Patel in the emails cited (Exs. I, J) are hearsay when introduced for the truth of
25 the matter asserted. Fed. R. Evid. 801.
26    JSMF Paragraph 26: Plaintiffs object on the grounds that the deposition
27 testimony cited (Ex. E (tr. 105:22-106:19)) is incomplete, and therefore
28 misleading. Fed. R. Evid. 403, 106. Mr. Silverstein provided that testimony on his

own after break without a question pending, and Defendants' counsel blocked follow-up questions on the basis of privilege. *See* Ex. E (tr. 106:21-107:6). To the extent Defendants are using privilege as both a sword and a shield, the evidence should be excluded. Fed. R. Evid. 501, 502, 403.

<u>JSAF Paragraph 35</u>: Plaintiffs object on the grounds that Exhibit O is not properly authenticated in the portions of Mr. King's deposition submitted by Defendants and the statements of Scott Campbell in the email are hearsay when introduced for the truth of the matter asserted. Fed. R. Evid. 801.

Plaintiffs also object on the grounds that Exhibit R is not properly authenticated as Mr. Iravani's deposition was not submitted and the statements of Mr. Tronson in the email are hearsay when introduced for the truth of the matter asserted. Fed. R. Evid. 801.

Plaintiffs further object on the grounds that the statements of Mr. Patel in Exhibits H and I are hearsay when introduced for the truth of the matter asserted. Fed. R. Evid. 801.

Plaintiffs further object on the grounds that the statements of Mr. Saeed Nourmand in Exhibit P are hearsay when introduced for the truth of the matter asserted. Fed. R. Evid. 801.

<u>JSAF Paragraph 39</u>: Plaintiffs object to the evidence cited (Ex. AA). To the extent that the Defendants seek an inference that Mr. Friedman was "pleased" by anything other than the fact of settlement, this statement is misleading and unduly prejudicial as Mr. Friedman acknowledges he was not involved in negotiations regarding, and did not have sufficient knowledge of the content of, the settlement agreements. Fed. R. Evid. 602, 1002, 403. For the same reason the statement is incomplete. Fed. R. Evid. 106. To the extent Defendants seek to draw an inference that the terms of the settlement agreement were disclosed or passed on by the Superior Court, that inference is incorrect and misleading and therefore unduly prejudicial. Fed. R. Evid. 403.

  JSAF Paragraph 40: Plaintiffs incorporate by reference their objections to Ex. AA from Paragraph 39.

  JSAF Paragraph 41: Plaintiffs object on the grounds that the statements of Mr. Patel in the emails cited (Exs. I, J, K, and Y) are hearsay when introduced for the truth of the matter asserted. Fed. R. Evid. 801.

  JSAF Paragraph 42: Plaintiffs object on the grounds that the statements of Mr. Patel in the email cited (Ex. K) are hearsay when introduced for the truth of the matter asserted. Fed. R. Evid. 801.

  JSAF Paragraph 44: Plaintiffs object on the grounds that the statements of Mr. Patel in the email cited (Ex. K) are hearsay when introduced for the truth of the matter asserted. Fed. R. Evid. 801.

  JSAF Paragraph 46: Plaintiffs object on the grounds that Mr. Hayman is not a lawyer and Exhibit G (tr. 316:10-318:21) (and its attendant statement of additional material fact) improperly calls for a legal conclusion requiring specialized expert knowledge not possessed by the witness. Fed. R. Evid. 702.

  JSAF Paragraph 47: Defendants' reference to the tie-back agreement in Ex. V as incomplete. Fed. R. Evid. 106. In fairness, the following testimony ought to be considered at the same time as reference to the tie-back agreement in Ex. V, which establishes that the tie-back agreement was not used by Tommie: Declaration of Conor Tucker in Support of Plaintiffs' Evidentiary Objections, Response to Defendants' Joint Statement of Additional Facts, and Reply Brief ("Tucker Decl.") Exhibit 15 (Ferrell tr. 179:10-15; 180:12-23; 181:6-15; 181:25-182:10); Tucker Decl. Exhibit 16 (Heyman tr. 245:15-246:10). Fed. R. Evid. 106.

  JSAF Paragraph 48: Plaintiffs object on the grounds that while Ex. W correctly states that Tommie requested a tie-back agreement to "assist with the construction of the Tommie Hotel," the statement is incomplete, Fed. R. Evid. 106, because discovery showed that the Tommie hotel did not use the tie-back agreement or easement, and therefore is misleading under Fed. R. Evid. 403.

1  Because the statement is incomplete, in fairness the following testimony ought to
2  be considered at the same time, which establishes that the tie-back agreement was
3  not used by Tommie: Tucker Decl. Exhibit 15 (Ferrell tr. 179:10-15; 180:12-23;
4  181:6-15; 181:25-182:10); Tucker Decl. Exhibit 16 (Heyman tr. 245:15-246:10).
5  Fed. R. Evid. 106.

Dated:  May 27, 2022

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Susan K. Leader
Susan K. Leader

Attorneys for Plaintiffs
Relevant Group, LLC, 1541 Wilcox Hotel LLC, 6516 Tommie Hotel LLC and 6421 Selma Wilcox Hotel LLC