1  **WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
2  SUSAN K. LEADER, State Bar No. 216743
sleader@wsgr.com
3  ALI R. RABBANI, State Bar No. 253730
arabbani@wsgr.com
4  CONOR TUCKER, State Bar No. 318075
ctucker@wsgr.com
5  633 West Fifth Avenue, Suite 1550
Los Angeles, California 90071-2027
6  Telephone:   (323) 210-2900
Facsimile:   (323) 974-7329
7
**WILSON SONSINI GOODRICH & ROSATI**
8  **Professional Corporation**
DALE R. BISH, State Bar No. 235390
9  dbish@wsgr.com
CHARLES A. TALPAS, State Bar No. 308505
10  ctalpas@wsgr.com
650 Page Mill Road
11  Palo Alto, California 94304-1050
Telephone:   (650) 493-9300
12  Facsimile:   (650) 565-5100

13  Attorneys for Plaintiffs Relevant Group,
LLC; 1541 Wilcox Hotel LLC; 6516
14  Tommie Hotel LLC; and 6421 Selma
Wilcox Hotel LLC
15
UNITED STATES DISTRICT COURT
16
CENTRAL DISTRICT OF CALIFORNIA
17

| | |
|---|---|
| 18  RELEVANT GROUP LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC, a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company, | Case No.: 2:19-cv-05019-ODW-KS **PLAINTIFFS' RESPONSES TO DEFENDANTS' JOINT EVIDENTIARY OBJECTIONS IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

18  RELEVANT GROUP LLC, a Delaware
limited liability company; 6516
19  TOMMIE HOTEL LLC, a Delaware
limited liability company; and 6421
20  SELMA WILCOX HOTEL LLC, a
California limited liability company,

21        Plaintiffs,

22        v.

23  STEPHAN "SAEED" NOURMAND,
an individual; THE SUNSET
24  LANDMARK INVESTMENT LLC, a
California limited liability company;
25  NOURMAND & ASSOCIATES, a
California corporation; and DOES 1-10,
26  inclusive,

27        Defendants.

28

Case No.: 2:19-cv-05019-ODW-KS

**PLAINTIFFS' RESPONSES TO DEFENDANTS' JOINT EVIDENTIARY OBJECTIONS IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Date:        June 13, 2022
Time:        1:30pm
Dept:        Courtroom 5D, Fifth Floor

Before:      Hon. Otis D. Wright II

Plaintiffs Relevant Group, LLC ("Relevant"), 1541 Wilcox Hotel, LLC ("Wilcox"), 6516 Tommie Hotel, LLC ("Tommie"), and 6421 Selma Wilcox Hotel LLC ("Selma") (collectively, "Plaintiffs"), hereby submit the following responses to the Joint Evidentiary Objections submitted by Defendants Stephan "Saeed" Nourmand, The Sunset Landmark Investment, LLC ("Sunset"), and Nourmand & Associates ("N&A") (collectively, "Defendants") in Opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF No. 143-1) ("Objections"), which are submitted in the same format as Defendants' Objections.

| Plaintiffs' Evidence | Defendants' Objection | Plaintiffs' Response |
|---|---|---|
| Plaintiffs' Separate Statement of Uncontroverted Facts ("SUF"), No. 11: Talpas Declaration, Ex. 5, p. 151-152, tr. 96:23-7:24 | Defendants object on the grounds that the question in the deposition was vague and ambiguous as to what constituted "being included in the prayer." Fed. R. Evid. 611.<br><br>In addition, Defendants' object on the grounds that the deposition testimony cited is incomplete and therefore misleading. Fed. R. Evid. 403, 106.<br><br>Mr. Silverstein clarified in the deposition that there were multiple ways to interpret the question of whether something was "included in the prayer for relief," and that while certain terms were not | The objection pursuant to Fed. R. Evid. 611 is baseless. Fed. R. Evid. 611 deals with the mode and order of examining witnesses. The exhibit is neither impermissible cross examination nor impermissibly leading.<br><br>Likewise, Defendants' objections pursuant to Fed. R. Evid. 403 and 106 miss the mark, as they were able in opposition to submit further |

