| | |
|---|---|
| 1 | **NORTON ROSE FULBRIGHT US LLP** |
| 2 | JAMES H. TURKEN (BAR NO. 89618)<br>CHRISTOPHER K. PELHAM (BAR NO. 241068) |
| 3 | NEIL P. THAKOR (BAR NO. 308743)<br>555 South Flower Street |
| 4 | Forty-First Floor<br>Los Angeles, CA 90071 |
| 5 | Telephone:   (213) 892-9200<br>Facsimile:    (213) 892-9494 |
| 6 | james.turken@nortonrosefulbright.com<br>neil.thakor@nortonrosefulbright.com |
| 7 | christopher.pelham@nortonrosefulbright.com |
| 8 | Attorneys for Defendants,<br>STEPHAN "SAEED" NOURMAND, |
| 9 | and THE SUNSET LANDMARK<br>INVESTMENT LLC |

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC, a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10,<br><br>Defendants. | Case No. 2:19-cv-05019-ODW-KSx<br>*[Assigned to the Hon. Otis D. Wright II]*<br><br>**S-DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' RESPONSE TO S-DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS**<br><br>*[Reply in Support of S Defendants' Motion for Summary Judgment; and Declaration of Neil P. Thakor Filed Concurrently Herewith]*<br><br>**Date:  June 13, 2022**<br>**Time: 1:30 p.m.**<br>**Place: Courtroom 5D**<br><br>Complaint Filed: June 10, 2019<br>TAC Filed:  September 21, 2021<br>Trial Date:  August 2, 2022 |

108466415.1

Pursuant to Local Rule 56-1, Defendants Stephan "Saeed" Nourmand and The Sunset Landmark Investment LLC ("S-Defendants"), hereby submit the following Evidentiary Objections in to Plaintiffs' Response to S-Defendants' Statement of Uncontroverted Facts ("RSUF").

| Objections to Plaintiffs' Response to S-Defendants' Statement of Uncontroverted Facts | |
|---|---|
| Evid. Obj to RSUF No. 86 (Shayne Decl., 5) | Paragraph 5 of Andrew Shaynes declaration in which he testifies to the contents of purported loan documents violates the best evidence rule and lacks foundation.  Fed. R. Evid. 1002; Fed. R. Evid. 602.  There is no foundation that Mr. Shayne is familiar with the unidentified loan agreements discussed in paragraph 5, and to the extent Mr. Shayne has reviewed the document, it violates the best evidence rule since the document is available to Plaintiffs but not being offered as evidence (or produced in discovery). |
| Evid. Obj to RSUF No. 92 Kaufman Decl. Ex. 30 at 292-93 (tr. 25:1-26:9). | The testimony of Mohamed Iravani, on its face, makes clear that he lacks foundation for any knowledge relating to the ownership interests of Saeed Nourmand. Fed. R. Evid. 602. |
| Evid. Obj. to RSUF No. 97 (Thomas Decl. Ex. A at 13-15, 36-38) | S-Defendants object to the statement that Sunset "filed more than 15 legal |

| | |
|---|---|
| | challenges using the City's administrative process" as an improper legal conclusion and overly prejudicial. S-Defendants further object, as set forth below more specifically, to reliance on the Thomas Decl. for purposes of any issue raised in this Motion as irrelevant, vague and misleading. |
| Evid. Obj. to RSUF No. 109 | Defendants object on the grounds that the use of Matt Hink's characterization of "blood money" is overly prejudicial given Plaintiffs have asserted the attorney-client privilege and work product over communications relating to this conversation as well as Mr. Hink's mental impressions.  Fed. R. Evid. 403; Fed R. Evid. 502. see generally, Suppl. Thakor Decl., Ex. JJ. |

| **S-Defendants Objections To Declaration of Tina Thomas** | |
|---|---|
| Evid. Obj. to RSUF Nos. 20, 53, 97, 120. General objections to the Thomas ECF No. 137-3; | S-Defendants object to the report and declaration of Tina Thompas generally for several reasons. First, it is an improper opinion her failure to address the following items of law and evidence: a) the standard for instances |

| | |
|---|---|
| 1 | of error expressed in *Filippo Industries, Inc. v. Sun Ins. Co* 74 Cal.App.4th 1429, 1441 (1999); b) that mandatory requirements of courts expressed in *Farmland Protection Alliance v. County of Yolo*, 71 Cal.App.5th 300, 305 (2021); and c) the admonition to pursue all available legal avenues and theories expressed in *Sokolow v. County of San Mateo*, 213 Cal.App.3d 231, 250 (1989). Fed. R. Evid. 702(b)-(d). |
| | S-Defendants further to the report as containing improper legal conclusions Similarly S-Defendants further object that the ultimate opinion provided by Declarant as to "intent" falls outside of any designation for which Declaration was identified as an expert, attempts to speak to an ultimate issue in the case and is inadmissible opinion testimony. Fed. R. Evid. 704. |
| | All of Thomas' opinions regarding S-Defendants' state of mind lacks foundation, inadmissible speculation, and therefore improper expert opinion |

|     |
| --- |
| not formed on any reliable principle or method. Fed. R. Evid. 701, 702, 601.<br><br>Finally, Thomas' expert report was only just disclosed to S-Defendants and it has not had an opportunity to depose Ms. Thomas. As a result, the consideration of this report would be unduly prejudicial under Fed. R. Evid. 403; see also, FRCP 26. |

Dated: May 27, 2022

**NORTON ROSE FULBRIGHT US LLP**

By */s/ Christopher K. Pelham*
    CHRISTOPHER K. PELHAM
    Attorneys for Defendants
    THE SUNSET LANDMARK
    INVESTMENT, LLC, and STEPHEN
    "SAEED" NOURMAND

107204278.1