**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
SUSAN K. LEADER, State Bar No. 216743
sleader@wsgr.com
ALI R. RABBANI, State Bar No. 253730
arabbani@wsgr.com
STEPHANIE V. BALITZER, State Bar No. 316133
sbalitzer@wsgr.com
633 West Fifth Avenue, Suite 1550
Los Angeles, CA 90071-2027
Telephone:  (323) 210-2900
Facsimile:   (866) 974.7329

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
DALE R. BISH, State Bar No. 235390
dbish@wsgr.com
CHARLES A. TALPAS, State Bar No. 308505
ctalpas@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Plaintiffs
Relevant Group, LLC, 1541 Wilcox Hotel
LLC, 6516 Tommie Hotel LLC, and 6421
Selma Wilcox Hotel LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC; a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company, | Case No.: 2:19-cv-05019-ODW(KSx) |
| | **JOINT WITNESS LIST** |
| Plaintiffs, | Date:        August 9, 2022 |
| | Time:        11:30 a.m. |
| v. | Dept:        Courtroom 5D, Fifth Floor |
| | Before:      Hon. Otis D. Wright, II |
| STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES; a California corporation; and DOES 1-10, | Trial Date:  August 30, 2022 |
| Defendants. | |

Pursuant to Rule 26(a)(3)(A)(i) and (ii) of the Federal Rules of Civil Procedure, Local Rule 16-5 of the United States District Court for the Central District of California, and this Court's Scheduling and Case Management Order, the Parties submit the following joint list of witnesses that they intend to call at trial, live or by deposition, other than those contemplated to be called for impeachment or rebuttal.

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross[2]** |
| Grant King | Testimony regarding Plaintiffs' business interests that were affected by Defendants' conduct, including the development projects in Hollywood and EB-5 funding; meetings and communications in which Defendants, Jayesh Patel ("Patel"), and/or Robert Silverstein ("Silverstein") communicated extortionate demands and threats; Plaintiffs' fear of threatened project delays, economic harm and reputational harm caused by the Nourmand Enterprise; the delays and increased costs and lost value suffered as a result of the Nourmand Enterprise's conduct; and Plaintiffs' decisions to enter the settlement agreements and the terms of the settlement agreements. | 2.00 | S Def.:   1.5 N&A:   0.75 |

---

[1] In addition to the following witnesses, Plaintiffs reserve the right to call any witness on Defendants' witness lists.

[2] For all of Plaintiffs' witnesses who are also identified on Defendants' witness lists, Defendants' estimated time for direct examination is separately stated on Defendants' witness lists.

