**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
SUSAN K. LEADER, State Bar No. 216743
sleader@wsgr.com
ALI R. RABBANI, State Bar No. 253730
arabbani@wsgr.com
STEPHANIE V. BALITZER, State Bar No. 316133
sbalitzer@wsgr.com
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone:   (323) 210-2900
Facsimile:   (866) 974.7329

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
DALE R. BISH, State Bar No. 235390
dbish@wsgr.com
CHARLES A. TALPAS, State Bar No. 308505
ctalpas@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Plaintiffs
Relevant Group, LLC, 1541 Wilcox Hotel
LLC, 6516 Tommie Hotel LLC, and 6421
Selma Wilcox Hotel LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

RELEVANT GROUP, LLC, a Delaware
limited liability company; 1541 WILCOX
HOTEL LLC, a Delaware limited liability
company; 6516 TOMMIE HOTEL LLC; a
Delaware limited liability company; and
6421 SELMA WILCOX HOTEL LLC, a
California limited liability company,

          Plaintiffs,

v.

STEPHAN "SAEED" NOURMAND, an
individual; THE SUNSET LANDMARK
INVESTMENT LLC, a California limited
liability company; NOURMAND &
ASSOCIATES, a California corporation;
and DOES 1-10,

          Defendants.

Case No.: 2:19-cv-05019-ODW(KSx)

**PLAINTIFFS' OBJECTIONS TO
DEFENDANTS' VERDICT
FORMS**

Date:      August 9, 2022
Time:     11:30 a.m.
Dept:     Courtroom 5D, Fifth Floor
Before:   Hon. Otis D. Wright, II

Trial Date:  August 30, 2022

1
2

**Objections to N&A's Proposed Verdict Form**

3
4

| No. | Question | Objection |
|-----|----------|-----------|
| 1. | Did an enterprise exist.  Yes / No.  *If you answered "No", please sign the bottom of the form and answer no further questions.*  *If you answered "Yes", proceed to Question No. 2.* | Plaintiffs object that this special interrogatory is unnecessary, unduly cumulative, and burdensome as this element of the claim is already addressed by the jury instructions.  A special verdict question on this single element of the claims is not appropriate. |
| 2. | Did the enterprise engage in, or have some effect on, interstate commerce.  Yes / No.  *If you answered "No, please sign the bottom of the form and answer no further questions.*  *If you answered "Yes", proceed to Question No. 3.* | Plaintiffs object that this special interrogatory is unnecessary, unduly cumulative, and burdensome as this element of the claim is already addressed by the jury instructions.  A special verdict question on this single element of the claims is not appropriate. |
| 3. | (A) Were the settlements of the Thompson and Tommie Hotel lawsuits the product of knowing or willful extortion by Nourmand & Associates.  (B) Was the filing of the Selma Hotel litigation an act of knowing or willful attempted extortion by Nourmand & Associates. | Plaintiffs object to this special interrogatory on the grounds that it inaccurately presents the law and will therefore confuse and mislead the jury.  The the relevant question is whether Nourmand & Associates participated in the enterprise through a pattern of racketeering activity. But there is no requirement that Plaintiffs show either that the settlement was a "product" of conduct by Nourmand & Associates, nor that the Selma Hotel |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | | |
|---|---|---|---|
| | | *If you answered "No" to any of the above, please sign the bottom of the form and answer to further questions.* | litigation specifically was an act of extortion by Nourmand & Associates. And, this misstates the list of predicate acts that are alleged. *See* Summary Judgment Order (ECF No. 167) at 28, 35. It also ignores Nourmand & Associates' conspiracy liability. *See* Summary Judgment Order at 37. As such, this proposed question fails to provide clarity on the issues that the jury must decide. Consequently, it will create confusion. Finally, this is unnecessary because this issue is already more accurately and clearly covered by the jury instructions and Plaintiffs' proposed verdict form. |
| 4. | | A.      Was the Thompson Hotel lawsuit brought without regard to the merits and for the purpose of injuring a market rival?<br><br>_____ Yes<br><br>_____ No<br><br><br>B.      Was the Tommie Hotel lawsuit brought without regard to the merits and for the purpose of injuring a market rival?<br><br>_____ Yes<br><br>_____ No<br><br><br>C.      Was the Selma Hotel lawsuit brought without | Plaintiffs object that this special interrogatory both misstates the law and is unnecessary. Here, the relevant question is whether the series of legal or administrative challenges were brought or pursued pursuant to a policy of bringing claims with a wrongful purpose and/or irrespective of the merits. *See* Summary Judgment Order at 28. Accordingly, there is no basis for asking about each lawsuit *individually*, for focusing on the motivation only for "bringing" the claim or ignoring proceedings. *See id.* Further, this special interrogatory ignores that the First Amendment may not protect litigation where Defendants have no lawful claim, or if there is no nexus between the legal claim and the property that the defendants demanded. *See United States v. Koziol*, 993 F.3d 1160, 1171–72, n.12  (9th Cir. 2021) (considering whether "the means Koziol used in his |

