**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
SUSAN K. LEADER, State Bar No. 216743
sleader@wsgr.com
ALI R. RABBANI, State Bar No. 253730
arabbani@wsgr.com
STEPHANIE V. BALITZER, State Bar No. 316133
sbalitzer@wsgr.com
633 West Fifth Avenue, Suite 1550
Los Angeles, CA 90071-2027
Telephone:   (323) 210-2900
Facsimile:   (866) 974-7329

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
DALE R. BISH, State Bar No. 235390
dbish@wsgr.com
CHARLES A. TALPAS, State Bar No. 308505
ctalpas@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:   (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Plaintiffs
Relevant Group, LLC, 1541 Wilcox Hotel
LLC, 6516 Tommie Hotel LLC, and 6421
Selma Wilcox Hotel LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC; a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>          Plaintiffs,<br><br>v.<br><br>STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10,<br><br>          Defendants. | Case No.: 2:19-cv-05019-ODW(KSx)<br><br>**JOINT PROPOSED PRETRIAL CONFERENCE ORDER**<br><br>Date:       August 9, 2022<br>Time:       11:30 a.m.<br>Dept:       Courtroom 5D, Fifth Floor<br>Before:    Hon. Otis D. Wright, II<br><br>Trial Date:  August 30, 2022 |

# TABLE OF CONTENTS

**Page**

1.    THE PARTIES ..............................................................................1

2.    FEDERAL JURISDICTION AND VENUE .................................1

3.    ESTIMATED LENGTH OF TRIAL .............................................1

4.    JURY TRIAL .................................................................................1

5.    ADMITTED AND STIPULATED FACTS....................................2

6.    CLAIMS AND DEFENSES OF THE PARTIES ...........................2

7.    ISSUES TO BE TRIED ..............................................................17

8.    DISCOVERY ...............................................................................18

9.    DISCLOSURES ...........................................................................19

10    WITNESS LISTS .........................................................................20

11.   LAW AND MOTION / MOTIONS IN LIMINE ........................21

12.   BIFURCATION ...........................................................................23

13.   FINAL PRETRIAL CONFERENCE ORDER ............................23

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16, IT IS ORDERED:

**1.     THE PARTIES**

The Plaintiffs are: Relevant Group, LLC ("Relevant"), 1541 Wilcox Hotel LLC ("Wilcox"), 6516 Tommie Hotel LLC ("Tommie"), and 6421 Selma Wilcox Hotel LLC ("Selma").

The Defendants are: Stephan "Saeed" Nourmand ("Nourmand"), The Sunset Landmark Investment LLC ("Sunset"), and Nourmand & Associates ("N&A").

Each of these parties has been served and has appeared.

The pleadings which raise the issues are: Plaintiffs' Third Amended Complaint (ECF No. 89); Defendants Nourmand and Sunset's Answer to the Third Amended Complaint (ECF No. 117); and Defendant N&A's Answer to the Third Amended Complaint (ECF No. 118). Plaintiffs are not pursuing their Third Claim for Relief for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d), by conspiring to violate 18 U.S.C. § 1962(b).

**2.     FEDERAL JURISDICTION AND VENUE**

Federal jurisdiction and venue are undisputed and invoked upon the following grounds: The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 because Plaintiffs' claims for relief arise under RICO, 18 U.S.C. § 1964(a). Venue is proper because Defendants reside and conduct business in this District and because the events giving rise to the claims occurred in this District. The facts requisite to federal jurisdiction and venue are admitted.

**3.     ESTIMATED LENGTH OF TRIAL**

The trial is estimated to take between ten (10) to twelve (12) court days.

**4.     JURY TRIAL**

The trial is to be a jury trial. On August 1, 2022, the parties shall file and serve by email, fax or personal delivery: (a) proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on *voir dire*.

**5.     ADMITTED AND STIPULATED FACTS**

Schedule 5 includes the facts that the parties agree have been admitted and/or stipulated.

**6.     CLAIMS AND DEFENSES OF THE PARTIES**

**PLAINTIFFS:**

**(a)     Plaintiffs plan to pursue the following claims against all Defendants:**

- Claim 1: Defendants violated RICO, 18 U.S.C. § 1962(c);
- Claim 2: Defendants violated RICO, 18 U.S.C. § 1962(d), by conspiring to violate RICO, 18 U.S.C. § 1962(c).

**(b)     The elements required to establish Plaintiffs' claims are:**

**Claim 1: Violation of 18 U.S.C. § 1962(c)**

i.      conduct;

ii.     of an enterprise;

iii.    through a pattern;

iv.    of racketeering activity (known as "predicate acts");

v.     causing injury to Plaintiffs' "business or property" by the conduct constituting the violation.

*See* Ninth Circuit Manual of Model Civil Jury Instructions at § 8, Civil RICO (2017) (citing *Living Designs, Inc. v. E.I. de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005)).[1]

Plaintiffs allege that the following predicate acts form the basis of their claims: at least two predicate acts of extortion (e.g., Thompson/Tommie) or attempted extortion (e.g., Selma Wilcox) under the Hobbs Act or California law. Plaintiffs contend that depending on how it views the evidence, the jury will determine whether and how many predicate acts of extortion or attempted extortion

---

[1] The Ninth Circuit Manual of Model Civil Jury Instructions provides certain guidance on Plaintiffs' RICO claims and refers to the Eleventh Circuit's model jury instructions. *See id.* ("For model jury instructions that may be helpful, *see* Eleventh Circuit Pattern Jury Instructions—Civil Cases (2013), Instructions 7.1 *et seq.*").

Plaintiffs were able to prove based on the facts and the instructions provided by the Court.

The elements required to establish Plaintiffs' claims for extortion and attempted extortion by nonviolent threat under the Hobbs Act are:

    i.    The defendant induced, or intended to induce, Plaintiffs to part with property by wrongful threat of economic harm;

    ii.    The defendant acted with the intent to obtain property;

    iii.    Commerce from one state to another was or would have been affected in some way; and

    iv.    For attempted extortion:  the defendant did something that was a substantial step toward committing the violation and that strongly corroborated the defendant's intent to commit the violation.

*See* Ninth Circuit Manual of Model Criminal Jury Instructions at § 9.6 (2022).

The elements required to establish Plaintiffs' claims for extortion and attempted extortion under color of official right under the Hobbs Act are:

    i.    The defendant was a public official or acting under color as a public official;

    ii.    The defendant obtained or intended to obtain property that the defendant knew it was not entitled to receive;

    iii.    The defendant knew that the property was or would be given in return for taking some official action;

    iv.    Commerce or the movement of an article or commodity in commerce from one state to another was or would have been affected in some way; and

    v.    For attempted extortion: the defendant did something that was a substantial step toward committing the violation and that strongly corroborated the defendant's intent to commit the violation.

*See* Ninth Circuit Manual of Model Criminal Jury Instructions at § 9.7 (2022).

The elements required to establish Plaintiffs' claims for extortion under California law are:

    i.    The defendant threatened to unlawfully injure the property of Plaintiffs;

    ii.    When making the threat, the defendant intended to use that fear to obtain Plaintiffs' consent to give the defendant money or property;

    iii.    As a result of the threat, Plaintiffs consented to give the defendant money or property; and

    iv.    As a result of the threat, Plaintiffs then gave the defendant money or property.

Judicial Council of California Criminal Jury Instructions (2022), Instruction 1830.

The elements required to establish Plaintiffs' claims for attempted extortion under California law are "(i) a specific intent to commit extortion and (2) a direct ineffectual act done in towards its commission." *People v. Sales*, 116 Cal. App. 4th 741, 749 (2004); Judicial Council of California Criminal Jury Instructions (2022), Instruction 460.

### Claim 2: Violation of 18 U.S.C. § 1962(d)

A RICO conspiracy under § 1962(d) may be established by proof of an agreement to commit a substantive violation of RICO. Ninth Circuit Manual of Model Civil Jury Instructions at § 8, Civil RICO (2017) (citing *Oki Semiconductor Co. v. Wells Fargo Bank, Nat'l Ass'n*, 298 F.3d 768, 774-75 (9th Cir. 2002) ("It is the mere agreement to violate RICO that § 1962(d) forbids; it is not necessary to prove any substantive RICO violations ever occurred as a result of the conspiracy.")).[2]

---

[2] As noted above, the Ninth Circuit Manual of Model Civil Jury Instructions provides certain guidance on Plaintiffs' RICO claims and refers to the Eleventh Circuit's model jury instructions. *See id.* ("For model jury instructions that may be helpful, *see* Eleventh Circuit Pattern Jury Instructions—Civil Cases (2013), Instructions 7.1 *et seq.*"). The Eleventh Circuit's model jury instructions provide that a RICO conspiracy under § 1962(d) may be established by proving that (1) two or more people agreed to try to accomplish an unlawful plan to engage in a pattern of racketeering activity; and (2) a defendant agreed to the overall objective of the

(continued...)

(c)     **In brief, the key evidence Plaintiffs rely on for each of the claims is:[3]**

**Claim 1: Violation of 18 U.S.C. § 1962(c)**

*Enterprise Elements*

• The testimony of Richard Heyman and Grant King regarding meetings and communications in which Defendants, Patel, and Silverstein repeatedly communicated extortionate demands and threats.

• Letters, emails, and text messages exchanged between the parties containing extortionate demands and threats and made in furtherance of the scheme.

• Testimony from Saeed Nourmand and Jayesh Patel regarding the meetings and communications with Plaintiffs.

• The administrative and judicial filings that constituted sham and/or wrongful legal challenges to Plaintiffs' hotel projects.

• The settlement agreements in which Plaintiffs agreed to pay Defendants $5.5 million and make costly changes to the Thompson and Tommie hotels, which were part and parcel of the extortionate scheme.

• Testimony from Mohamad Iravani (CFO of N&A) and Michael Nourmand (CEO of N&A), concerning the role of N&A and its staff and resources in the operations of the enterprise, and concerning the meetings and communications in which extortionate demands were made.

• Internal emails between Saeed Nourmand and N&A staff that reflect direction of N&A staff and resources in the operations of Nourmand Enterprise operations.

---

conspiracy or a defendant agreed with at least one other defendant to commit two predicate acts as part of the conspiracy.  Eleventh Circuit Pattern Jury Instructions— Civil Cases (2013), Instruction 7.4.

[3] Plaintiffs reserve the right to offer additional evidence depending on the evidence Defendants offer at trial.

- Testimony of Andrew Shayne that reflects N&A's role in collecting money and enforcing the terms of the settlement agreements.

- Emails between Mohamad Iravani and Relevant that reflect N&A's role in collecting money and enforcing the terms of the settlement agreement.

- Testimony and emails of Casey Maddren, Robert Silverstein, and/or Daniel Wright regarding their role in conducting the operations of the Nourmand Enterprise.

### *Conduct / The Pattern of Racketeering Activity Elements*

- Testimony of Richard Heyman and Grant King regarding meetings and communications with Defendants in which extortionate demands and threats were conveyed.

- Letters, emails, and text messages exchanged between the parties that included extortionate demands and threats.

