1

2

3

4

5

6

7

**NORTON ROSE FULBRIGHT US LLP**
JAMES H. TURKEN (BAR NO. 89618)
CHRISTOPHER K. PELHAM (BAR NO. 241068)
NEIL P. THAKOR (BAR NO. 308743)
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Telephone:   (213) 892-9200
Facsimile:   (213) 892-9494
james.turken@nortonrosefulbright.com
neil.thakor@nortonrosefulbright.com
christopher.pelham@nortonrosefulbright.com

8

9

Attorneys for Defendants,
STEPHAN "SAEED" NOURMAND, and THE
SUNSET LANDMARK INVESTMENT LLC

10

11

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC, a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>                    Plaintiffs,<br><br>          v.<br><br>STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10<br><br>                    Defendants. | Case No. 2:19-cv-05019-ODW-KSx<br>*[Assigned to the Hon. Otis D. Wright II]*<br>**DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS**<br><br>Complaint Filed: June 10, 2019<br>TAC Filed:  September 14, 2021<br>Trial Date:  August 30, 2022 |

26

27

28

-1-

# **TABLE OF CONTENTS**

| No. | Title: | Source: | Page: |
|---|---|---|---|
| 1 | Conspiracy to Conduct the Affairs of the Enterprise | Eleventh Circuit Model Jury Instructions (Civil) No. 7.4 (RICO – Conspiracy to Conduct the Affairs of the Enterprise) (modified) | 5 |
| 2 | Hobbs Act Extortion – Element of Fear | *United States v. Marsh*, 26 F.3d 1496, 1500 (9th Cir. 1994) | 11 |
| 3 | Hobbs Act Extortion – Element of Wrongfulness | *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1131 (9th Cir. 2014). | 14 |
| 4 | "Sham" Litigation | *USS-POSCO Indus. V. Contra Costa County Bldg. & Const.*, 31 F.3d 800 (1994); *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F.Supp.948, 958 (S.D. Cal. 1996); *Catch Curve, Inc. v. Venali, Inc.*, 2008 WL1133024, at *6 (C.D. Cal. Nov. 3, 2008). | 18 |
| 5 | Ratification | *Aikins v. Tosco Ref. Co.*, No. C-98-00755-CRB, 1999 WL 179686, at *4 (N.D. Cal. Mar. 26, 1999); *Williams v. Phillips Petroleum Co.*, 23 F.3d 930 (5th Cir. 1994). | 22 |
| 6 | Civil Rico – Element of Conduct <br><br> *(N&A Proposed)* | Ninth Circuit Manual of Model Civil Jury Instructions, 8. Civil RICO; *Walter v. Drayson*, 538 F.3d 1244, 1248-49 (9th Cir. 2008). | 27 |
| 7 | Noerr-Pennington - Series of Lawsuits <br><br> *(N&A Proposed)* | *Wonderful Real Est. Dev. LLC v. Laborers Int'l Union of N. Am. Loc. 220*, 2020 WL 91998, at *10 (E.D. Cal. Jan. 8, 2020); *Coca–Cola Co. v. Omni Pac. Co.*, 1998 U.S. Dist. LEXIS 23277, at *24 (N.D.Cal. Dec. 9, 1998). | 30 |
| 8 | Noerr-Pennington – Objective Baselessness <br><br> *(N&A Proposed)* | *Prof. Real Est. Invs.*, 508 U.S. 49, 65, 113 S.Ct. 1920. | 34 |
| 9 | Burden of Establishing "Sham" | *Int'l Longshore & Warehouse Union v. ICTSI Oregon, Inc.*, 863 F.3d 1178, 1187 (9th Cir. 2017); *USS-POSCO* | 37 |

-2-

| | | | | |
|---|---|---|---|---|
| | | *(N&A Proposed)* | *Indus. v. Contra Costa Cnty. Bldg. & Const. Trades Council, AFL-CIO*, 31 F.3d 800, 811 (9th Cir. 1994) | |
| | 10 | Noerr-Pennington – Settlement Evidence of Merit<br><br>*(N&A Proposed)* | *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1008 (9th Cir. 2008). | 40 |

DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS

Case No.: 2:19-cv-05019-ODW(KSx)

1

**DEFENDANTS' PROPOSED INSTRUCTIONS**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' CORRECTED DISPUTED JURY
INSTRUCTIONS

Case No.: 2:19-cv-05019-ODW(KSx)

