1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
SUSAN K. LEADER, State Bar No. 216743
sleader@wsgr.com
MATTHEW A. MACDONALD, State Bar No. 255269
matthew.macdonald@wsgr.com
ALI R. RABBANI, State Bar No. 253730
arabbani@wsgr.com
STEPHANIE V. BALITZER, State Bar No. 316133
sbalitzer@wsgr.com
633 West Fifth Avenue, Suite 1550
Los Angeles, CA 90071-2027
Telephone:   (323) 210-2900
Facsimile:   (866) 974.7329

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
DALE R. BISH, State Bar No. 235390
dbish@wsgr.com
CHARLES A. TALPAS, State Bar No. 308505
ctalpas@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:   (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Plaintiffs
Relevant Group, LLC, 1541 Wilcox Hotel
LLC, 6516 Tommie Hotel LLC, and 6421
Selma Wilcox Hotel LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC; a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>              Plaintiffs,<br><br>      v.<br><br>STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10,<br><br>              Defendants. | Case No.: 2:19-cv-05019-ODW(KSx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE REGARDING JOBS CREATED THROUGH THE EB-5 INVESTOR VISA PROGRAM**<br><br>Final PTC & MIL Hearing:  October 24, 2022<br>Time:        1:30 p.m.<br><br>Trial Date:  November 8, 2022<br>Time:        9:00 a.m.<br><br>Place:       Courtroom 5D<br>Before:      Hon. Otis D. Wright II |

# NOTICE OF MOTION

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on October 24, 2022, at 1:30 p.m., Plaintiffs Relevant Group, LLC, 1541 Wilcox Hotel LLC, 6516 Tommie Hotel LLC, and 6421 Selma Wilcox Hotel LLC (collectively, "Plaintiffs" or "Relevant") will and hereby do move *in limine* for an order precluding Defendants Stephan "Saeed" Nourmand ("Nourmand"), The Sunset Landmark Investment LLC ("Sunset") and Nourmand & Associates ("N&A") from presenting any evidence, testimony, or argument to the jury regarding any purported governmental inquiry, alleged malfeasance or misrepresentations, or other contentions regarding whether Relevant complied with the EB-5 program, including accusations by Unite Here Local 11 regarding the number of jobs created in conjunction with EB-5 investments in Plaintiffs' development projects, or EB-5 fairness or political concerns.

This Motion is made on the grounds that such matters are not relevant and any probative value is substantially outweighed by the danger of misleading the jury and wasting time. Fed. R. Evid. 401, 402, 403. Specifically, this Motion seeks to exclude the below testimony, in addition to any related evidence, testimony, or argument the Defendants might attempt to introduce regarding accusations of noncompliance:

- Ex. 1 at 5-8 (Heyman Dep. 50:17-53:14) (inquiring whether Relevant understood that indirect jobs would satisfy its EB-5 job creation requirements);

- Ex. 2 at 12-14 (Heyman Dep. 584:16-586) (asking whether he was concerned that investors would "figure out that you guys put together yourselves a fundamental fraud project");

- Ex. 3 at 20-21 (Chen Dep. 127:8-128:20) (asking if he was aware of "accusations that Relevant hotel projects didn't create enough EB-5 jobs");

- Ex. 4 at 25-27 (Shayne Dep. 250:24-252:1) (inquiring about how many jobs were required, asking whether Relevant would "could have problems with your EB5 investors would be if you didn't create enough jobs"; and whether Relevant went to Congress about the number of jobs created);

- Ex. 5 at 31-34 (King Dep. 137:5-23-140:25) (asking if he was "aware if there is any government investigation into the allegations that Relevant obtained fraudulent EB5 funding?" and further inquiring about "the Unite Here Local 11 letter that raised the allegations about the EB5 funding controversy").

This Motion is made on the grounds that all such matters are irrelevant and any probative value is substantially outweighed by the danger of prejudicing Plaintiffs, misleading the jury, and wasting time at trial.  Fed. R. Evid. 402, 403. Specifically, this evidence is irrelevant because whether Plaintiffs complied with EB-5's requirements or created the right number of jobs was never an issue in any of the legal and administrative challenges that Defendants launched against Plaintiffs' hotel projects.  And proof of an EB-5 violation would not show that any of Defendants' legal or administrative challenges were meritorious or brought in good faith.  Further, Defendants have no admissible evidence to support these assertions.  Thus, the only function this evidence can be designed to serve is to attempt to prejudice the jury against Plaintiffs on an issue that is entirely collateral to the issues in dispute.  Fed. R. Evid. 403.  This will result in a waste of time as the parties have a mini-trial over EB-5 and its highly technical requirements.

