**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
SUSAN K. LEADER, State Bar No. 216743
sleader@wsgr.com
MATTHEW A. MACDONALD, State Bar No. 255269
matthew.macdonald@wsgr.com
ALI R. RABBANI, State Bar No. 253730
arabbani@wsgr.com
STEPHANIE V. BALITZER, State Bar No. 316133
sbalitzer@wsgr.com
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone:  (323) 210-2900
Facsimile:  (866) 974.7329

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
DALE R. BISH, State Bar No. 235390
dbish@wsgr.com
CHARLES A. TALPAS, State Bar No. 308505
ctalpas@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100

Attorneys for Plaintiffs
Relevant Group, LLC, 1541 Wilcox Hotel LLC, 6516 Tommie Hotel LLC, and 6421 Selma Wilcox Hotel LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC; a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>  Plaintiffs,<br><br>  v.<br><br>STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10,<br><br>  Defendants. | Case No.: 2:19-cv-05019-ODW(KSx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE REGARDING ALLEGED HARM TO SUNSET LANDMARK AS A RESULT OF TENANT COMPLAINTS**<br><br>Final PTC & MIL Hearing:  October 24, 2022<br>Time:  1:30 p.m.<br><br>Trial Date:  November 8, 2022<br>Time:  9:00 a.m.<br><br>Place:  Courtroom 5D<br>Before:  Hon. Otis D. Wright II |

# NOTICE OF MOTION

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on October 24, 2022, at 1:30 p.m., Plaintiffs Relevant Group, LLC, 1541 Wilcox Hotel LLC, 6516 Tommie Hotel LLC, and 6421 Selma Wilcox Hotel LLC (collectively, "Plaintiffs" or "Relevant") will and hereby do move in limine for an order precluding Defendants Stephan "Saeed" Nourmand ("Nourmand"), The Sunset Landmark Investment LLC ("Sunset Landmark"), and Nourmand & Associates ("N&A") (collectively, "Defendants") from presenting any evidence, testimony, or argument concerning complaints allegedly made by Sunset Landmark's tenants during the construction of Relevant's hotel projects and/or the resulting economic harm purportedly sustained by Sunset Landmark as a result of these complaints. This motion includes the below testimony from Mohamad Iravani and Jayesh Patel discussing alleged complaints made by Sunset Landmark's tenants about noise and dust caused by the construction of Relevant's hotels:

- Ex. 1 at 6-8 (Iravani Dep. 78:1-79:5, 79:14-80:11) (describing complaints from Sunset Landmark's tenants due to noise and dust from the construction of the Thompson and Tommie hotels);
- Ex. 2 at 12-13 (Patel Dep. 125:5-126:16) (describing the alleged economic impact of tenant complaints about construction noise and dust).[1]

This Motion is made on the grounds that such evidence is irrelevant, constitutes impermissible hearsay, and any probative value is substantially outweighed by the danger of unfair prejudice, wasting time, and misleading the jury. Fed. R. Evid. 402, 403, 802. If Plaintiffs' Motion is not granted, Plaintiffs will be unfairly prejudiced because Defendants' purpose in seeking to introduce this testimony at trial is to both mislead the jury into believing that Defendants were economically harmed by Plaintiffs' hotel projects (which they were not) and inflame the jury against Plaintiffs.

---

[1] All exhibits are attached to the concurrently-filed Declaration of Ali R. Rabbani in Support of Plaintiffs' Motion in Limine No. 3.

Moreover, Plaintiffs will not have the opportunity to cross-examine the unidentified tenants of Sunset Landmark who purportedly made these complaints.

This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Ali R. Rabbani concurrently-filed herewith, the pleadings and papers on file in this action, and any further evidence and arguments that may be presented at the hearing on this Motion.

This Motion is made following the conference of counsel that took place on July 18, 2022, pursuant to Local Rule 7-3 and the Court's Scheduling and Case Management Order (ECF No. 192).

