**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
SUSAN K. LEADER, State Bar No. 216743
sleader@wsgr.com
MATTHEW A. MACDONALD, State Bar No. 255269
matthew.macdonald@wsgr.com
ALI R. RABBANI, State Bar No. 253730
arabbani@wsgr.com
STEPHANIE V. BALITZER, State Bar No. 316133
sbalitzer@wsgr.com
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone:  (323) 210-2900
Facsimile:   (866) 974.7329

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
DALE R. BISH, State Bar No. 235390
dbish@wsgr.com
CHARLES A. TALPAS, State Bar No. 308505
ctalpas@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Plaintiffs
Relevant Group, LLC, 1541 Wilcox Hotel LLC, 6516 Tommie Hotel LLC, and 6421 Selma Wilcox Hotel LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC; a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 2:19-cv-05019-ODW(KSx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE REGARDING COMPLAINTS OR CONCERNS RELATED TO RELEVANT'S OTHER DEVELOPMENT PROJECTS**<br><br>Final PTC & MIL Hearing:  October 24, 2022<br>Time:           1:30 p.m.<br><br>Trial Date:  November 8, 2022<br>Time:           9:00 a.m.<br><br>Place:   Courtroom 5D<br>Before:  Hon. Otis D. Wright II |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on October 24, 2022, at 1:30 p.m., Plaintiffs Relevant Group, LLC, 1541 Wilcox Hotel LLC, 6516 Tommie Hotel LLC, and 6421 Selma Wilcox Hotel LLC (collectively, "Plaintiffs" or "Relevant") will and hereby do move *in limine* for an order precluding Defendants Stephan "Saeed" Nourmand ("Nourmand"), The Sunset Landmark Investment LLC ("Sunset"), and Nourmand & Associates ("N&A") (collectively, "Defendants") from presenting any evidence, testimony, or argument to the jury regarding concerns, criticisms, or complaints about Relevant and its other development projects that were not at issue in Sunset's CEQA suits. Specifically, this Motion seeks to exclude the following testimony, in addition to any similar or related evidence, testimony, or argument that Defendants might attempt to introduce at trial:

- Ex. 1 at 9-15 (S. Nourmand Dep. 218:25-224:20) ("I wanted the people to come to neighborhood where there won't be drug dealers, where there won't be people who are going to come over there and cause problems, hoodlum carry guns.");

- Ex. 1 at 5-8 (S. Nourmand Dep. 186:22-189:10) (stating concerns about "overtaxing the police, overtaxing the vice");

- Ex. 2 at 19-21 (Carrera Dep. 21:13-23:2) (alleging that the principals of Relevant lied about other developments such as the Kress and Dream Hotel, and that they "pull[] a lot of shenanigans," including with respect to the "illegal" shortage of onsite parking at the Dream Hotel);

- Ex. 2 at 22-24 (Carrera Dep. 24:5-26:11) (averring that Relevant did "something illegal" at the Dream hotel regarding the onsite parking and the rooftop);

- Ex. 2 at 25-27 (Carrera Dep. 27:11-29:1) (noting that he does not care "if people are doing all kinds of illegal things" in the Citizen News building, but that

generally the City of Los Angeles does nothing about "all kinds of crime," including at the Dream because "you know, they have been very good in ingratiating themselves with LAPD.");

- Ex. 2 at 28 (Carrera Dep. 105:4-16) (insinuating that the Dream Hotel and other Relevant hotels are encouraging criminal activity in the Hollywood area, and stating that "I'm friends with one local neighboring business owner of the Dream and they would tell me horror stories.  I mean, there was the gunfire there.  There was some guy living there, drugs, but even aside from that, there's, you know, prostitution.  There's -- the Dream is not a Dream.  It's a nightmare.");

- Ex. 2 at 29-31 (Carrera Dep. 110:19-112:5) (claiming that Relevant is "shadowy" and that "they don't follow the rules . . . [a]nd they grease the right hands").[1]

This Motion is made on the grounds that all such matters are irrelevant and any probative value is substantially outweighed by the danger of prejudicing Plaintiffs, misleading the jury, and wasting time at trial.  Fed. R. Evid. 402, 403.  Defendants' anticipated testimony and evidence about alleged problems at the Dream Hotel and/or other Relevant developments is entirely irrelevant to Sunset's CEQA challenges, which did not concern those other developments.  If this Motion is not granted, Relevant will be unfairly prejudiced because Defendants will use the evidence to inflame the jury and create confusion as to what was at issue in Sunset's CEQA challenges.  Moreover, the introduction of this evidence will waste time due to the need for Relevant to rebut the evidence, leading to mini-trials on peripheral issues.

