**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
SUSAN K. LEADER, State Bar No. 216743
sleader@wsgr.com
MATTHEW A. MACDONALD, State Bar No. 255269
matthew.macdonald@wsgr.com
ALI R. RABBANI, State Bar No. 253730
arabbani@wsgr.com
STEPHANIE V. BALITZER, State Bar No. 316133
sbalitzer@wsgr.com
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone:   (323) 210-2900
Facsimile:   (866) 974.7329

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
DALE R. BISH, State Bar No. 235390
dbish@wsgr.com
CHARLES A. TALPAS, State Bar No. 308505
ctalpas@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Plaintiffs
Relevant Group, LLC, 1541 Wilcox Hotel LLC, 6516 Tommie Hotel LLC, and 6421 Selma Wilcox Hotel LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC, a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 2:19-cv-05019-ODW(KSx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE REGARDING OTHER OBJECTORS**<br><br>Final PTC & MIL Hearing:  October 24, 2022<br>Time:         1:30 p.m.<br><br>Trial Date:  November 8, 2022<br>Time:         9:00 a.m.<br><br>Place:         Courtroom 5D<br>Before:       Hon. Otis D. Wright II |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on October 24, 2022, at 1:30 p.m., Plaintiffs Relevant Group, LLC, 1541 Wilcox Hotel LLC, 6516 Tommie Hotel LLC, and 6421 Selma Wilcox Hotel LLC (collectively, "Plaintiffs" or "Relevant") will and hereby do move *in limine* for an order precluding Defendants Stephan "Saeed" Nourmand ("Nourmand"), The Sunset Landmark Investment LLC ("Sunset"), and Nourmand & Associates ("N&A") (collectively, "Defendants") from presenting any evidence, testimony, or argument to the jury regarding the objections and legal challenges brought by various community members against Plaintiffs' hotel projects.

Specifically, this Motion seeks to exclude any trial or deposition testimony by Elle Farmer, Gideon Kracov, Ben Trigano, John Girodo, Fran Offenhauser, David Carrera, Susan Sempers, Alexis Olbrei, Allen Shamooilian, and Doug Haines.[1] This motion is made on the grounds that: (1) these witnesses cannot offer competent evidence bearing on Defendants' *Noerr-Pennington* defense, and thus their testimony is inadmissible under Rule 402; (2) the testimony is substantially more prejudicial than probative, and thus is inadmissible under Federal Rule of Civil Procedure 403; and (3) the witnesses' testimony would constitute lay opinion testimony in violation of Federal Rule of Evidence 701.

This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Matthew A. Macdonald ("Macdonald Decl.") concurrently filed herewith, the pleadings and papers on file in this action, and any further evidence and arguments that may be presented at the hearing on this Motion.

This Motion is made following the conference of counsel that took place on July 18, 2022, pursuant to Local Rule 7-3 and the Court's Scheduling and Case Management Order (ECF No. 192). *See* Declaration of Ali R. Rabbani (ECF No.

---

[1] All exhibits are attached to the concurrently-filed Declaration of Matthew A. Macdonald.

PLTFS.' NOTICE OF MTN. & MIL NO. 2  
CASE NO.: 2:19-cv-05019-ODW-KS

-i-

198-1) at ¶ 10, filed concurrently with Plaintiffs' Motion *in Limine* No. 3 ("Rabbani Decl.").

Dated: August 22, 2022

Respectfully Submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Susan K. Leader*
     Susan K. Leader

*Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. IDENTIFICATION OF MATTERS AT ISSUE

Defendants' witness list includes nearly a dozen witnesses who brought their own objections or challenges to one or more of Relevant's hotel projects (hereinafter the "Other Objectors"). Defendants' purpose in calling these witnesses appears to be to raise an "everybody else is doing it" defense that will allow them to elicit irrelevant and prejudicial criticisms of Defendants' projects from third parties. These witnesses cannot testify that any of Defendants' legal or administrative challenges had merit. And *different* challenges, brought by *different* litigants, who have *different* motivations are not evidence of Defendants' good faith or that a "reasonable" litigant would have challenged the project. Allowing these witnesses to testify at trial would simply result in a series of mini-trials about each of the Other Objectors' claims, their motives, and the relative merit (or lack thereof) of each objection, and would require Plaintiffs to introduce testimony of those who supported the project to rebut the testimony of these witnesses. Defendants' challenges should be judged on their own, not by having the parties debate *other* litigants' claims.

