James H. Turken - CSBN 89618
Christopher K. Pelham - CSBN 241068
Neil P. Thakor – CSBN 308743
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
T: (213) 892-9200 | F: (213) 892-9494
E: james.turken@nortonrosefulbright.com
E: christopher.pelham@nortonrosefulbright.com
E: neil.thakor@nortonrosefulbright.com

Attorneys for Defendants,
STEPHAN "SAEED" NOURMAND, and THE SUNSET LANDMARK INVESTMENT LLC

Patrick M. Maloney – CSBN 197844
Elizabeth T. Schaus– CSBN 272258
**THE MALONEY FIRM, APC**
2381 Rosecrans Avenue, Suite 405
El Segundo, California 90245
T: 310-540-1505 | F: 310-540-1507
E: pmaloney@maloneyfirm.com
E: eschaus@maloneyfirm.com

Attorneys for Defendant,
NOURMAND & ASSOCIATES

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC, a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10.<br><br>Defendants. | Case No. 2:19-cv-05019-PSG-KSx<br>*[Assigned to the Hon. Philip S. Gutierrez]*<br><br>**DEFENDANTS STEPHAN "SAEED" NOURMAND, THE SUNSET LANDMARK INVESTMENT LLC, AND NOURMAND & ASSOCIATES JOINT OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #2 TO EXCLUDE EVIDENCE OF OTHER OBJECTORS**<br><br>Final Pre-Trial Conference:      October 24, 2022<br>Hearings on Motions in Limine: October 24, 2022<br>Trial Date:                       November 8, 2022 |

Defendants STEPHAN "SAEED" NOURMAND, THE SUNSET LANDMARK INVESTMENT LLC ("Sunset"), and NOURMAND & ASSOCIATES (collectively "Defendants"), submit this opposition to Plaintiffs' Motion in Limine #2 to exclude any evidence, testimony or argument regarding the objections and legal challenges brought by various community members against Plaintiffs' hotel projects.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In this civil RICO lawsuit, Plaintiffs allege that Sunset filed a series of sham CEQA administrative challenges and frivolous lawsuits to challenge Plaintiffs' Thompson, Tommie and Selma hotel projects, in order to extort personally enriching settlements. They allege that Saeed Nourmand and Nourmand & Associates were members of an alleged criminal enterprise with Sunset. To prove their claims, Plaintiffs must show that the series of lawsuits was objectively baseless as a whole. *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F.Supp. 948, 958 (S.D. Cal. 1996). ***A lawsuit is objectively baseless where "no reasonable litigant could realistically expect success on the merits."*** *Pro. Real Est. Invs.*, 508 U.S. 49, 60, 113 S.Ct. 1920.

In their MIL #2, Plaintiffs seek to exclude relevant and admissible evidence that is critical to Defendants' *Noerr-Pennington* affirmative defense: evidence that other litigants filed CEQA administrative challenges and lawsuits to contest the Thompson, Tommie and Selma hotel projects. By extension, Plaintiffs also seek to exclude relevant and admissible evidence that Plaintiffs entered into voluntary settlements with certain of these litigants, which they have never challenged as being extortionate: Unite Here Local 11 and Mama Shelter Hotel.

Plaintiffs argue that these other challenges have no bearing on whether Sunset's administrative challenges and lawsuits had objective legal merit or were filed with a proper motive, and therefore such evidence is more prejudicial than probative. They distort commentary in the Court's MSJ ruling and misrepresent that this issue has already been determined, when the Court made no such finding.

Plaintiffs' MIL #2 must be denied because this evidence is critically relevant and probative of Plaintiffs' claims and Defendants' affirmative defenses. First, evidence that other litigants filed CEQA administrative challenges and lawsuits on the same or similar grounds is obviously relevant and probative as to whether "no reasonable litigant could realistically expect success on the merits." Second, evidence that Plaintiffs entered into voluntary settlements with other litigants for monetary consideration which they have never challenged as extortionate, is relevant and probative of whether Plaintiffs' settlement with Sunset was extortionate as they claim. Third, evidence of other CEQA lawsuits rebuts Plaintiffs' argument as to causation and damages, as the existence of these lawsuits were also pending when Sunset's lawsuit(s) purportedly brought construction to a halt. A jury can and should hear this evidence, and assign whatever weight to the evidence that it so chooses, in evaluating Plaintiffs' claims and Defendants' affirmative defenses.

