1 | **WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
2 | SUSAN K. LEADER, State Bar No. 216743
sleader@wsgr.com
3 | MATTHEW A. MACDONALD, State Bar No. 255269
matthew.macdonald@wsgr.com
4 | ALI R. RABBANI, State Bar No. 253730
arabbani@wsgr.com
5 | STEPHANIE V. BALITZER, State Bar No. 316133
sbalitzer@wsgr.com
6 | 633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
7 | Telephone: (323) 210-2900
Facsimile: (866) 974.7329

8 | **WILSON SONSINI GOODRICH & ROSATI**
9 | **Professional Corporation**
DALE R. BISH, State Bar No. 235390
10 | dbish@wsgr.com
CHARLES A. TALPAS, State Bar No. 308505
11 | ctalpas@wsgr.com
650 Page Mill Road
12 | Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
13 | Facsimile: (650) 565-5100

14 | Attorneys for Plaintiffs
Relevant Group, LLC, 1541 Wilcox Hotel
15 | LLC, 6516 Tommie Hotel LLC, and 6421
Selma Wilcox Hotel LLC

16 |
17 | **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 18  RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC; a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10, <br><br> Defendants. | Case No.: 2:19-cv-05019-PSG-KSx <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE REGARDING OTHER OBJECTORS** <br><br> MIL Hearing: November 15, 2022 <br> Time: 9:00 a.m. <br><br> Final PTC: January 6, 2023 <br> Time: 2:30 p.m. <br><br> Trial Date: January 19, 2023 <br> Time: 9:00 a.m. <br><br> Place: Courtroom 6A <br> Before: Hon. Philip S. Gutierrez |

PLTFS.' REPLY ISO MIL NO. 2
CASE NO.: 2:19-CV-05019-PSG-KSX

## I. INTRODUCTION

Defendants' Opposition confirms the thesis of Plaintiffs' Motion *in Limine* No. 2. Defendants concede that they intend to call the ten witnesses at issue to testify about their "subjective beliefs" about the merit of various legal and policy arguments against Plaintiffs' projects and to offer "lay" opinions on those subjects. Opp. at 9. These ordinary individuals—who have no legal or technical expertise and have not been designated as experts—will be called upon to testify on technical and legal subjects on which they are not competent to testify. To the extent they are being called simply to offer their personal opinions about issues related to development in Hollywood, that testimony has no bearing on whether Defendants themselves pursued their legal and administrative challenges—challenges that were different and more far reaching—for a proper purpose. As Defendants concede, these witnesses alone will consume a day of trial time, a figure that does not account for cross-examination and rebuttal. These witnesses do not have competent evidence to offer; their testimony will waste substantial court time and necessitate a series of mini-trials about each of their decisions to oppose the Projects; and their testimony will risk substantial prejudice to Plaintiffs.

Defendants' justification for offering this testimony is based on a misstatement of the applicable legal standard. Contrary to Defendants' claims, Plaintiffs do *not* need to prove that "no reasonable litigant" could have prevailed on any of the many legal challenges that Defendants raised. Instead, the relevant legal test looks at the entire pattern of Defendants' conduct. Defendants offer no evidence that any of the witnesses at issue engaged in a pattern of behavior that is remotely similar to Defendants' extended campaign of litigation and administrative obstruction. The fact that a handful of other individuals raised individual objections has little or no probative value when judging Defendants' unique overall course of conduct. The testimony of these witnesses will serve primarily to distract the jury and extend the trial.

1    Moreover, even if the *existence* of these other objections has probative value, that does not justify calling a parade of witnesses to offer prejudicial complaints about Plaintiffs' projects.  For example, if Defendants wish to argue that the existence of two other lawsuits (both of which related only to one of the hotels) defeats causation, they can elicit that testimony on cross-examination.  There is no need to hear about other lawsuits from the horse's mouth.  Moreover, nearly all of Defendants' arguments are directed exclusively at the three objectors who were involved in the two other lawsuits.  Defendants offer no justification for hearing testimony from individuals who merely spoke up at a public hearing.  Having ten witnesses can do little more than distract the jury and waste time.

### A. Other Challenges Do Not Demonstrate that Defendants' Claims Were Meritorious

Defendants' principal relevance argument depends on a misstatement of the law.  Opp. at 3-4.  The Opposition makes the *same* legal argument—citing the same cases—that Defendants unsuccessfully advanced both at the motion to dismiss and summary judgment stages.  *See, e.g.*, ECF No. 151 at 7-8.  But as Judge Wright explained, the "no reasonable litigant" standard does not apply where, as here, the plaintiff invokes the *USS-POSCO* exception to *Noerr-Pennington*:

> [T]he strict two-part analysis from [*PREI*] does not apply under the second exception, known as the USS-POSCO exception. *USS-POSCO Indus. v. Contra Costa Cty. Bldg. & Constr. Trades Council, AFL-CIO*, 31 F.3d 800, 810-11 (9th Cir. 1994).  Instead, "the question is not whether any one [suit] has merit . . . but whether they are brought pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival." *Int'l Longshore & Warehouse Union v. ICTSI Oregon, Inc.*, 863 F.3d 1178, 1187 (9th Cir. 2017) (internal citations omitted).  In such a context, the legal success of an occasional sham suit is irrelevant. *Id*.