| Plaintiffs' Evidence | Defendants' Objection | Plaintiffs' Response |
|---|---|---|
| | literally listed in the prayer (i.e. the preparation of an EIR), those terms were subsumed by the overall request to set aside the approvals for the hotel. See Thakor Decl., Ex. E. | testimony or context. Defendants have pointed to no other reason why this is unduly prejudicial. |
| SUF, No. 14: Talpas Declaration, Ex. 7, tr. 62:6-15. | Defendants' object on the grounds that characterization of "blood money" are being offered for the truth of the matter asserted. Fed. R. Evid. 801. To the extent the statement is being offered only for the effect on the listener, it is overly prejudicial under Fed. R. Evid. 403.<br><br>Defendants further object on the Grounds that the use of Plaintiffs' counsel's characterization of "blood money" is overly prejudicial given Plaintiffs have asserted the attorney-client privilege and work product over Communications relating to this conversation as well as Mr. Hink's mental impressions. Fed. R. Evid. 403.. | The declarant is testifying under oath at a deposition in this proceeding, and this statement is not hearsay. Fed. R. Evid. 801(c). Nor is the communication between Plaintiffs' lawyer and Defendants' lawyer "privileged."<br><br>The standard under Fed. R. Evid. 403 is "unfair prejudice," not whether a statement is "overly prejudicial." Defendants have not explained what is unfair about offering this true statement. |
| SUF, No. 17: Talpas Declaration., Ex. 7, tr. 85:9-17. | Defendants' object on the grounds that the statement "given the fact that you couldn't achieve any of these things in the CEQA | The declarant is testifying under oath at a deposition in this proceeding, and this statement |

| Plaintiffs' Evidence | Defendants' Objection | Plaintiffs' Response |
|---|---|---|
| | lawsuit and that the best you could do in a CEQA lawsuit is an EIR" is being offered for the truth of the matter asserted. Fed. R. Evid. 801. To the extent the statement is being offered only for the effect on the listener, it is overly prejudicial under Fed. R. Evid. 403.<br><br>Defendants further object on the grounds that the use of Plaintiffs' counsel's impressions of what is recoverable under CEQA is overly prejudicial given Plaintiffs have asserted the attorney-client privilege and work product over communications relating to this conversation as well as Mr. Hink's mental impressions. Fed. R. Evid. 403. | is not hearsay. Fed. R. Evid. 801(c). A communication between Plaintiffs' lawyer and Defendants' lawyer is not "privileged." Nor are the remedies available under CEQA.<br><br>The standard under Fed. R. Evid. 403 is "unfair prejudice," not whether a statement is "overly prejudicial." Defendants have not explained what is unfair about offering this true statement. |
| Talpas Declaration, Ex. 12, Expert Report of Tina Thompson. | Defendants object on the grounds that the entirety of the document is irrelevant, as it is not cited in support of any proffered undisputed fact. Fed. R. Evid. 401-402.<br><br>Defendants further object on the grounds the Declaration is not properly authenticated and was not prepared under penalty of perjury, and therefore | Ms. Thomas will testify at trial, and thus Defendants have failed to demonstrate that her opinions "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. Proc. 56(c). This resolves |

-3-

| Plaintiffs' Evidence | Defendants' Objection | Plaintiffs' Response |
|---|---|---|
| | constitutes inadmissible hearsay. Fed. R. Evid. 801-803, 901. Because it is irrelevant and not properly authenticated, the document has no probative value and is unduly prejudicial. Fed. R. Evid. 403. | Defendants relevance, prejudice, and authenticity objections. |
| | Finally, Ms. Thompson's report was authored and first disclosed on the same day it was filed in connection with the Motion for Summary Judgment, on the same day. As a result, any reliance on the expert report without providing Defendants' an opportunity to examine Ms. Thompson would be prejudicial. Fed. R. Evid. 403; Fed. R. Civ. Proc. Rule 26 | Ms. Thomas's report was disclosed on the date agreed upon by the parties and was available for deposition prior to the date Defendants' opposition was due, but Defendants did not seek a deposition. Objections that Defendants had no "opportunity to examine" her have no weight. |

Respectfully submitted,

Dated:  May 27, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: */s/ Susan K. Leader*
Susan K. Leader

Attorneys for Plaintiffs
Relevant Group, LLC, 1541 Wilcox Hotel
LLC, 6516 Tommie Hotel LLC and 6421
Selma Wilcox Hotel LLC