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross[2]** |
| | This testimony is unique because Mr. King attended meetings between the parties where he was the sole representative of Plaintiffs in attendance. Mr. King also has unique knowledge regarding Plaintiffs' use of EB-5 funding and the threat of project delays to Plaintiffs' EB-5 investors and Plaintiffs' business. | | |
| Richard Heyman | Testimony regarding Plaintiffs' business interests that were affected by Defendants' conduct, including the development projects in Hollywood and EB-5 funding; meetings and communications in which Defendants, Patel, and/or Silverstein communicated extortionate demands and threats; Plaintiffs' fear of threatened project delays, economic harm and reputational harm caused by the Nourmand Enterprise; the delays and increased costs and lost value suffered as a result of the Nourmand Enterprise's conduct; and Plaintiffs' decisions to enter the settlement agreements and the terms of the settlement agreements. This testimony is unique because Mr. Heyman attended meetings between the parties where he was the | 1.50 | S      1.5 Def.: N&A:   0.75 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross[2]** |
| | sole representative of Plaintiffs in attendance. Mr. Heyman has unique knowledge regarding the history of negotiations with Defendants and their representatives regarding the development projects. Mr. Heyman also has unique knowledge regarding the evolution of the project design changes caused by Defendants' conduct. | | |
| Andrew Shayne | Testimony regarding the delays and increased costs and lost value suffered as a result of the Nourmand Enterprise's conduct; testimony regarding the corporate structure of Plaintiffs' business interests; Nourmand & Associates ("N&A")'s role in collecting money and enforcing the terms of the settlement agreements.<br><br>This testimony is unique because Mr. Shayne has the most information regarding the damages sustained by Plaintiffs as a result of Defendants' conduct, as well as the organizational structure and relationships among the entities that comprise Plaintiffs' business. | 1.50 | S     1.5<br>Def.:<br><br>N&A:   0.75 |
| Vincent Chen* | Testimony regarding Plaintiffs' relationship with EB-5 investors; pressures | 0.75 | S     0.75<br>Def.: |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross[2]** |
| | and concerns of EB-5 investors regarding delays to Plaintiffs' development projects in Hollywood.<br><br>As the agent for Plaintiffs' EB-5 investors, Mr. Chen has unique information regarding the pressures associated with project delays for EB-5 investors. | | N&A:   0.25 |
| Demien Farrell | Testimony regarding the project design changes caused by Defendants' conduct; the delays and increased costs and lost value suffered as a result of the Nourmand Enterprise's conduct.<br><br>This testimony is unique because Mr. Farrell has the most first-hand knowledge regarding the construction impacts caused by Defendants' conduct. | 0.75 | S Def.:   0.75<br><br>N&A:   0.25 |
| Scott Campbell | Mr. Campbell's attendance at meetings and/or communications with the parties regarding the subject matter of this lawsuit; Mr. Campbell's attendance at meetings regarding approval of the Thompson hotel project at the request of Defendants; the nature of the relationship between Mr. Campbell and the parties. | 0.50 | S Def.:   0.5<br><br>N&A:   0.5 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross[2]** |
| | This testimony is unique because Mr. Campbell was the sole participant in certain conversations with Saeed Nourmand. | | |
| Laurie Goldman* | Ms. Goldman's attendance at meetings and/or communications with the parties regarding the subject matter of this lawsuit. <br><br> Ms. Goldman led community outreach for Plaintiffs.  Accordingly, Ms. Goldman has unique information regarding the objections to Plaintiffs' development projects. | 0.50 | S Def.:     0.5 <br><br> N&A:   0.5 |
| Alfred Fraijo* | Testimony regarding the entitlement, environmental review, and/or City administrative processes for the development projects at issue, including Defendants' opposition to such projects; testimony regarding Plaintiffs' payment of attorneys' fees and costs in connection with the CEQA lawsuits. <br><br> Mr. Fraijo was the lead attorney during the entitlement process for Plaintiffs. | 1.00 | S Def.:     0.5 <br><br> N&A:   0.15 |
| Kira Conlon* | Testimony regarding the entitlement, environmental review, and/or City administrative processes for the development projects at issue, including | 1.00 | S Def.:     0.5 <br><br> N&A:   0.15 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross**[2] |
|  | Defendants' opposition to such projects; testimony regarding Plaintiffs' payment of attorneys' fees and costs in connection with the CEQA lawsuits.<br><br>Ms. Conlon was involved with the day-to-day legal work related to the entitlement process for Plaintiffs' projects and has unique information about the details of that process. |  |  |
| Art Friedman | Testimony regarding the entitlement, environmental review, and/or City administrative processes for the development projects at issue, including Defendants' opposition to such projects; testimony regarding the CEQA litigations generally; testimony regarding the settlement agreements; testimony regarding communications by Defendants or their attorneys related to the CEQA lawsuits; testimony regarding Plaintiffs' payment of attorneys' fees and costs in connection with the CEQA lawsuits.<br><br>This testimony is unique because, as lead counsel for Plaintiffs' during the CEQA lawsuits at issue, Mr. Friedman has unique information regarding the history of those lawsuits. | 1.00 | S     1.0<br>Def.:<br><br>N&A:   0.5 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross[2]** |
| Matt Hinks | Testimony regarding meetings and/or communications in which Defendants, Patel, and/or Silverstein communicated extortionate demands and threats; the entitlement, environmental review, and/or City administrative processes for the development projects at issue, including Defendants' opposition to such projects; testimony regarding the CEQA litigations generally; testimony regarding the settlement agreements; testimony regarding communications by Defendants or their attorneys related to the CEQA lawsuits; testimony regarding Plaintiffs' payment of attorneys' fees and costs in connection with the CEQA lawsuits.<br><br>This testimony is unique because Mr. Hinks was the sole participant in certain conversations with Defendants or their representatives regarding the development projects at issue. | 1.00 | S Def.:     1.0<br><br>N&A:     0.5 |
| Guy Maisnik | Testimony regarding meetings and/or communications in which Defendants, Patel, and/or Silverstein communicated extortionate demands and threats; the negotiation of | 1.00 | S Def.:     1.5<br><br>N&A:     0.75 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| Witness | Description | Est. Length of Direct | Est. Length of Cross[2] |
| | and terms of the settlement agreements, including communications with Defendants and/or Patel regarding the same.<br><br>This testimony is unique because Mr. Maisnik was the sole participant in certain conversations with Defendants or their representatives regarding the development projects at issue. Mr. Maisnik also has the most knowledge regarding the drafting and terms of the settlement agreements. | | |
| Oliver Netburn | Testimony regarding the City's review and approval of Plaintiffs' development projects in Hollywood, including the City's consideration and rejection of objections raised by Defendants regarding same.<br><br>As the Department of Planning hearing officer assigned to the Thompson project, Mr. Netburn has unique information regarding the entitlement process for the project. Mr. Netburn was also the sole participant in certain communications with Saeed Nourmand regarding the Thompson project. | 0.50 | S Def.:   0.5<br><br>N&A:   0.25 |
| May Sirinopwongsagon | Testimony regarding the City's review and approval of Plaintiffs' development | 0.50 | S Def.:   0.5 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross[2]** |
| | projects in Hollywood, including the City's consideration and rejection of objections raised by Defendants regarding same.<br><br>As the Department of Planning hearing officer assigned to the Tommie and Selma projects, Ms. Sirinopwongsagon has unique information regarding the entitlement process for those projects. | | N&A:   0.25 |