| | | |
|---|---|---|
| | regard to the merits and for the purpose of injuring a market rival?<br><br>_____ Yes<br><br>_____ No<br><br><br>*If you answered "No" to two or more of the above, please sign the bottom of the form and answer no further questions.*<br><br>*If you answered "Yes" to two or more of the above, please proceed to Question No. 5.* | attempt to obtain the property (threats of sham litigation) were wrongful under the circumstances, or whether the ends were wrongful because he had no lawful claim to the property he demanded). In light of disconnect between this interrogatory and binding Ninth Circuit law (as well as the evidence in the record), this interrogatory would unduly prejudice Plaintiffs. |
| 5. | A.    Did Plaintiffs knowingly release their RICO claims by signing the settlement agreements pertaining to the Thompson and Tommie Hotel lawsuits?<br><br>_____ Yes<br><br>_____ No<br><br><br>B.    Did Plaintiffs ratify the settlement agreements by retaining the consideration received in the settlement agreements after allegedly learning that the settlement agreements were voidable?<br><br>_____ Yes | Plaintiffs object that Nourmand & Associates is not entitled to this question because the Court granted summary judgment for Plaintiffs on this issue. Summary Judgment Order at 38-39. |

| | | |
|---|---|---|
| _____ No<br><br>    If you answered "Yes" to either question, please sign the bottom of the form and answer no further questions.<br><br>If you answered "No" to both questions, please proceed to Question No. 6. | | |
| 6. | A.    Was NOURMAND & ASSOCIATES a member of the enterprise?<br><br>_____ Yes<br><br>_____ No<br><br>If you answered "No", please sign the bottom of the form and answer no further questions.<br><br>If you answered "Yes", please proceed to Question No. 7. | Plaintiffs object that a special interrogatory on this particular element of the claim is unnecessary and cumulative.  The jury instructions provide appropriate guidance to the jury on the elements necessary under RICO.   Further, there is no need to duplicate Plaintiffs' proposed verdict forms – which specifically ask about Nourmand & Associates' liability. |
| 7. | A.    Did NOURMAND & ASSOCIATES participate in the operation or management of the enterprise?<br><br>_____ Yes<br><br>_____ No | Plaintiffs object that special interrogatories on these particular elements of the claim are unnecessary and cumulative.  The jury instructions provide appropriate guidance to the jury on the elements necessary under RICO.   Further, there is no need to |

| | | |
|---|---|---|
| | **B.**    Did NOURMAND & ASSOCIATES conspire with others to participate in the operation or management of the enterprise?<br><br>\_\_\_\_\_ Yes<br><br>\_\_\_\_\_ No<br><br><br>**C.**    Do you find by a preponderance of the evidence that NOURMAND & ASSOCIATES receive a benefit from being a member of the enterprise through the acts of any of its employees?<br><br><br>\_\_\_\_\_ Yes<br><br>\_\_\_\_\_ No<br><br><br>If you answered "No" to both A and B, please sign the bottom of the form and answer no further questions.<br><br>If you answered "Yes" to A or B, proceed to Question No. 8. | duplicate Plaintiffs' proposed verdict forms – which specifically ask about Nourmand & Associates' liability. |
| 8. | Do you find by a preponderance of the evidence that NOURMAND & ASSOCIATES' conduct | Plaintiffs object that this special interrogatory misstates the law and would confuse and mislead the jury. As a fundamental matter, liability |