- The administrative and judicial filings that constituted sham and/or wrongful legal challenges to Plaintiffs' hotel projects.

- The settlement agreements in which Plaintiffs agreed to pay Defendants $5.5 million and make costly changes to the Thompson and Tommie hotels, which were part and parcel of the extortionate scheme.

- The expert testimony of Tina Thomas and Richard Grassetti regarding the pattern of sham environmental challenges and litigation carried out by the Nourmand Enterprise.

- Testimony of Tina Thomas and Richard Grassetti regarding CEQA litigation, generally, and the relief available to litigants under CEQA.

- Testimony (including deposition testimony) of Saeed Nourmand and Jayesh Patel reflecting the sham nature of Defendants' CEQA challenges and litigation.

- Testimony of Richard Heyman, Matt Hinks, and Guy Maisnik regarding the communication of threatened project delays and extortionate demands made by

Robert Silverstein and Jayesh Patel on behalf of the Nourmand Enterprise (and emails reflecting the same), as well as a lack of genuine interest in CEQA and/or the relief available under CEQA.

● Testimony of Richard Heyman, Vincent Chen and Grant King regarding Plaintiffs' fear of threatened project delays, economic harm, and reputational harm caused by the Nourmand Enterprise, as well as Plaintiffs' decisions to enter the settlement agreements and the terms of the settlement agreements.

● Testimony from representatives from Koar Group regarding Defendants' challenge to the Schrader Hotel.

● The expert testimony of John Hekman regarding the value of the Sunset Landmark property.

*Damages/Injury Element*

● Settlement agreements showing cash payments and other non-cash consideration extorted by Defendants.

● Testimony of Richard Heyman, Grant King, Andrew Shayne, and Demien Farrell regarding the delays and increased costs and lost value suffered as a result of the Nourmand Enterprise's conduct.

● Financial documents, including construction budgets for the Thompson/Tommie, loan documentation, vendor invoices (including for legal services), and settlement payments.

● Testimony of Joseph Anastasi regarding the damages suffered by Plaintiffs and value obtained by Defendants through the extortionate scheme.

## Claim 2: Violation of 18 U.S.C. § 1962(d)

Plaintiffs anticipate that the same evidence that supports Claim 1 will be offered in support of Claim 2, including emails between Defendants, and others, regarding the wrongful demands for property and payment, coordinated threats to delay Plaintiffs' projects, and efforts to collect and enforce the settlement agreement.

**(d)    Plaintiffs' Version of the Elements for Defendants' Affirmative Defenses.**

### *Noerr-Pennington* Doctrine

Plaintiffs assert that the *Noerr-Pennington* doctrine does not apply if the petitioning activity was a pretext that defendants used to obtain property that they had no lawful claim to, or if there was no nexus between the legal claim and the property that the defendants demanded.[45]

In addition, the *Noerr-Pennington* doctrine does not protect "sham" litigation. *USS-POSCO Indus. v. Contra Costa Cty. Bldg. & Constr. Trades Council, AFL-CIO*, 31 F.3d 800, 810-11 (9th Cir. 1994). Under *USS-POSCO*, the "sham" exception can be established if Plaintiffs can show: a series of legal challenges that were "brought pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival." *Id.* at 811. The key inquiry under USS-POSCO is whether Defendants acted with a "genuine interest" in CEQA or whether the legal challenges were initiated for an improper purpose, such as to "harass" a market rival.

### Waiver[6]

Plaintiffs assert the affirmative defense of "waiver" citing CACI 336, which typically applies as a defense to contractual obligations. To establish waiver as asserted, defendants must prove that (1) the plaintiff knew the defendant was required to perform an obligation, and (2) the plaintiff freely and knowingly gave up its right

---

[4] *United States v. Koziol*, 993 F.3d 1160, 1171-72 n.12 (9th Cir. 2021); *La Suisse, Societe D'Assurances Sur La Vie v. Kraus*, 2014 U.S. Dist. LEXIS 99847, at *27-29 (S.D.N.Y. July 21, 2014); *United States v. Tobin*, 155 F.3d 636, 649 (3d Cir. 1998); *United States v. Avenatti*, 2020 U.S. Dist. LEXIS 3908, at *21-24 (S.D.N.Y. Jan. 6, 2020).

[5] Defendants assert this section of Plaintiffs' PTCO is inappropriate. The parties do not disagree on the elements of the affirmative defense. Rather, Plaintiffs assert the affirmative defense does not apply.

[6] Defendants assert this section of Plaintiffs' PTCO is inappropriate. The parties do not disagree on the elements of the affirmative defense. Rather, Plaintiffs assert the affirmative defense does not apply.

to have defendant perform that obligation. CACI 336. "There can be no waiver where
the one against whom it is asserted has acted without full knowledge of the facts. It
cannot be presumed, in the absence of such knowledge, that there was an intention to
waive an existing right." *Id.* (citing *Craig v. White*, 187 Cal. 489, 498 (1921)).

A release or waiver that was procured by extortion is not enforceable as a matter
of law. California Civil Code Section 1668 reads:

> All contracts which have for their object, directly or indirectly, to
> exempt anyone from responsibility for his own fraud, or willful injury
> to the person or property of another, or violation of law, whether willful
> or negligent, are against the policy of the law.

Cal. Civ. Code § 1668. Section 1668 applies "when all or some of the elements of
the tort are concurrent or future events at the time the contract is signed," and
renders inapplicable and unenforceable clauses "exempting a party from
responsibility for fraud or a statutory violation . . . ." *See, e.g.*, *SI 59 LLC v. Variel
Warner Ventures, LLC*, 29 Cal. App. 5th 146, 148 (2018).

### Ratification[7]

Plaintiffs dispute that the affirmative defense of ratification applies here. Under
California law, an instruction on ratification is given in cases involving disputed
authority of an agent to bind a principal to contractual obligations. *See* CACI No.
3710 ("[Plaintiff] claims that [defendant] is responsible for the harm caused by [name
of agent]'s conduct because [defendant] approved that conduct after it occurred. If
you find that [name of agent] harmed [plaintiff], you must decide whether [defendant]
approved that conduct."). The elements of the affirmative defense of ratification are
(1) that the agent, although not authorized to do so, purported to act on behalf of the
defendant, (2) that the defendant learned of the agent's unauthorized conduct, and all

---

[7] Defendants assert this section of Plaintiffs' PTCO is inappropriate. The parties
do not disagree on the elements of the affirmative defense. Rather, Plaintiffs assert
the affirmative defense does not apply.

of the material facts involved in the unauthorized transaction, after it occurred, and (3) that the defendant then approved the agent's conduct. *Id.*

**DEFENDANTS SUNSET LANDMARK AND NOURMAND:**

**Defendants:**

(a)     **Defendants will pursue the following affirmative defenses[8]:**

- Third Affirmative Defense: *Noerr-Pennington* Doctrine;
- Sixth Affirmative Defense: Waiver/Release
- Twentieth Affirmative Defense: Ratification

(b)     **Elements of defendants' affirmative defenses:**

**Third Affirmative Defense: *Noerr-Pennington* Doctrine.**

"Under the Noerr-Pennington doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). The Noerr-Pennington doctrine requires a three step analysis:

i.     Would an adverse adjudication impose a burden on the defendant's petitioning activity;

ii.     Does the burdened petitioning conduct fall within the protection of the Petition Clause; and

iii.     Can the statute be construed in a way to avoid the burden.

*Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 935-936 (9th Cir. 2006)

Plaintiffs have asserted that Defendants' conduct is not protected by the First Amendment because the "sham litigation" exception applies to the *Noerr-Pennington* defense. To establish the "sham litigation" exception, Plaintiffs have the burden of establishing that Defendants brought a series of legal challenges pursuant to a policy of starting legal proceedings without regard to the merits for the purpose of injuring

---

[8] Defendants additionally claim that Plaintiffs cannot meet their burden of proof as to any of their RICO claims against any of Defendants. Defendants' first, second, tenth, twelfth, and seventh affirmative defenses go to the essential elements of Plaintiffs' RICO claims and are not separately listed in this section.

a market rival. *USS-POSCO Indus. v. Contra Costa Cty. Bldg. & Constr. Trades Council, AFL-CIO*, 31 F.3d 800, 810-11 (9th Cir. 1994). Plaintiffs must prove that Defendants' legal filings were not made "out of a genuine interest in redressing grievances, but as part of a pattern or practice of successive filings undertaken essentially for purposes of harassment." *Id.* at 11.

### Sixth Affirmative Defense: Waiver

Waiver is the intentional relinquishment of a known right. *See* CACI 336; *see also United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). To determine whether a release in a settlement agreement waives civil RICO claims, the inquiry is whether the RICO claims accrued at the time of the release entered. ECF No. 167, p. 34, ln. 16-17.

### Twentieth Affirmative Defense: Ratification

Under the theory of ratification, "a voidable contract can be cured by ratification through express or implied conduct, but that a person 'charged with ratification of such a contract must have acted voluntarily with knowledge of the facts.'" *Monster Content, LLC v. HomesCom., Inc.*, No. C 04-0570, 2005 WL 1522159, at *6 (N.D. Cal. June 28, 2005). A party can ratify a voidable agreement if it "retained the consideration received in the settlement agreements after allegedly learning that the settlement agreements were voidable? *Williams v. Phillips Petroleum Co.*, 23 F.3d 930 (5th Cir. 1994).

**(c)** **Key Evidence for Each Affirmative Defense:**

### Third Affirmative Defense: *Noerr-Pennington* Doctrine:

### *Element: "Sham Litigation" Exception*

- Filings made in the CEQA actions and administrative hearings challenging the Plaintiffs' hotels that demonstrate the merits of the CEQA lawsuits;

- Rulings made in the CEQA actions challenging the Plaintiffs hotels that demonstrate the merits of the CEQA lawsuits;

- Expert testimony of Douglas Carstens as to the merits of the CEQA lawsuits;

- Testimony from other individuals who opposed Plaintiffs hotels and were concerned about the impact such hotels. These individuals include:  David Carrera, Casey Maddren, Fran Offenhauser, Allen Shamoolian, and Lauren Farmer;

- Testimony from Plaintiffs' lawyers, including Guy Maisnik, Arthur Friedman, and Matt Hinks on lack of certain actions taken in litigation to dispose of the allegedly "sham" lawsuits.

- Testimony and documentary evidence of other projects that Sunset did not challenge.

- Testimony by Saeed Nourmand as to Sunset Landmark's for the reasons for the challenges to Plaintiffs' hotel projects;

- Documentary evidence, including email correspondence, letters, social media posts and video footage demonstrating the merits of the CEQA lawsuits;

- Communications from Saeed Nourmand to various community stakeholders and city officials outlining legitimate concerns with Plaintiffs' hotels.

- Testimony by Jayesh Patel, Robert Silverstein, Richard Heyman, Guy Maisnik, and Matthew Hinks as to the negotiation and terms of the settlement agreements of the Thompson and Tommie hotel lawsuits;

- Documentary evidence of Plaintiffs' attempts to illegally lobby for the approval of its various hotels;

- Documentary evidence in the administrative record demonstrating the City's approval of Plaintiffs' hotels were improper.