1
2
**COURT'S INSTRUCTION NO. 1**
3
In their Second Claim for Relief, Plaintiffs assert a claim against
4
Defendants for allegedly conspiring to conduct or participate, directly or
5
indirectly, in the conduct of an enterprise's affairs through a pattern of
6
racketeering activity. Plaintiffs specifically claim that Defendants each violated
7
§§ 1962(d) and (c) of RICO.
8
I've already given you instructions on the elements of a RICO violation
9
under § 1962(c) when I discussed Plaintiff's First Claim for Relief. Now you
10
must decide if Plaintiffs have proved by a preponderance of the evidence whether
11
two or more of the defendants engaged in a conspiracy to violate RICO § 1962(c),
12
as alleged in their Second Claim for Relief.
13
Generally, a RICO "conspiracy" is an agreement by two or more people to
14
commit an unlawful act. Put another way, it's a kind of partnership for illegal
15
purposes. Every member of the conspiracy becomes the agent or partner of every
16
other member.  Plaintiffs don't have to prove that all the people named in the
17
complaint were members of the conspiracy – or that those who were members
18
made any kind of formal agreement. The heart of the conspiracy is the making
19
of the unlawful plan itself. And Plaintiffs don't have to prove that the
20
conspirators were successful in carrying out the plan.
21
To prove a RICO conspiracy, Plaintiffs must prove each of the following
22
three facts by a preponderance of evidence:
23
First, you must find that two or more people agreed to try to accomplish
24
an unlawful plan to engage in a pattern of racketeering activity.
25
And second, you must find that each Defendant agreed to the overall
26
objective of the conspiracy.
27
Or, as an alternative to the second element, you must find that a Defendant
28

DEFENDANTS' CORRECTED DISPUTED JURY
INSTRUCTIONS
Case No.: 2:19-cv-05019-ODW(KSx)

agreed with at least one other Defendant to commit two predicate acts as part of the conspiracy.

Plaintiffs may show an "agreement to the overall objective of the conspiracy" by circumstantial evidence that a defendant must have known that others were also conspiring to participate in the same enterprise through a pattern of racketeering activity. If Plaintiffs prove agreement on an overall objective, then it isn't necessary that a defendant agree to personally commit two predicate acts.

A defendant can also engage in a RICO conspiracy even that defendant didn't agree to the conspiracy's overall objective. It's enough that a defendant engaged in a part of the conspiracy with at least one other defendant by committing at least two predicate acts – alone or with someone else.

While the essence of a RICO conspiracy is an agreement to further an endeavor that, if completed, would satisfy all the elements of a substantive RICO violation, Plaintiffs don't have to offer direct evidence of an agreement. The conspiracy's existence can be inferred from the participants' conduct. But a defendant must objectively manifest, through words or actions, that defendant's agreement to participate in the enterprise's affairs.

Plaintiffs don't have to show that the alleged members of the conspiracy entered into any express or formal agreement, or that they directly stated the details of the scheme, its object, or purpose, or the precise means by which the object or purpose was to be accomplished. Plaintiffs also don't have to establish that all the means or methods alleged to carry out the alleged conspiracy were, in fact, agreed on, or that all the means or methods that were agreed on were actually used or put into operation. And Plaintiffs don't have to prove that all persons alleged to be conspiracy members were actually members or that alleged conspirators succeeded in accomplishing their unlawful objectives.

DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS

Case No.: 2:19-cv-05019-ODW(KSx)

But it isn't enough if the evidence shows only that the alleged conspirators agreed to commit the acts of racketeering Plaintiffs allege, without more, or that they agreed to participate in the affairs of the same alleged enterprise. It doesn't matter that the alleged conspirators participated in the conduct of the affairs of the alleged enterprise through different or dissimilar acts of racketeering activity so long as the alleged racketeering acts would – if actually committed – create a "pattern of racketeering activity" as I've defined it.

A defendant can become a member of a conspiracy without knowing all the unlawful scheme's details or without knowing the names and identities of all the other alleged conspirators. If Plaintiffs prove by a preponderance of the evidence that a particular defendant has knowingly joined the alleged conspiracy, it doesn't matter that Defendants may not have participated in the alleged conspiracy or scheme's earlier stages.

Mere presence at the scene of some transaction or event, or mere similarity of conduct among various persons and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interests, doesn't necessarily prove the existence of a conspiracy. A person who doesn't have knowledge of a conspiracy, but who happens to act in a way that advances some object or purpose of conspiracy, doesn't become a conspirator.

Plaintiffs don't have to prove that a defendant actually committed any of the acts that Defendants may have agreed to commit to establish their membership in the conspiracy.

To determine whether there was a conspiracy, you must consider all the evidence in the case. If you find that there was a conspiracy, then you can attribute the statements or acts of the co-conspirators to one another. If you find that there was not a conspiracy, then you can't attribute the statements or acts of

DEFENDANTS' CORRECTED DISPUTED JURY
INSTRUCTIONS

Case No.: 2:19-cv-05019-ODW(KSx)

the alleged co-conspirators to one another.

If you find the conspiracy didn't exist, then you must find for each Defendant under the Second Claim for Relief.  But if you're satisfied that the conspiracy existed, you must determine who the members of the conspiracy were.

If you find that a particular defendant is a member of another conspiracy, but not the one Plaintiffs charged, then you can't find that defendant liable under the Second Claim for Relief. Put another way, you can't find that a defendant violated § 1962(d) unless you find that each Defendant was a member of the conspiracy charged – not some other separate conspiracy.

If you decide that a Defendant conspired to violate RICO, you must decide whether that conspiracy caused each of the Plaintiffs injury. The damages each Plaintiff may recover are those caused by the predicate acts committed by members of the conspiracy that injured that Plaintiff in its business or property.