This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Charles Talpas ("Talpas Decl.") concurrently filed herewith, the pleadings and papers on file in this action, and any further evidence and arguments that may be presented at the hearing on this Motion.

This Motion is made following the conference of counsel that took place on

July 18, 2022, pursuant to Local Rule 7-3 and the Court's Scheduling and Case Management Order (ECF No. 192). *See* Declaration of Ali R. Rabbani at ¶ 9, filed concurrently with Plaintiffs' Motion *in Limine* No. 3 ("Rabbani Decl.").

Respectfully Submitted,

Dated: August 22, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   */s/ Susan K. Leader*
      Susan K. Leader

Attorneys for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    IDENTIFICATION OF MATTERS AT ISSUE**

As the Court is probably aware, the hotel projects at issue in this case were funded in part through the EB-5 program, which incentivizes foreign investments to create jobs in the United States.   Whether Plaintiffs complied with EB-5's requirements or created the right number of jobs was never an issue in any of the many legal and administrative challenges that Defendants launched against Plaintiffs' hotel projects.

Nevertheless, during discovery, Defendants' counsel repeatedly insinuated that Plaintiffs committed "fraud" by failing to satisfy the job creation requirements of the EB-5 program.   *See* Ex. 5 at 31-34 (King Dep. 137:5-140:15); Ex. 1 at 5-8 (Heyman Dep. 50:17-53:14); Ex. 2 at 12 (Heyman Dep. 584:16-22); Ex. 3 at 20-21 (Chen Dep. 127:8-128:20); Ex. 4 at 25-27 (Shayne Dep. 250:24-252:1).   Defendants raised the issue based on a March 14, 2022 Los Angeles Times article (*see* Ex. 6) regarding a governmental inquiry into unsubstantiated and baseless accusations by Unite Here Local 11, a hospitality workers union that had previously opposed Plaintiffs' development projects (the union's representative, Elle Farmer, is on Defendants' witness list).   At trial, Defendants should be precluded from asking questions that make similar insinuations of wrongdoing and from referring to or offering testimony or documentary evidence regarding the Los Angeles Times article or any purported governmental inquiry based on the unsubstantiated accusation by Unite Here Local 11.

Defendants have no admissible evidence to support these assertions.   The sole support for the claim consists of unsupported and highly public allegations made by a third party (a labor union) who for its own reasons opposed Plaintiffs' development projects.   As an initial matter, the allegations went nowhere, and Relevant's EB-5 program met the stated job requirements.   Moreover, the allegations are pure hearsay and not admissible.   Defendants have no witness who can testify competently that

Plaintiffs violated any of the program's rules.

More importantly, even if these charges were true (which they are not), they would not be admissible here. Proof of an EB-5 violation would not show that any of Defendants' legal or administrative challenges were meritorious or brought in good faith. Simply put, a violation of EB-5's rules is not the basis for a CEQA claim or denying a construction permit. These kinds of allegations of collateral misconduct are precisely what Rule 403 is meant to exclude. The only function this evidence can be designed to serve is to attempt to prejudice the jury against Plaintiffs on an issue that is entirely collateral to the issues in dispute. The only result will be wasted time on a mini-trial over EB-5 and its highly technical requirements.

## II. BACKGROUND

Plaintiffs raised capital for their hotel projects through the federal EB-5 investment program. G. King Decl. ¶ 3, ECF No. 137-1. Through this program, foreign investors contribute capital to a specific project in order to create local jobs in the United States. *Id.* ¶ 3; *see also* Ex. 3 at 18-19 (Chen Dep. 22:23-23:17). If the project is successful and creates those jobs within the specified timeframe, the investors earn permanent residency visas. G. King Decl. ¶ 3, ECF No. 137-1.

Although none of Defendants' underlying administrative or legal challenges had anything to do with Plaintiffs' compliance with these job creation requirements, Defendants repeatedly questioned witnesses about Plaintiffs' compliance with job creation requirements under the EB-5 program. Defendants focused on the unsupported allegations raised by a local hotel workers union, Unite Here Local 11, regarding Plaintiffs' satisfaction of the EB-5 job creation requirements. *See, e.g.*, Ex. 3 at 20-21 (Chen Dep. 127:8-128:20) (asking if he was aware of "accusations that Relevant hotel projects didn't create enough EB-5 jobs"); Ex. 4 at 25-27 (Shayne Dep. 250:24-252:1) (same).