Dated: August 22, 2022

Respectfully Submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Susan K. Leader
Susan K. Leader

*Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   IDENTIFICATION OF MATTERS AT ISSUE

Defendants have not asserted any counterclaims in this litigation, yet Defendants have made clear that they intend to introduce testimony at trial concerning complaints made by Sunset Landmark's tenants during the construction of Relevant's hotel projects and the resulting economic harm purportedly sustained by Sunset Landmark as a result of these complaints. *See, e.g.*, Ex. 1 at 6-8 (Iravani Dep. 78:1-79:5, 79:14-80:11); Ex. 2 at 12-13 (Patel Dep. 125:5-126:16). Given that Defendants do not actually seek to redress any such alleged harm at trial, there can be no doubt that their sole purpose in seeking to introduce this testimony is to mislead the jury into believing that Defendants were economically harmed by Plaintiffs' hotel projects (which they were not) and inflame the jury against Plaintiffs. Defendants' attempt to do so should be rejected for three reasons.

First, any purported harm suffered by Sunset Landmark is entirely irrelevant to Plaintiffs' claims and Defendants' defenses in this action. *See* Fed. R. Evid. 401, 402. Simply put, any alleged harm suffered by Sunset Landmark as a result of tenant complaints during the construction of Relevant's hotels has no bearing on Defendants' underlying CEQA challenges. Likewise, claims of economic harm by Sunset Landmark are irrelevant to Defendants' affirmative defenses.

Second, Defendants' testimony regarding the alleged complaints made by Sunset Landmark's tenants is inadmissible hearsay. *See* Fed. R. Evid. 801, 802. As discussed below, this testimony is textbook hearsay: out-of-court statements from unspecified tenants offered to prove the purported truth of the matter asserted.

Third, even if this testimony were somehow relevant or admissible, it should be excluded because its probative value is far outweighed by the probability that it will unfairly prejudice Plaintiffs, waste time, and confuse the jury. Dust and noise complaints purportedly made by Sunset Landmark's tenants during the construction of the Thompson and Tommie hotels distract from the actual issues in this case and

are a thinly veiled attempt to stir up hostility against Plaintiffs. Any alleged harm suffered by Sunset Landmark as a result of construction noise or dust is not at issue in this trial. The Court should thus exclude any such evidence, testimony, or argument at trial. Fed. R. Evid. 403.

For these reasons, as discussed in greater detail below, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion in Limine No. 3.

## II.   BACKGROUND

During discovery, Defendants' witnesses testified about the alleged harm suffered by Sunset Landmark based on complaints it received from its tenants during the construction of the Thompson and Tommie hotels. Specifically, Mohamad Iravani and Jayesh Patel testified that certain Sunset Landmark tenants complained about the noise and dust caused by construction of these two hotels. For example, Mr. Iravani testified as follows:

> Q   [D]id you have any discussions with Saeed Nourmand about this second project [i.e., the Tommie Hotel], which was north of the Sunset property?
>
> A   The only -- the only involvement that I had with the second project physically was the complaints of tenants. Because, like I said, I was property manager [of Sunset Landmark]. They would call me. They would threaten to leave and -- you know, that kind of involvement because of the noise.
>
> The noise was like so bad and the dust was so bad, as they said. Because I was far from there. I was in the main building. I still would hear it, but it didn't bother me that much. But they were like ten feet from the project, and they would complain.
>
> They would tell me that -- they would ask for me to break the lease for them to leave and stuff like that. That kind of involvement, yes, I was involved in that project.

> Q   And so that sounds -- that sounds like -- when you say "noise," you mean noise from the construction of that project?
>
> A   Yes. When it was -- when it was going on, yes.
>
> Q   And not with respect to like operational noise from like the -- after it was opened, right?
>
> A   Oh, no, no, no. That was -- that was during.
>
> Q   Right.
>
> A   That was during the construction.

Ex. 1 at 6-7 (Iravani Dep. 78:1-79:5); *see also id.* at 7-8 (79:14-80:11) (testifying about complaints from Sunset Landmark's tenants regarding noise from the construction of the Thompson Hotel).

Mr. Patel likewise testified regarding the purported economic impact of noise and dust from construction of the Thompson Hotel on Sunset Landmark's tenants:

> Q   And then when you look at the last paragraph, you write that "there is a balance that needs to be struck between the preferred construction outcome and the economic impact we assessed to have occurred on the Hollywood Athletic Club property as a result of these projects"?
>
> A   Yes.
>
> Q   What economic impact were you referring to?
>
> A   We had discussed the idea and the concept and the cost of the noise of the construction that would -- that it was having on the tenants in the building at the time. There was construction going on at the Thompson project around the time of this meeting. We talked about like noise -- noise -- noise issues that we would have to then mitigate with our tenants or with the Sunset Landmark tenants. I keep saying "our" like it's -- like it's all me, but with the Sunset Landmark tenants, they were making complaints about the noise. They were making

complaints about, frankly -- I mean, I don't know why this stands out, but there was one complaint that I recall where a tenant was complaining about dust on their car from the construction, and wanting to, you know, get reimbursed for washing their car. Things like that. That's what we're talking about.