This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Stephanie V. Balitzer ("Balitzer Decl.") concurrently-filed

---

[1] All exhibits are attached to the concurrently-filed Declaration of Stephanie V. Balitzer in Support of Plaintiffs' Motion in Limine No. 5.

herewith, the pleadings and papers on file in this action, and any further evidence and arguments that may be presented at the hearing on this Motion.

This Motion is made following the conference of counsel that took place on July 18, 2022, pursuant to Local Rule 7-3 and the Court's Scheduling and Case Management Order (ECF No. 48). *See* Declaration of Ali R. Rabbani at ¶ 12, filed concurrently with Plaintiffs' Motion *in Limine* No. 3 ("Rabbani Decl.").

Dated: August 22, 2022

Respectfully Submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Susan K. Leader*
Susan K. Leader

*Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   IDENTIFICATION OF MATTERS AT ISSUE

This litigation centers around Sunset's sham legal challenges to three of Relevant's hotel projects and a fourth hotel development that Sunset initially believed to be owned by Relevant.  But Defendants have demonstrated that they intend to expand the scope of this case at trial to include irrelevant and prejudicial criticisms of Relevant and its other development projects that Sunset never raised in its underlying CEQA challenges.  *See, e.g.*, Ex. 1 at 5-15 (S. Nourmand Dep. 186:22-189:10, 218:25-224:20); Ex. 2 at 19-31 (Carrera Dep. 21:13-23:2, 24:5-26:11, 27:11-29:1, 105:4-16, 110:19-112:5).  Defendants' belated effort to bolster the record of their CEQA challenges and smear Relevant's reputation should be rejected.

First, any concerns, criticisms, or complaints about Relevant and its other development projects that Sunset did not raise in the underlying CEQA challenges simply are not relevant to the core issue at trial: whether or not Defendants' challenges were initiated "without regard to the merits."  *See USS-POSCO Indus. v. Contra Costa Cnty. Bldg. & Constr. Trades Council*, *AFL-CIO*, 31 F.3d 800, 810-11 (9th Cir. 1994).  Defendants should, therefore, be limited to the positions Sunset took in its CEQA challenges and not be allowed to raise any *new* grievances about Relevant and its other developments at trial.

Second, the probative value of Defendants' previously unasserted criticisms of Relevant and its other development projects is substantially outweighed by the near-certain risk of unfair prejudice, misleading the jury, and wasting time.  Not only would Relevant be unfairly prejudiced if Defendants are permitted to enlarge the record of Sunset's CEQA challenges at trial with inflammatory allegations about Relevant and its other developments, but allowing Defendants to introduce this evidence would also necessitate a series of mini-trials about Relevant's other developments that would inevitably confuse the jury and waste time.

Relevant therefore moves for an order precluding Defendants from presenting any evidence, testimony, or argument to the jury regarding concerns, criticisms, or complaints about Relevant and its other development projects that were not at issue in Sunset's CEQA challenges.

## II.   BACKGROUND

This action concerns Defendants' sham legal challenges to Relevant's Thompson, Tommie, and Selma hotels (as well as the Schrader Hotel when Defendants believed it was associated with Relevant).  Yet, in depositions and briefs, Defendants have sought to expand the record underlying Sunset's challenges to include irrelevant and prejudicial attacks on Relevant and its other development projects that Sunset never raised in its underlying CEQA challenges.

For instance, Saeed Nourmand suggested at deposition that Relevant's hotels would attract the wrong kind of people to the neighborhood and foster criminal activity. Balitzer Decl., Ex. 1 at 9-15 (S. Nourmand Dep. 218:25-224:20) ("I wanted the people to come to neighborhood where there won't be drug dealers, where there won't be people who are going to come over there and cause problems, hoodlum carry guns."); *id.* at 5-8 (186:22-189:10) (stating concerns about Relevant's hotels "overtaxing the police, overtaxing the vice.").