Plaintiffs therefore generally move for an order precluding the testimony of the Other Objectors. To the extent the Court permits testimony by these witnesses, it should preclude them from vouching for the merits of their claims or offering irrelevant complaints related to Relevant, its projects, or the permitting process.

## II. BACKGROUND

The witnesses at issue in this motion are ten other objectors—community members, union representatives, other competitors, and their lawyers—who challenged one or more of Plaintiffs' hotel projects. These witnesses are:

- ***Elle Farmer and Gideon Kracov (Unite Here Local 11).*** Elle Farmer is a representative of a local hospitality and food service workers' union, Unite Here Local 11. Ex. 1; Ex. 2 at 8; Ex. 3 at 12. Gideon Kracov represented Unite Here Local 11. *Id.* Both opposed the Tommie in City planning hearings, offering comments ranging from accusations of "piecemealing"

(*e.g.*, Ex. 4 at 19-20; Ex. 5 at 28 (Farmer)) to challenging the adequacy of the City's analysis of greenhouse gases (*e.g.*, Ex. 6 at 36 (Kracov)).

Kracov filed a lawsuit challenging the Tommie on behalf of Farmer and others.[2] *Farmer v. City of Los Angeles*, Case No. BS169855 (Los Angeles Cty. Super. Ct.). The Court rejected most of Farmer's claims. Ex. 7. The Court issued a limited remand for clarification related to construction noise but did not require an EIR or halt construction. Neither Farmer nor Kracov filed suits against any other development.

- ***Ben Trigano (Mama Shelter Hotel).*** Trigano is a co-founder of Mama Shelter, a boutique hotel that abuts the Tommie. He filed a CEQA challenge to block Tommie's construction. That lawsuit settled before any rulings on the merits. Ex. 8. Relevant agreed to finance the installation of new windows for noise mitigation. Ex. 9 at 98-99 (Heyman Dep. 308:6-309:14). Mama Shelter did not oppose any other projects.

- ***John Girodo and Fran Offenhauser (Hollywood Heritage).*** John Girodo and Fran Offenhauser represent Hollywood Heritage, a historic preservation association. They provided public comment in opposition to the Thompson Hotel, arguing that City laws precluded approval because of its floor-to-area-ratio. Ex. 10 at 117-119 (Girodo); Ex. 11 at 131-135 (Offenhauser). They filed an unsuccessful administrative appeal. Ex. 12. Neither Girodo, Offenhauser, nor Hollywood Heritage opposed any other project.

- ***David Carrera.*** David Carrera, a local community member, routinely objects to night clubs and alcohol service in Hollywood. Carrera provided public comment about noise and lax enforcement of night club regulations. *E.g.*, Ex. 4 at 20-21; Ex. 10 at 106-110; Ex. 11 at 129-131; Ex. 13 at 151-152. Carrera also filed an unsuccessful administrative appeal against Thompson Hotel. Ex. 11 at 136-137. Carrera did not file a CEQA lawsuit against any of Relevant's projects.

- ***Susan Sempers.*** Susan Sempers is a local resident concerned about noise. She provided public comment opposing Thompson Hotel. Ex. 10 at 113-116; Ex. 13 at 150-151. She did not file an administrative appeal or a lawsuit.

- ***Alexis Olbrei.*** Alexis Olbrei, a representative of Southwest Carpenters Union, objected to the Selma Hotel. Ex. 1. During the administrative appeal, he challenged its approval based on allegedly incomplete traffic, greenhouse gas, and cumulative impact analyses. *See generally* Ex. 14.