Importantly, Plaintiffs intend to call "other litigants" as witnesses in their own case in chief. Two of these witnesses are David Carrera and Allen Shamoolian, whose testimony Plaintiffs seek to exclude. Plaintiffs also intend to call Casey Maddren, a CEQA litigant who is not listed among the other objectors' whose testimony that Plaintiffs seek to exclude. Plaintiffs allege that these witnesses filed unmeritorious CEQA challenges at the request or with the assistance of Sunset or Saeed Nourmand and therefore with improper motives, and are members of the alleged enterprise. By Plaintiffs' reasoning, they can introduce evidence of the grounds and subjective motivations of other litigants' CEQA challenges when it benefits their case, but Defendants must be precluded offering this evidence to rebut Plaintiffs' claims because it is unduly prejudicial. It is clear that this evidence of other CEQA challenges and settlements has significant probative value, and the only "prejudice" is that it is relevant evidence which rebuts Plaintiffs claims and supports Defendants' affirmative defenses. Notably, Plaintiffs fail to cite to any federal authority to support the Court's exclusion of this critical evidence and testimony.

To the extent Plaintiffs argue that, at the very least, evidence of administrative challenges should be excluded, that too is an inconsistent and unduly prejudicial position. Plaintiffs seek to introduce evidence of others' administrative CEQA challenges. As well, Plaintiffs argue that administrative challenges themselves can be predicate acts and at least are part and parcel of a single predicate act culminating in the filing of the CEQA lawsuit. Therefore, to the extent Plaintiffs are permitted to make these arguments at trial, evidence of other CEQA administrative challenges are equally as relevant as other CEQA lawsuits in rebutting Plaintiffs claims and supporting Defendants' affirmative defenses.

Finally, Plaintiffs argue that the introduction of this evidence would result in mini-trials about the other claims. This concern is unavailing when one considers (1) the seriousness of this lawsuit, in which Plaintiffs assert damages totaling over $100M which they seek to be trebled, (2) the relevance of the evidence, and (3) the time estimates in the parties' Joint Witness List.

For these reasons, the Court should deny Plaintiffs' MIL #2 and allow both Plaintiffs and Defendants to introduce this critically relevant evidence at trial.

## II. ARGUMENT

### A. Other Challenges to Plaintiffs' Hotel Projects Are Relevant to Whether Defendants' Lawsuit Had Objective Legal Merit

A central question in this civil RICO lawsuit is whether Sunset filed a series of sham CEQA lawsuits to challenge Plaintiffs' Thompson, Tommie and Selma hotel projects, in order to extort personally enriching settlements. That question turns on whether the challenges were "brought pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival. *USS-POSCO Indust. v. Contra Costa Cty. Bldg. & Const. Trades Council*, 31 F.3d 800, 811 (9th Cir. 1994). The test under *USS-POSCO* requires Plaintiffs to prove that the series of allegedly sham CEQA lawsuits were "objectively baseless." *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F.Supp. 948, 958 (S.D. Cal. 1996) [Discussing

that "Under either the [Professional Real Estate Investors] or the *USS-POSCO* test, [the plaintiff]…must demonstrate objective baselessness" because the pattern of claims must be "baseless as a whole."); *Catch Curve, Inc. v. Venali, Inc.* 2008 WL1133024, at *6 (C.D. Cal. Nov. 3, 2008). A lawsuit is objectively baseless where "no reasonable litigant could realistically expect success on the merits." *Pro. Real Est. Invs.*, *supra*, 508 U.S. at 60. A lawsuit is not objectively baseless if it is arguably warranted by existing law or at the very least is based on an objectively good faith argument for the extension, modification, or reversal of existing law. *Id.* at 65. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit. *Id.*