ECF No. 39 at 7; *see also* ECF No. 167 at 23, 24-27, 29-31.  The *USS-POSCO* standard looks instead at the overall pattern of Defendants' conduct and asks: "Were the legal filings made, not out of a genuine interest in redressing grievances, but as

part of a pattern or practice of successive filings undertaken essentially for purposes of harassment." ECF No. 167 at 23 (quoting *USS-POSCO*, 31 F.3d at 811).[1]

Under the *USS-POSCO* test, the conduct of other challengers is irrelevant because none of the Other Objectors came close to acting as Defendants did. Indeed, Defendants do not even attempt to argue as much. *See* Mot. at 5-6. That is for good reason: Defendants were the only objector to file multiple lawsuits (only two other lawsuits were filed, both against the Tommie hotel), and none of the Other Objectors can match the depth and breadth of Defendants' legal campaign. The fact that a few other people did not approve of new hotel developments is not probative of whether the pattern of Defendants' behavior was proper.

Even under Defendants' preferred standard, the testimony of these challengers has little or no probative value. Defendants do not argue that the witnesses launched the same challenges Defendants did, do not offer evidence that the challengers succeeded on the merits, and do not even attempt to show that these litigants were "reasonable." Without that evidence, the existence of these challenges is irrelevant. The *Baltimore Scrap* case does not assist Defendants. That case involved a *single* lawsuit, not a series of extortionate suits, and so was decided under the *PREI* exception. More importantly, however, there the other litigant had *actually prevailed* on the critical issue in the underlying litigation. Here, Defendants do not argue that the other challengers won on any issue; rather, Defendants argue that the mere existence of other claims is probative of Defendants own good faith. Opp. 3-5.

The primary effect of calling these witnesses will be to trigger a series of mini-trials over these other lawsuits that will waste the jury's time and risk prejudicing

---

[1] To the extent that Defendants are arguing that the *Gen-Probe* case imports the "no reasonable litigant" standard into the *USS-POSCO* exception, that is an argument that was raised before Judge Wright and rejected. In any event, such a conclusion is inconsistent with the Ninth Circuit's holding in *International Longshore*.

Plaintiffs.  Defendants' conduct should be judged on its own merits.

### B. Defendants' Other Arguments Do Not Justify Calling Any of the Other Objectors to the Stand

Defendants' remaining scattershot arguments do not change the calculus.  We address each in turn.

***Causation Does Not Necessitate Calling the Other Objectors.***  Defendants' alternative arguments about causation (Opp. at 5) do not justify calling ten additional witnesses at trial.  To the extent the existence of other lawsuits is relevant to causation, that testimony can be elicited on cross-examination; there is no justification for calling the litigants to testify live about the merits of the suit.  Moreover, this argument has no application to the seven Other Objectors who did not file lawsuits.

***Other Settlements Are Not Relevant and Do Not Justify Calling Witnesses Live.***  Nor does Plaintiffs' decision not to sue the other objectors who sued on the Tommie justify Defendants' conduct.  *Cf.* Opp. at 6.  Contrary to Defendants' argument, there is no requirement that Plaintiffs sue every litigant who (in Defendants' judgment) also committed extortion in order to seek redress from Defendants.  This argument is little more than a way of saying "everyone else is doing it, why can't I?"  Whether or not other litigants abused the CEQA process is irrelevant to Defendants' own culpability.  Further, making this rhetorical point does not justify calling any witness live.

***Plaintiffs Do Not Intend to Call the Other Objectors.***  Contrary to Defendants' arguments, Plaintiffs do not intend to elicit testimony similar to the testimony Defendants wish to introduce.  Opp. at 6-7.  David Carrera, Casey Maddren, and Allen Shamoolian were placed on the witness list to testify about discrete events and about Defendants' own actions, not to regale the jury with their subjective views about the merits of various objections to the projects.  In any event, at this point, Plaintiffs are unlikely to call any of these witnesses at trial.

***One Day Is Too Much Time.*** Even if Defendants are right that the testimony of these ten witnesses "should not exceed a single day" (Opp. at 9), in a trial that is likely to last fewer than 10 days, that constitutes an "undue" amount of time. These witnesses have little or nothing probative to add. Consuming a full day of trial with lay witnesses offering foundationless opinions about technical and legal matters will necessarily waste time. Defendants offer essentially *no* justification for why the seven witnesses who did not file lawsuits should testify.

***If Permitted, Other Objectors' Testimony Should be Narrowly Circumscribed.*** Finally, Defendants offer no argument for why these witnesses are qualified to offer anything other than testimony about the *fact of* their challenges. There is no reason why these witnesses should be allowed to testify, for example, that the City's CEQA process was deficient or offer opinions about Plaintiffs' projects. If these witnesses are permitted to testify at all, their testimony should be narrowly limited to a description of their opposition and how it was resolved, and they can be cross-examined about the differences between their conduct and Defendants. Simply put, there is no need for these witnesses to vouch for the legal merits of their claims or to explain why they personally disliked Plaintiffs or their projects.

## II. CONCLUSION

Defendants' arguments for including testimony by Other Objectors fall flat. At the end of the day, this testimony warrants exclusion because it lacks relevance, wastes time, and risks juror confusion. The testimony services merely to bias the jury against Plaintiffs' projects with a prejudicial sideshow.

Respectfully Submitted,

Dated: November 4, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Susan K. Leader*
    Susan K. Leader

*Attorneys for Plaintiffs*