| Allen Shamooilian* | Testimony regarding Mr. Shamooilian's communications with Defendants related to the Thompson hotel project.<br><br>Mr. Shamooilian has unique information regarding communications with Saeed Nourmand about his opposition to the Thompson project. | 0.25 | |
| Saeed Nourmand | Testimony regarding Defendants' businesses and business interests, generally; testimony regarding Defendants' opposition to Plaintiffs' development projects, generally, including during the City administrative processes and litigation; testimony regarding Defendants' reasons for demanding $5.5 million and other design concessions from Plaintiffs; testimony regarding the settlement | 5.00 | S     2.5<br>Def.:<br><br>N&A:   1.0 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross[2]** |
| | agreements; testimony regarding meetings and communications in which extortionate threats or demands were communicated by Defendants, Patel and/or Silverstein; testimony concerning Defendants opposition or non-opposition to other development projects in Hollywood, including communications with the Harridge Development Group and/or its principals.<br><br>Mr. Nourmand has unique information concerning his subjective beliefs about Plaintiffs' development projects, his reasons for litigating against those projects, and his reasons for making demands to settle those lawsuits. Mr. Nourmand also has unique information about the interrelation between himself, Sunset Landmark and N&A.<br><br>Plaintiffs may present Mr. Patel's testimony both by deposition and in person. | | |
| Mohamad Iravani | Testimony regarding Defendants' businesses and business interests, generally; testimony regarding Saeed Nourmand's control over and direction of N&A staff and resources; testimony regarding meetings and communications in which | 1.75 | S       0.5<br>Def.:<br><br>N&A:   2.0 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| Witness | Description | Est. Length of Direct | Est. Length of Cross[2] |
| | extortionate threats or demands were communicated by Defendants, Patel and/or Silverstein; testimony regarding the settlement agreements and the enforcement thereof.<br><br>This testimony is unique because Mr. Iravani spearheaded attempts to enforce the settlement agreements and was a participant in important meetings with Saeed Nourmand and Plaintiffs.<br><br>Plaintiffs may present Mr. Iravani's testimony both by deposition and in person. | | |
| Michael Nourmand | Testimony regarding Defendants' businesses and business interests, generally; testimony regarding Saeed Nourmand's control over and direction of N&A staff and resources; testimony regarding the participation by N&A staff in objections to Plaintiffs' development projects in Hollywood; testimony regarding N&A's conduct during discovery in this litigation.<br><br>As the President of N&A, Mr. Nourmand has unique information about its participation in the Nourmand Enterprise. | 2.50 | S<br>Def.:   1.5<br><br>N&A:   1.0 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross[2]** |
| | Plaintiffs may present Mr. Nourmand's testimony both by deposition and in person. | | |
| Myra Nourmand* | Testimony regarding Defendants' businesses and business interests, generally; testimony regarding Saeed Nourmand's control over and direction of N&A staff and resources; testimony regarding the participation by N&A staff in objections to Plaintiffs' development projects in Hollywood.<br><br>Ms. Nourmand has unique information about the interrelationship between the Nourmand family and its family-run businesses. | 0.5 | S Def.: 0.25<br><br>N&A: 1.0 |
| Carolyn Rae Cole* | Testimony regarding Defendants' businesses and business interests, generally; testimony regarding Saeed Nourmand's control over and direction of N&A staff and resources; testimony regarding the participation by N&A staff in objections to Plaintiffs' development projects in Hollywood.<br><br>Ms. Cole was an agent with N&A who has unique information regarding N&A's participation in developing arguments against Plaintiffs' hotel projects. | 0.50 | S Def.: 0.25<br><br>N&A: 1.0 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| Witness | Description | Est. Length of Direct | Est. Length of Cross[2] |
| Rachelle DeCastro* | Testimony regarding Defendants' businesses and business interests, generally; testimony regarding Saeed Nourmand's control over and direction of N&A staff and resources; testimony regarding the participation by N&A staff in objections to Plaintiffs' development projects in Hollywood.<br><br>Ms. DeCastro was an employee of N&A who had frequent interactions with Saeed Nourmand and has unique knowledge regarding his use of N&A staff and resources. | 0.50 | S Def.:   0.25<br><br>N&A:   1.0 |
| Sarah Gould* | Testimony regarding Defendants' businesses and business interests, generally; testimony regarding Saeed Nourmand's control over and direction of N&A staff and resources; testimony regarding the participation by N&A staff in objections to Plaintiffs' development projects in Hollywood.<br><br>Ms. Gould was an employee of N&A who had frequent interactions with Saeed Nourmand and has unique knowledge regarding his use of N&A staff and resources. | 0.50 | S Def.:   0.25<br><br>N&A:   1.0 |
| Carlos Contreras* | Testimony regarding Mr. Contreras' tenancy of the | 0.50 | S Def.: |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross[2]** |
| | duplex located in the parking lot of Defendants' property; testimony regarding communications with Defendants regarding opposition to the Thompson hotel project; testimony regarding Defendants' businesses and business interests, generally; testimony regarding Saeed Nourmand's control over and direction of N&A staff and resources; testimony regarding the participation by N&A staff in objections to Plaintiffs' development projects in Hollywood.<br><br>Mr. Contreras has lived on the Sunset Property for over two decades. He has unique information about the duplex in the parking lot of the Sunset Property. He also has unique information about the uses of each of the buildings on the Sunset Property. | | N&A:   0.25 |
| David Carrera* | Testimony regarding Mr. Carrera's communications and interactions with Defendants, Casey Maddren, Robert Silverstein and/or Daniel Wright regarding Plaintiffs' development projects in Hollywood; testimony regarding Mr. Carrera's knowledge of the settlement agreements.<br><br>Mr. Carrera has unique information about | 0.50 | S Def.:   0.5<br><br>N&A:   0.5 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross[2]** |
| | conversations with Saeed Nourmand. | | |
| Casey Maddren | Testimony regarding Mr. Maddren's reasons for filing a CEQA lawsuit in connection with the Selma hotel project; testimony regarding Mr. Maddren's interactions and dealings with lawyers from The Silverstein Law Firm related to Plaintiffs' development projects in Hollywood; testimony regarding Mr. Maddren's knowledge of the settlement agreements.<br><br>This testimony is unique because Mr. Maddren has the most knowledge regarding his participation in the Nourmand Enterprise, as well as communications with The Silverstein Law Firm.  He also has unique information regarding the reasons for his lawsuit against the Selma project. | 1.50 | S Def.:   0.5<br><br>N&A:   0.5 |
| Jayesh Patel | Testimony regarding Defendants' opposition to Plaintiffs' development projects in Hollywood, generally, including during the City administrative processes and litigation; testimony regarding the settlement agreements; testimony regarding meetings and communications in which | 4.00 | S Def.:   1.0<br><br>N&A:   0.5 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| Witness | Description | Est. Length of Direct | Est. Length of Cross[2] |
| | extortionate threats or demands were communicated to Plaintiffs' or Plaintiffs' attorneys; the financial arrangements between Defendants and the witness's law firm.<br><br>This testimony is unique because Mr. Patel was the sole representative for Defendants during certain meetings and communications with Plaintiffs and their representatives concerning settlement of the Thompson and Tommie litigations. Mr. Patel also has unique information regarding the appeal his firm drafted in connection with the Thompson project.<br><br>Plaintiffs may present Mr. Patel's testimony both by deposition and in person. | | |