| | |
|---|---|
| directly and proximately caused harm to any Plaintiff?<br><br>A.    Plaintiff 1951 WILCOX HOTEL LLC<br><br>_____ Yes<br><br>_____ No<br><br><br>B.    Plaintiff 6516 TOMMIE HOTEL LLC<br><br>_____ Yes<br><br>_____ No<br><br><br>C.    Plaintiff 6421 SELMA WILCOX HOTEL LLC<br><br>_____ Yes<br><br>_____ No<br><br><br>D.    Plaintiff RELEVANT GROUP LLC<br><br>_____ Yes<br><br>_____ No<br><br><br>If you answered "Yes" to any of the above-listed Plaintiffs, proceed to Question No. 9. | under RICO is joint and several. *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 775 (9th Cir. 2002) (quoting *Investor Prot. Corp. v. Vigman*, 908 F.2d 1461, 1468 (9th Cir. 1990)) ("Holding RICO conspirators jointly and severally liable for the acts of their co-conspirators reflects the notion that the damage wrought by the conspiracy 'is not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole.'"). There is thus no requirement for Plaintiffs to show that Nourmand & Associates' conduct (rather than the conduct of the conspiracy as a whole) caused Plaintiffs' injuries. Because this proposed question would fail to accurately guide the jurors on the issues, it should be excluded. |

| | | |
|---|---|---|
| | If you did not answer "Yes" to any of the above-listed Plaintiffs, please sign and date the bottom of this form and answer no further questions.) | |
| 9. | QUESTION NO. 9<br><br>If you answered "Yes" to one or more of the Plaintiffs in Question No. 8, what amount, if any, do you award those Plaintiffs as compensatory damages?<br><br>A.      Plaintiff 1951 WILCOX HOTEL LLC<br><br>$<br>_____<br><br>B.      Plaintiff 6516 TOMMIE HOTEL LLC<br><br>$<br>_____<br><br>C.      Plaintiff 6421 SELMA WILCOX HOTEL LLC | Plaintiffs object that this special interrogatory is unnecessary and cumulative because it is already covered by Plaintiffs' verdict form. |

| | $ _____ | |
|---|---|---|
| | D.    Plaintiff RELEVANT GROUP LLC<br><br><br>$ | |

**Objections to Sunset Landmark's**

**Proposed Verdict Form**

| 1 | Do you find that Defendant THE SUNSET LANDMARK INVESTMENT, LLC conducted or participated, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity in violation of 18 U.S.C. section 1962(c) (the RICO Act), as alleged in Plaintiff's First Claim for Relief?<br><br>_____ Yes<br><br>_____ No | Plaintiffs object to this question to the extent it varies in substance from Question 1 of Plaintiff's Proposed Verdict Form. |
|---|---|---|

| | | |
|---|---|---|
| | *If you answered this Question "Yes," proceed to Question No. 2.*<br><br>*If you answered this Question "No," proceed to Question No. 3 and skip Question No. 2.* | |
| 2. | Do you find by a preponderance of the evidence that the pattern of racketeering activity as alleged in the First Claim for Relief included the following predicate acts:<br><br>A.    Extorting Plaintiffs into settling Sunset Landmark's opposition to the Thompson and Tommie hotel in violation of the federal Hobbs Act (18 U.S.C. section 1951)<br><br>_____ Yes<br><br>_____ No<br><br>B.    Attempting to extort Plaintiffs into settling Sunset Landmark's objections to the Selma Hotel, in violation of the federal Hobbs Act (18 U.S.C. sections 1951, 2)<br><br>_____ Yes<br><br>_____ No | Plaintiffs object that special interrogatories on this particular element of the claim is unnecessary and cumulative.  The jury instructions provide appropriate guidance to the jury on the elements necessary under RICO. |