### Sixth Affirmative Defense: Waiver

***Element: Intentional relinquishment of known right***

- The settlement agreements.

- Testimony by Jayesh Patel, Robert Silverstein, Richard Heyman, Guy Maisnik, and Matthew Hinks as to the negotiation and terms of the settlement agreements of the Thompson and Tommie hotel lawsuits;

- Email correspondence and draft agreements relating to the negotiation and terms of the settlement agreements;

- Testimony by Richard Heyman, Grant King, and Andrew Shayne regarding the status of construction of their projects and the basis of their claims that the settlement agreement was extortionate;

- Testimony by Saeed Nourmand, Jayesh Patel and Richard Heyman, and documentary evidence including text messages and email communications, relating to post-settlement conduct by Plaintiffs and their communications with Saeed Nourmand leading up to the filing of the subject lawsuit;

- Email and text message communications between the parties before, during and after the settlement agreement demonstrating

- Communications from Plaintiffs inviting Sunset Landmark to propose a counter-offer to Plaintiffs' settlement requests.

### Element: Accrual of RICO claim

- Communications between Jay Patel and Guy Maisnik regarding Plaintiffs' request for a "blank check" to allow their projects to proceed unchallenged.

- Testimony from Saeed Nourmand, Jay Patel, Richard Heyman, Guy Maisnik and Grant King regarding  knowledge that Defendants reserved the right to object to further projects by Plaintiffs;

- Testimony from Richard Heyman and Grant King about knowledge of additional projects from Plaintiffs to be built near Sunset Landmark property.

### Twentieth Affirmative Defense: Ratification

### Element: Knowing retention of consideration from settlement agreement

- Testimony by Richard Heyman, Grant King, Demien Ferrell, and Guy Maisnik regarding the use of the tieback agreement and easement, the dismissal of the CEQA actions;

- Testimony by Saeed Nourmand, Jayesh Patel and Richard Heyman, Grant King, Demien Ferrell, and documentary evidence including the settlement agreements, re: Plaintiffs' use and retention of the consideration received from the settlement agreements;

- Recorded easements granted by Sunset in favor of Plaintiffs.

**DEFENDANT NOURMAND & ASSOCIATES:**

**(a)     N&A plans to pursue the following affirmative defenses[9]:**

- Third Affirmative Defense: *Noerr-Pennington* Doctrine

- Twentieth Affirmative Defense: Ratification

**(b)     Elements of N&A's affirmative defenses:**

**Third Affirmative Defense: *Noerr-Pennington* Doctrine**

     i.     Would an adverse adjudication impose a burden on the defendant's petitioning activity;

     ii.     Does the burdened petitioning conduct fall within the protection of the Petition Clause; and

     iii.     Can the statute be construed in a way to avoid the burden.

*Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 935-936 (9th Cir. 2006)

Plaintiffs assert that the "sham litigation" exception applies to the *Noerr-Pennington* Doctrine defense. The essential elements of the exception are as follows:

     i.     Defendants brought a series of legal challenges;

     ii.     Pursuant to a policy of starting legal proceedings without regard to the merits; and

_____

[9] N&A additionally claims that Plaintiffs cannot meet their burden of proof as to any of their RICO claims against N&A, who was not a party to the subject CEQA lawsuits or settlement agreements, and did not receive any benefits from the settlement agreements.

iii.   For the purpose of injuring a market rival.

*USS-POSCO Indus. v. Contra Costa Cty. Bldg. & Constr. Trades Council, AFL-CIO*, 31 F.3d 800, 810-11 (9th Cir. 1994).

**Twentieth Affirmative Defense: Ratification**

i.   Did the releasor retain the consideration received in the settlement agreements after allegedly learning that the settlement agreements were voidable?

*Williams v. Phillips Petroleum Co.*, 23 F.3d 930 (5th Cir. 1994)

**(c)   Key Evidence for Each Affirmative Defense**

**Third Affirmative Defense: *Noerr-Pennington* Doctrine**

• Administrative and judicial filings and rulings that demonstrate the merits of the CEQA lawsuits;

• Expert testimony of Douglas Carstens as to the merits of the CEQA lawsuits;

• Administrative and judicial filings of other individuals who challenged Plaintiffs' hotel projects and testimony by the individuals, including David Carrera, Casey Maddren, and Lauren Farmer;

• Testimony by Robert Silverstein and Daniel Wright as to key judicial filings, events and/or rulings in the CEQA lawsuits;

• Testimony and documentary evidence re: representations made to the Court by Plaintiffs' counsel in the CEQA lawsuits regarding the settlements;

• Testimony by Saeed Nourmand as to Sunset Landmark's bases for challenging Plaintiffs' hotel projects;

• Documentary evidence, including email correspondence, letters, social media posts and video footage demonstrating the merits of the CEQA lawsuits;

• Testimony by Jayesh Patel, Robert Silverstein, Richard Heyman, Guy Maisnik, and Matthew Hinks as to the negotiation and terms of the settlement agreements of the Thompson and Tommie hotel lawsuits;

- Email correspondence and draft agreements relating to the negotiation and terms of the settlement agreements;

- Testimony by Richard Heyman, Grant King, and Andrew Shayne regarding the status of construction of their projects and the basis of their claims that the settlement agreement was extortionate;

- Testimony by Saeed Nourmand, Jayesh Patel and Richard Heyman, and documentary evidence including text messages and email communications, relating to post-settlement conduct by Plaintiffs and their communications with Saeed Nourmand leading up to the filing of the subject lawsuit;

- Testimony by Michael Nourmand, Mohamad Iravani, and possibly Carolyn Rae Cole, Scott Campbell, Sarah Gould and Rachelle DeCastro as to the limited nature of N&A's alleged petitioning activity; the fact that N&A was not a party to the lawsuits, settlement negotiations, or settlement agreements relating to the Thompson and Tommie hotel lawsuits; the lack of any involvement by N&A in the Selma hotel litigation or any communications regarding the Schrader hotel (should evidence of the latter be allowed into evidence).

N&A reserves the right to offer additional evidence depending on the evidence that Plaintiffs offer at trial.

### Twentieth Affirmative Defense: Ratification

- Testimony by Jayesh Patel, Robert Silverstein, Richard Heyman, Guy Maisnik, and Matthew Hinks as to the negotiation and terms of the settlement agreements of the Thompson and Tommie hotel lawsuits;

- Testimony by Saeed Nourmand, Jayesh Patel and Richard Heyman, and documentary evidence including the settlement agreements, re: Plaintiffs' use and retention of the consideration received from the settlement agreements;

N&A reserves the right to offer additional evidence depending on the evidence that Plaintiffs offer at trial.

# 7. ISSUES TO BE TRIED

In view of the admitted facts and the elements required the establish the claims and affirmative defenses, the parties jointly submit that the following issues remain to be tried:

a. Did Defendants make wrongful demands for property from Plaintiffs?

b. Did Defendants have a legal right to the property they allegedly demanded from Plaintiffs?

c. Did Defendants know they had no legal right to the property they demanded from Plaintiffs?

d. Did Defendants induce, or intend to induce, Plaintiffs to part with their property by wrongful threat of economic harm?

e. Was Defendants' alleged conduct intended to instill a fear in Plaintiffs that was reasonable under the circumstances.

f. Did Defendants have a genuine interest in vindicating their rights under CEQA or were the legal challenges initiated to harass Plaintiffs?

g. Was there an enterprise?

h. Did any of the Defendants direct the alleged enterprise?

i. Which, if any, of the Defendants benefited from the alleged extortionate scheme of the enterprise?

j. Was the settlement agreement part and parcel or integral to the alleged extortionate scheme and/or the product of economic duress?

k. Were Plaintiffs injured by Defendants' conduct?

l. What damages, if any, did Plaintiffs suffer as a result of Defendants' conduct?

m. Whether the settlement agreement (and releases) are void under Cal. Civ. Code Section 1668 or otherwise unenforceable?

In view of the admitted facts and the elements required the establish the claims and affirmative defenses, Defendants submit that the following issues remain to be tried:

    a.    Did an enterprise exist?

    b.    Did the enterprise engage in, or have some effect on, interstate commerce?

    c.    Can Plaintiffs prove a sufficient number of predicate acts to prove a pattern of racketeering?

    d.    Did any of the Defendants engage in the following predicate acts:

        i.    Were the settlements of the Thompson and Tommie Hotel lawsuits the product of knowing or willful extortion?

        ii.    Was the Selma lawsuit an act of knowing or willful attempted extortion?

    e.    Was the Thompson Hotel lawsuit brought without regard to the merits and for the purpose of injuring a market rival?

    f.    Was the Tommie Hotel lawsuit brought without regard to the merits and for the purpose of injuring a market rival?

    g.    Was the Selma Hotel litigation brought without regard to the merits and for the purpose of injuring a market rival?

    h.    Did Plaintiffs knowingly release their RICO claims by signing the settlement agreements pertaining to the Thompson and Tommie Hotel lawsuits?

    i.    Did Plaintiffs ratify the alleged extortion, by retaining consideration they received in the settlement agreements after allegedly learning that the settlement agreements were void?

## 8.   DISCOVERY

All discovery is complete.

**9.     DISCLOSURES**

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.  Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Plaintiffs object to Exhibit Nos.: JX1000, JX1005, JX1007, JX1008, JX1009, JX1010, JX1015, JX1016, JX1018, JX1019, JX1022, JX1025, JX1026, JX1028, JX1029, JX1034, JX1043, JX1050, JX1053, JX1054, JX1055, JX1060, JX1061, JX1067, JX1068, JX1069, JX1073, JX1098, JX1113, JX1114, JX1119, JX1120, JX1124, JX1125, JX1126, JX1127, JX1131, JX11332, JX1136, JX2005, JX2006, JX2007, JX2008, JX2009, JX2010, JX2011.