If you conclude that a defendant joined in a conspiracy to violate RICO, that defendant is responsible for all damages caused by predicate acts committed by members of the conspiracy that caused injury to a Plaintiff. It isn't necessary that every predicate act caused damage to a Plaintiff, but a Plaintiff can only recover for damages caused by a predicate act committed by a conspiracy member.

In your consideration of this conspiracy claim, you should first determine whether the alleged conspiracy existed. If you conclude that a conspiracy existed as alleged, you should next determine whether each defendant under consideration willfully became a member of that conspiracy.

Source: Eleventh Circuit Model Jury Instructions (Civil) No. 7.4 (RICO – Conspiracy to Conduct the Affairs of the Enterprise) (modified)

DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS                    Case No.: 2:19-cv-05019-ODW(KSx)

**PLAINTIFFS' OBJECTIONS TO COURT'S INSTRUCTION NO. 1**

Plaintiffs object to Defendants' Instruction on the grounds that it includes superfluous, irrelevant language. Specifically, Defendants included a provision instructing the jury that "If you find that a particular defendant is a member of another conspiracy, but not the one Plaintiffs charged, then you can't find that defendant liable under the Second Claim for Relief. Put another way, you can't find that a defendant violated § 1962(d) unless you find that each Defendant was a member of the conspiracy charged—not some other separate conspiracy."

There are no allegations or facts in evidence to date regarding a second conspiracy. Plaintiffs have not alleged a second conspiracy in their complaint, nor have Defendants presented any defenses, cross-claims, or allegations to that effect. It would be unnecessarily confusing to the jury to introduce an instruction regarding a non-existent second conspiracy. *See* 75A Am. Jur. 2d Trial § 941 ("when an abstract jury instruction is given on a theory of law not raised by the evidence, in which the law is correctly stated, without specific application to the facts of the case, the trial court does not err when it overrules an objection to the abstract instruction"); *Baltimore & O.R. Co. v. Whitacre*, 242 U.S. 169 (1916) (instructions should only be given on issues presented).

DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO
COURT'S INSTRUCTION NO. 1**

The proposed instruction is almost verbatim what is set forth in the Eleventh
Circuit Model Jury Instructions (Civil) No. 7.4 (RICO – Conspiracy to Conduct the
Affairs of the Enterprise) (modified).

DEFENDANTS' CORRECTED DISPUTED JURY
INSTRUCTIONS

Case No.: 2:19-cv-05019-ODW(KSx)

# COURT'S INSTRUCTION NO. 2

Extortion requires that each plaintiff felt fear of economic harm that was reasonable under the circumstances.  For attempted extortion, plaintiffs must show that defendants attempted to instill fear in the plaintiffs, although the plaintiff's state of mind is not relevant in the attempted offense.

Source: *United States v. Marsh*, 26 F.3d 1496, 1500 (9th Cir. 1994)

DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS                    Case No.: 2:19-cv-05019-ODW(KSx)

**PLAINTIFFS' OBJECTIONS TO COURT'S INSTRUCTION NO. 2**

Defendants' proposed instruction is contrary to law and is not based on either the Ninth Circuit's model instruction or the Judicial Council of California's Jury Instructions.  First, the Ninth Circuit Hobbs Act Model Instruction includes a comment specifying that "A nonviolent threat is prohibited by the Hobbs Act if it is "wrongful."  18 U.S.C. § 1951(b)(2) (defining extortion as "the obtaining of property from another, with his consent, induced by *wrongful* use of actual or threatened . . . fear" (emphasis added))."  The Judicial Council of California's instructions are in accord as they state that a defendant is guilty of extortion if (among other elements) "[w]hen (making the threat/ [or] using force), the defendant intended to use that (fear/ [or] force) to obtain the other person's consent (to give the defendant money [or property]/ [or] to give the defendant anything of value."  CALCRIM No. 1830. Extortion by Threat or Force (Pen. Code, §§ 518, 519).  Thus, Defendants' proposed instruction includes an incorrect statement of the "fear" requirement; the Hobbs Act requires *use of fear* that is objectively reasonable not actual fear.  Thus, Defendants' proposed instruction is confusing, misleading, and misstates the law.  Moreover, Plaintiffs' proposed pattern instruction more accurately present Ninth Circuit extortion law.  Accordingly, there is no reason to depart from the pattern instruction here.

-12-

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO
COURT'S INSTRUCTION NO. 2**

Defendants' proposed instruction accurately states the law of extortion in the Ninth Circuit, which is that "An extortion conviction requires evidence that [the victim] possessed a reasonable fear of economic harm. For attempted extortion, on the other hand, "the victim's state of mind is not important. What is important is that the defendant attempted to instill fear in the victim." *United States v. Marsh, 26 F.3d 1496, 1500–01* (9th Cir. 1994). "Courts interpreting [the Hobbs Act] have focused on the intent of the defendant to induce payment through the use of threats or the exploitation of fears in his victim, and the reasonable state of mind of the victim based on his words, actions, and perceptions." *United States v. Greger*, 716 F.2d 1275, 1278 (9th Cir. 1983). Plaintiffs' confusing objection, which suggests that for substantive (not attempted) extortion the victim's state of mind is immaterial, clearly misstates the law.