Specifically, the union contended that Relevant could only count certain "direct" jobs (and not any indirect and induced jobs) to satisfy EB-5's job creation

1   requirements.  This, however, is not what the regulations dictate.  None of these

2   allegations—which post-date Defendants' CEQA challenges and arise out of a

3   fundamental misunderstanding of EB-5 rules and guidance—has any merit

4   whatsoever.  To be sure, the union stirred up political controversy about the wisdom

5   of the EB-5 program (even encouraging members of Congress and the LA Times to

6   dig into the issues); but the fact is that Relevant complied with the regulations.  And

7   tellingly, while Unite Here solicited a USCIS investigation of Relevant's job

8   creation numbers, the agency already had all the pertinent information and expertise.

9   There was no determination that Relevant failed to comply with EB-5 rules.

10      Still, when asked about whether they intended to introduce this evidence at

11   trial, Defendants maintained that it was fair game.  *See* Rabbani Decl., ¶ 9 (filed

12   concurrently with Plaintiffs' Motion in Limine No. 3).

13   **III.   LEGAL STANDARDS**

14      Evidence that is not relevant is not admissible.  Fed. R. Evid. 402.  Evidence

15   is relevant only if "(a) it has any tendency to make a fact more or less probable than

16   it would be without the evidence; and (b) the fact is of consequence in determining

17   the action."  Fed. R. Evid. 401; *see Huddleston v. United States*, 485 U.S. 681, 682-

18   90 (1988).  Moreover, "[t]he court may exclude relevant evidence if its probative

19   value is substantially outweighed by a danger of one or more of the following: unfair

20   prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

21   needlessly presenting cumulative evidence."  Fed. R. Evid. 403; *see United States v.

22   Hitt*, 981 F.2d 422, 423-25 (9th Cir. 1992); Fed. R. Evid. 611(a) ("The court should

23   exercise reasonable control over the mode and order of examining witnesses and

24   presenting evidence" so as to "avoid wasting time").

25   **IV.   ARGUMENT**

26      **A.     Evidence Concerning Plaintiffs' Compliance with Job Creation**

27           **Requirements Is Irrelevant**

28      Plaintiffs' compliance with EB-5 job creation requirements has nothing to do

1    with the issues in dispute.

2           Rather here, the jury will be asked to determine whether Defendants used

3    sham CEQA lawsuits and other administrative challenges to extort Plaintiffs. None

4    of Defendants' legal or administrative challenges involved compliance with the EB-

5    5 program, and proof of non-compliance with EB-5 rules would not prove that

6    Defendants' sham challenges had merit or were brought in good faith.

7           Thus, whether Plaintiffs ultimately created the required number of jobs to

8    meet EB-5 requirements is irrelevant: there are no allegations in this case, or asserted

9    defenses, that concern whether Plaintiffs properly obtained EB-5 funds in

10   compliance with job creation requirements. *See* Fed. R. Evid. 401, 402.

11          In any event, Defendants do not have competent evidence that such a violation

12   occurred. The claim itself is based entirely on inadmissible hearsay statements that

13   lack foundation and are themselves inadmissible under any ordinary exclusionary

14   order. Fed. R. Evid. 801(c). Assuming that this evidence is deemed relevant, absent

15   competent admissible evidence in support of the assertion Defendants should not be

16   able to float the unsupported theory before the jury. *Huddleston*, 485 U.S. at 689 (in

17   the Rule 404(b) context, similar act evidence is relevant only if the jury can

18   reasonably conclude that the act occurred and that the defendant was the actor).

19          Lacking proof that any violation actually occurred, Defendants cannot

20   speculate in front of the jury about Plaintiffs' compliance with EB-5's rules. Fed.

21   R. Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists,

22   proof must be introduced sufficient to support a finding that the fact does exist.");

23   *see United States v. Matta-Ballesteros*, 71 F.3d 754, 768 (9th Cir. 1995), *opinion*

24   *amended on denial of reh'g*, 98 F.3d 1100 (9th Cir. 1996) (district court did not

25   abuse its discretion in determining that the conditional relevance requirements had

26   not been met and in excluding records); *Tennison v. Circus Circus Enters., Inc.*, 244

27   F.3d 684, 689 (9th Cir. 2001) (evidence properly excluded where Plaintiff failed to

28   make offer of proof outside the presence of the jury).