Ex. 2 at 12-13 (Patel Dep. 125:5-126:16).

On July 18, 2022, counsel for Plaintiffs and Defendants met and conferred to discuss the substance of this motion and any potential resolution pursuant to Local Rule 7-3 and the Court's Scheduling and Case Management Order (ECF No. 192). Rabbani Decl. ¶ 6. During the meet and confer, counsel for Defendants indicated that they would not agree that this testimony would not be presented to the jury at trial. *Id.* In fact, at the time of the parties' meet and confer, Defendants Nourmand and Sunset Landmark had included an unidentified tenant of the Hollywood Athletic Club as a witness on the parties' draft joint witness list, who would purportedly provide "[t]estimony regarding [the] impact [of] Plaintiffs' hotels." *Id.* ¶ 7. Though Defendants have since removed this witness from the joint witness list submitted to the Court (ECF No. 171), their goal is clear: Defendants intend to introduce testimony at trial concerning alleged harm suffered by Sunset Landmark stemming from the impact of Relevant's projects on Sunset Landmark's tenants.

For the reasons set forth below, any such evidence, testimony, or argument should be excluded at trial.

**III.  ARGUMENT**

    **A.  Evidence Regarding Alleged Tenant Complaints and Resulting Economic Harm to Sunset Landmark Is Irrelevant.**

Any evidence, testimony, or argument about complaints made by Sunset Landmark's tenants during the construction of Relevant's hotel projects and the resulting economic harm purportedly sustained by Sunset Landmark as a result of these complaints is plainly irrelevant. Under the Federal Rules of Evidence,

evidence is relevant only when it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.  Here, Defendants cannot seriously contend that any alleged harm suffered by Sunset Landmark as a result of tenant complaints has any consequence in this action.

Simply put, Defendants did not seek in Sunset's CEQA suits, not do they seek here, redress for any economic harm allegedly suffered as a result of complaints made by its tenants during the construction of the Thompson hotel.  Instead, the central issue at trial will be Relevant's claim that Defendants initiated a series of sham CEQA challenges against Relevant's hotel projects to delay their construction and to ultimately extort from Relevant millions of dollars as well as other costly concessions.  The motivations of Defendants in reflexively challenging Plaintiffs' hotel projects and Defendants' view of the merits of their challenges cannot be answered by the purported harm suffered by Sunset Landmark based on the complaints of its tenants *after* Defendants' CEQA challenges were brought.  *See, e.g.*, *USS-POSCO Indus. v. Contra Costa Cnty. Bldg. & Constr. Trades Council, AFL-CIO*, 31 F.3d 800, 810-11 (9th Cir. 1994) (The inquiry under *USS-POSCO* "is prospective: [w]ere the legal filings made, not out of a genuine interest in redressing grievances, but as part of a pattern or practice of successive filings undertaken essentially for purposes of harassment?").

For the same reason, alleged complaints made by Sunset Landmark's tenants have no relevance to Defendants' affirmative defense under the *Noerr-Pennington* doctrine.  Whether tenants of Sunset Landmark allegedly complained of noise or dust during or after the construction of Relevant's hotels does not tend to prove or disprove whether Defendants' CEQA campaign constituted a wrongful pattern of RICO activity aimed at harassing Plaintiffs in order to secure an unlawful payout. *See id.* (Under the *USS-POSCO* exception, *Noerr-Pennington* immunity does not apply to conduct that involves a series of lawsuits "brought pursuant to a policy of

starting legal proceedings without regard to the merits and for an unlawful purpose."). Even in the highly unlikely event that Sunset Landmark's tenants suffered economic harm as a result of the construction of the Thompson or Tommie hotels, this has no bearing on Defendants' waiver and ratification affirmative defenses, which relate to contractual obligations under the settlement agreements at issue in this litigation. *See* CACI Nos. 336, 3710.