While Nourmand's disparaging remarks about Relevant and its development projects were not at issue in Sunset's CEQA challenges, they echo attacks made by *other* community members that Defendants now intend to introduce at trial.  For example, David Carrera, a local community member, testified at deposition that Relevant's hotel projects have caused a proliferation of criminal activity in the neighborhood.  Balitzer Decl., Ex. 2 at 28 (Carrera Dep. 105:4-16) (insinuating that the Dream Hotel and other Relevant hotels are encouraging criminal activity in the Hollywood area, and stating that "I'm friends with one local neighboring business owner of the Dream and they would tell me horror stories.  I mean, there was the gunfire there.  There was some guy living there, drugs, but even aside from that,

there's, you know, prostitution. There's -- the Dream is not a Dream. It's a nightmare."); *id.* at 25-27 (27:11-29:1) (noting that he does not care "if people are doing all kinds of illegal things" in the Citizen News building, but that generally the City of Los Angeles does nothing about "all kinds of crime," including at the Dream because "you know, they have been very good in ingratiating themselves with LAPD."). Mr. Carrera also separately and without any substantiation alleged that the principals of Relevant are "shadowy," "pull[] a lot of shenanigans," "don't follow the rules," and "grease the right hands," including with respect to the "illegal" shortage of onsite parking at the Dream Hotel. *Id.* at 19-24, 29-31 (21:13-23:2, 24:5-26:11, 110:19-112:5).

Defendants have made clear that they intend to introduce this and similar testimony at trial, even though Sunset never raised such concerns, criticisms, or complaints about Relevant and its other development projects in the underlying CEQA challenges. *See, e.g.*, ECF No. 171 (Joint Witness List) at 27-32 (listing other objectors to Relevant's hotel projects as trial witnesses on the Sunset Defendants' witness list); *see also* ECF No. 124-1 (Sunset Defendants' MSJ) at 5-7 (referring to other CEQA challenges raised by other community members). When the parties met and conferred regarding the substance of this motion and any potential resolution, counsel for Defendants indicated that they would not agree that this testimony (or any related evidence, testimony, or argument) would not be presented to the jury at trial. Rabbani Decl., ¶ 12 (filed concurrently with Plaintiffs' Motion *in Limine* No. 3).

### III.   ARGUMENT

#### A.   Grievances About Relevant and Its Other Development Projects Outside of Defendants' CEQA Challenges Are Not Relevant.

The central question in this case is whether Defendants' legal challenges to three of Relevant's hotel projects (and a fourth hotel development that Sunset initially believed to be owned by Relevant) were a sham. That question turns on

whether those challenges were "brought pursuant to a policy of starting legal proceedings without regard to the merits." *USS-POSCO Indus.*, 31 F.3d 800 at 810-11. Accordingly, Defendants' conduct must be judged based on the record in Sunset's underlying CEQA challenges. Any *new* or *different* concerns, criticisms, or complaints about Relevant and/or its other development projects would not offer competent evidence of whether or not Defendants' CEQA challenges were initiated "without regard to the merits." *See* Fed. R. Evid. 401, 402 ("irrelevant evidence is not admissible").

Concerns or grievances about Relevant and its other development projects that are untethered to Sunset's CEQA challenges clearly have no bearing on the objective merit or good faith basis of those challenges. If Sunset did not raise an issue at the time of its CEQA challenges, then it cannot now use that issue to demonstrate that its CEQA challenges had merit or a good faith basis. *See Hosey v. City of Los Angeles*, No. CV0909427MMMJCX, 2011 WL 13213573, at *3 (C.D. Cal. Feb. 25, 2011) ("When a jury measures the objective reasonableness of an officer's action, it must stand in his shoes and judge the reasonableness of his actions based upon the information he possessed and the judgment he exercised in responding to that situation. Knowledge of facts and circumstances gained after the fact [ ] has no place in the trial court's or jury's proper post-hoc analysis of the reasonableness of the actor's judgment."). Defendants should, therefore, be limited to the positions taken in their CEQA challenges at the trial in this litigation.

Nor are such grievances relevant to Defendants' subjective motive for bringing their CEQA challenges. As an initial matter, Sunset failed to raise these issues in the underlying CEQA challenges, and thus ought to be precluded from now raising them at trial to create a post-hoc inference of subjective motivation.[2]

---

[2] The Court recognized as much in its order on summary judgment, pointing out that Defendants have not been able to show that CEQA challenges by others "have any legal relevance" to the question raised by *USS-POSCO* because other

(continued...)

1  Moreover, Defendants blocked discovery into their purported subjective motivations by claiming privilege on this subject at their depositions and therefore avoiding cross-examination.  *See* Plaintiffs' Motion *in Limine* No. 4; *see also Bittaker v. Woodford*, 331 F.3d 715, 720-21 (9th Cir. 2003) (en banc) ("The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege . . . [or] the holder of the privilege may preserve the confidentiality of the privilege[] . . . by choosing to abandon the claim that gives rise to the waiver condition.") (citations omitted).