- ***Allen Shamooilian.*** Allen Shamooilian owns a nearby property and coordinated his opposition with Saeed Nourmand. Ex. 15. He provided public comment concerning the Thompson hotel, raising concerns about the floor-to-area ratio, height, traffic, noise, and its setback. Ex. 10 at 111-112; Ex. 13 at 149-150.

- ***Doug Haines.*** A representative of La Mirada Avenue Neighborhood Association, Doug Haines, appeared at public hearings to object

---

[2] The named Plaintiffs were Elle Farmer, Liliana Hernandez, and an entity called "Hollywood for the Environment and Equitable Development."

Thompson's floor-to-area ratio. Ex. 10 at 120-121; Ex. 13 at 146-147. He did not file any litigation against Relevant's projects.

S-Defendants' witness list provides nearly identical descriptions for all ten of these witnesses, explaining that Other Opponents will offer "[t]estimony regarding opposition to" one or more of Plaintiffs' hotels. *See, e.g.*, ECF No. 171 at 29-31. During the parties' meet and confer discussions, Defendants have argued that their testimony is relevant because it shows that other "reasonable" people could choose to challenge Plaintiffs' projects. *See* Rabbani Decl. ¶ 10.

### III.   ARGUMENT

The central question that the jury must answer in this case is whether Defendants' legal challenges were a sham or whether they were brought in good faith. That question turns on whether the challenges were "brought pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival," *USS-POSCO Indus. v. Contra Costa Cty. Bldg. & Constr. Trades Council*, 31 F.3d 800, 811 (9th Cir. 1994), and whether Defendants had a legal claim to the settlement payout extracted from Plaintiffs. *See United States v. Koziol*, 993 F.3d 1160, 1176 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 1372 (2022); Order on Summary Judgment, ECF No. 167 ("MSJ Order") at 32. The testimony of these Other Objectors simply cannot illuminate these questions. Because these witnesses have no relevant testimony to offer, because the risk of prejudice outweighs any probative value they might have, and because they cannot offer competent testimony on the merits of their own challenges, these witnesses should not testify and evidence of their opposition should not be admitted. Fed. R. Evid. 402, 403, 701; *see, e.g.*, *In re Homestore.com, Inc. Sec. Litig.*, No. 2:01-CV-01115, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) ("reference to or evidence of Plaintiff's involvement in other litigation prior to this Action is also irrelevant and carries with it a high risk of prejudice").

### A. Other Challenges Have No Bearing on Whether Defendants' Claims Had Objective Legal Merit.

The testimony of these Other Objectors is not probative of whether Defendants' own claims had legal merit. The Court has already addressed the legal standard for admission of such evidence. Testimony concerning other legal and administrative challenges is admissible only if Defendants show that the challenge was "successful[]" and that it was the "same challenge[]" brought by Defendants. *Cf.* MSJ Order at 29. Defendants cannot make that showing.

For those Other Objectors who brought only administrative challenges, Defendants cannot survive even the first step because the Other Objectors were uniformly unsuccessful at the administrative level. Thus, even if these challenges were the same as those brought by Defendants, the challenges are not evidence as to whether or not Defendants' claims had merit. *Cf.* MSJ Order at 29. Because seven out of the ten witnesses did not bring lawsuits and did not win at any level, those seven witnesses ought not to testify (Carrera, Haines, Sempers, Olbrei, Shamooilian, Girodo, and Offenhauser).

Testimony about the two lawsuits that were filed is similarly inadmissible because they are not similar to Defendants' claims and did not succeed. *Id.* Elle Farmer's legal challenges (which focused on noise, greenhouse gases, traffic, and air quality, and claims that the number of rooms violated the LA Municipal Code and the 1998 Hollywood Community Plan) are nothing like Defendants'. In any case, the *Farmer* "victory" that Defendants tout was nothing of the sort. No EIR was ordered. The project was not halted. At best, Farmer secured a limited procedural remand that did not slow construction. Ex. 7 at 53. In the *Mama Shelter* case, the parties resolved the lawsuit before any legal rulings were issued. In any event Defendants cannot show that their claims paralleled Mama Shelter, which focused on construction noise mitigation measures much like the *Farmer* case. The mere fact of a settlement hardly suggests that these claims had merit because

(particularly in the CEQA context) parties can have good reasons for settling a dispute that have nothing to do with concern about the merits.