The fact that community members, union representatives, other competitors, and/or their lawyers asserted CEQA challenges to one or more of Plaintiffs' projects on the same or similar grounds is obviously relevant and probative as to whether any other "reasonable litigant could realistically expect success on the merits." If other individuals asserted what they believed to be meritorious CEQA challenges at the administrative level, or by way of a CEQA lawsuit, on some or all of the same grounds as Sunset, this tends to rebut that Defendants' challenges on these grounds were brought *with* regard to the merits. Most of what Plaintiffs argue as irrelevant goes to weight and not admissibility. Plaintiffs argue that the other CEQA challenges were primarily at the administrative level, were litigated differently, addressed different environmental issues, or settled for lesser monetary amounts or concessions. These facts should not render evidence of the other CEQA challenges wholesale excluded, particularly where they constitute critical and relevant evidence of whether any other "reasonable litigant could realistically expect success on the merits." *Pro. Real Est. Invs.*, *supra*, 508 U.S. at 60.

Plaintiffs represent that in this case, the Court has determined this evidence is "not evidence as to whether or not Defendants' claims had merit." In fact, the opposite is true. In ruling on Defendants' respective motions for summary judgment, the Court

considered the evidence presented by Defendants of other CEQA challenges, but found that the extent of the evidence presented in the motion was insufficient to grant summary judgment as a matter of law.[1] Contrary to Plaintiffs' assertion, the Court affirmed the relevance and admissibility of this evidence by considering it in ruling on Defendants' motions for summary judgment, and finding it insufficient at the summary judgment stage. Other circuits have considered such similar evidence in evaluating allegedly sham litigation. See *Baltimore Scrap Corp. v. David J. Joseph Co.*, 237 F.3d 394, 400 (4th Circuit 2001)—considering evidence, in ruling on a motion for summary judgment, of how another judge would have ruled on a standing issue relevant to the merit of an allegedly sham lawsuit.

### B. Other CEQA Challenges to Plaintiffs' Hotel Projects Are Relevant to Rebut Causation

Evidence of other CEQA challenges to Plaintiffs' hotel projects are relevant to Defendants' causation and damages defenses. Plaintiffs claim that Sunset's CEQA lawsuits brought construction of the Thompson and Tommie hotel projects "to a halt". They claim that, as a result, they incurred tens of millions of dollars in construction delays, and had no choice but to enter into an allegedly extortionate settlement with Sunset to avoid further delays. However, the reality is that other individuals had filed CEQA lawsuits challenging Plaintiffs' hotel projects that were concurrently pending and/or remained pending after Plaintiffs' settlement with Sunset. Defendants must be permitted to present this evidence to rebut Plaintiffs' claims that the Sunset CEQA lawsuits did in fact bring construction to a halt, and also present evidence of these other CEQA lawsuits as alternate sources of causation and damages.

---

[1] "For the purpose of summary judgment, the fact that other community members raised successful CEQA challenges does not imply as a matter of law that the Sunset defendants had an innocent state of mind." Dkt. 167, MSJ Order at 32. As well, "…the Sunset Defendants' argument is incomplete because they do not demonstrate that the challenges other community members successfully raised were the same challenges Sunset Landmark raised." Id.