| Robert Silverstein | Testimony regarding Defendants' and/or Casey Maddren's opposition to Plaintiffs' development projects in Hollywood, generally, including during the City administrative processes and litigation; testimony regarding dealings and interactions between Casey Maddren and The Silverstein Law Firm that relate to Plaintiffs' development projects; testimony regarding the settlement | 2.00 | S      2.0 Def.:<br><br>N&A:   0.75 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| Witness | Description | Est. Length of Direct | Est. Length of Cross[2] |
| | agreements; testimony regarding meetings and communications in which extortionate threats or demands were communicated to Plaintiffs' or Plaintiffs' attorneys; the financial arrangements between Defendants and the witness's law firm.<br><br>Mr. Silverstein has unique information regarding his communications with Plaintiffs or their representatives, the CEQA lawsuits, objections during the administrative proceedings, and his communications with Casey Maddren. | | |
| Daniel Wright | Testimony regarding Defendants' and/or Casey Maddren's opposition to Plaintiffs' development projects in Hollywood, generally, including during the City administrative processes and litigation; testimony regarding dealings and interactions between Casey Maddren and The Silverstein Law Firm that relate to Plaintiffs' development projects; testimony regarding the settlement agreements; testimony regarding meetings and communications in which extortionate threats or demands were communicated to Plaintiffs' or Plaintiffs' attorneys; the financial arrangements | 2.00 | S        2.0<br>Def.:<br><br>N&A:   0.75 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross[2]** |
| | between Defendants and the witness's law firm.<br><br>Mr. Wright has unique information regarding the CEQA lawsuits, objections during the administrative proceedings, and his communications with Casey Maddren. | | |
| Bruce Rothman | Testimony regarding the relationship between Plaintiffs' and KOAR in connection with the Schrader hotel project; testimony regarding Defendants' opposition or non-opposition to the Schrader hotel project; testimony regarding communications and meetings with Defendants and Patel regarding the Schrader hotel project.<br><br>Mr. Rothman has the most knowledge regarding the Schrader project and certain meetings and communications with Defendants and their representatives regarding the Schrader project. | 0.75 | S Def.:    0.75<br><br>N&A:    0.25 |
| Laurent Opman* | Testimony regarding the relationship between Plaintiffs' and KOAR in connection with the Schrader hotel project; testimony regarding Defendants' opposition or non-opposition to the | 0.75 | S Def.:    0.75<br><br>N&A:    0.25 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| Witness | Description | Est. Length of Direct | Est. Length of Cross[2] |
| | Schrader hotel project; testimony regarding communications and meetings with Defendants and Patel regarding the Schrader hotel project.<br><br>Mr. Opman has unique information about Sunset Landmark's challenge to the Schrader project, KOAR's deal with Plaintiffs related to the Schrader project, and communications with Plaintiffs. | | |
| Peter Famulari* | Testimony regarding Defendants' businesses and business interests, generally, including Boulevard3 and any other nightclub or event space operated on Defendants' property.<br><br>Mr. Famulari was the operator of the nightclub on the Sunset Property and has unique information regarding that nightclub and its ties to Saeed Nourmand. | 0.75 | S Def.:   0.75<br><br>N&A:   0.25 |
| Jeffrey Reinstein* | Testimony regarding the relationship and dealings between Plaintiffs' and Geolo Capital related to development projects in Hollywood.<br><br>Mr. Reinstein has unique information regarding | 0.50 | S Def.:   0.5<br><br>N&A:   0.25 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross[2]** |
| | Geolo's business dealings with Plaintiffs. | | |
| David Schwartzman | Testimony regarding the Crossroads project in Hollywood, generally; testimony regarding communications, interactions, dealings and/or agreements with Defendants related to development projects in Los Angeles.<br><br>Mr. Schwartzman has the most knowledge regarding the Crossroads project and certain meetings and communications with Defendants and their representatives regarding the Crossroads project. Mr. Schwartzman also has the most knowledge regarding the letter of intent between the Harridge Development Group and Defendants. | 0.50 | S Def.:      1.0<br><br>N&A:   0.25 |
| Nick Hendricks* | Testimony regarding the City's review and approval of Plaintiffs' development projects in Hollywood, including the City's consideration and rejection of objections raised by Defendants regarding same.<br><br>Mr. Hendricks has unique information regarding the administrative proceedings related to Plaintiffs' development projects. | 0.50 | S Def.:      0.5<br><br>N&A:   0.25 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross**[2] |
| Lisa Weber* | Testimony regarding the City's review and approval of Plaintiffs' development projects in Hollywood, including the City's consideration and rejection of objections raised by Defendants regarding same.<br><br>Ms. Webber has unique information regarding the administrative proceedings in connection with Plaintiffs' development projects. | 0.50 | S Def.:      0.5<br><br>N&A:    0.25 |
| Brad Woomer* | Testimony regarding the City's review and approval of Plaintiffs' development projects in Hollywood, including the City's consideration and rejection of objections raised by Defendants regarding same.<br><br>Mr. Woomer has unique information regarding the administrative proceedings related to Plaintiffs' development projects. | 0.50 | S Def.:      0.5<br><br>N&A:    0.25 |
| Bina Patel* | Testimony regarding the tax treatment of the $5.5 million settlement payment.<br><br>Ms. Patel has unique knowledge regarding the tax treatment for the proceeds of the $5.5 million settlement payment. | 0.50 | S Def.:      0.5<br><br>N&A:    0.25 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross**[2] |
| Harridge Development Group, LLC custodian of records* | The custodian of records has unique knowledge regarding the documents maintained by Harridge Development Group, LLC. | 0.50 | S Def.:       0.25<br>N&A:   0.25 |
| Relevant Group, LLC custodian of records* | The custodian of records has unique knowledge regarding the documents maintained by Relevant Group, LLC. | 0.5 | S Def.:       0.25<br>N&A:   0.25 |
| 1541 Wilcox Hotel LLC custodian of records* | The custodian of records has unique knowledge regarding the documents maintained by 1541 Wilcox Hotel LLC. | 0.5 | S Def.:       0.25<br>N&A:   0.25 |
| 6516 Tommie Hotel LLC custodian of records* | The custodian of records has unique knowledge regarding the documents maintained by 6516 Tommie Hotel LLC. | 0.5 | S Def.:       0.25<br>N&A:   0.25 |
| 6421 Selma Wilcox Hotel LLC custodian of records* | The custodian of records has unique knowledge regarding the documents maintained by 6421 Selma Wilcox LLC. | 0.5 | S Def.:       0.25<br>N&A:   0.25 |
| City of Los Angeles custodian of records* | The custodian of records has unique knowledge regarding the documents maintained by the City of Los Angeles related to Plaintiffs' development projects, other development projects in the area, and City records related to the Sunset Property. | 0.5 | S Def.:       0.25<br>N&A:   0.25 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross[2]** |
| Boulevard3 custodian of records* | The custodian of records has unique knowledge regarding the documents maintained by Boulevard3 on its social media accounts. | 0.50 | S Def.:      0.25<br><br>N&A:   0.25 |
| Individual to authenticate media (including photographs, videos, advertising, and social media posts) and other information regarding social events, nightclubs and other activity on the Sunset Property* | Media and information regarding social events, nightclubs and other activity on the Sunset Property. | 0.50 | |
| Maria Impala* | Information regarding an alcohol permit sought for a nightclub on the Sunset Property.  Ms. Impala's testimony is unique because she was the agent for the applicant of the permit. | 0.75 | |
| Richard Grassetti | Expert testimony regarding CEQA litigation, the relief available to litigants under CEQA, and the pattern of sham environmental challenges and litigation carried out by the Nourmand Enterprise.<br><br>Mr. Grassetti's expert knowledge is unique regarding the CEQA requirements and procedures that are | 0.75 | S Def.:      1.0<br><br>N&A:   0.75 |