| | | | |
|---|---|---|---|
| | | *If you checked "Yes" for both 2.A. and 2.B., proceed to Question No. 3.* | |
| | | *If you did not check "Yes" for both A. and B, please sign the bottom of the form and answer no further questions.* | |
| | 3. | Do you find that Defendant THE SUNSET LANDMARK INVESTMENT, LLC conspired with others to conduct or participate, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity, in violation of 18 U.S.C. sections 1962(d) and 1962(c) (the RICO Act), as alleged in Plaintiff's Second Claim for Relief? | Plaintiffs object to this question to the extent it varies in substance from Question 2 of Plaintiffs' Proposed Verdict Form. |
| | | _____ Yes | |
| | | _____ No | |
| | | If you answered this Question No. 1 or Question No. 3 "Yes," proceed to Question No. 4. | |
| | | If you answered Questions No. 1 and No. 3 "No," please sign the bottom of this form and answer no further questions. | |

| | | |
|---|---|---|
| 4. | Do you find that THE SUNSET LANDMARK INVESTMENT, LLC filed lawsuits were each objectively baseless in the sense that no reasonable litigant could expect success on the merits?<br><br>_____ Yes<br><br>_____ No<br><br>If you answered this Question "Yes," please skip to Question No. 6.<br><br>If you answered this Question "No," proceed to Question No. 5. | Plaintiffs object that this interrogatory is confusing, misleading, and ultimately constitutes a misstatement of the applicable law; further, it ignores the factual record in this case.  Objective baselessness is not the applicable standard when the Defendant has engaged in a series of legal or administrative challenges, which were not limited to filed lawsuits alone. _See_ Summary Judgment Order at 22-31. |
| 5. | Do you find that THE SUNSET LANDMARK INVESTMENT, LLC's filed a series of lawsuits that were brought pursuant to a policy of starting legal proceedings to injure a market rival, and not out of a genuine interest in redressing grievances?<br><br>_____ Yes | Plaintiffs object that this interrogatory is incomplete and therefore presents a misleading and inaccurate statement of the law, which would be prejudicial to Plaintiffs.  First, it omits that the jury may find that the conduct was not protected if the Defendants' legal challenges were a merely pretextual tools that Defendants used to obtain |

| | | | |
|---|---|---|---|
| | | _____ No<br><br>*If you answered this Question "Yes," please proceed to Question No. 6.*<br><br>*If you answered this Question "No," please sign and date the bottom of this form and answer no further questions.* | property from Plaintiffs to which Defendants had no lawful claim, or if there was no nexus between the legal claim and the property that the defendants demanded. *United States v. Koziol*, 993 F.3d 1160, 1171-72, n.12 (9th Cir. 2021); *La Suisse, Societe D'Assurances Sur La Vie v. Kraus*, 2014 U.S. Dist. LEXIS 99847, at *27-29 (S.D.N.Y. July 21, 2014); *United States v. Tobin*, 155 F.3d 636, 649 (3d Cir. 1998); *United States v. Avenatti*, 2020 U.S. Dist. LEXIS 3908, at *21-24 (S.D.N.Y. Jan. 6, 2020).  Moreover, the facts admitted and discussed in the Court's Summary Judgment Order are not limited solely to filing a series of lawsuits, but also included other administrative and legal challenges.  Consequently, the question should be omitted. |
| 6. | | Do you find that Plaintiffs knowingly and voluntarily released the claims being asserted against THE SUNSET LANDMARK INVESTMENT, LLC?<br><br> _____ Yes<br><br> _____ No<br><br>*If you answered this Question "Yes," please sign and date* | Plaintiffs first object on the grounds that this proposed question queues up the doctrine of waiver, which may be inapplicable to this case.  Further, Plaintiffs object that this interrogatory is incomplete and therefore presents a misleading and inaccurate statement of the law.  Even assuming the affirmative defense of |