Defendants object to Exhibit Nos.: JX001, JX002, JX006,  JX007, JX008, JX011, JX012, JX017, JX021, JX027, JX028, JX048, JX058, JX062, JX078, JX080, JX082, JX083, JX084, JX087, JX096, JX101, JX103, JX104, JX105, JX107, JX110, JX120, JX130, JX134, JX135, JX137, JX139, JX40, JX141, JX142, JX143, JX144, JX145, JX146, JX148, JX149, JX150, JX151, JX152, JX153, JX155, JX156, JX157, JX158, JX159, JX160, JX161, JX162, JX163, JX164, JX165, JX166, JX167, JX171, JX173, JX174, JX175, JX177, JX178, JX179, JX180, JX181, JX182, JX183, JX219, JX222, JX239, JX245, JX253, JX254, JX255, JX256, JX257, JX258, JX259, JX260, JX261, JX262, JX263, JX264, JX265, JX266, JX267, JX268, JX269, JX270, JX271, JX272, JX273, JX274, JX275, JX276, JX277, JX278, JX279, JX280, JX281, JX282, JX283, JX284, JX285, JX286, JX287, JX288, JX289, JX290, JX291, JX292, JX293, JX294, JX295, JX296, JX297, JX298, JX299, JX300, JX301, JX302, JX303, JX304, JX305, JX306, JX307, JX308, JX309, JX310, JX311, JX312, JX313, JX314, JX315, JX316, JX317, JX318, JX319, JX320, JX321, JX322, JX323, JX324, JX325, JX326, JX327, JX328, JX329, JX330, JX331, JX332, JX333, JX334, JX335, JX336, JX337, JX338, JX339, JX340, JX341, JX342, JX343, JX344, JX345, JX346, JX347, JX348,

JX349, JX350, JX351, JX352, JX353, JX354, JX355, JX358, JX359, JX360, JX361, JX362, JX363, JX364, JX365, JX366, JX367, JX368, JX369, JX370, JX371, JX372, JX373, JX374, JX375, JX376, JX377, JX378, JX379, JX380, JX381, JX382, JX383, JX384, JX385, JX386, JX387, JX388, JX391, JX395, JX398, JX399, JX400, JX401, JX402, JX403, JX404, JX405, JX406, JX412, JX413, JX414, JX415, JX416, JX417, JX418, JX419, JX420, JX421, JX422.

The objections and grounds therefor are set forth in the Pre-Trial Exhibit Stipulation.

**10    WITNESS LISTS**

The joint witness list of the parties has been filed with the Court.

Only the witnesses identified in the list will be permitted to testify (other than those whose testimony is offered solely for impeachment).  However, the parties reserve the right to make motions *in limine* and evidentiary objections before and during trial as may be necessary or appropriate with respect to any listed witnesses.

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7.  For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

- Andrew Shayne
- Demien Farrell
- Grant King
- Richard Heyman
- Mohamad Iravani
- Michael Normand
- Jayesh Patel
- Stephan "Saeed" Nourmand

Schedule 11 is a document containing the parties' deposition designations, objections, and counter-designations.

N&A disputes that evidence can be introduced by way of deposition testimony as to Jayesh Patel because Plaintiffs cannot meet their burden of establishing that this individual was a managing agent of any Defendants, as Plaintiffs allege.

In addition, Plaintiffs have designated several hours of deposition testimony of Defendants' party representatives, who they also intend to call as witnesses to testify in their case in chief. Based upon the descriptions provided by Plaintiffs in the Witness List, N&A objects to such testimony coming into evidence by both deposition and trial testimony, on the grounds it would be improperly cumulative and prejudicial.

N&A further objects to Plaintiffs' apparent intention to cause live witnesses to invoke the attorney-client privilege, or provide to the jury deposition testimony wherein the deponents invoked the attorney-client privilege, solely to create a false impression.

## 11.   LAW AND MOTION / MOTIONS IN LIMINE

The following law and motion matters and motions *in limine*, and no others, are pending or contemplated:

    n.   Plaintiffs' Motions in Limine Nos. 1-5:

        i.   Plaintiffs' Motion *in Limine* #1 to exclude testimony and evidence regarding allegations that Plaintiffs did not meet the EB-5 job creation requirements;

        ii.   Plaintiffs' Motion *in Limine* #2 to exclude testimony and evidence regarding other persons or entities that objected to the hotel projects at issue at the City level;

        iii.   Plaintiffs' Motion *in Limine* #3 to exclude testimony and evidence regarding allegations that Sunset's tenants suffered any harm as a result of Plaintiffs' hotel projects;

iv.    Plaintiffs' Motion *in Limine* #4 to exclude testimony and evidence regarding Defendants' or their attorneys' subjective views of the merits of the underlying CEQA litigation;

v.    Plaintiffs' Motion *in Limine* #5 to exclude testimony and evidence regarding Plaintiffs' other actual or potential development projects.

o.    Plaintiffs are contemplating filing a motion for bifurcation of Defendants' affirmative defenses of waiver and ratification.

p.    S Defendants' Motions *in Limine*

i.    Motion to exclude expert testimony from Joe Anastasi;

ii.    Motion to exclude expert testimony from Richard Grassetti;

iii.    Motion to exclude expert testimony from Tina Thomas;

iv.    Motion to exclude expert testimony from John Hekman; and

v.    Motion to exclude any testimony or evidence of obligations, costs, or other potential damages purportedly incurred by Plaintiffs' subsidiaries, parent corporation, or other affiliated companies not named as parties to this lawsuit.

q.    N&A's Motions *in Limine* Nos. 1-4[10]

i.    N&A's Motion in Limine No. 1 to preclude testimony/argument as to Plaintiffs' subjective beliefs about the CEQA litigation process that are based upon attorney-client privileged communications;

ii.    N&A's Motion in Limine No. 2 to preclude argument and any testimony by Plaintiff's witnesses that N&A received proceeds

---

[10] Plaintiffs contend that Defendants are not permitted to file more than five motions in limine without leave of Court.  ECF No. 48 at 1 ("Each side is limited to five motions in limine unless the Court orders otherwise.").

from the settlement agreements or otherwise benefitted from the settlements;

   iii.   N&A's Motion in Limine No. 3 to preclude argument and testimony that, after its initial response to Plaintiffs' third-party subpoena, N&A withheld, refused or failed to produce documents in this case; and

   iv.   N&A's Motion in Limine No. 4 to preclude any testimony by Plaintiff's witness Laurie Goldman unless Defendants are permitted to complete her deposition prior to trial.

   r.   N&A's Rule 50 Motion for Judgment as a Matter of Law.

## 12.  BIFURCATION

In light of the Court's order on Plaintiffs' Motion for Partial Summary Adjudication, Plaintiffs believe bifurcation of Defendants' affirmative defenses of waiver and ratification may promote judicial economy by allowing a finding on California Civil Code Section 1668, which may dispose of those affirmative defenses.

## 13.  FINAL PRETRIAL CONFERENCE ORDER

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: August __, 2022     _____

                            Hon. Otis D. Wright II

                          Respectfully Submitted,

Dated: August 1, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  _/s/ Susan K. Leader_
　　　Susan K. Leader

Attorneys for Plaintiffs

Dated: August 1, 2022

NORTON ROSE FULBRIGHT US LLP

By:  _/s/ James H. Turken_
　　　James H. Turken

Attorneys for Defendants
THE SUNSET LANDMARK INVESTMENT,
LLC. and STEPHAN "SAEED" NOURMAND

Dated: August 1, 2022

THE MALONEY FIRM, APC

By:  _/s/ Patrick M. Maloney_
　　　Patrick M. Maloney, Esq.

Attorneys for Defendant
NOURMAND & ASSOCIATES

## SCHEDULE 5

| | **Admitted/Stipulated Fact** |
|---|---|
| 1. | Relevant Group, LLC ("Relevant") describes itself as "a vertically integrated, design-focused real estate development company that creates distinctive hospitality, real estate, and lifestyle destinations." |
| 2. | Relevant was founded in 2007. At the time, it was known as "Five Chairs Holdings, LLC." |
| 3. | Today, Andrew Shayne, Grant King, and Demien Ferrell are partners in Relevant Group, LLC. |
| 4. | Several of Relevant's hotel projects received funds through the EB-5 program. |
| 5. | Relevant's first hotel project was called the "Dream" Hotel, located at 1616 Wilcox Ave, Hollywood CA. |
| 6. | The Dream Hotel opened in 2017. |
| 7. | 1541 Wilcox Hotel LLC is an entity that developed a hotel located at 1541 Wilcox Avenue in Hollywood, which is known as the "Thompson Hotel." |
| 8. | 6516 Tommie Hotel LLC is an entity that developed a hotel located at 6516 Selma Avenue in Hollywood, which is known as the "Tommie Hotel." |
| 9. | 6421 Selma Wilcox Hotel LLC is an entity that proposed a hotel located at 6421 Selma Avenue in Hollywood. |
| 10. | Sunset Landmark Investment LLC is an entity that owns property in Hollywood. |
| 11. | The Sunset Landmark property includes a building called the Hollywood Athletic Club, commercial office space, a residential building, and a parking lot. |
| 12. | Stephan Nourmand owns Sunset Landmark, either directly or indirectly through an affiliated entity. |
| 13. | Nourmand & Associates is a residential real estate brokerage firm. |

|  | Admitted/Stipulated Fact |
|---|---|
| 14. | N&A generally does not take a position on commercial real estate development. |
| 15. | Stephan Nourmand founded Nourmand & Associates in 1976. |
| 16. | At least a decade ago, Stephan Nourmand sold the entirety of his interest in N&A. |
| 17. | Since the sale, N&A has been owned by Michael Nourmand, his siblings, and his mother. |
| 18. | Since the sale, Stephan Nourmand has not had any ownership interest or formal management role in N&A. |
| 19. | Myra Nourmand is married to Stephan Nourmand. |
| 20. | Myra Nourmand is the majority shareholder and sole director of Nourmand & Associates. |
| 21. | Michael Nourmand is the son of Stephan and Myra Nourmand. |
| 22. | Michael Nourmand is the President and Chief Executive Officer of Nourmand & Associates. |
| 23. | Michael Nourmand has been the CEO and President of N&A for over a decade. |
| 24. | Nourmand & Associates has offices in Beverly Hills, Brentwood, and Hollywood. |
| 25. | Nourmand & Associates leases office space at the Sunset Landmark property. |
| 26. | Mohammad Iravani has served as Chief Financial Officer of Nourmand & Associates from 2020 to the present and has been its controller since 2002. |
| 27. | Mohammad Iravani was an independent contractor for Sunset Landmark from 2008 to 2020. |

|  | Admitted/Stipulated Fact |
|---|---|
| 28. | In March of 2015, Carolyn Rae Cole worked for N&A. She was also a licensed attorney, but did not provide legal advice or legal services as part of her work for N&A. |
| 29. | On February 23, 2015, the City of Los Angeles issued a Notice of Public Comment for the Thompson Hotel. |
| 30. | Since March of 2015, Cole has not provided any additional advice to Stephan or Sunset regarding any of Plaintiffs' hotel projects. |
| 31. | Sarah Gould worked at N&A as a Receptionist, Listing Coordinator, and Relocation Director. |
| 32. | Rachelle DeCastro works at N&A as a Bookkeeper. |
| 33. | On March 18, 2015, the City's zoning administrator held a public hearing for the Thompson Hotel. |
| 34. | On January 11, 2016, Sunset filed an appeal with the City's Planning and Land Use Management regarding the City's approval of the Thompson Hotel. |
| 35. | On February 3, 2016, the City of Los Angeles issued a Notice of Determination for the Thompson denying all appeals. |
| 36. | On February 10, 2016, the City approved the Thompson Hotel Project. |
| 37. | In February 2016, Stephan Nourmand and Sunset Landmark retained the Silverstein Law Firm to represent Sunset to file a lawsuit challenging the City's approval of the Thompson Hotel. |
| 38. | On March 6, 2016, Sunset filed the lawsuit styled as *The Sunset Landmark Investment LLC v. City of Los Angeles* (1541 Wilcox Hotel LLC, Real Party-in-Interest), Case No. BS160807. |
| 39. | N&A was not a named party to the Thompson Hotel Lawsuit. |
| 40. | The Thompson Litigation was litigated for 18 months. |