This instruction is particularly important in this case, as defendants anticipate there will be extensive dispute over the issue of whether plaintiffs reasonably feared economic consequences from the filing or continuation of defendants' alleged CEQA challenges.

DEFENDANTS' CORRECTED DISPUTED JURY
INSTRUCTIONS

Case No.: 2:19-cv-05019-ODW(KSx)

**COURT'S INSTRUCTION NO. 3**

Extortion also requires that a threat be "wrongful."  A threat is not wrongful if it seeks payment for services or other consideration that have some objective value.  It is not uncommon for parties in business and legal negotiations to engage in "sharp" or aggressive tactics.  As long as a party seeks payments for things that have some objective value, however, those tactics, by themselves, are not extortionate.  Parties may lawfully engage in hard bargaining, and even to use fear of economic loss against their opponents, but may not engage in threats that are wrongful.

Source: *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1131 (9th Cir. 2014).

DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS

**PLAINTIFFS' OBJECTIONS TO COURT'S INSTRUCTION NO. 3**

Plaintiffs object to Defendants' proposed instruction M regarding the "wrongful" requirement on the grounds that the instruction is confusing, misleading, and misstates the law. Defendants' proposed instruction departs from the Ninth Circuit's Model Instruction regarding extortionate threats; specifically, the pattern instruction states that "A threat is wrongful [if it is unlawful] [or] [if the defendant knew [he] [she] was not entitled to obtain the property]." Manual of Model Criminal Jury Instructions (2010), 8. Offenses Under Title 18, 8.142A Hobbs Act—Extortion or Attempted Extortion by Nonviolent Threat. And the Ninth Circuit's comments thereto further offer that "If a nonviolent threat is to be carried out by *unlawful* means, then the Hobbs Act's 'wrongful' requirement is satisfied, regardless of whether the defendant had a lawful claim of right to the property demanded." *Id.* Thus, Defendants' proposed instruction contradicts the Ninth Circuit's guidance, by suggesting that a wrongful threat is lawful simply because value or services were previously provided.

Defendants have not only misstated the law but have also selectively and erroneously cited *Levitt v. Yelp! Inc*., 765 F.3d 1123, 1131 (9th Cir. 2014). While *Levitt* does state that "so long as the alleged extortioner seeks payment for services that have some "objective value, . . . he has "a lawful claim to the property obtained," it makes clear that the "alleged extortioner" must have a "*legitimate claim* to the property obtained through such threats." *Id.* at 1130 (emphasis added, internal quotations omitted). Accordingly, in light of the allegations in this case, *Levitt* is not only legally inaccurate but also inapplicable and irrelevant. In sum, there are adequate instructions on the elements required to be proven by Plaintiffs' on their RICO claims, which properly explain the law concerning extortion, and there is therefore no reason confuse and complicate the jury's inquiry by deviating from the pattern instruction.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO COURT'S INSTRUCTION NO. 3**

Defendants' proposed instruction M is a "claim-of-right" instruction that, according to the Ninth Circuit Model (Criminal) Jury Instructions themselves, is necessary in cases involving extortion through economic fear:

If . . . a nonviolent threat is to be carried out by lawful means (for example, a threat of economic harm), a claim of right instruction is necessary. See *United States v. Dischner*, 974 F.2d 1502, 1515 (9th Cir. 1992) (holding that wrongfully obtaining property by threat of economic harm is sufficient to convict of extortion under Hobbs Act and noting that "[o]btaining property is generally 'wrongful' if the alleged extortionist has no lawful claim to that property" (citing *United States v. Enmons*, 410 U.S. 396, 400 (1973))), overruled on other grounds by *United States v. Morales*, 108 F.3d 1031 (9th Cir. 1997).

This instruction is patterned off the holding in *Levitt*, in which the Ninth Circuit held that "[t]hough the claim-of-right defense has been limited in other contexts . . . it continues to apply to allegations of extortion involving threats of economic harm. So long as the alleged extortioner seeks payment for services that have some 'objective value,' he has 'a lawful claim to the property obtained.'" While plaintiffs assert that this case involves unlawful threats, this is an open question to be resolved by the jury (i.e. whether defendants' lawsuits were not a "sham"); while this question is unresolved, this instruction is necessary to inform the jury that demands or threats related to non-sham litigation are valid if defendants had a claim to the property demanded. 765 F.3d at 1131. Further, this instruction is necessary to prevent the jury from finding that sharp negotiation and hard bargaining is, by itself, the basis for an extortion claim. As the Court recognized in its order denying defendants' summary judgment motions, the fundamental issue in this case is "whether Sunset Landmark is an engaged

-16-

neighbor with sharp but acceptable business practices, or, as Relevant alleges, whether Saeed Nourmand is the "patriarch" of a local empire that forces its subjects to 'kiss the ring' or face indefinite delay of their construction projects." (Dkt. 167, 41:21-24.)