To the extent Defendants are arguing that this evidence is admissible to prove Plaintiffs' bad character, they are wrong. Specific instances of misconduct are also irrelevant and inadmissible where (as here) Plaintiffs' character has no bearing on the rights and liabilities of the parties. Fed. R. Evid. 404(b) (Evidence of wrongdoing "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"); *see also Donastorg v. City of Ontario*, No. EDCV 18-992JGB (SPX), 2021 WL 4051170, at \*2 (C.D. Cal. June 4, 2021) (finding that "Plaintiff's criminal history and prior contacts with law enforcement has no likelihood of proving any material facts relevant to Plaintiff's claims" because "evidence which the officers were unaware" would not inform reasonableness of officers' actions). Simply put, Plaintiffs' character is not at issue in this case, and it is improper for Defendants to put allegations of Plaintiffs' bad character before the jury. 32 C.J.S. Evidence § 647 ("As a general rule, the character of a party to a civil action is not a proper subject of inquiry and is generally irrelevant in a civil action.").

**B.      Any Probative Value of Evidence Regarding EB-5 Job Creation Is Far Outweighed by Unfair Prejudice.**

Even if this evidence were relevant (and it is not), it should be excluded because "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

To start, the evidence would unfairly prejudice Plaintiffs at trial by influencing the jury based on unrelated, baseless allegations of misconduct. *United States v. Bowen*, 857 F.2d 1337, 1341 (9th Cir. 1988) ("prejudice outweighs probative value where the facts arouse the jury's feelings for one side without regard to the probative value of the evidence, or in other words, if the jury is basing its decision on something other than the established facts and legal propositions in the case."). Using "innuendos of collateral misconduct" to cast a party in a bad light or

create an inference of wrongdoing, as Defendants seek to do here, is exactly what Rule 403 was meant to prevent. *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 993 (9th Cir. 2009) (evidence of illegal operations was properly excluded in copyright infringement case as it was reasonable that evidence of illegal operations might improperly influence the jury to reduce a damages award); *Bowen*, 857 F.2d at 1341 (excluding polygraph evidence because even if introduced for a separate purpose, it was likely the jury would draw the inference that defendant failed it).

In any case, it is settled law that evidence of wrongdoing unrelated to the issues in dispute is inadmissible; unsupported assertions of collateral misconduct have even less place at trial. *See Jackson v. Mendez*, No. 1:11-cv-00080-BAM (PC), 2015 WL 7430552, at *2 (E.D. Cal. Nov. 23, 2015) ("it would be improper for the jury to determine liability in this case" based on "unrelated allegations"). Thus, even if such evidence had probative value (and it does not), it would be substantially outweighed by unfair prejudice to Plaintiffs. *Schagene v. Mabus*, 704 F. App'x 671, 673 (9th Cir. 2017) (evidence of mental health history in a wrongful termination case presented a high risk of unfair prejudice and was properly excluded; *see also Bender v. City of Rialto*, No. 520CV02171JWHSPX, 2022 WL 1502514, at *4 (C.D. Cal. Mar. 21, 2022) (excluding police department security camera footage, reasoning it would "create a sideshow for the jury about spoliation, which is not a claim presented here" and thus "the risk of distraction grossly outweighs whatever modicum of additional probative value that this footage might produce").

Finally, this evidence is likely to confuse the jurors regarding the claims at issue in the case. *Coursen v. A.H. Robins Co., Inc.*, 764 F.2d 1329 (9th Cir. 1985), *opinion corrected*, 773 F.2d 1049 (9th Cir. 1985) (evidence of the appellee's fraud in reporting pregnancy rates, where allegations concerned IUD infections, was ripe for unduly distracting or misleading the jury). While Plaintiffs were vulnerable to Defendants' extortion scheme because of their use of EB-5 funding, the baseless accusations of EB-5 fraud are wholly unrelated to any party's claims or defenses.

1

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court exclude evidence, including testimony, documents, and arguments, concerning alleged failures to satisfy EB-5 job creation requirements.


Respectfully Submitted,

Dated: August 22, 2022                    WILSON SONSINI GOODRICH & ROSATI
                                          Professional Corporation


                                          By:   */s/ Susan K. Leader*
                                              Susan K. Leader

                                          *Attorneys for Plaintiffs*