Accordingly, this Court should preclude Defendants from offering any evidence, testimony, or argument regarding these tenant complaints and the alleged harm suffered by Sunset Landmark.

### B. Testimony Regarding Complaints by Sunset Landmark's Tenants Is Impermissible Hearsay.

Testimony about purported complaints made by Sunset Landmark's tenants regarding construction noise and/or dust is textbook hearsay. *See* Fed. R. Evid. 801. Even relevant evidence must be excluded from trial if it constitutes hearsay that does not fall within an exception to the hearsay rule. Fed. R. Evid. 802, 803. Here, Defendants cannot offer testimony from Mr. Iravani about alleged complaints he received from Sunset Landmark's tenants in order to demonstrate that Relevant's hotel projects purportedly caused Sunset Landmark harm. Similarly, Defendants cannot offer testimony from Mr. Patel about alleged complaints from Sunset Landmark's tenants that he heard about indirectly from a second-hand source because that would constitute hearsay within hearsay, neither layer of which is subject to an exception. *See* Fed. R. Evid. 805; Rabbani Decl., Ex. 2 at 13 (Patel Dep. 126:10-19) ("I don't know the names of the tenants, I just remember hearing about those complaints."). Accordingly, testimony from Defendants' witnesses regarding complaints from Sunset Landmark's tenants should be excluded from trial as inadmissible hearsay that does not fall within any exception to the hearsay rule.

### C. Evidence Regarding Alleged Harm to Sunset Landmark Would Unfairly Prejudice Plaintiffs, Waste Time, and Mislead the Jury.

Even if evidence regarding the alleged harm suffered by Sunset Landmark as a result of its tenants' complaints was somehow relevant (it is not), any probative value is substantially outweighed by the near-certainty that its admission would unfairly prejudice Plaintiffs, waste time, and mislead the jury. Fed. R. Evid. 403.

*First*, this testimony would cause unfair prejudice to Plaintiffs. As discussed above, Defendants' apparent goal in seeking to introduce this testimony is to both mislead the jury and create hostility against Plaintiffs by impermissibly suggesting that Relevant's hotel projects caused economic harm to Defendants and therefore somehow justifies Defendants' sham CEQA challenges and corresponding extortion of millions of dollars. Moreover, given the second-hand nature of Defendants' testimony, Plaintiffs would be deprived of the ability to cross-examine the unnamed tenants of Sunset Landmark who purportedly complained about noise and dust from the construction of Relevant's hotels, such that the jury would hear, at most, Defendants' self-serving recollection of tenants' complaints.

*Second*, permitting this testimony at trial would be a waste of time because Plaintiffs would need to cross-examine Defendants' witnesses about the alleged harm suffered by Sunset Landmark and its tenants' complaints, rebut those allegations with contrary evidence, and offer evidence about the countervailing benefits of Relevant's hotel projects. Therefore, allowing this testimony at trial will consume far more time than its limited significance could possibly warrant. *See, e.g.*, *Sentius Int'l, LLC v. Microsoft Corp.*, No. 5:13-cv-00825-PSG, 2015 U.S. Dist. LEXIS 10423, at *23-24 (N.D. Cal. Jan. 27, 2015) (finding that inclusion of evidence of prior dispute prejudicial because it would cause party to "waste time explaining and re-litigating the issues and circumstances involved in the [prior] dispute, confuse the jury about the facts and circumstances of that dispute and prejudice the jury by suggesting that [party] is a serial infringer").

Third, for related reasons, admitting this testimony would likely confuse and mislead the jury. Because the question of economic hardship is not actually at issue in this trial, preclusion is warranted to ensure that the jury is not confused. *Harner v. USAA Gen. Indem. Co.*, No. 3:18-cv-01993-LL-MDD, 2022 U.S. Dist. LEXIS 43171, at *11 (S.D. Cal. Mar. 10, 2022) (granting motion in limine to exclude evidence of plaintiff's traumatic brain injury where said injury was not at issue as such evidence risked confusing the issues and misleading the jury).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court exclude any evidence, testimony, and/or argument regarding complaints allegedly made by Sunset Landmark's tenants during the construction of Relevant's hotel projects and/or the resulting economic harm purportedly sustained by Sunset Landmark as a result of these complaints.

Respectfully Submitted,

Dated: August 22, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Susan K. Leader*
Susan K. Leader

*Attorneys for Plaintiffs*