   **B.  Concerns About Relevant and Its Other Development Projects Outside of Defendants' CEQA Challenges Is Unfairly Prejudicial, Misleading, and a Waste of Time.**

   Even if Defendants could show that this evidence has some probative value (which it does not), any probative value is far outweighed by the near-certain risk that its admission at trial would unfairly prejudice Relevant, mislead and confuse the jury, and waste time.  Fed. R. Evid. 403; *see generally United States v. Hitt*, 981 F.2d 422, 423-25 (9th Cir. 1992).

   First, Relevant will be unfairly prejudiced if Defendants are permitted to expand the record of their underlying CEQA challenges at trial.  This would require Relevant to not only address the actual positions Sunset took in its many CEQA challenges, but also any after-the-fact positions Sunset strategically decides to adopt at trial or positions taken by third parties that are not at issue in this case.  For this reason, Defendants should not be allowed to pivot as it suits them before the jury.  *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.").

   Moreover, as demonstrated above, the evidence at issue is thinly veiled

---

challenges do "not imply as a matter of law that [Defendants] had an innocent state of mind . . . ."  MSJ Order at 29 (ECF No. 167).

1 character evidence employed to cast Relevant in a negative light by associating their
2 other hotel projects with criminal activity or showing a propensity for dishonesty,
3 which is likely to elicit an emotional response in jurors and cause them to base their
4 decision on something other than the legal elements of Relevant's case. Fed. R.
5 Evid. 404(a)(1); *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003) ("'Unfair
6 prejudice' . . . means 'an undue tendency to suggest decision on an improper basis,
7 commonly, though not necessarily, an emotional one.'") (citation omitted); *see also*
8 *Hitt*, 981 F.2d at 423-25 (trial court erred in admitting evidence that had little
9 relevance and was unfairly prejudicial, misleading, and inflammatory); *United*
10 *States v. Johnson*, 584 F. App'x 680, 681 (9th Cir. 2014) (evidence of defendant's
11 prior misrepresentations was inadmissible propensity evidence in trial for mail
12 fraud). Such evidence is not admissible to prove their "character [] to show that on
13 [that] particular occasion the person acted in accordance with that character." Fed.
14 R. Evid. 404(b); *see also* Henry B. Rothblatt & David H. Leroy, *Motion in Limine*
15 *Practice*, 20 Am. Jur. Trials 441 § 35 (Aug. 2022 Update) (evidence regarding
16 purported acts of misconduct outside the issues in the case "needlessly gives rise to
17 collateral issues and serves to divert the attention of the jurors from the matter at
18 hand"). Indeed, given that such allegations are irrelevant, Defendants' likely
19 purpose for introducing such evidence is to persuade the jury to ignore the facts and
20 improperly characterize Relevant as a nefarious mega-developer who is unliked by
21 the community.

22 Second, permitting Defendants to introduce this evidence at trial would
23 necessitate a series of mini-trials. Relevant will be forced to put on evidence about
24 the merits or lack thereof of any and all such issues (which generally relate to
25 Relevant's *other* development projects), the similarities between these issues and
26 those that Sunset actually raised in its CEQA challenges, and the subjective
27 motivations of Defendants as they relate to those issues, among other things. This
28 would undoubtedly confuse the jury's analysis of Defendants' underlying CEQA

1  actions and needlessly prolong the trial through the presentation of irrelevant and
2  unnecessary evidence.  Fed. R. Evid. 611(a) ("The court should exercise reasonable
3  control over the mode and order of examining witnesses and presenting evidence so
4  as to . . . (2) avoid wasting time"); *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d
5  684, 690 (9th Cir. 2001) ("[T]he trial court enjoys considerable discretion in
6  determining whether to exclude evidence under Rule 403 for unfair prejudice,"
7  including due to the need to avoid mini-trials and juror confusion).

8      In sum, even if this evidence were probative, it should be excluded because
9  "its probative value is substantially outweighed by a danger of one or more of the
10 following: unfair prejudice, confusing the issues, misleading the jury, undue delay,
11 wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

## IV.  CONCLUSION

    For the foregoing reasons, Plaintiffs request that the Court exclude any evidence, testimony, or argument regarding concerns, criticisms, or complaints about Relevant and its other development projects that were not at issue in Sunset's CEQA challenges.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: August 22, 2022 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
|  | By:  */s/ Susan K. Leader*<br>      Susan K. Leader |
|  | *Attorneys for Plaintiffs* |