In any event, to the extent evidence about these purported victories is admissible, that evidence can come in through the relevant documentary record. The testimony of the Other Objectors will add nothing.

### B. The Existence of Other Challenges Is Not Probative of Defendants' Subjective Good Faith.

The testimony of these witnesses is also not evidence of Defendants' subjective good faith. To state the obvious, none of these witnesses were actually a party to any of Defendants' decision-making, and therefore lack any direct personal knowledge about Defendants' decisions. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

During the meet and confer process, Defendants suggested that the challenges of a handful of other community members—out of millions of potential challengers—is evidence that a "reasonable" person would believe that those challenges had merit. Not so. These individuals and organizations were differently situated and had different interests. The Court recognized as much in its order on summary judgment, pointing out that Defendants have not been able to show that CEQA challenges by others "have any legal relevance" to the question raised by *USS-POSCO* because other challenges do "not imply as a matter of law that [Defendants] had an innocent state of mind . . . ." MSJ Order at 29.

Moreover, even if similar conduct by other "reasonable people" could evidence Defendants' good faith (it does not), the argument fails here because Defendants' conduct is not remotely similar to that of other persons or entities who brought challenges. Indeed, none of these challengers launched the kind of scorched-earth campaign of multiple lawsuits that Defendants did. None made the kind of extortionate demands, unrelated to CEQA concerns, that Defendants did.

Defendants filed three lawsuits and would have filed a fourth but for the fact that Relevant lost ownership and control of the project before Defendants had exhausted their administrative challenges. No one else filed more than one. Most filed none. Defendants filed multiple administrative appeals with the City of Los Angeles. With one exception, no one else filed more than one (Farmer filed an appeal to the PLUM Committee against both Tommie and Selma Wilcox). Again, most filed none. Indeed, most of the other parties did little more than speak at public hearings. None can match the pattern of multi-hundred-page filings, regurgitated objections, extracted concessions, or monetary demands unrelated to their CEQA petitions. *See* Ex. 16 at 169-171. Only one received any financial compensation at all and none celebrated a multi-million-dollar payday. Absent evidence that these other individuals' conduct was similar to the extortionate conduct at issue here, their behavior cannot vouch for Defendants' own.

Defendants' theory suffers from yet another defect—it assumes that these challengers themselves acted in good faith. This is not an academic question. Shamooilian, for instance, had ties to and coordinated with Saeed Nourmand. Ex. 15. Others are members of unions who have their own non-environmental reasons for challenging Plaintiffs' projects. Ex. 1. Defendants' conduct should be judged for itself and based on the testimony of Defendants' own witnesses; "everybody else is doing it" is not a defense.

### C. Evidence Related to Other Objectors is Substantially More Prejudicial Than Probative.

Even if Defendants could show that this evidence has some probative value (which they cannot), the prejudicial effect far exceeds any such value. District courts have wide discretion to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir.

2001); Fed. R. Evid. 403. "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Gonzales-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (citation omitted); *accord Old Chief v. United States*, 519 U.S. 172, 180-92 (1997).