### C. Plaintiffs' Voluntary Settlements with Other Objectors Is Relevant to Whether Plaintiffs' Settlement with Defendants Was the Product of Extortion

Evidence of other CEQA challenges to Plaintiffs' hotel projects is also relevant to rebut Plaintiffs' claims that the settlement with Sunset was entered into under duress, or was extortionate because it involved financial compensation. Plaintiffs entered into two voluntary settlement agreements with Mama Wilcox Land, LLC, and Lauren Farmer and Liliana Hernandez, Unite Here Local 11, for the Tommie hotel project). One of those settlements involved financial compensation, and both involved other concessions. However, the only settlement Plaintiffs have challenged as being extortionate is their settlement with Sunset. The fact that Plaintiffs voluntarily settled similar CEQA challenges with other objectors for financial compensation and concessions and did not sue them for extortion, is relevant to rebutting whether, and why, *only* Plaintiffs' settlement of Sunset's CEQA lawsuits for monetary compensation and concessions was extortionate. As well, the existence of these other settlement agreements is relevant to whether Plaintiffs' choice to settle with Sunset for monetary compensation and other concessions was actually under duress.

### D. Plaintiffs Seek to Exclude the Same Nature of Testimony, and Even Some of the Same Witnesses, They Intend to Call in Their Own Case

Plaintiffs seek to exclude Defendants from presenting any evidence or testimony by David Carrera and Allen Shamoolian, when they intend to call these two witnesses in their own case and chief. Plaintiffs deposed these individuals in an effort to elicit testimony to bolster their claims of a criminal enterprise. They have identified these individuals on their witness list as having knowledge regarding communications with Saeed Nourmand and others regarding Plaintiffs' hotel projects and opposition to the Thompson project. Dkt. 203, MIL #2 at pg. 2; Dkt. 171, Joint Witness List, pgs. 10, 15-16. Plaintiffs also questioned these witnesses as to the grounds and subjective intent of their CEQA challenges to Plaintiffs' hotel projects, and whether they

received assistance from Saeed Nourmand, Sunset or its CEQA attorneys in making these challenges. While this was an effort to elicit testimony that these individuals were part of an alleged enterprise, the actual testimony elicited was that Carrera and Shamoolian asserted what they believed to be legitimate, meritorious CEQA-based objections and/or legal challenges to Plaintiffs' hotel projects. Plaintiffs now seek to exclude the testimony they elicited and do not like because it rebuts their claims.

Plaintiffs also intend to call Casey Maddren, a CEQA litigant who is not listed among the other objectors' whose testimony that Plaintiffs seek to exclude. *Id.* at 16. Plaintiffs allege in their Third Amended Complaint that Maddren filed unmeritorious CEQA challenges at the request or with the assistance of Sunset or Saeed Nourmand and therefore with improper motives, and are members of the alleged enterprise. See e.g., Dkt 89, Third Amended Complaint, ¶¶ 12-14. Plaintiffs deposed Maddren and have identified him as a witness who will testify regarding the reasons for his lawsuit against Plaintiffs' Selma project.

By Plaintiffs' reasoning, they can introduce evidence of the subjective motivations and bases of other litigants' CEQA challenges when it benefits their case, but Defendants must be precluded from questioning these witnesses, or introducing similar witnesses and evidence to rebut Plaintiffs' claims, because it is unduly prejudicial. This two-faced position is inconsistent, unfair, and unduly prejudicial to Defendants. It is clear that this evidence of other CEQA challenges and settlements has significant probative value, and the only "prejudice" is that it is relevant evidence which rebuts Plaintiffs claims and supports Defendants' affirmative defenses. Defendants should be entitled to present evidence of these witnesses' reasons for filing their lawsuits to establish there was no criminal enterprise.

To the extent Plaintiffs argue that, at the very least, evidence of administrative challenges should be excluded, that too is an inconsistent and unduly prejudicial position. Plaintiffs seek to introduce evidence of others' administrative CEQA challenges, and additionally argue that they can be predicate acts or at least part of a

single predicate act culminating in the filing of the CEQA lawsuit—therefore, to the extent Plaintiffs are permitted to make these arguments at trial, evidence of other CEQA administrative challenges are equally as relevant as other CEQA lawsuits in rebutting Plaintiffs claims and supporting Defendants' affirmative defenses.