| Plaintiffs' Witness List[1] | | | |
|---|---|---|---|
| Witness | Description | Est. Length of Direct | Est. Length of Cross[2] |
| | imposed on and followed by municipal entities. | | |
| Tina Thomas | Expert testimony regarding CEQA litigation, the relief available to litigants under CEQA, and the pattern of sham environmental challenges and litigation carried out by the Nourmand Enterprise.<br><br>Ms. Thomas's expert testimony is unique regarding Defendants' use of CEQA during the entitlements process and in its CEQA litigations. | 1.50 | S Def.:     1.0<br><br>N&A:     1.0 |
| John Hekman | Expert testimony regarding the value of the Sunset Landmark property.<br><br>Mr. Hekman's expert testimony is unique regarding the impact of Plaintiffs' development projects on the value of the Sunset Property. | 0.50 | S Def.:     0.75<br><br>N&A:     0.75 |
| Joe Anastasi | Expert testimony regarding Plaintiffs' damages.<br><br>Mr. Anastasi's expert testimony is unique regarding the damages suffered and losses incurred as a result of Defendants' conduct. | 1.25 | S Def.:     1.25<br><br>N&A:     0.75 |

| S-Defendants' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| Stephan "Saeed" Nourmand | Testimony regarding Plaintiffs' allegations in general; motivations for bringing CEQA lawsuits; prior history of bringing CEQA lawsuits.<br><br>Mr. Nourmand testimony is unique because he is a defendant in this action. | 4.00 | 2.00 |
| Richard Heyman | Testimony regarding the funding, construction, approval, and operations of the Wilcox, Tommie, and Selma hotels; CEQA and land use objections and lawsuits regarding the Tommie, Wilcox, and Selma hotels; Plaintiffs allegations against Defendants; settlement agreements; general information on Plaintiffs.<br><br>Mr. Heyman's testimony is unique because Mr. Heyman was a decision maker with respect to Plaintiffs hotels and the settlements of the CEQA suits. | 4.00 | 1.50 |
| Grant King | Testimony regarding the funding, construction, approval, and operations of the Wilcox, Tommie, and Selma hotels; CEQA and land use objections and lawsuits regarding the Tommie, Wilcox, and Selma hotels; Plaintiffs allegations against Defendants; settlement agreements; general information on Plaintiffs.<br><br>Mr. King's testimony is unique because he is the | 4.00 | 1.50 |