| | | *the bottom of this form and answer no further questions.*<br><br>*If you answered this Question "No," please proceed to Question No. 7.* | "waiver" is applicable, Defendants' proposed instruction is an incomplete (and therefore inaccurate) statement of the law. As CACI makes clear, "waiver" under California law includes the following elements: "(1) That Plaintiffs knew Defendants were required to [insert description of performance]; and (2) Plaintiffs freely and knowingly gave up their rights to have Defendants perform these obligation[s]." CACI No. 336. Affirmative Defense – Waiver, Judicial Council of California Civil Jury Instructions (2022 edition). Finally, the proposed question fails to apply the clear and convincing evidence standard. *See* CACI 336. |
|---|---|---|---|
| | 7. | Do you find that Plaintiffs ratified the settlement agreements by retaining the consideration received in the settlement agreements after allegedly learning that the settlement agreements were voidable?<br><br>_____ Yes<br><br>_____ No<br><br>*If you answered this Question "Yes," please sign and date* | Plaintiffs object that this interrogatory is vague, confusing, and presents a misleading and inaccurate statement of the law. The test for ratification is whether "the releasor, with full knowledge of the material facts entitling him to rescind, has engaged in some unequivocal conduct giving rise to a reasonable inference that he intended the conduct to amount to a ratification." *Union Pac. R. Co. v. Zimmer,* |

| | | | |
|---|---|---|---|
| | | *the bottom of this form and answer no further questions.*<br><br>*If you answered this Question "No," please proceed to Question No. 8.* | 87 Cal. App. 2d 524, 532 (1948). Ratification, because it is a species of waiver, requires proof by clear and convincing evidence. *See* CACI 336. |
| | 8. | Do you find that THE SUNSET LANDMARK INVESTMENT, LLC's conduct directly and proximately caused harm to any of the below Plaintiffs?<br><br>A.    Plaintiff 1951 WILCOX HOTEL LLC<br><br>_____ Yes<br><br>_____ No<br><br>B.    Plaintiff 6516 TOMMIE HOTEL LLC<br><br>_____ Yes<br><br>_____ No<br><br>C.    Plaintiff 6421 SELMA WILCOX HOTEL LLC<br><br>_____ Yes<br><br>_____ No<br><br>D.    Plaintiff RELEVANT GROUP LLC<br><br>_____ Yes<br><br>_____ No<br><br>(If you answered "Yes" to any of the above-listed | Plaintiffs object that this interrogatory is incomplete and therefore presents a misleading and inaccurate statement of the law.  That is because liability under RICO is joint and several. *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 775 (9th Cir. 2002) (quoting *Investor Prot. Corp. v. Vigman*, 908 F.2d 1461, 1468 (9th Cir.1990)). ("Holding RICO conspirators jointly and severally liable for the acts of their co-conspirators reflects the notion that the damage wrought by the conspiracy 'is not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole.'"). |

| | | | |
|---|---|---|---|
| | | Plaintiffs, proceed to Question No. 9.)  If you did not answer "Yes" to any of the above-listed Plaintiffs, please sign and date the bottom of this form and answer no further questions.) | |
| | 9. | If you answered "Yes" for one or more of the Plaintiffs in Question No. 7, what amount, if any, do you award that Plaintiff as damages?<br><br>A.     Plaintiff 1951 WILCOX HOTEL LLC<br><br>$ _____<br><br>B.     Plaintiff 6516 TOMMIE HOTEL LLC<br><br>$ _____<br><br>C.     Plaintiff 6421 SELMA WILCOX HOTEL LLC<br><br>$ _____<br><br>D.     Plaintiff RELEVANT GROUP LLC<br><br>$ | Agreed |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

Dated: August 1, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   _/s/_____
        Susan K. Leader

Attorneys for Plaintiffs