| | Admitted/Stipulated Fact |
|---|---|
| 41. | On February 17, 2017, Sunset Landmark filed an appeal with the City's Planning and Land Use Management regarding the City's approval of the Tommie Hotel. |
| 42. | On May 12, 2017, the City overruled Sunset's appeal and approved the Tommie Hotel. |
| 43. | On June 9, 2017, Sunset filed the lawsuit styled as *The Sunset Landmark Investment LLC v. City of Los Angeles* (6516 Tommie Hotel LLC, Real Party in Interest), Case No, BS169821. |
| 44. | On June 9, 2017, Sunset filed a Petition For Writ of Mandate against the City of Los Angeles in California Superior Court challenging the approval of the Tommie Hotel. |
| 45. | N&A was not a named party to the Tommie Hotel Lawsuit. |
| 46. | The City brought a motion to augment the administrative record before the trial in the Thompson Hotel Lawsuit was set to begin. |
| 47. | On August 24, 2017, the trial court issued a tentative ruling denying the City's motion to augment the administrative record. |
| 48. | On August 25, 2017, the parties gave notice to the Court that a settlement had been reached in the Thompson Hotel Lawsuit. |
| 49. | On August 25, 2017, the parties gave notice to the Superior Court that a settlement had been reached for the Thompson and Tommie litigations. |
| 50. | On January 8, 2018, Sunset and Wilcox entered into a settlement agreement to resolve the Wilcox Litigation. |
| 51. | The settlement of the Thompson Hotel Lawsuit was entered into between 1541 Wilcox Hotel LLC and Sunset. |
| 52. | The parties signed separate agreements settling the Thompson Hotel and Tommie Hotel lawsuits. |
| 53. | On January 8, 2018, Sunset and Tommie entered into a settlement agreement to resolve the Tommie Litigation. |

| | Admitted/Stipulated Fact |
|---|---|
| 54. | The settlement of the Tommie Hotel Lawsuit was entered into between 6516 Tommie Hotel LLC and Sunset. |
| 55. | The Thompson and Tommie settlements included a monetary payment of $5.5 million to Sunset Landmark. |
| 56. | Plaintiffs were represented by counsel during the pendency of the Thompson Hotel and Tommie Hotel CEQA litigation. |
| 57. | N&A is not a named party to the settlement agreements. |
| 58. | On March 6, 2018 the City of Los Angeles issued a Notice of Public Comment for the Selma Wilcox Hotel. |
| 59. | On September 6, 2018, Sunset filed an appeal against the approval of the Selma Wilcox Hotel. |
| 60. | On March 6, 2019, the City issued a Notice of Determination denying all appeals regarding the Selma Wilcox Hotel. |
| 61. | On April 2, 2019, Sunset filed a lawsuit styled as *The Sunset Landmark Investment LLC v. City of Los Angeles* (6421 Selma Wilcox Hotel LLC, Real Party in Interest), Case No. 19STCP01027. |
| 62. | On April 2, 2019, Sunset filed a Petition for Writ of Mandate against the City regarding the Selma Wilcox Hotel. |
| 63. | N&A is not a named party to the Selma Wilcox Hotel Lawsuit. |
| 64. | Casey Maddren filed a lawsuit pertaining to the Selma Wilcox Hotel project styled as *Maddren v. City of Los Angeles* (6421 Selma Wilcox Hotel LLC, Real Party in Interest), Case No. 19STCP00988. |
| 65. | On April 4, 2019, Casey Maddren filed a Petition for Writ of Mandate against the City regarding the Selma Wilcox Hotel. |
| 66. | On August 3, 2018, the City's planning department approved the Schrader Hotel, which was proposed by the development company the KoarGroup. |
| 67. | On August 10, 2018, Sunset Landmark filed an objection challenging the City's approval of the Sc+hrader Hotel. |

| | Admitted/Stipulated Fact |
|---|---|
| 68. | On October 4, 2018, Stephan Nourmand and Jayesh Patel met with representatives from Koar to discuss the proposed Schrader Hotel. |
| 69. | During the October 4, 2018 meeting, Stephan Nourmand and Jayesh Patel agreed that Sunset would withdraw its objections regarding the Schrader Hotel. |
| 70. | On October 19, 2018, Sunset withdrew its objections regarding the Schrader Hotel. |
| 71. | No design changes were demanded or made to the Schrader Hotel in exchange for Sunset withdrawing its objections. |
| 72. | Sunset has only ever filed CEQA petitions in Superior Court against the Thompson Hotel, the Tommie Hotel, and the Selma Wilcox Hotel. |

# SCHEDULE 11

## PLAINTIFFS' DEPOSITION DESIGNATIONS[1]

### MOHAMAD MOHAJER IRAVANI
### (April 26, 2022 Deposition)

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations[23] |
|---|---|---|---|
| 8:25-9:2 | FRE 403 | | |
| 10:12-13; 10:18-21 | FRE 403 | | |
| 11:2-9 | FRE 403 | | |
| 11:25-12:20 | FRE 403 | | |
| 15:6-20 | FRE 403 | 15:21-16:1 | Untimely. *See* n.2. |
| 16:19-21; 16:25-17:1 | FRE 403 | 17:21-18:12 | Untimely. *See* n.2. |
| 20:3-13 | FRE 403 | | |
| 21:9-12 | FRE 403 | | |

---

[1] All parties reserve the right to revise, amend, supplement, or modify the following deposition designations based on any pretrial rulings by the Court and/or to address any additional issues, arguments, evidence, or other developments in the case, including edits to the proposed pretrial conference order, any meet and confers or other negotiations between the parties, anticipated motions, unavailable witnesses, and other similar developments.

[2] Plaintiffs did not receive Defendants' Objections and Counter-Designations to Plaintiffs' Deposition Designations until August 1, 2022 (*i.e.*, the date of this filing) and therefore have not had sufficient time to review, meet and confer, and/or provide any objections to Defendants' Counter-Designations. Plaintiffs contend that Defendants' failure to timely provide their Objections and Counter-Designations to Plaintiffs constitutes a waiver. Plaintiffs reserve the right to supplement this document to incorporate their objections to Defendants' Counter-Designations.

[3] Defendants met and conferred about deposition designations long before August 1, 2022. Plaintiffs initially designated hundreds of pages of transcripts on behalf of 16 witnesses. As early as July 13, Defendants began meeting and conferring about the volume of depositions designations and whether they were appropriate. Plaintiffs ultimately, as recently as August 1, 2022, agreed to withdraw deposition designations of certain witnesses which were the subject of those meet and confer efforts, but Defendants were still forced to expend substantial unnecessary time preparing objections and counter-designations. Given the volume of designations initially proposed and timeline of meet and confer communications, Defendants contend its counter designations and objections were timely.

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations[23] |
|---|---|---|---|
| 21:17-22:11 | FRE 403 | | |
| 25:1-2; 25:7-26:9 | FRE 403 | | |
| 36:5-24 | FRE 403 | 36:5-10; 38-9 | Untimely. *See* n.2. |
| 38:12-39:8 | FRE 403 | 39:9-40:10 | Untimely. *See* n.2. |
| 40:11-25 | FRE 403 | 41:1-5 | Untimely. *See* n.2. |
| 49:16-50:3 | FRE 403 | | |
| 68:20-70:4 | FRE 403 | 70:5-14 | Untimely. *See* n.2. |
| 82:8-14 | FRE 403 | | |
| 82:24-25; 83:6-10 | FRE 403 | 83:11-16 | Untimely. *See* n.2. |
| 83:25-84:12 | FRE 403 | | |
| 87:23-89:2 | FRE 403 | | |
| 89:9-10; 89:16-20 | FRE 403 | | |
| 90:23-91:3 | FRE 403 | | |
| 100:21-102:15; 102:18-20 | FRE 403 | | |
| 105:6-15 | FRE 403 | | |
| 106:11-15 | FRE 403 | | |

## MICHAEL NOURMAND
### (April 28, 2022 Deposition)

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 9:10-12 | FRE 403 | | |
| 10:21-24 | FRE 403 | | |
| 11:5-6 | FRE 403 | | |
| 11:14-23 | FRE 403 | | |
| 12:8-17 | FRE 401; 403 | | |
| 13:6-14 | FRE 403 | | |
| 14:5-17 | FRE 403 | | |
| 16:6-17 | FRE 403 | | |
| 18:23-19:16 | FRE 403 | | |
| 20:2-5 | FRE 403 | 20:6-12 | Untimely. *See* n.2. |
| 22:7-23:13 | FRE 403 | 23:14-20 | Untimely. *See* n.2. |
| 24:2-14 | FRE 403 | 24:15-22 | Untimely. *See* n.2. |
| 25:9-16 | FRE 403 | | |
| 33:19-34:5 | FRE 403 | | |
| 35:5-16 | FRE 403 | | |
| 37:20-38:12 | FRE 403 | | |
| 42:4-14; 42:23 | FRE 403 | | |
| 43:3-12 | FRE 403 | 43:13-44:22 | Untimely. *See* n.2. |
| 44:13-15 | FRE 403 | | |
| 45:14-17 | FRE 403 | | |
| 46:3-24 | FRE 403 | 46:25-47:14 | Untimely. *See* n.2. |
| 47:6-14 | FRE 403 | | |
| 48:2-49:10 | FRE 403 | | |
| 51:1-17 | FRE 403 | | |
| 53:17-54:1 | FRE 403 | | |
| 60:18-25 | FRE 403 | | |
| 65:19-22 | FRE 403 | | |
| 67:2-8 | FRE 403 | | |
| 68:6-18 | FRE 401;403 | 68:19-70:16 | Untimely. *See* n.2. |
| 70:11-14 | FRE 403 | | |
| 70:20-22 | FRE 403 | | |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 73:19-74:3 | FRE 403 | | |
| 75:13-76:17 | FRE 403 | | |
| 79:11-14 | FRE 403 | | |
| 81:3-10 | FRE 403 | | |
| 81:25-82:2; 82:8-9 | FRE 403 | | |
| 99:2-12 | FRE 403 | 99:13-20 | Untimely. *See* n.2. |
| 103:3-21 | FRE 403 | 103:22-104:17 | Untimely. *See* n.2. |
| 104:19-105:10 | FRE 401; 403 | | |
| 110:18-111:4 | FRE 403 | | |
| 112:10-15 | FRE 401; 403 | | |