DEFENDANTS' CORRECTED DISPUTED JURY
INSTRUCTIONS

Case No.: 2:19-cv-05019-ODW(KSx)

**COURT'S INSTRUCTION NO. 4**

Plaintiffs allege that Defendants made wrongful threats in the form of "sham litigation."  Under the First Amendment to the U.S. Constitution, people and companies have the right to petition the government for a redress of grievances. This protection extends to lobbying government officials and petitioning administrative agencies and courts.

Litigation is a sham where it involves the filing of a whole pattern of lawsuits and other legal actions without regard to the merits, and with that pattern of litigation being objectively baseless as a whole.  Litigation that is not a sham is protected under the First Amendment and is not unlawful.

When dealing with a pattern of lawsuits, the question is not whether any one of them has merit – some may turn out to, just as a matter of chance – but whether they are brought pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival.

In other words, the inquiry is: Did each defendant carry out legal filings not out of a genuine interest in redressing grievances, but as part of a pattern or practice of successive filings undertaken essentially for purposes of harassment? Did each defendant file lawsuits and other actions willy-nilly without regard to success?

Litigation is objectively baseless where no reasonable litigant could realistically expect success on the merits.

Source: *USS-POSCO Indus. V. Contra Costa County Bldg. & Const*., 31 F.3d 800 (1994); *Gen-Probe, Inc. v. Amoco Corp., Inc*., 926 F.Supp.948, 958 (S.D. Cal. 1996) (emphasis added) [Discussing that "Under either the [Professional Real Estate Investors] or the USS-POSCO test, [the plaintiff]…must demonstrate objective baselessness" because the pattern of claims must be "baseless as a

-18-

whole." *Catch Curve, Inc. v. Venali, Inc.*, 2008 WL1133024, at *6 (C.D. Cal. Nov. 3, 2008).

DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS

Case No.: 2:19-cv-05019-ODW(KSx)

## PLAINTIFFS' OBJECTIONS TO COURT'S INSTRUCTION NO. 4

The instruction is a vague and inaccurate statement of the law and should be excluded on that basis.  Specifically, the instruction inaccurately provides that Plaintiffs must show "that a pattern of litigation" is "objectively baseless as a whole"—a proposition that is not supported by Ninth Circuit authority and is inconsistent with this Court's application of *USS-POSCO Industries v. Contra Costa County Building & Construction Trades Council*, 31 F.3d 800 (9th Cir. 1994). *See* Dkt. 167 at 23 ("The inquiry under *USS-POSCO* "'is prospective:  Were the legal filings made, not out of genuine interest in redressing grievances, but as part of a pattern or practice of successive filings undertaken essentially for purposes of harassment?'"").  Thus, the inquiry is not whether a pattern of litigation is "objectiveless baseless as a whole"; instead, the jury will consider whether Defendants engaged in conduct that involves a series of lawsuits "brought pursuant to a policy of starting legal proceedings without regarding to the merits and for an unlawful purpose."   Dkt. 167 at 23 (*citing USS-POSCO*, 31 F.3d at 811.) Accordingly, this instruction should be omitted to avoid prejudice to Plaintiffs and jury confusion.

DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS

Case No.: 2:19-cv-05019-ODW(KSx)

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO COURT'S INSTRUCTION NO. 4

This instruction is an accurate statement of the law and almost verbatim quotes the cited cases.  Defendants argue that this instruction is necessary to preserve their rights under the First Amendment and the Noerr-Pennington doctrine; without this instruction, there is grave risk that a jury will not understand the specific and carefully-tailored exceptions that exist over otherwise-protected petitioning activity.  That a pattern of litigation must be objectively baseless as a whole comes from the district court's holding in Gen-Probe and is consistent with the Ninth Circuit's holding in USS-POSCO.  31 F.3d at 811 (noting that sham litigation exception may apply where "[in] a series of lawsuits,[some have merit], just as a matter of chance," but not where " fifteen of the twenty-nine lawsuits alleged . . . as part of the pattern of filings 'without regard to the merits' have proven successful").

-21-

# COURT'S INSTRUCTION NO. 5

By retaining the benefits of a voidable release after allegedly learning that the release is voidable, a party ratifies the release and cannot avoid its obligations.

Source: *Aikins v. Tosco Ref. Co.*, No. C-98-00755-CRB, 1999 WL 179686, at *4 (N.D. Cal. Mar. 26, 1999) ("Numerous federal courts hold that by accepting and retaining the benefits of a voidable release, a party ratifies the release and cannot avoid its obligation");*Williams v. Phillips Petroleum Co.*, 23 F.3d 930 (5th Cir. 1994).