Allowing these witnesses to testify will, of necessity, generate a series of mini-trials over each witnesses' claims. The parties will need to present evidence on the *merits* (or lack thereof) of these challenges, *similarities* between these challenges and Defendants' own (or lack thereof), *subjective motivations* of each of these litigants, and (where applicable) the *rationale* for certain parties' decisions to settle. Plaintiffs would also need to offer testimony from those who *supported* their developments to rebut the inference that the community largely opposed the project. The excessive time required for these collateral issues warrants their exclusion. *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 977 (9th Cir. 1994) (affirming district court's exclusion of evidence where it would cause undue delay and would have led to a "mini trial" over evidence of "little worth, probative or otherwise"); *Hodge v. Mayer Unified Sch. Dist. No. 43 Governing Bd.*, No. 05-15577, 2007 WL 1112954, at *1 (9th Cir. Apr. 13, 2007) (affirming district court's exclusion of evidence under Rule 403 "due to the risks of inefficiency and confusion stemming from the potential need to conduct mini-trials with regard to each alleged other act of discrimination"); *Est. of Elkins v. Pelayo*, No. 1:13-CV-1483 AWI SAB, 2022 WL 1123117, at *15 (E.D. Cal. Apr. 14, 2022) (in excessive use of force case, court excluded evidence of prior incident because "significant court time would be taken" creating a "real danger of creating a mini-trial"). As *Pelayo* also notes, "[t]he greater the evidence involved and the trial time consumed, the greater the danger jury confusion." *Id*. This trial should focus on Defendants' state of mind, not delve into the state of mind of Other Objectors.

Furthermore, Defendants should not be permitted to call these witnesses live

merely because some action the individual took as part of the administrative proceedings might be relevant as part of the administrative record for Defendants' CEQA claims. In that limited circumstance—and in the event Defendants can make the requisite showing of relevance—the facts about what these individuals did can be proven by reference to the administrative record itself. There is no need to call witnesses live to regale the jury with their complaints, and any extraneous characterization or commentary regarding their complaints would be irrelevant.

### D. Other Objectors Cannot Opine on the Merits of Defendants' Claims.

Even if the Court concludes that the jury should hear about the existence of these legal challenges, the Other Objectors' testimony should be carefully circumscribed if not excluded completely because they cannot offer opinions about the legal merits of their own challenges to the projects.

According to FRE 701, "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The 2000 Advisory Committee comments to FRE 701 make clear that amendments sought to prevent the evasion of Rule 702 by "proffering an expert in lay witness clothing." Further, lay witnesses may not testify as to legal conclusions; such testimony is not "helpful to a clear understanding of the testimony or a fact in issue" as lay witnesses are in no better position than jurors to draw a legal conclusion from trial evidence. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059 (9th Cir. 2008) (district court did not err in precluding as an improper legal conclusion testimony from plaintiff's credit administrator and co-owner that defendants violated UCC). Further, testimony by lay witnesses that attempts to establish the mental state of

others (even based on direct interaction) has also been held inadmissible. *Coca-Cola Co. v. Overland, Inc.*, 692 F.2d 1250, 1255 (9th Cir. 1982).

As noted above, these witnesses offered public comments in LA City administrative proceedings opining that Relevant's projects violated various provisions of law. For example, Elle Farmer repeatedly testified in a public hearing on the Thompson that "[t]he project is clearly . . . piecemealing." *E.g.*, Ex. 4 at 19-20; *see also* Ex. 5 at 28 ("This type of project piecemealing is against public policy; it's against state law and CEQA . . . ."). Fran Offenhauser offered legal opinion testimony to the effect that various municipal laws and agreements precluded approval of the Thompson. Ex. 11 at 131-135. Kracov similarly offered the legal argument that the City's EIR for the Tommie was improper because it failed to adequately consider greenhouse gas emissions. Ex. 6 at 36 (Kracov).[3]

These witnesses should not be permitted to offer such opinions at trial. None have been designated as an expert and it is settled that lay opinion testimony about such legal conclusions is inadmissible. *Nationwide*, 523 F.3d at 1059.

## IV. CONCLUSION

For the reasons herein stated, Plaintiffs seek an order excluding the testimony of these Other Objectors as irrelevant and prejudicial. In the event that these witnesses are permitted to testify at trial, their testimony should be carefully circumscribed to prevent confusion, waste of time, and prevent them from offering improper opinion testimony.

Respectfully Submitted,

Dated: August 22, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Susan K. Leader*
Susan K. Leader

*Attorneys for Plaintiffs*

---

[3] The piecemealing argument was disposed of on the merits in the Selma Wilcox hearing. Ex. 17.