### E. Plaintiffs Fail to Present Any Legal Authority to Support the Advance and Wholesale Exclusion of This Evidence

Plaintiffs fail to cite to any applicable federal authority to support the Court's wholesale exclusion of this critical evidence and testimony in a case involving allegedly sham litigation. Nor do they cite any federal authority to support that they can introduce evidence of other objectors to prove their claims while Defendants cannot introduce such evidence to rebut Plaintiffs' claims and support their affirmative defenses. In fact, what they do cite to is at best unrelated. Plaintiffs cite to a motion in limine ruling in *In re Homestore.com, Inc. Sec. Litig.*, No. 2:01-CV-01115, 2011 WL 291176, at *1 (C.D. Cal Jan. 25, 2011), in which the Court ruled that "reference to or evidence of Plaintiff's involvement in other litigation prior to this Action is also irrelevant and carries with it a high risk of prejudice." The Court's finding on this motion in limine contained absolutely no context to the nature of the lawsuit (a class action lawsuit) or why excluding such evidence in that case was prejudicial. In the instant case, the specific nature of the causes of action and affirmative defenses, renders this evidence critically relevant, and the exclusion of such evidence unduly prejudicial.

### F. Evidence of "Other Objectors" Would Not Necessitate the Undue Consumption of Time as Plaintiffs Claim

Finally, Plaintiffs argue that the introduction of this evidence would result in mini-trials about the other claims, and necessitate the undue consumption of time. Their argument is unavailing. Plaintiffs rendered this testimony relevant by filing this lawsuit, and asserting the existence of a criminal enterprise and the filing of a series of sham litigation by Defendants. The seriousness of the lawsuit cannot be overstated, as

Plaintiffs have asserted damages totaling over $100M which they seek to be trebled. Plaintiffs themselves intend to introduce several hours of testimony and evidence by objectors. Moreover, if one examines the time estimates for the remaining "other objectors" on direct examination and Plaintiffs' cross-examination (excluding David Carrera and Allen Shamoolian), the consumption of time for these witnesses should not exceed a single day. Dkt. 171, pgs. 29-32; Compare to Plaintiffs' witness time estimates, pgs. 2-25, which total close to 50 hours for direct examination *only*. The relevance and significant probative value of this testimony overshadows any concern of a mini-trial, and the concern is neither particularly genuine nor particularly realistic in view of the nature and extent of the claims being made by Plaintiffs.

### G. Plaintiffs' Request to Limit This Testimony is Too Vague and Non-Specific To Grant at the Motion in Limine Stage

As an alternative to the wholesale exclusion of this evidence and testimony, Plaintiffs vaguely ask that the following testimony and evidence of "other objectors" be excluded: "vouching for the merits of their claims or offering irrelevant complaints related to Relevant, its projects, or the permitting process." This description is so vague and non-specific that Defendants cannot ascertain what is sought to be excluded. Therefore, Defendants oppose any such wholesale and pre-trial limitation of testimony. To the extent Plaintiffs challenge testimony by "other objectors" as expert testimony, the other objector's subjective beliefs in the merits of their CEQA challenges to Plaintiffs' projects are not expert testimony, but rather proper lay witness testimony.

Date: September 6, 2022            **THE MALONEY FIRM, APC**

By: _____/s/ Elizabeth T. Schaus_____
ELIZABETH T. SCHAUS, ESQ.
Attorneys For Defendant,
NOURMAND & ASSOCIATES

Date: September 6, 2022            **NORTON ROSE FULBRIGHT US LLP**

By: _____/s/ Neil P. Thakor_____
NEIL P. THAKOR
Attorneys for Defendants
THE SUNSET LANDMARK INVESTMENT, LLC
and STEPHEN "SAEED" NOURMAND

00198106

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #2 TO EXCLUDE EVIDENCE OF OTHER OBJECTORS**

## ATTESTATION

The e-filing attorney hereby attests that the signatories indicated by a conformed signature (/s/) in the foregoing e-filed document have concurred to the contents of the foregoing document and have authorized the filing of the foregoing document.

Date: September 6, 2022

*/s/ Elizabeth T. Schaus*
Elizabeth T. Schaus