| S-Defendants' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| | managing member of Relevant, was intimately involved with the funding for all three hotels, and was involved in attempting to resolve the CEQA disputes with S-Defendants. | | |
| Douglas Carstens | Expert testimony regarding CEQA; and rebuttal to Plaintiffs' experts.<br><br>Mr. Carsten's testimony is unique because he was retained to rebut Mr. Grassetti and Ms. Thomas' expert testimony. | 3.00 | 1.00 |
| Maryellen Sebold | Rebuttal expert testimony regarding damages.<br><br>Ms. Sebold's testimony is unique because she was retained to rebut Mr. Anastasi's expert testimony. | 2.50 | 1.00 |
| Andrew Minstein | Rebuttal expert testimony regarding diminution of value.<br><br>Mr. Minstein's testimony is unique because she was retained to rebut Mr. Anastasi's expert testimony. | 2.00 | 0.50 |
| Jay Patel | Testimony regarding negotiations of settlement agreements; Plaintiffs' allegations.<br><br>Mr. Patel's testimony is unique because he was the chief negotiator on behalf | 2.00 | 1.00 |

| S-Defendants' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| | of Defendants for the settlement agreements. | | |
| Guy Maisnik | Testimony regarding the negotiations of the settlement agreements; the settlement agreements; Plaintiffs' actions with regard to settlement agreements.<br><br>Mr. Maisnik's testimony is unique because he was the chief negotiator on behalf of Plaintiffs' for the settlement agreements. | 2.00 | 1.00 |
| David Carrera | Testimony regarding opposition to Plaintiffs' hotels and communications with S. Nourmand regarding same.<br><br>Mr. Carrera's has unique information regarding conversations he had with Mr. Nourmand regarding the objections to the Thompson Hotel as well as Mr. Carrera's own environmental concerns regarding Plaintiffs' hotels. | 1.00 | 0.75 |
| Andrew Shayne | Testimony regarding the funding, construction, approval, and operations of the Wilcox, Tommie, and Selma hotels; CEQA and land use objections and lawsuits regarding the Tommie, Wilcox, and Selma hotels; Plaintiffs' allegations against Defendants; settlement agreements; general information on Plaintiffs. | 1.00 | 0.50 |

| S-Defendants' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| | Mr. Shayne has unique information about the finances, funding, and purported financial vulnerability of Plaintiffs. | | |
| Demien Ferrell | Testimony regarding construction, of the Wilcox, Tommie, and Selma hotels; CEQA and land use objections and lawsuits regarding the Tommie, Wilcox, and Selma hotels; Plaintiffs allegations against Defendants.<br><br>Mr. Ferrell has unique information regarding the construction process for the Plaintiffs hotels and the causes of design changes made to Plaintiffs hotel. | 1.00 | 0.50 |
| Robert Silverstein | Testimony regarding the negotiations of the settlement agreements; results of CEQA lawsuits.<br><br>Mr. Silverstein has unique information regarding Plaintiffs' unsolicited offers to settle the CEQA actions. | 1.00 | 0.75 |
| Gideon Krakov | Testimony regarding Farmer v. City of LA CEQA action against Tommie Hotel.<br><br>Mr. Krakov has unique information regarding the Farmer v. City of LA lawsuit, the role Sunset's objections played in the Farmer lawsuit, and the legal arguments presented therein. | 1.00 | 0.75 |

| S-Defendants' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| Susan Sempers | Testimony regarding opposition to Plaintiffs hotels; Hollywood zoning ordinances.<br><br>Ms. Sempers has unique information regarding her zoning objections to the Thompson and Tommie Hotels. | 0.5 | 0.5 |
| Allen Shamoolian | Testimony regarding opposition to Plaintiffs' hotels and communications with S. Nourmand regarding same.<br><br>Mr. Shamoolian's has unique information regarding conversations he had with Mr. Nourmand regarding the objections to the Thompson Hotel as well as Mr. Shamoolian's own environmental concerns regarding Plaintiffs' hotels. | 0.5 | 0.5 |
| Laurie Goldman | Testimony regarding involvement with Plaintiffs; Plaintiffs interactions with Defendants; community outreach efforts.<br><br>Ms. Goldman has unique information about Plaintiffs' efforts to convince Sunset to drop its objections to the CEOA actions. | .5 | 0.25 |
| Lauren "Elle" Farmer | Testimony regarding opposition to Tommie hotel. | .5 | 0.50 |

| S-Defendants' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| | Ms. Farmer unique information about the *Farmer v. City of LA* lawsuit where Ms. Farmer won an injunction against the Tommie Hotel on the grounds the City of LA's approval of the hotel violated CEOA. | | |
| Fran Offenhauser | Testimony regarding opposition to Wilcox Hotel.<br><br>Ms. Offenhauser has unique information about Ms. Offenhauser's objections and environmental concerns about the Thompson hotel. | .5 | 0.50 |
| Benjamin Trigano | Testimony regarding opposition to Tommie Hotel.<br><br>Mr. Trigano has unique information about Mr. Trigano's objections and environmental concerns regarding Plaintiffs' hotels. | .5 | 0.50 |
| John Girodo | Testimony regarding their opposition to Wilcox Hotel.<br><br>Mr. Girodo has unique information about Mr. Girodo 's objections and environmental concerns regarding Plaintiffs' hotels. | .25 | 0.25 |
| Alexis Olbrei | Testimony regarding opposition to Selma Hotel. | .25 | 0.25 |

| S-Defendants' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| | Mr. Olbrei has unique information about his own objections and environmental concerns regarding Plaintiffs' hotels. | | |
| Doug Haines | Testimony regarding opposition to Plaintiffs hotels.<br><br>Mr. Haines has unique information about Mr. Haines' objections and environmental concerns regarding Plaintiffs' hotels. | .25 | 0.25 |
| David Schwartzman | Testimony regarding conversations with Richard Heyman and Laurie Goldman.<br><br>David Schwartzman has unique information regarding conversations with Richard Heyman and Laurie Goldman regarding this action. | .25 | 0.25 |