## MICHAEL NOURMAND
### (April 29, 2022 Deposition)

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 8:5-6 | FRE 403 | | |
| 9:8-13 | FRE 403 | 9:4-7 | Untimely. *See* n.2. |
| 14:14-18 | FRE 401; 403 | | |
| 16:25-17:3 | FRE 401; 403 | | |
| 17:8-19 | FRE 403 | | |
| 22:7-16 | FRE 403 | | |
| 26:3-22 | FRE 403 | | |
| 35:1-14 | FRE 403 | | |
| 35:24-36:13 | FRE 403 | | |
| 36:23-37:6 | FRE 403 | | |
| 46:25-47:13 | FRE 401; 403 | | |
| 48:12-17 | FRE 401; 403 | | |
| 54:4-55:8 | FRE 403 | | |
| 56:16-21 | FRE 403 | | |
| 56:22-57:10 | FRE 403 | | |
| 57:22-58:11 | FRE 403 | | |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 58:12-22 | FRE 403 | | |
| 59:20-60:1 | FRE 403 | | |
| 60:6-19 | FRE 403 | | |
| 62:6-23 | FRE 403 | | |
| 64:23-65:6 | FRE 403 | | |
| 78:4-19 | FRE 403 | | |
| 84:4-22 | FRE 401; 403 | | |
| 85:24-86:14 | FRE 401; 403 | | |
| 88:23-89:22; 89:24 | FRE 401; 403; 602 | | |
| 92:23-93:3 | FRE 403 | | |
| 95:6-97:2 | FRE 401; 403 | | |
| 100:11-20 | FRE 401; 403 | | |
| 102:17-103:11 | FRE 403 | 103:12-16 | Untimely. *See* n.2. |
| 103:17-104:1 | FRE 403 | | |
| 104:22-105:15; 105:22-106:11; 106:16-23 | FRE 403 | | |
| 113:5-8; 113:10-22; 113:25; 114:11-20 | FRE 403 | | |
| 126:2-17 | FRE 403 | | |
| 131:14-18; 131:25-132:5 | FRE 403 | | |
| 159:12-17 | FRE 403 | | |
| 166:17-167:5 | FRE 403 | | |
| 167:14-169:21 | FRE 403 | | |
| 177:9-19 | FRE 403 | | |
| 178:23-179:1; 179:4-9 | FRE 403 | | |
| 181:15-183:8 | FRE 403 | | |
| 183:21-184:8 | FRE 403 | | |
| 186:15-187:9; 187:14-18; | FRE 403 | | |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 188:25-189:15; 189:19-21 | | | |
| 195:11-196:6 | FRE 403 | | |
| 202:20-203:19; 204:5-7 | FRE 403 | | |
| 205:14-25 | FRE 403 | | |
| 209:24-210:5 | FRE 403 | | |

### 30(b)(6) Witness on Behalf of Sunset Landmark Investment LLC and In His Individual Capacity Stephan "Saeed" Nourmand
### (April 22, 2022 Deposition)

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 20:8-21:13 | FRCP 32(a)(4); FRE 403 | 21:16-19; 21:25-24:14 | Untimely. *See* n.2. |
| 24:17-25:6 | FRCP 32(a)(4); FRE 403 | | |
| 26:3-28:7 | FRCP 32(a)(4); FRE 403 | 28:8-22 | Untimely. *See* n.2. |
| 37:19-38:18 | FRCP 32(a)(4); FRE 403 | | |
| 46:9-17 | FRCP 32(a)(4); FRE 403 | 45:21-46:8 | Untimely. *See* n.2. |
| 47:12-49:6 | FRCP 32(a)(4); FRE 403 | 47:1-8; 49:7-12 | Untimely. *See* n.2. |
| 49:13-25 | FRCP 32(a)(4); FRE 403 | | |
| 66:5-67:17 | FRCP 32(a)(4); FRE 403 | 67:18-68:24 | Untimely. *See* n.2. |
| 72:10-24 | FRCP 32(a)(4); FRE 403 | 73:19-25 | Untimely. *See* n.2. |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 75:21-76:7 | FRCP 32(a)(4); FRE 403 | 76:8-17 | Untimely. *See* n.2. |
| 76:18-25 | FRCP 32(a)(4); FRE 403 | 77:1-4 | Untimely. *See* n.2. |
| 77:6-79:17 | FRCP 32(a)(4); FRE 403 | | |
| 81:3-17 | FRCP 32(a)(4); FRE 403 | | |
| 83:2-5 | FRCP 32(a)(4); FRE 403 | 83:6-25; 84:1-4 | Untimely. *See* n.2. |
| 84:7-13 | FRCP 32(a)(4); FRE 403 | 84:14 | Untimely. *See* n.2. |
| 84:15 | FRCP 32(a)(4); FRE 403 | 84:16-86:7 | Untimely. *See* n.2. |
| 86:8-23 | FRCP 32(a)(4); FRE 403 | 86:24-25 | Untimely. *See* n.2. |
| 87:1-24 | FRCP 32(a)(4); FRE 403 | 87:25-88:14 | Untimely. *See* n.2. |
| 90:6-10 | FRCP 32(a)(4); FRE 403; vague, ambiguous, calls for speculation | 90:11-12 | Untimely. *See* n.2. |
| 90:13-16 | FRCP 32(a)(4); FRE 403 | | |
| 91:1-92:7 | FRCP 32(a)(4); FRE 403; vague, ambiguous; calls for speculation | 92:8-9 | Untimely. *See* n.2. |
| 92:10-13 | FRCP 32(a)(4); FRE 403 | | |
| 94:14-96:1 | FRCP 32(a)(4); FRE 403 | 96:2-5 | Untimely. *See* n.2. |
| 96:6-97:4 | FRCP 32(a)(4); FRE 403 | 97:5-17 | Untimely. *See* n.2. |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 98:6-19 | FRCP 32(a)(4); FRE 403 | | |
| 98:24-99:10 | FRCP 32(a)(4); FRE 403; calls for speculation, lacks foundation | 99:15-101:12 | Untimely. *See* n.2. |
| 101:13-102:4 | FRCP 32(a)(4); FRE 403; calls for speculation | | |
| 105:11-19 | FRCP 32(a)(4); FRE 403 | | |
| 107:3-7 | FRCP 32(a)(4); FRE 403 | 107:8-19 | Untimely. *See* n.2. |
| 107:20-108:3 | FRCP 32(a)(4); FRE 403 | 108:4-109:24 | Untimely. *See* n.2. |
| 109:25-110:10 | FRCP 32(a)(4); FRE 403 | 110:11-22 | Untimely. *See* n.2. |
| 111:4-114:4 | FRCP 32(a)(4); FRE 403 | 114:5-115:16; 115:20-24; | Untimely. *See* n.2. |
| 116:15-117:19 | FRCP 32(a)(4); FRE 403 | 117:20-118:9 | Untimely. *See* n.2. |
| 120:8-124:13 | FRCP 32(a)(4); FRE 403 | 124:15-17 | Untimely. *See* n.2. |
| 131:3-133:16 | FRCP 32(a)(4); FRE 403 | 133:17-138:25 | Untimely. *See* n.2. |
| 139:22-140:16 | FRCP 32(a)(4); FRE 403 | 141:1-142:25 | Untimely. *See* n.2. |
| 143:1-145:10 | FRCP 32(a)(4); FRE 403 | 145:19-146:23 | Untimely. *See* n.2. |
| 146:24-147:5 | FRCP 32(a)(4); FRE 403 | | |
| 147:14-148:25 | FRCP 32(a)(4); FRE 403 | 151:11-13 | Untimely. *See* n.2. |
| 149:2-151:10 | FRCP 32(a)(4); FRE 403 | | |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 151:14-22 | FRCP 32(a)(4); FRE 403 | 152:19-153:23 | Untimely. *See* n.2. |
| 152:1-5 | FRCP 32(a)(4); FRE 403 | | |
| 152:19-153:23 | FRCP 32(a)(4); FRE 403 | | |
| 153:24-154:22 | FRCP 32(a)(4); FRE 403 | | |
| 155:3-7 | FRCP 32(a)(4); FRE 403 | | |
| 155:8-156:14 | FRCP 32(a)(4); FRE 403 | | |
| 157:9-12 | FRCP 32(a)(4); FRE 403 | 156:15-157:8 | Untimely. *See* n.2. |
| 157:24-159:8 | FRCP 32(a)(4); FRE 403 | 157:13-23 | Untimely. *See* n.2. |
| 159:12-160:8 | FRCP 32(a)(4); FRE 403 | 159:9-11 | Untimely. *See* n.2. |
| 161:13-25 | FRCP 32(a)(4); FRE 403 | 160:9-161:12 | Untimely. *See* n.2. |
| 164:2-18 | FRCP 32(a)(4); FRE 403 | | |
| 171:16-173:23 | FRCP 32(a)(4); FRE 403 | | |
| 174:15-175:8 | FRCP 32(a)(4); FRE 403 | 173:24-174:14 | Untimely. *See* n.2. |
| 179:4-9 | FRCP 32(a)(4); FRE 403 | 175:16-179:3 | Untimely. *See* n.2. |
| 182:16-19 | FRCP 32(a)(4); FRE 403 | 179:10-13; 179:22-180:5 | Untimely. *See* n.2. |
| 183:1-184:6 | FRCP 32(a)(4); FRE 403 | | |
| 184:12-186:21 | FRCP 32(a)(4); FRE 403 | 184:7-11 | Untimely. *See* n.2. |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 188:8-16 | FRCP 32(a)(4); FRE 403 | 186:22-188:7 | Untimely. *See* n.2. |
| 188:19-189:25 | FRCP 32(a)(4); FRE 403 | | |
| 190:7-14 | FRCP 32(a)(4); FRE 403 | 190:1-6 | Untimely. *See* n.2. |
| 191:1-192:7 | FRCP 32(a)(4); FRE 403 | 190:15-19 | Untimely. *See* n.2. |
| 193:16-195:17 | FRCP 32(a)(4); FRE 403 | 192:8-193:15 | Untimely. *See* n.2. |
| 196:19-197:6 | FRCP 32(a)(4); FRE 403 | 195:18-196:10 | Untimely. *See* n.2. |
| 197:14-25 | FRCP 32(a)(4); FRE 403 | | |
| 198:1-199:11 | FRCP 32(a)(4); FRE 403 | | |
| 199:13-200:11 | FRCP 32(a)(4); FRE 403 | | |
| 201:10-18 | FRCP 32(a)(4); FRE 403 | | |
| 201:24-202:20 | FRCP 32(a)(4); FRE 403 | | |
| 203:1-204:17 | FRCP 32(a)(4); FRE 403 | | |
| 205:1-3 | FRCP 32(a)(4); FRE 403 | 204:18-24 | Untimely. *See* n.2. |
| 205:8-10 | FRCP 32(a)(4); FRE 403, argumentative, lacks foundation, misstates testimony | 205:4-7 | Untimely. *See* n.2. |
| 205:12-14 | FRCP 32(a)(4); FRE 403 | | |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 205:18-206:19 | FRCP 32(a)(4); FRE 403 | | |
| 207:19-208:8 | FRCP 32(a)(4); FRE 403 | 206:20-207:18 | Untimely. *See* n.2. |
| 208:22-210:9 | FRCP 32(a)(4); FRE 403 | | |
| 210:19-211:2 | FRCP 32(a)(4); FRE 403 | | |
| 211:11-25 | FRCP 32(a)(4); FRE 403 | 211:3-10 | Untimely. *See* n.2. |
| 212:5-9 | FRCP 32(a)(4); FRE 403 | 212:1-6 | Untimely. *See* n.2. |
| 215:9-18 | FRCP 32(a)(4); FRE 403 | 212:18-214:18 | Untimely. *See* n.2. |
| 216:13-217:3 | FRCP 32(a)(4); FRE 403 | 215:19-216:11 | Untimely. *See* n.2. |
| 217:8-11 | FRCP 32(a)(4); FRE 403 | 217:4 | Untimely. *See* n.2. |
| 218:1-11 | FRCP 32(a)(4); FRE 403 | | |
| 218:25-219:16 | FRCP 32(a)(4); FRE 403 | | |
| 219:19-224:7 | FRCP 32(a)(4); FRE 403 | | |
| 226:11-20 | FRCP 32(a)(4); FRE 403 | 224:8-14; 225:2-25; 226:4-8 | Untimely. *See* n.2. |
| 229:4-23 | FRCP 32(a)(4); FRE 403 | | |
| 231:12-20 | FRCP 32(a)(4); FRE 403 | 229:24-230:4 | Untimely. *See* n.2. |
| 231:25-232:4 | FRCP 32(a)(4); FRE 403 | 231:21-24 | Untimely. *See* n.2. |
| 232:17-234:10 | FRCP 32(a)(4); FRE 403 | 232:5-16 | Untimely. *See* n.2. |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 234:18-235:17 | FRCP 32(a)(4); FRE 403 | | |
| 243:5-18 | FRCP 32(a)(4); FRE 403 | 235:18-236:1 | Untimely. *See* n.2. |
| 243:19-244:12 | FRCP 32(a)(4); FRE 403 | | |
| 245:5-19 | FRCP 32(a)(4); FRE 403 | 244:13245:4 | Untimely. *See* n.2. |
| 247:24-248:3 | FRCP 32(a)(4); FRE 403 | 245:20-247:23 | Untimely. *See* n.2. |
| 252:14-15 | FRCP 32(a)(4); FRE 403 | | |
| 252:19-253:10 | FRCP 32(a)(4); FRE 403, vague and ambiguous, argumentative | 250:11-252:5 | Untimely. *See* n.2. |
| 253:19-25 | FRCP 32(a)(4); FRE 403 | 253:11-18 | Untimely. *See* n.2. |
| 259:2-10 | FRCP 32(a)(4); FRE 403 | 255:9-257:25 | Untimely. *See* n.2. |
| 260:10-18 | FRCP 32(a)(4); FRE 403 | 259:10-260:9 | Untimely. *See* n.2. |
| 262:5-17 | FRCP 32(a)(4); FRE 403 | 260:19-22 | Untimely. *See* n.2. |
| 264:1-265:2 | FRCP 32(a)(4); FRE 403 | | |
| 267:7-25 | FRCP 32(a)(4); FRE 403 | 265:3-20; 266:2-25 | Untimely. *See* n.2. |
| 268:2-9 | FRCP 32(a)(4); FRE 403 | | |
| 271:16-19 | FRCP 32(a)(4); FRE 403 | | |
| 271:22-272:7 | FRCP 32(a)(4); FRE 403 | | |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 272:12-16 | FRCP 32(a)(4); FRE 403 | | |
| 273:7-17 | FRCP 32(a)(4); FRE 403 | 272:17-273:6 | Untimely. *See* n.2. |
| 275:10-25 | FRCP 32(a)(4); FRE 403 | 273:18-25; 274:22-275:9 | Untimely. *See* n.2. |
| 276:22-277:24 | FRCP 32(a)(4); FRE 403 | 276:1-11 | Untimely. *See* n.2. |
| 278:6-24 | FRCP 32(a)(4); FRE 403 | | |
| 279:11-25 | FRCP 32(a)(4); FRE 403, speculation | 278:25 | Untimely. *See* n.2. |
| 280:1-5 | FRCP 32(a)(4); FRE 403 | | |
| 280:17-281:3 | FRCP 32(a)(4); FRE 403 | 280:6-16 | Untimely. *See* n.2. |
| 281:12-18 | FRCP 32(a)(4); FRE 403 | 281:4-11 | Untimely. *See* n.2. |
| 282:14-283:7 | FRCP 32(a)(4); FRE 403, vague, overbroad, ambiguous | 281:19-282:12 | Untimely. *See* n.2. |
| 285:4-19 | FRCP 32(a)(4); FRE 403 | 283:8-24 | Untimely. *See* n.2. |
| 285:20-286:7 | FRCP 32(a)(4); FRE 403 | | |
| 287:5-288:18 | FRCP 32(a)(4); FRE 403 | 286:8-297-4 | Untimely. *See* n.2. |