DEFENDANTS' CORRECTED DISPUTED JURY
INSTRUCTIONS                                             Case No.: 2:19-cv-05019-ODW(KSx)

## PLAINTIFFS' OBJECTIONS TO COURT'S INSTRUCTION NO. 5

Defendants' proposed instruction regarding ratification should be excluded because it is vague, misleading, and mischaracterizes Defendants' affirmative defenses. Although the instruction suggests that Defendants have a standalone defense of ratification, they do not; thus, the instruction is inapplicable, superfluous, and irrelevant here. As a matter of fact, under California law, an instruction on ratification is given in cases involving disputed authority of an agent. *See* CACI No. 3710. Ratification, Judicial Council of California Civil Jury Instructions (2022 edition) ("Plaintiff claims that Defendant is responsible for the harm caused by [name of agent]'s conduct because Defendant approved that conduct after it occurred. If you find that [name of agent] harmed Plaintiff, you must decide whether Defendant approved that conduct."). The cases cited by Defendants are in accord, but are notably inapposite here. For one, the quote from *Aikins v. Tosco Ref. Co.*, No. C-98-00755-CRB, 1999 WL 179686, at *4 (N.D. Cal. Mar. 26, 1999) refers to the application of federal common law to employment-related releases, not California law; and the Court distinguishes California law, noting that it "treats the doctrine of ratification in a similar manner," but that the test is ultimately "whether the releasor, with full knowledge of the material facts permitting rescission, has engaged in some unequivocal conduct giving rise to a reasonable inference that he or she intended the conduct to amount to a ratification." *Id.* at *4. Defendants' citation to *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 932 (5th Cir. 1994) is similarly inapt; there, the court considered the impact of a release, not a separate affirmative defense of ratification. Thus, even if Defendants' *could* provide an instruction on ratification (which they cannot), as framed, their proposed instruction is inaccurate.

-23-

1   Because these cases do not stand for the proposition that Defendants suggest,

2   they are not entitled to an affirmative defense of ratification separate and apart from

3   the 20th affirmative defense associated with the release.

DEFENDANTS' CORRECTED DISPUTED JURY
INSTRUCTIONS

Case No.: 2:19-cv-05019-ODW(KSx)

# DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO COURT'S INSTRUCTION NO. 5

Defendants' proposed instruction is an accurate statement of controlling law on the affirmative defense of ratification.

# NOURMAND & ASSOCIATE'S ADDITIONAL PROPOSED INSTRUCTIONS

DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS

Case No.: 2:19-cv-05019-ODW(KSx)

**COURT'S INSTRUCTION NO. 6**

In determining whether the conduct element of 18 U.S.C. § 1962(c) has been satisfied, relevant questions include whether the defendant "occupies a position in the chain of command," "knowingly implements [the enterprise's] decisions," or is "indispensable to achieving the enterprise's goal."

Source: Ninth Circuit Manual of Model Civil Jury Instructions, 8. Civil RICO; *Walter v. Drayson*, 538 F.3d 1244, 1248-49 (9th Cir. 2008).

DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS                    Case No.: 2:19-cv-05019-ODW(KSx)

## PLAINTIFFS' OBJECTIONS TO COURT'S INSTRUCTION NO. 6

Defendants' proposed instruction R presents an incomplete version of the commentary attending the Ninth Circuit Model Instruction; by omitting material context, Defendants' proposed instruction runs the risk of misleading the jury by presenting a skewed and prejudicial view of the "conduct" element.

Specifically, as drafted, the Ninth Circuit's comment provides that:

> "The conduct element of § 1962(c) requires that the defendant have some part in directing the affairs of the enterprise. Liability is not limited to those with primary responsibility for the enterprise's affairs, nor is a formal position within the enterprise required. However, the defendant is not liable under § 1962(c) unless the defendant has participated in the operation or management of the enterprise itself. *See Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (holding that accountants hired to perform audit of cooperative's records did not participate in "operation or management" of cooperative's affairs by failing to inform cooperative's board of directors that cooperative was arguably insolvent). In determining whether the conduct element has been satisfied, relevant questions include whether the defendant "occupies a position in the chain of command," "knowingly implements [the enterprise's] decisions," or is "indispensable to achieving the enterprise's goal." *Walter v. Drayson*, 538 F.3d 1244, 1248-49 (9th Cir. 2008) (holding that attorney's performance of services for alleged associated-in-fact enterprise was not sufficient to satisfy § 1962(c)'s conduct element)."

Because there is no reason to provide incomplete guidance to the jury, Plaintiffs object to Defendants' proposed instruction and suggest the inclusion of the entire comment, in the alternative.

-28-

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO COURT'S INSTRUCTION NO. 6**

N&A has quoted verbatim to the Ninth Circuit Model Instruction Manual of Model Civil Jury Instructions, 8. Civil RICO, which are current as of March 2022: https://www.ce9.uscourts.gov/jury-instructions/node/134 .

# COURT'S INSTRUCTION NO. 7

Five or six lawsuits is on the lower end of what can constitute a pattern or series of harassing litigation.

Source: *Wonderful Real Est. Dev. LLC v. Laborers Int'l Union of N. Am. Loc. 220*, 2020 WL 91998, at *10 (E.D. Cal. Jan. 8, 2020); *Coca–Cola Co. v. Omni Pac. Co.*, 1998 U.S. Dist. LEXIS 23277, at *24 (N.D.Cal. Dec. 9, 1998).

DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS

Case No.: 2:19-cv-05019-ODW(KSx)

**PLAINTIFFS' OBJECTIONS TO COURT'S INSTRUCTION NO. 7**

Defendants' proposed instruction 7 presents an overly constrained, inaccurate statement of law and should therefore be excluded.  For one, in delineating a precise number of lawsuits, the instruction disregards key reasoning in the Court's Summary Judgment Order:  in addition to considering "[a] high percentage of meritless or objectiveless baseless proceedings," "courts should also consider other evidence of bad-faith as well as the magnitude and nature of the collateral harm imposed on plaintiffs by defendants' petitioning activity (e.g., abuses of the discovery process and interference with access to governmental agencies)."  *See* Dkt. 167 at 26 (citing *Hanover 3201 Realty, LLC v. Village Supermarkets, Inc.*, 806 F.3d 162, 180 (3d Cir. 2015)).  Further, that Order already clarified that the CEQA-related challenges involved in this case simply do not fit squarely into a strict arithmetic analysis.  Indeed, the Court expressly advised the parties that "[i]n a case such as the present one, where the plaintiff has only a certain number of projects that could be challenged and where a single lawsuit under CEQA could span many years and procedural phases, the raw number of challenges is less important than the nature and extent of each challenge."  Dkt. 167 at 28; *see also id.* at 28 ("In any event, Relevant's theory of the case includes the challenge Sunset Landmark filed with LADBS; the petition letter to local, state, and federal prosecutors and Defendants' participation in City hearings.")  Accordingly, instructing the jury on a specific number of lawsuits would contravene this Court's Order; instead, the jury will need to "decide not only *how much* of a win each disposition was for the Sunset Defendants, but also *how compelling* a given disposition is in Relevant's required showing under *USS-POSCO*."  Dkt. 167 at 27.  Thus, Defendants' instruction should be excluded as prejudicial, irrelevant, and legally incorrect.  *See* Craig Lee Montz, <u>Trial Objections from Beginning to End: The Handbook for Civil and Criminal Trials</u>, 29 Pepp. L. Rev. 243, 316 (2002) (citing *Perovich v. United States*

205 U.S. 86 (1907) ("Singling out evidentiary features and emphasizing them by special instruction often tends to mislead a jury"), and *Mount v. Dusing,* 111 N.E.2d 502 (Ill. 1953) (holding that instructions singling out particular facts or evidence and giving them undue prominence are erroneous).

DEFENDANTS' CORRECTED DISPUTED JURY
INSTRUCTIONS

Case No.: 2:19-cv-05019-ODW(KSx)

1
2

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO COURT'S INSTRUCTION NO. 7

3
4
5
6
7
8
9

N&A disagrees with Plaintiffs' objections. N&A's cited caselaw, *Wonderful Real Est. Dev. LLC v. Laborers Int'l Union of N. Am. Loc. 220*, 2020 WL 91998, is one of the sole California cases dealing with a sham litigation exception to the *Noerr-Pennington* Doctrine that is specifically based of a series of allegedly sham lawsuits. The United States District Court, Eastern District of California, specifically held that "It does appear that five or six lawsuits is on the lower end of what can constitute a pattern or series of harassing litigation."

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Plaintiffs seek to argue that they can break a series of events into constituent parts in order to expand a single episode into multiple predicate acts based upon the unique nature of CEQA lawsuits. However, Plaintiffs ignore that the various procedural phases that precede a superior court filing of a CEQA lawsuit are required in order for a petitioner to file a CEQA lawsuit in superior court. Accordingly, the procedural phases are simply multiple acts in furtherance of an alleged single extortion episode: one the one hand, the settlement payment made as part of the settlement of the Thompson and Tommie hotel CEQA litigation, and the alleged extortion in the filing of the Selma hotel CEQA litigation. *Linens of Europe, Inc. v. Best Mfg., Inc.,* 2004 WL2071689 (S.D.N.Y 2004) ("[M]ultiple acts in furtherance of a single extortion episode constitute only a single predicate act of extortion, not a pattern of two or more acts."); *Sever v. Alaska Pulp Corp.,* 978 F.2d 1529, 1535 (9th Cir. 1992) ("First, although Sever alleges a number of "acts," APC's collective conduct is in a sense a single episode having the singular purpose of impoverishing Sever, rather than a series of separate, related acts.").

25
26
27
28

DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS

Case No.: 2:19-cv-05019-ODW(KSx)

# COURT'S INSTRUCTION NO. 8

A lawsuit is not objectively baseless if it is arguably warranted by existing law or at the very least is based on an objectively good faith argument for the extension, modification, or reversal of existing law. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Source: *Prof. Real Est. Invs.*, 508 U.S. 49, 65, 113 S.Ct. 1920.

**PLAINTIFFS' OBJECTIONS TO COURT'S INSTRUCTION NO. 8**

Plaintiffs object to this instruction as needlessly cumulative and lending undue prominence to Defendants' legal theory.  *Cf.* Dkt. 48 at 19 (emphasizing that "The Court will consider special jury instructions not derived from these sources only in exceptional circumstances").   In so doing, the instruction is argumentative and should be excluded on that basis.  *See* Craig Lee Montz, <u>Trial Objections from Beginning to End: The Handbook for Civil and Criminal Trials</u>, 29 Pepp. L. Rev. 243, 316 (2002) (citing *Perovich v. United States* 205 U.S. 86 (1907) ("Singling out evidentiary features and emphasizing them by special instruction often tends to mislead a jury"), and *Mount v. Dusing,* 111 N.E.2d 502 (Ill. 1953) (holding that instructions singling out particular facts or evidence and giving them undue prominence are erroneous).  At bottom, this instruction repeats principles adequately addressed by other instructions and should be excluded.