| Defendant Nourmand & Associates' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| Michael Nourmand | Testimony regarding N&A's residential real estate business; N&A's ownership, operations and resources/funding; N&A's non-involvement and non-participation in subject CEQA litigation or settlement negotiations; fact N&A did not receive any funds or benefits from the settlement agreements; | 4.0 | 2.00 |

| Defendant Nourmand & Associates' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| | Saeed Nourmand's lack of involvement in/control over N&A business, staff and resources during relevant time period; Saeed Nourmand's occasional secretarial assistance from administrative employees; Iravani employment by N&A and Sunset.<br><br>This testimony is unique because Michael Nourmand is the CEO of N&A and has the most knowledge of N&A's non-involvement and non-participation in the subject CEQA litigation, settlement negotiations and settlement agreements. | | |
| Saeed Nourmand | N&A's non-involvement and non-participation in subject CEQA litigation or settlement negotiations; Saeed Nourmand's lack of involvement in/control over N&A business, staff and resources during relevant time period; Saeed Nourmand occasional secretarial assistance from administrative employees; reasons for keeping @nourmand.com email address; Iravani employment by Sunset.<br><br>This testimony is unique because Saeed Nourmand has superior knowledge of who participated in the CEQA lawsuits, settlement negotiations and settlement | 2.0 | 1.0 |

| Defendant Nourmand & Associates' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| | agreements. He also has superior knowledge as to his communications with anyone at N&A related to the CEOA lawsuits. | | |
| Myra Nourmand* | N&A's ownership, operations and resources/funding; Saeed Nourmand's lack of involvement in/control over N&A business, staff and resources during relevant time period.<br><br>Myra Nourmand's testimony is unique because she is the majority shareholder of N&A and has unique testimony regarding N&A's ownership, operations and resources/funding. She is also married to Saeed Nourmand. | 1.0 | 0.5 |
| Mohamad Mohajer Iravani | Testimony regarding the separate business interests, operations and finances of Sunset Landmark and N&A; Iravani's concurrent employment by N&A and work as independent contractor for Sunset Landmark; N&A's residential real estate business; Iravani's involvement with CEQA litigation/settlement enforcement as independent contractor for Sunset; N&A's non-involvement and non-participation in subject CEQA litigation or settlement negotiations; fact N&A did not receive | 3.0 | 1.75 |

| Defendant Nourmand & Associates' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| | any funds/benefits from the settlement. Iravani's testimony is unique because of his concurrent work for N&A and Sunset Landmark and knowledge of the entity's respective finances. As well, he has superior knowledge of the scope of his involvement in the CEQA litigation/settlement enforcement as an independent contractor for Sunset Landmark and not as an employee of N&A. | | |
| Carolyn Rae Cole | Cole's limited assistance to Saeed for public hearing; Cole's limited assistance and attendance at public hearing was not performed on behalf of or in capacity as independent contractor for N&A. Cole's testimony is unique because she has superior knowledge of the reason(s), scope and extent of her communications with Saeed Nourmand regarding the Thompson Hotel project. | 1.0 | 0.5 |
| Sarah Gould | Occasional secretarial assistance provided to Saeed Nourmand / Sunset Landmark. Gould's testimony is unique because she has superior knowledge of the reason(s), scope and extent of the secretarial assistance she provided to | 0.75 | 0.5 |

| Defendant Nourmand & Associates' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
|  | Saeed Nourmand / Sunset Landmark. |  |  |
| Rachel DeCastro | Occasional secretarial assistance provided to Saeed Nourmand / Sunset Landmark.<br><br>DeCastro's testimony is unique because she has superior knowledge of the reason(s), scope and extent of the secretarial assistance she provided to Saeed Nourmand / Sunset Landmark. | 0.75 | 0.5 |
| Karen Lewis* | Reasons for attendance at public hearing re: Thompson Hotel.<br><br>Lewis's testimony is unique because she has superior knowledge of the reason(s) for her attendance at the hearing. | 0.5 | 0.5 |
| Elizabeth Shapiro* | Reasons for attendance at public hearing re: Thompson Hotel.<br><br>Shapiro's testimony is unique because she has superior knowledge of the reason(s) for her attendance at the hearing. | 0.5 | 0.5 |
| Howard Lorey* | Reasons for attendance at public hearing re: Thompson Hotel.<br><br>Lorey's testimony is unique because he has superior knowledge of the reason(s) for her attendance at the hearing. | 0.5 | 0.5 |
| Scott Campbell | Campbell's attendance at meetings and/or | 0.75 | 0.5 |

| Defendant Nourmand & Associates' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| | communications with the parties regarding the subject matter of this lawsuit; Campbell's concurrent work for N&A.<br><br>Campbell's testimony is unique because he is expected to discuss his consulting work on behalf of Plaintiffs' Thompson Hotel project and concurrent work as a real estate agent for N&A. | | |
| David Carrera | Testimony regarding Carrera's opposition to Plaintiffs' hotels.<br><br>Carrera's testimony is unique because he is a Hollywood resident who opposed Plaintiffs' hotel projects and is alleged to be part of the enterprise. | 0.5 | 0.5 |
| Casey Maddren | Testimony regarding Mr. Maddren's reasons for filing a CEQA lawsuit in connection with the Selma hotel project. Maddren's testimony is unique because he is a Hollywood resident and the President of the United Neighborhoods or Los Angeles Community organization, opposed Plaintiffs' hotel projects, and is alleged to be part of the enterprise. | 0.5 | 0.5 |
| Robert Silverstein | Testimony re: N&A's non-involvement and non-participation in subject CEQA litigation or settlement negotiations; | 0.5 | 0.5 |