### <u>30(b)(6) Witness on Behalf of Sunset Landmark Investment LLC and In His Individual Capacity Stephan "Saeed" Nourmand – Part 2</u>
### (May 4, 2022 Deposition)

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 306:5-24 | FRCP 32(a)(4); FRE 403 | | |
| 307:5-308:14 | FRCP 32(a)(4); FRE 403 | 308:15-309:16 | Untimely. *See* n.2. |
| 309:17-22 | FRCP 32(a)(4); FRE 403, hearsay | 310:4-5 | Untimely. *See* n.2. |
| 310:1-3 | FRCP 32(a)(4); FRE 403 | 310:4-5 | Untimely. *See* n.2. |
| 310:6-7 | FRCP 32(a)(4); FRE 403 | | |
| 310:9-11 | FRCP 32(a)(4); FRE 403, lacks foundation, vague | 310:12-14 | Untimely. *See* n.2. |
| 310:15-16 | FRCP 32(a)(4); FRE 403 | 310:17-20 | Untimely. *See* n.2. |
| 311:9-15 | FRCP 32(a)(4); FRE 403, hearsay, misstates testimony, lacks foundation | 311:16-18 | Untimely. *See* n.2. |
| 311:19 | FRCP 32(a)(4); FRE 403 | | |
| 311:21-24 | FRCP 32(a)(4); FRE 403 | | |
| 311:25-312:2 | FRCP 32(a)(4); FRE 403, assumes facts, lacks foundation, argumentative | 312:3-5 | Untimely. *See* n.2. |
| 312:6-18 | FRCP 32(a)(4); FRE 403 | | |
| 312:25-313:4 | FRCP 32(a)(4); FRE 403 | | |
| 313:20-314:12 | FRCP 32(a)(4); FRE 403 | 315:9-11 | Untimely. *See* n.2. |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 315:12-316:10 | FRCP 32(a)(4); FRE 403 | 316:11-317:6 | Untimely. *See* n.2. |
| 317:7-18; 317:21-318:17 | FRCP 32(a)(4); FRE 403, misstates testimony | 317:19-20; 318:18-319:4 | Untimely. *See* n.2. |
| 320:11-25 | FRCP 32(a)(4); FRE 403 | 319:12-320:10 | Untimely. *See* n.2. |
| 321:4-322:15 | FRCP 32(a)(4); FRE 403 | 322:16-24 | Untimely. *See* n.2. |
| 324:8-11 | FRCP 32(a)(4); FRE 403 | 324:4-10; 324:12-18 | Untimely. *See* n.2. |
| 324:21-25 | FRCP 32(a)(4); FRE 403, vague | 325:1-2 | Untimely. *See* n.2. |
| 326:14-21 | FRCP 32(a)(4); FRE 403 | 326:22-327:17; 328:10-24 | Untimely. *See* n.2. |
| 329:25-330:25 | FRCP 32(a)(4); FRE 403 | 331:1-3 | Untimely. *See* n.2. |
| 331:4-10 | FRCP 32(a)(4); FRE 403 | 311:11-17 | Untimely. *See* n.2. |
| 332:7-9; 332:13-14; 332:16-333:7; 333:10-18 | FRCP 32(a)(4); FRE 403, relevance, harassment | 332:10-12; 333:20-25; 334:2-5; 336:12-15 | Untimely. *See* n.2. |
| 336:17-24 | FRCP 32(a)(4); FRE 403 | 336:25-337:17 | Untimely. *See* n.2. |
| 339:16-22 | FRCP 32(a)(4); FRE 403 | 339:23-340:20 | Untimely. *See* n.2. |
| 340:21-341:6 | FRCP 32(a)(4); FRE 403 | | |
| 341:7-12; 341:14 | FRCP 32(a)(4); FRE 403, misstates evidence | 341:13-15 | Untimely. *See* n.2. |
| 349:13-24 | FRCP 32(a)(4); FRE 403, vague | 349:25-350:1 | Untimely. *See* n.2. |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| | and ambiguous, lacks foundation | | |
| 350:2-351:15 | FRCP 32(a)(4); FRE 403 | 352:10-22 | Untimely. *See* n.2. |
| 352:23-354:24 | FRCP 32(a)(4); FRE 403 | 354:25-355:16 | Untimely. *See* n.2. |
| 356:21-357:7 | FRCP 32(a)(4); FRE 403 | | |
| 357:20-358:10; 358:13-18; 358:21-22 | FRCP 32(a)(4); FRE 403, lacks foundation, assumes facts, calls for speculation | 358:11-12; 358:19-20 | Untimely. *See* n.2. |
| 360:13-21 | FRCP 32(a)(4); FRE 403 | | |
| 361:2-13 | FRCP 32(a)(4); FRE 403, lacks foundation, calls for speculation | 361:14-362:3 | Untimely. *See* n.2. |
| 362:11-363:4; 363:8-16; 363:18-365:1 | FRCP 32(a)(4); FRE 403, lacks foundation, calls for speculation, vague and ambiguous | 363:5-7; 363:17 | Untimely. *See* n.2. |
| 365:5-12; 365:15 | FRCP 32(a)(4); FRE 403, vague, ambiguous, lacks foundation, calls for speculation | 365:13-14 | Untimely. *See* n.2. |
| 366:10-25 | FRCP 32(a)(4); FRE 403 | | |
| 368:14-15; 368:22-23 | FRCP 32(a)(4); FRE 403, vague, | 368:16-20 | Untimely. *See* n.2. |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| | ambiguous, lacks foundation, calls for speculation | | |
| 369:1-4 | FRCP 32(a)(4); FRE 403 | | |
| 369:10-13 | FRCP 32(a)(4); FRE 403 | | |
| 369:18-20 | FRCP 32(a)(4); FRE 403 | | |
| 370:14-23 | FRCP 32(a)(4); FRE 403 | 370:24-371:16 | Untimely. *See* n.2. |
| 371:17-24 | FRCP 32(a)(4); FRE 403 | | |
| 372:2-5 | FRCP 32(a)(4); FRE 403 | 375:3-376:25 | Untimely. *See* n.2. |
| 385:1-3 | FRCP 32(a)(4); FRE 403, misstates testimony, lacks foundation | 384:12-25; 385:4 | Untimely. *See* n.2. |
| 385:5-13 | FRCP 32(a)(4); FRE 403 | | |
| 385:18-21 | FRCP 32(a)(4); FRE 403, lacks foundation and misstates testimony | 385:22-23 | Untimely. *See* n.2. |
| 385:24-386:15 | FRCP 32(a)(4); FRE 403 | | |
| 392:4-6 | FRCP 32(a)(4); FRE 403, calls for legal conclusion | 392:7-8 | Untimely. *See* n.2. |
| 392:9 | FRCP 32(a)(4); FRE 403 | 392:18-393:24; 394:3-12; 394:22-395:6 | Untimely. *See* n.2. |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 396:20-397:10 | FRCP 32(a)(4); FRE 403 | | |
| 398:23-399:7 | FRCP 32(a)(4); FRE 403 | 400:20-401:12 | Untimely. *See* n.2. |
| 401:14-20 | FRCP 32(a)(4); FRE 403 | 401:21-23 | Untimely. *See* n.2. |
| 401:24-402:7 | FRCP 32(a)(4); FRE 403 | | |
| 402:22-25 | FRCP 32(a)(4); FRE 403 | 402:14-21 | Untimely. *See* n.2. |
| 403:2-404:5 | FRCP 32(a)(4); FRE 403 | 408:3-409:7; 409:14-410:15 | Untimely. *See* n.2. |
| 412:16-413:6 | FRCP 32(a)(4); FRE 403 | | |
| 413:7-414:11 | FRCP 32(a)(4); FRE 403 | | |
| 414:18-415:12 | FRCP 32(a)(4); FRE 403 | | |
| 416:2-17 | FRCP 32(a)(4); FRE 403 | 416:18-22 | Untimely. *See* n.2. |
| 416:23-24 | FRCP 32(a)(4); FRE 403 | | |
| 417:2-7 | FRCP 32(a)(4); FRE 403 | | |
| 417:13-419:6 | FRCP 32(a)(4); FRE 403 | 419:7-420:1 | Untimely. *See* n.2. |
| 420:2-9 | FRCP 32(a)(4); FRE 403, lacks foundation | 420:10-11 | Untimely. *See* n.2. |
| 420:12-421:9 | FRCP 32(a)(4); FRE 403, lacks foundation, assumes facts | 421:10-11 | Untimely. *See* n.2. |
| 421:12 | FRCP 32(a)(4); FRE 403 | | |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 421:14-422:21 | FRCP 32(a)(4); FRE 403, lacks foundation | 422:22-23 | Untimely. *See* n.2. |