1
2

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO COURT'S INSTRUCTION NO. 8

3
4
5
6
7
8
9
10

This jury instruction is not cumulative, as Plaintiffs claim, because it is not duplicative of any language in Defendants' proposed jury instructions. Nor does it lend undue prominence to N&A's legal theory. Rather, the instruction accurately sets forth what the Supreme Court has articulated as defining the phrase "objectively baseless," thereby providing much needed guidance to a trier of fact. Therefore, the instruction properly instructs the trier of fact on the applicable law, and does not give particular facts or evidence undue prominence as Plaintiffs claim.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS

Case No.: 2:19-cv-05019-ODW(KSx)

**COURT'S INSTRUCTION NO. 9**

The burden is on the plaintiff to disprove each of the challenged lawsuit's legal viability.

Source: *Int'l Longshore & Warehouse Union v. ICTSI Oregon, Inc.*, 863 F.3d 1178, 1187 (9th Cir. 2017); *USS-POSCO Indus. v. Contra Costa Cnty. Bldg. & Const. Trades Council, AFL-CIO*, 31 F.3d 800, 811 (9th Cir. 1994)

**PLAINTIFFS' OBJECTIONS TO COURT'S INSTRUCTION NO. 9**

Plaintiffs object to Defendants' proposed instruction 9 as it is both argumentative and confusing.  Moreover, its vagueness as to "legal viability" could mislead the jury.  And it is cumulative with the myriad other instructions on "objective baselessness," and in placing undue emphasis on that particular aspect of the analysis, unduly prejudices Plaintiffs.  *Cf.* Dkt. 48 at 19 (emphasizing that "The Court will consider special jury instructions not derived from these sources only in exceptional circumstances").

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO COURT'S INSTRUCTION NO. 9**

This jury instruction is not cumulative because it addresses Plaintiffs' burden of proof in establishing an exception to the *Noerr-Pennington* Doctrine defense, and is not an instruction on "objective baselessness" as Plaintiffs claim. There are no known Ninth Circuit's Model Instructions specifically addressing the sham litigation exception to the *Noerr-Pennington* Doctrine. Therefore, a special jury instruction on Plaintiffs' burden of proof in establishing the purported exception is appropriate and necessary.

DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS                    Case No.: 2:19-cv-05019-ODW(KSx)

# COURT'S INSTRUCTION NO. 10

The fact that litigation settled suggests that the original suit was not objectively baseless.

Source: *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1008 (9th Cir. 2008).

**PLAINTIFFS' OBJECTIONS TO COURT'S INSTRUCTION NO. 10**

Plaintiffs object to this instruction as an inaccurate statement of the law, needlessly confusing of the evidentiary issues, and argumentative. *Cf.* Dkt. 48 at 19 (emphasizing that "The Court will consider special jury instructions not derived from these sources only in exceptional circumstances"); *see also* Craig Lee Montz, Trial Objections from Beginning to End: The Handbook for Civil and Criminal Trials, 29 Pepp. L. Rev. 243, 316 (2002) (citing *Perovich v. United States* 205 U.S. 86 (1907) ("Singling out evidentiary features and emphasizing them by special instruction often tends to mislead a jury"), and *Mount v. Dusing,* 111 N.E.2d 502 (Ill. 1953) (holding that instructions singling out particular facts or evidence and giving them undue prominence are erroneous). Moreover, the instruction ignores the underlying issues, facts, and evidence in dispute in this case – that the settlement agreement was part and parcel and integral to the alleged extortion and the result of undue influence. *Theme Promotions*, cited above, considered whether *Noerr-Pennington* barred an intentional interference claim premised on a pre-suit demand letter. *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008). Accordingly, the instruction is irrelevant, and even if it were applicable, it repeats principles adequately addressed by other instructions and should be excluded.

DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS

Case No.: 2:19-cv-05019-ODW(KSx)

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO COURT'S INSTRUCTION NO. 10**

This proposed instruction sets forth evidence that the trier of fact is entitled to consider when evaluating objective baselessness, and is not stated in any other proposed jury instruction. N&A proposes revising the proposed instruction as follows, to avoid any objection that the proposed instruction is argumentative: "The fact that litigation settled can be considered as evidence that the original suit was not objectively baseless." There are no known Ninth Circuit's Model Instructions specifically addressing the sham litigation exception to the *Noerr-Pennington* Doctrine. Therefore, a special jury instruction on the evidence a trier of fact can consider in determining whether a lawsuit is objectively baseless is appropriate and necessary.

DEFENDANTS' CORRECTED DISPUTED JURY INSTRUCTIONS                    Case No.: 2:19-cv-05019-ODW(KSx)