| Defendant Nourmand & Associates' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| | Negotiation of settlement agreements; Procedural history and key rulings / results of CEQA lawsuits. Silverstein's testimony is unique because he represented Sunset Landmark in the CEQA lawsuits and therefore has knowledge of who was involved in formulating legal strategy/arguments and who was involved in the settlement negotiations. | | |
| Daniel Wright | Testimony re: N&A's non-involvement and non-participation in subject CEQA litigation or settlement negotiations; Negotiation of settlement agreements; Procedural history and key rulings / results of CEQA lawsuits. Wright's testimony is unique because he represented Sunset Landmark in the CEQA lawsuits and therefore has knowledge of who was involved in formulating legal strategy/arguments and who was involved in the settlement negotiations. | 0.75 | 0.75 |
| Richard Heyman | N&A's non-involvement in CEQA lawsuits or negotiations/agreements; the funding, construction, approval, and operations of the Wilcox, Tommie, and Selma hotels; CEQA and land use objections and lawsuits regarding the Tommie. Wilcox. and | 1.0 | 1.0 |

| Defendant Nourmand & Associates' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| | Selma hotels; Plaintiffs allegations against Defendants; settlement agreements; general information on Plaintiffs. Heyman's testimony is unique because he participated in settlement negotiations and attended meetings with Saeed Nourmand/Sunset Landmark where he was the sole representative of Plaintiffs in attendance. Mr. Heyman has unique knowledge regarding the history of negotiations with Defendants and their representatives regarding the development projects. | | |
| Andrew Shayne | N&A's non-involvement in enforcement of the settlement agreements of the CEQA lawsuits or negotiations/agreements.. Shayne's testimony is unique because he is expected to offer testimony that N&A played a role in collecting money and enforcing the terms of the settlement agreements, which N&A disputes. | 0.75 | 0.75 |
| Arthur Friedman | N&A's non-involvement in CEQA lawsuits or negotiations/agreements. Friedman's testimony is unique because he was lead counsel for Plaintiffs' during the CEQA lawsuits at issue. | 0.5 | 0.5 |
| Demien Farrell | Testimony regarding project funding, design | 0.75 | 0.75 |

| Defendant Nourmand & Associates' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| | changes and construction timelines and delays, and why any design changes and delays are believed to have been caused by the CEQA lawsuits or N&A's conduct.<br><br>Farrell's testimony is unique because he is expected to testify as to first-hand knowledge regarding the construction impacts purportedly caused by Defendants' conduct. | | |
| Grant King | Testimony regarding the funding, construction, approval, and operations of the Wilcox, Tommie, and Selma hotels; CEQA and land use objections and lawsuits regarding the Tommie, Wilcox, and Selma hotels; Plaintiffs allegations against Defendants; settlement agreements; general information on Plaintiffs; N&A's non-involvement in CEQA lawsuits or negotiations/agreements.<br><br>King's testimony is unique because he is expected to testify regarding unique knowledge regarding certain meetings between the parties as well as the Plaintiffs' use of E5-5 funding for the projects and the impacts of construction delays on this funding. | 0.75 | 0.75 |
| Guy Maisnik | Testimony regarding negotiation, drafting and | 0.75 | 0.75 |

| Defendant Nourmand & Associates' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| | execution of settlement agreements; N&A's non-involvement in CEQA lawsuits or negotiations/ agreements.<br><br>Maisnik's testimony is unique because he served as lead counsel to negotiate the settlements on behalf of Plaintiffs and draft the settlement agreements, and was the sole participant in certain settlement negotiations with Saeed Nourmand, Sunset Landmark and/or its counsel. | | |
| Matthew Hinks | Testimony regarding negotiation, drafting and execution of settlement agreements; N&A's non-involvement in CEQA lawsuits or negotiations/ agreements.<br><br>Hink's testimony is unique because he was the sole participant in certain settlement negotiations with Saeed Nourmand, Sunset Landmark and/or its counsel. | 0.5 | 0.5 |
| Jayesh Patel | N&A's non-involvement in CEQA lawsuits or negotiations/agreements.<br><br>Patel's testimony is unique because he served as counsel for Sunset Landmark during the settlement negotiations. | 0.75 | 0.75 |
| Defendants' Expert Doug Carstens | Expert testimony regarding CEQA; and rebuttal to Plaintiffs' experts. | 0.75 | 0.75 |

| Defendant Nourmand & Associates' Witness List | | | |
|---|---|---|---|
| **Witness** | **Description** | **Est. Length of Direct** | **Est. Length of Cross** |
| Defendants' Expert Andrew Minstein | Rebuttal expert testimony regarding diminution of value. | 0.75 | 0.75 |
| Defendants' Expert Mary Ann Sebold | Rebuttal expert testimony regarding damages. | 0.75 | 0.75 |
| Defendants reserve the right to call any and all witnesses identified by Plaintiffs | | | |

Respectfully Submitted,

Dated: August 1, 2022     WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  */s/ Susan K. Leader*
Susan K. Leader

*Attorneys for Plaintiffs*

Dated: August 1, 2022     NORTON ROSE FULBRIGHT US LLP

By:  */s/ Christopher Pelham*
Christopher Pelham

Attorneys for Defendants
THE SUNSET LANDMARK INVESTMENT,

1                                        LLC. And STEPHAN "SAEED"

2                                        NOURMAND

3

4    Dated: August 1, 2022             THE MALONEY FIRM, APC

5                                        By:   */s/ Patrick M. Maloney*

6                                              Patrick M. Maloney, Esq.

7                                              Gregory M. Smith
                                               Elizabeth T. Schaus

8

9                                      Attorneys for Defendant,
                                       NOURMAND & ASSOCIATES

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28