| 422:24-25 | FRCP 32(a)(4); FRE 403 | | |
| 423:1-20 | FRCP 32(a)(4); FRE 403, lacks foundation, calls for speculation | 423:21-23 | Untimely. *See* n.2. |
| 423:24 | FRCP 32(a)(4); FRE 403 | | |
| 427:6-11 | FRCP 32(a)(4); FRE 403 | | |
| 433:13-434:9 | FRCP 32(a)(4); FRE 403 | 434:10-435:13 | Untimely. *See* n.2. |
| 435:14-436:14 | FRCP 32(a)(4); FRE 403 | 436:15-19 | Untimely. *See* n.2. |
| 437:5-15 | FRCP 32(a)(4); FRE 403 | | |
| 439:25-441:5 | FRCP 32(a)(4); FRE 403 | | |
| 441:14-25 | FRCP 32(a)(4); FRE 403 | | |
| 442:24-443:8 | FRCP 32(a)(4); FRE 403 | 442:1-23 | Untimely. *See* n.2. |
| 443:12-15 | FRCP 32(a)(4); FRE 403 | | |
| 444:10-21 | FRCP 32(a)(4); FRE 403 | 444:22-25 | Untimely. *See* n.2. |
| 445:20-446:13 | FRCP 32(a)(4); FRE 403 | | |
| 446:24-448:5 | FRCP 32(a)(4); FRE 403 | | |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 448:15-449:1 | FRCP 32(a)(4); FRE 403, vague and ambiguous | 449:2 | Untimely. *See* n.2. |
| 449:3 | FRCP 32(a)(4); FRE 403 | | |
| 449:24-450:16 | FRCP 32(a)(4); FRE 403 | | |
| 451:16-452:2 | FRCP 32(a)(4); FRE 403, vague | 451:7-15; 452:3 | Untimely. *See* n.2. |
| 452:4 | FRCP 32(a)(4); FRE 403 | | |
| 452:6-453:9 | FRCP 32(a)(4); FRE 403, vague and ambiguous | 453:10 | Untimely. *See* n.2. |
| 453:11-24 | FRCP 32(a)(4); FRE 403, vague and ambiguous | 453:25-454:1 | Untimely. *See* n.2. |
| 454:2-455:7 | FRCP 32(a)(4); FRE 403, vague and ambiguous | 455:8-9 | Untimely. *See* n.2. |
| 455:10-18 | FRCP 32(a)(4); FRE 403, vague and ambiguous | 455:19-456:1 | Untimely. *See* n.2. |
| 456:2 | FRCP 32(a)(4); FRE 403 | | |
| 456:6-457:5 | FRCP 32(a)(4); FRE 403 | 457:6-12 | Untimely. *See* n.2. |
| 457:13-16 | FRCP 32(a)(4); FRE 403 | 457:17-19 | Untimely. *See* n.2. |
| 457:22-458:15 | FRCP 32(a)(4); FRE 403 | | |
| 461:16-20 | FRCP 32(a)(4); FRE 403 | 461:21-463:11 | Untimely. *See* n.2. |
| 465:1-466:9 | FRCP 32(a)(4); FRE 403 | 466:10-467:9 | Untimely. *See* n.2. |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 467:10-468:12 | FRCP 32(a)(4); FRE 403 | | |
| 468:25-469:9 | FRCP 32(a)(4); FRE 403 | 469:10-13 | Untimely. *See* n.2. |
| 469:14-22 | FRCP 32(a)(4); FRE 403 | | |
| 471:19-472:3 | FRCP 32(a)(4); FRE 403 | | |
| 472:7-13 | FRCP 32(a)(4); FRE 403 | | |
| 473:2-8 | FRCP 32(a)(4); FRE 403 | | |
| 473:16-475:9 | FRCP 32(a)(4); FRE 403 | | |
| 475:22-476:12; 476:14-477:6 | FRCP 32(a)(4); FRE 403 | | |
| 478:20-479:1 | FRCP 32(a)(4); FRE 403 | 479:2-6 | Untimely. *See* n.2. |
| 479:7-10 | FRCP 32(a)(4); FRE 403 | | |
| 479:14-17 | FRCP 32(a)(4); FRE 403 | | |
| 484:23-485:21 | FRCP 32(a)(4); FRE 403 | | |
| 486:7-15; 486:18-487:1; 487:4-11; 487:14-488:10 | FRCP 32(a)(4); FRE 403 | | |
| 489:5-15 | FRCP 32(a)(4); FRE 403 | | |
| 490:3-15 | FRCP 32(a)(4); FRE 403 | | |
| 493:14-494:4 | FRCP 32(a)(4); FRE 403 | 495:6-496:19; 496:23-497:6 | Untimely. *See* n.2. |
| 497:19-498:21 | FRCP 32(a)(4); FRE 403 | | |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objection to Defendants' Counter-Designations |
|---|---|---|---|
| 506:15-507:1 | FRCP 32(a)(4); FRE 403 | | |
| 507:15-25 | FRCP 32(a)(4); FRE 403 | | |
| 508:7-25 | FRCP 32(a)(4); FRE 403 | | |
| 513:20-23 | FRCP 32(a)(4); FRE 403 | | |
| 514:3-8 | FRCP 32(a)(4); FRE 403 | 514:9-16 | Untimely. *See* n.2. |
| 514:17-516:11; 516:15-17 | FRCP 32(a)(4); FRE 403, calls for legal conclusion | 516:12-13 | Untimely. *See* n.2. |
| 517:3-14 | FRCP 32(a)(4); FRE 403 | 517:15-18 | Untimely. *See* n.2. |
| 517:23-518:1 | FRCP 32(a)(4); FRE 403 | | |
| 518:6-519:25 | FRCP 32(a)(4); FRE 403, vague and ambiguous | 520:1-2 | Untimely. *See* n.2. |
| 520:3-8 | FRCP 32(a)(4); FRE 403 | | |
| 537:8-23 | FRCP 32(a)(4); FRE 403 | | |
| 538:6-15 | FRCP 32(a)(4); FRE 403 | 546:2-16; 559:3-25 | Untimely. *See* n.2. |
| 560:12-19 | FRCP 32(a)(4); FRE 403 | | |
| 560:23-561:2; 561:5-14 | FRCP 32(a)(4); FRE 403, lacks foundation | 561:3-4 | Untimely. *See* n.2. |
| 561:20-562:21 | FRCP 32(a)(4); FRE 403 | | |
| 563:16-564:14 | FRCP 32(a)(4); FRE 403 | | |

1
2

## DEFENDANT NOURMAND & ASSOCIATE'S DEPOSITION DESIGNATIONS

3
4

## ANDREW SHAYNE
### (March 29, 2022 Deposition)

5
6
7
8

| Defendant N&A's Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendant N&A's Objections to Plaintiffs' Counter-Designations |
|---|---|---|---|
| 212:6-19 | INC; REL; HYP | 211:18-20, 211:24-212:4 | |
| 254:13-21 | | | |
| 255:1-11 | VAG, HYP, LEG CONC | | |
| 255:13-260:17, 261:13-262:14 | VAG, ATTY OBJ, ARG | | |
| 260:19-261:12 | | | |

9
10
11
12
13
14

15
16

## DEMIEN FERRELL
### (March 30, 2022 Deposition)

17
18
19
20

| Defendant N&A's Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendant N&A's Objections to Plaintiffs' Counter-Designations |
|---|---|---|---|
| 186:16-189:9 | VAG | | |
| 195:14-22 | INC, SPEC, LEG | | |
| 200:20-201:4 | VAG | 201:6-9, 14-20, 24-25 | |

21
22
23

24
25

## GRANT KING
### (March 8, 2022 Deposition)

26
27
28

| Defendant N&A's Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendant N&A's Objections to Plaintiffs' Counter-Designations |
|---|---|---|---|
| 267:22-269:5 | INC | 271:7-11, 15-19 | |
| 270:24-24-272:21 | ATTY OBJ | | |

## RICHARD HEYMAN
### (April 19, 2022 Deposition)

| Defendant N&A's Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendant N&A's Objections to Plaintiffs' Counter-Designations |
|---|---|---|---|
| 448:3-13 | SPEC, ATTY OBJ | | |
| 448:25-451:25 | ATTY OBJ | | |
| 489:1-4 | INC | 473:25-474:2; 474:4-7; 489:9-12, 13-15, 18-21; 490:8-12 | |
| 494:1-25 | INC, ATTY OBJ, FOUND | | |
| 496:5-20 | HYP, FOUND | | |
| 502:10-503:12 | FOUND, SPEC, ARG | | |
| 511:2-7 | | | |
| 512:9-20 | INC, ASSUMES FACTS, SPEC | | |
| 516:19-517:8 | | | |
| 518:9-23 | SPEC, ARG | | |
| 519:13-23 | ATTY OBJ | | |
| 587:11-588:17 | ARG, ASSUMES FACTS, VAG | | |
| 592:4-25 | ARG, VAG | | |