UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order GRANTING in part and DENYING in part Defendants' and Plaintiffs' motions in limine

    Before the Court are nine motions in limine. Stephan "Saeed" Nourmand; The Sunsent Landmark Investment LLC; and Nourmand & Associates (collectively, "Defendants") filed four motions in limine. *See* Dkts. # 195 ("*D First MIL*"), 200 ("*D Second MIL*"), 204 ("*D Third MIL*"), 202 ("*D Fourth MIL*"). Relevant Group, LLC; 1541 Wilcox Hotel LLC; 6516 Tommie Hotel LLC; and 6421 Selma Wilcox Hotel LLC (collectively, "Plaintiffs") filed five motions in limine. *See* Dkts. # 197 ("*P First MIL*"), 203 ("*P Second MIL*"), 198 ("*P Third MIL*"), 196 ("*P Fourth MIL*"), 199 ("*P Fifth MIL*"). Plaintiffs opposed Defendants motions. *See* Dkts. # 209 ("*D First MIL Opp.*"), 211 ("*D Second MIL Opp.*"), 216 ("*D Third MIL Opp.*"), 212 ("*D Fourth MIL Opp.*"). Defendants opposed Plaintiffs' motions. *See* Dkts. # 215 ("*P First MIL Opp.*"), 210 ("*P Second MIL Opp.*"), 213 ("*P Third MIL Opp.*"), 214 ("*P Fourth MIL Opp.*"), 218 ("*P Fifth MIL Opp.*"). Both parties replied. *See* Dkts. # 232 ("*D First MIL Reply*"), 237 ("*D Second MIL Reply*"), 239 ("*D Third MIL Reply*"), 240 ("*D Fourth MIL Reply*"), 233 ("*P First MIL Reply*"), 234 ("*P Second MIL Reply*"), 235 ("*P Third MIL Reply*"), 236 ("*P Fourth MIL Reply*"), 238 ("*P Fifth MIL Reply*").

    After thoroughly considering the arguments in the papers and at oral argument, the Court **GRANTS in part** and **DENIES in part** Defendants' and Plaintiffs' motions in limine.

    Because the factual background has been thoroughly discussed by the Court in previous orders, *see* Dkt. # 167 ("*Sum. J. Order*"), and the parties are sufficiently aware of the facts and issues that are headed to trial, the Court will not restate them here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

II.     <u>Legal Standard</u>

    A.     <u>Motion in Limine</u>

A motion in limine is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). The court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Regardless of a court's initial decision on a motion in limine, however, it may revisit the issue at trial. *Id.* at 41 42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

    B.     <u>Expert Opinion Evidence</u>

Rule 702 of the Federal Rules of Evidence provides that expert opinion evidence is admissible if: (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case. Fed. R. Evid. 702.

As construed by the Supreme Court in *Daubert v. Merrell Down Pharms., Inc.*, 509 U.S. 579 (1993), Rule 702 requires district courts to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022) (quoting *Daubert*, 509 U.S. at 597). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Id.* (citation omitted). "To evaluate reliability, the district court must assess the expert's reasoning or methodology, using as appropriate criteria such as testability, publication in peer-reviewed literature, known or potential error rate, and general acceptance." *Id.* (citation omitted). "These factors are nonexclusive, and the trial court has discretion to decide how to test an expert's reliability . . . based on the particular circumstances of the particular case." *Id.* (citation omitted). "Ultimately, the test under Daubert is not the correctness of the expert's conclusions but the soundness of his methodology." *Id.* (citation omitted). The court is "a gatekeeper, not a fact finder." *Id.* (citation omitted). Accordingly, "the district court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Id.* (citation omitted) (cleaned up).

"As a general rule, 'testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.'" *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting Fed. R. Evid. 704(a)). "That said, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Id.* (citation omitted); *see also United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) (holding that "an expert cannot testify to a matter of law amounting to a legal conclusion").

II.  Discussion

The Court will first address Defendants' motions to exclude/limit the opinions and testimony of Plaintiffs' proposed experts. It will then address Plaintiffs' motions to exclude evidence offered by Defendants.

    A.    Defendants' Motions in Limine

Defendants challenge the opinions and testimony of four of Plaintiffs' proposed experts: Tina Thomas, Richard Grassetti, Joseph Anastasi, and John Hekman. *See generally D First MIL*; *D Second MIL*; *D Third MIL*; *D Fourth MIL*.

        i.    D First MIL to Exclude/Limit Testimony of Tina Thomas

Defendants move to exclude or limit the opinions of Tina Thomas for four main reasons: (1) Thomas opines on ultimate issues of law; (2) Thomas opines on the subjective intent of Defendants; (3) Thomas' opinions are prejudicial and inflammatory; and (4) Thomas opines on financial matters outside her expertise. *See D First MIL* 1 4; *see generally D First MIL Reply*.[1] The Court will take each basis for exclusion in turn.

---

[1] Defendants also seek to exclude Thomas' expert reports as exhibits, *see D First MIL* 2, but Plaintiffs have agreed not to introduce the reports as exhibits unless for impeachment or other proper purposes, *see D First MIL Opp.* 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

*First basis for exclusion.* The Court finds that Thomas improperly opines on ultimate issues of law. The relevant ultimate issue here is whether the "sham" petitioning exception applies to Defendants' *Noerr-Pennington* affirmative defense to RICO liability. *See D First MIL* 1. To decide whether that exception applies, the inquiry is whether a series of lawsuits "are brought pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival." *USS-POSCO Indus. v. Contra Costa Cnty. Bldg. & Const. Trades Council, AFL-CIO*, 31 F.3d 800, 811 (9th Cir. 1994). In her report, Thomas states that the settlement amount was "purely extortionate" and that Defendants brought CEQA lawsuits "without regard to the merits." *See, e.g.*, *Tina Thomas Report*, Dkt. # 195-3, Exh. 2A ("*Thomas Report*"), 32; 1, 33, 36. Thomas also states her belief on the law concerning suits brought without regards to the merits. *See id.* 22. These opinions are improper and invade the province of the judge and jury. *See Nationwide Transp. Fin.*, 523 F.3d at 1058; *Tamman*, 782 F.3d at 552.

The Court rules that Thomas may testify on matters that embrace the ultimate issue, such as the indicia of meritless or malicious CEQA suits and her belief on whether some or all those indicia were present with Defendants suits, but she may not go a step further and tell the jury what to conclude on key issues   namely, that the suits were brought "without regard to the merits" and to "injure a market rival."

*Second basis for exclusion.* Plaintiffs have conceded that "Ms. Thomas will not offer testimony as to Defendants' subjective intent or motives." *D First MIL Opp.* 10:5 6 (cleaned up). But for the purposes of clarity, the Court also finds that, in her report, Thomas impermissibly opines on Defendants' subjective intent. Generally, an expert "may not offer opinion testimony on Plaintiff's motivations and intent in bringing [a] lawsuit" because "the opinions of expert witnesses on the intent, motives, or states of mind . . . have no basis in any relevant body of knowledge or expertise." *See Stone Brewing Co., LLC v. MillerCoors LLC*, CV 18-00331 BEN LL, 2020 WL 907060, at *4 (S.D. Cal. Feb. 25, 2020) (citation omitted) (cleaned up). Numerous times, however, Thomas does just that. *See, e.g.*, *Thomas Report* 1 (explaining that Defendants had "neither legitimate motives nor legitimate legal arguments"), 37 ("Their conduct at every stage, in every case, was designed to delay and obstruct. And . . . their motive was not environmental protection, but personal enrichment."). The Court thus directs that Thomas refrain from opining on the subjective intent of Defendants, especially since those opinions also go to the ultimate issue.

*Third basis for exclusion.* The Court finds that Thomas' opinions, as currently framed, are too prejudicial. Federal Rule of Evidence 403 states that a court may exclude relevant evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

Fed. R. Evid. 403. Here, the relevancy of Thomas' opinions are substantially outweighed by their highly inflammatory, argumentative, and overall prejudicial framing. For instance, Thomas states in her report that "[Defendants] demand[ed] and receiv[ed] a settlement from Relevant so outside the bounds of CEQA and so outrageous as to truly shock any CEQA practitioner or those who pursue CEQA actions in good faith for the benefit of the public." *Thomas Report* 1 2. The Court thus directs that any testimony from Thomas must be framed as objective expert testimony and not as persuasive advocacy.

*Fourth basis for exclusion*. The Court finds that Thomas can speak on the pertinent financial matters, and so long as Plaintiffs can lay a proper foundation as promised at oral argument, Thomas may also speak about Relevant's specific finances. Thomas has decades of experience advising and assisting developer and governmental agency clients with CEQA lawsuits and related areas, so she is adequately qualified to speak about the impact of CEQA suits on project financing. *See Thomas Report*, Appendix A "Summary of Qualifications," 1 2.

The Court **GRANTS in part and DENIES in part** Defendants' first motion in limine.

   ii.  D Second MIL to Exclude Opinions of Richard Grassetti

Defendants move to exclude the testimony of Plaintiffs' expert, Richard Grassetti, for two reasons: (1) Grassetti is unqualified to give opinions on the completeness of the City of Los Angeles's approval of the projects at issue; and (2) his opinions are not relevant to the main issues in the case and are prejudicial because they are likely to mislead the jury on the correct standard of law. *See D Second MIL* 1; *see generally D Second MIL Reply*. The Court will take each basis for exclusion in turn.

*First basis for exclusion*. The Court finds Grassetti qualified to opine on the completeness of the City's reports and the adequacy of significance determinations. Grassetti has approximately forty years of professional experience preparing and reviewing CEQA documents within both the public and private sector. *See Expert Report of Richard Grassetti*, Dkt. # 200-4, Exh. 2B ("*Grassetti Report*"), ¶ 8. He has prepared "hundreds of EIRs, ISMDs, Negative Declarations and exemptions under CEQA, as well as some joint CEQA/NEPA documents ("IS/EAs" and "EIS/EIRs"). *See id.* ¶ 9. He has also both conducted professional training workshops on how to implement CEQA and prepared a CEQA Guidebook. *See id.* ¶ 10. As part of his consulting work, Grassetti frequently reviews technical analyses for "completeness in addressing potential environmental issues" and ensures "that all of the impacts have been reasonably addressed and all feasible mitigation measures have been considered." *See id.* ¶ 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

He also determines "significance" in the CEQA context. *See generally Sum. J. Order* 6 8 (noting the general principles of CEQA, including a requirement to determine a project's "significant effect on the environment"). Grassetti is thus sufficiently qualified on this matter.

*Second basis for exclusion*. The Court finds that Grassetti's opinions are relevant and not unduly prejudicial. Under Federal Rule of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. As Plaintiffs note, Grassetti's opinions relating to the completeness and adequacy of the City's reports are relevant to whether Defendants' concerns about the City's lack of environmental analysis were credible, which goes to Defendants' motives for bringing the CEQA suits. *See P Second MIL Opp.* 3 4. And while Grassetti's opinions may have only minimal relevancy, and Defendants raise a colorable concern that the jury may become confused on the CEQA standards relevant to determining whether suits are meritless, the Court does not find that the danger of confusion substantially outweighs the probative value. Defendants can mitigate jury confusion by introducing their own witnesses and evidence regarding the applicable CEQA standard and may put Grassetti's opinions through the crucible of cross examination.

The Court **DENIES** Defendants second motion in limine.

### iii. D Third MIL to Exclude/Limit Opinions of Joseph Anastasi

Defendants move to exclude or limit the opinions of Plaintiffs' expert Joseph Anastasi on Plaintiffs' damages for two reasons: (1) Anastasi's calculations are not based on reliable methods, but rather based on the simple addition of the costs Plaintiffs said were damages; and (2) his calculations rely on documents not produced in discovery. *See D Third MIL* 10.[1] Plaintiffs argue that Anastasi conducted a "classic 'but for' analysis of four categories of damages." *D Third MIL Opp.* 1. Further, Plaintiffs argue that the undisclosed documents at issue contain information that Defendants have in their possession and are unnecessary to

---

[1] Defendants also seek to exclude Anastasi's expert reports as exhibits, *see D Third MIL* 11, but Plaintiffs have agreed not to introduce the reports as exhibits unless for impeachment or other proper purposes, *see D Third MIL Opp.* 10.

Case 2:19-cv-05019-PSG-KS   Document 246   Filed 12/09/22   Page 7 of 16   Page ID #:12837

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | | Date | December 9, 2022 |
|---|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | | |

support the damages opinions. *See D Third MIL Opp.* 2, 9 10.[2] The Court will take each basis for exclusion in turn.

*First basis for exclusion.* The Court finds that Anastasi's calculations are reliable and helpful to the jury. Although Anastasi assumes causation when issuing his opinions, "it is well established that experts on damages can assume causation." *Indect USA Corp. v. Park Assist, LLC*, CV 18-02409 BEN DEB, 2021 WL 4311002, at *3 (S.D. Cal. Sept. 22, 2021). Further, it may be true that some of the calculations do not involve a high degree of difficulty, "but degree of difficulty is not the relevant question[;] [t]he relevant question is whether [the expert's] efforts will assist the trier of fact." *Pac. Fuel Co., LLC v. Shell Oil Co.*, CV 06-0225 AG (AJWx), 2008 WL 11336467, at *6 (C.D. Cal. Jan. 24, 2008). Anastasi's report does contain damages assessments that utilize basic math including the additional development costs, redesign fees, and litigation costs but the basis for those calculations are more involved. For example, while the additional development costs chart shows a calculation of "C=A+B," Anastasi explains how he decided on and adjusted the figures used in his calculation. *See Anastasi Report*, ¶¶ 36 41, Chart 3. He also states that he reviewed several sources of information before accepting the figures used in the lost enterprise value calculation and reviewed invoices and contracts to determine the figures for the design fees and litigation costs. *See id.* ¶¶ 42 48, 52, 55 56. The Court thus finds that overall, Anastasi's calculations and explanations for the calculations are based on reliable methods of calculation and could be helpful to the jury. *See Pac. Fuel Co., LLC*, 2008 WL 11336467, at *6 (rejecting that an expert report was an impermissible basic math calculation because "[b]efore performing the[] calculations, [the expert] assesse[d] the available financial data to determine the proper figures to be used in the calculations").

In their Reply, Defendants argue that Anastasi should not be allowed to "blindly accept Plaintiffs' assumptions on damages, parrot untested statements from third-parties, and rely on documents withheld in discovery." *D Third MIL Reply* 1:13 16. But the first two arguments go to weight rather than admissibility. At this gatekeeping stage, the Court does not find that Anastasi's opinions should be excluded; rather, Defendants can attack the assumptions relied upon by Anastasi through cross examination. *See Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) ("[A] judge is supposed to screen the jury from

---

[2] Anastasi provides four main damages assessments: (1) excess development costs; (2) lost revenue; (3) redesign fees; and (4) CEQA litigation costs. *See generally Expert Report of Joseph Anastasi*, Dkt. # 204-2 ("*Anastasi Report*").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

unreliable nonsense opinions, but not exclude opinions merely because they are impeachable."). And the third argument remains unconvincing for the reasons that follow.

*Second basis for exclusion.* The Court does not find that Anastasi's reliance on unproduced bank statements warrants excluding his entire testimony. The bank statements were used by Anastasi as one source to establish the settlement payments that Plaintiffs paid to Defendants. *See Anastasi Report*, ¶ 54. As Plaintiffs explain, the figures are known by both parties and are readily obtainable through other means, so there is no prejudice to Defendants. *See D Third MIL Opp.* 9:7 23. The Court therefore does not find it appropriate to exclude Anastasi's opinions on the nondisclosure basis. *See* Fed. R. Civ. P. 37.

The Court **DENIES** Defendants' third motion in limine.

        iv.     *D Fourth MIL to Exclude/Limit Opinions of John Hekman*

Defendants move to exclude or limit the opinions of Plaintiffs' expert John Hekman for two reasons: (1) Hekman's opinion that Plaintiffs' hotels did not diminish the value of the Sunset Landmark property is irrelevant to the case and unfairly prejudicial; and (2) Heckman's methods for determining land value and the highest and best use of a property are unreliable. *See D Fourth MIL* 5 9; *see generally D Fourth MIL Reply.*[1] Plaintiffs rebuts on both grounds. *See D Fourth MIL Opp.* 3 7. Regarding the relevance of Hekman's opinions, Plaintiffs contend that because Defendants referenced the diminished value of the Sunset Property in the settlement agreement "stating that is why they brought their CEQA challenges and why they demanded $5.5M to settle them," Plaintiffs have opened the door to Hekman's opinions. *Id.* 2:15 16, 2 3.

The Court finds that Hekman's opinions are admissible for a limited purpose. His opinions are relevant to rebut the diminished-value reference in the settlement agreement. So as long as that reference is presented to the jury, rebuttal evidence indicating that the value of Defendants' property did not diminish, thereby negating diminished value as a reason for bringing the lawsuits and executing the settlement agreement, is relevant. Hekman also has extensive qualifications to opine on this matter. *See Expert Report of Dr. John S. Hekman*, Dkt. # 202-2, Exh. 1 ("*Hekman Report*"), 2, Appendix A. But the Court finds a significant analytical

---

[1] Defendants also seek to exclude Hekman's expert reports as exhibits, *see D Fourth MIL* 9 10, but Plaintiffs have agreed not to introduce the reports as exhibits unless for impeachment or other proper purposes, *see D Fourth MIL Opp.* 7 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

gap between his market-level data analysis methodology and his opinions regarding the value of Sunset Landmark's property value specifically. As Defendants point out, Hekman did not review and analyze information particular to Sunset Landmark. *See generally Hekman Report*; *D Fourth MIL* 3  4.

The Court thus rules that Hekman may opine only on market conditions generally for the relevant area and the indicia of property value appreciation; he may not opinion specifically on the Sunset Landmark property and value.

The Court **GRANTS in part** and **DENIES in part** Defendants' fourth motion in limine.

B.  Plaintiffs' Motions in Limine

Plaintiffs bring five motions in limine to prevent Defendants from admitting various pieces of evidence and testimony.

> *i.   P First MIL to Prevent Defendants from Admitting Evidence Relating to EB-5 Investor Visa Program*

Plaintiffs move to prevent Defendants from presenting evidence concerning whether Relevant complied with the EB-5 investor visa program because the evidence is irrelevant and risks unfair prejudice to the jury. *See P First MIL* 1; *see generally P First MIL Reply*. Specifically, Plaintiffs argues that "[p]roof of an EB-5 violation would not show that any of Defendants' legal or administrative challenges were meritorious or brought in good faith" and would only serve to prejudice the jury against Plaintiffs and waste trial time. *See id.* 2:3  5. Defendants argue that the evidence is admissible because Plaintiffs have opened the door by claiming the EB-5 program made it vulnerable to coercion through CEQA lawsuits and that Defendants injured Plaintiffs by disrupting the EB-5 pipeline and delaying construction. *See P First MIL Opp.* 1  5.

The Court finds the evidence inadmissible under Rule 403. The relevance of any misconduct involving the EB-5 program is minimal at best. And even if such evidence meets the low bar for relevancy, it is heavily outweighed by the dangers of unfair prejudice, wasting time through a mini-trial on the issue, and confusing the jury as to the core issues in this case. Most importantly, the evidence of misconduct involving an immigration visa program is likely to inflame the jury into viewing Plaintiffs as bad actors, instead of focusing on the probative value of the evidence. *See United States v. Bowen*, 857 F.2d 1337, 1341 (9th Cir. 1988) ("[P]rejudice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

outweighs probative value where the facts arouse the jury's feelings for one side without regard to the probative value of the evidence[.]").

The Court **GRANTS** Plaintiffs' first motion in limine.

> ii. *P Second MIL to Prevent Defendants from Admitting Witness Testimony of Other Objectors*

Plaintiffs move to prevent Defendants from calling witnesses who brought objections to Relevant's hotel projects. *See P Second MIL* 1; *see generally P Second MIL Reply*. Plaintiffs claim that the witness testimony acts only to raise an "everybody else is doing it" defense about other Relevant properties that has no tendency to show whether Defendants acted in good faith or that a reasonable litigant would have challenged Plaintiffs' project. *See P Second MIL 1*. Further, Plaintiffs claim that the evidence is unduly prejudicial. *See id.*

Defendants argue that the evidence of other litigants who filed CEQA challenges on the same or similar grounds is relevant to three issues: (1) whether a reasonable litigant could expect success on the merits; (2) whether the settlement was extortionate because of evidence of others entering into voluntary settlements with Plaintiffs; and (3) whether Defendants' CEQA lawsuits were the cause of Plaintiffs' damages or whether other pending lawsuits brought construction of Plaintiffs' project to a halt. *See P Second MIL Opp.* 2. Further, Defendants argue that Plaintiffs seek to exclude the same testimony from the same witnesses that they intend to call in their own case. *See id.* 6.

The Court finds the evidence admissible, but only for a limited purpose. The existence of other lawsuits relating to Plaintiffs' properties is relevant and admissible only for Defendants to rebut causation. The Court also finds that calling ten witnesses is unduly cumulative; Defendants can instead introduce public records and other documentary evidence showing that other litigations or oppositions occurred to support the causation argument.

The evidence is inadmissible for the other reasons Defendants offer unless a proper foundation can be laid at trial. As the summary judgment order states, Defendants did not (and still have not) laid a proper foundation as to how the testimony is relevant to whether Defendants' lawsuits had merit: "Defendants' argument is incomplete because they do not demonstrate that the challenges other community members successfully raised were the same challenges Sunset Landmark raised," and so "[a]bsent such a showing, Defendants fail in their burden of demonstrating that the results of the other suits have any legal relevance to the factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

question [regarding the *Noerr-Pennington* defense]." *Sum. J. Order* at 29. There is also no foundation as to how the testimony is relevant to Defendants' subjective good faith. The fact that others raised concerns and lawsuits against Plaintiffs' properties does not show that Defendants were aware of those suits when it launched challenges and litigation against Plaintiffs' property here. And finally, there is no foundation to claim that evidence of others entering into voluntary settlements with Plaintiffs is relevant to whether the settlement here was extortionate.

The Court **GRANTS in part** and **DENIES in part** Plaintiffs second motion in limine.[1]

> iii. *P Third MIL to Prevent Defendants from Admitting Witness Testimony Regarding Sunset Landmark Tenant Complaints*

Plaintiffs seek to prevent Defendants from introducing testimony about complaints made by two Sunset Landmark tenants, Mohamad Iravani and Jayesh Patel, during the construction of Relevant's hotel projects and/or the resulting economic harm purportedly sustained by Sunset Landmark as a result of the complaints. *See P Third MIL* (i); *see generally P Third MIL Reply*. Plaintiffs claim that any testimony is irrelevant, prejudicial, and impermissible hearsay. *See generally P Third MIL*. Defendants, however, argue that the excerpts of testimony will not be offered for the truth of the matter asserted, but rather to show "the thoughts, motivations, and considerations by the Sunset Landmark defendants." *See P Third MIL Opp.* 2:22 23. Specifically, to defend the case, Defendants claim they will need to offer "evidence of the various considerations involved in the parties' decisions to settle the CEQA actions, including evidence relating to concerns and complaints of Sunset Landmark's tenants." *See id.* 2:27, 3:1 2.

The Court finds the witness testimony admissible, so long as Defendants can, as indicated at oral argument, lay a foundation to support that the complaints were known to Defendants

---

[1] Although Defendants object that Plaintiffs have indicated they will call David Carrera one of the witnesses they now seek to exclude to testify regarding his communications and interactions with Defendants, *see Joint Witness List*, Dkt. # 171, 14:20 28, Plaintiffs have explained in their Reply that he, and other like witnesses, "were placed on the witness list to testify about discrete events and about Defendants' own actions, not to regale the jury with their subjective views about the merits of various objections to the projects." *P Third MIL Reply* 4:24 27. With that, the Court will not exclude Plaintiffs from calling such witnesses based on Defendants' current arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

within the relevant time period. Defendants simultaneously argue that the testimony is subject to hearsay exceptions and also not being offered for the truth of the matter asserted. *See id.* 5 6. Although Defendants have not laid a foundation for the hearsay exceptions, to the extent that the statements are not being offered for the truth of the matter asserted, the testimony is not hearsay. *See* Fed. R. Evid. 801. Further, the fact that Defendants were on notice of tenant complaints about noise and dust from Plaintiffs' project is relevant to Defendants' position that it had, at least in part, a non-extortionate, environmentally based motive. The evidence also does not appear unduly prejudicial to warrant exclusion under Rule 403.

The Court thus **DENIES** Plaintiffs' third motion in limine.

> iv. *P Fourth MIL to Prevent Defendants from Introducing Evidence Regarding the Motivations for Filing CEQA Suits*

Plaintiffs seek to prevent Defendants from introducing four depositions[1] and any related evidence involving Defendants' or their CEQA-counsels' motivations for filing the underlying CEQA suits and their subjective views of the merits of those suits. *See P Fourth MIL* (i); *see generally P Fourth MIL Reply*. Plaintiffs seek to exclude the evidence because Defendants "refused to allow witnesses to answer questions regarding that subject in discovery," and so "Plaintiffs would be prejudiced if Defendants were allowed to use privilege as both a sword and a shield by now introducing such evidence or argument at trial." *See id.* (i):8 11.

Defendants argue they did allow discovery relating to subjective motive, including allowing Plaintiffs to take written discovery and depose Stephan Nourmand on the goals and objectives of the lawsuits. *See P Fourth MIL Opp.* 1. The only restriction imposed, Defendants argue, was on Plaintiffs deposing Defendants' CEQA lawyers due to privilege objections. *See id.* 2. And so because Defendants do not intend to offer testimony from their CEQA lawyers, they should not have all subjective-intent evidence excluded. *See id.*

Although Plaintiffs seemed to have taken a more moderate position at oral argument, for purposes of clarity, the Court will provide a ruling responsive to the written briefs. Plaintiffs' motion, which can be construed as seeking to exclude all subjective-intent evidence, is improper.

---

[1] Ex. 1 Nourmand Dep.; Ex. 2 Wright Dep.; Ex. 3 Silverstein Dep.; Ex. 4 Nourmand Dep.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

The Ninth Circuit has addressed the privilege issue in the *Noerr-Pennington* defense context. In *Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343 (9th Cir. 2014), the court explained that while a party waives privilege when it affirmatively places its attorney-client communications at issue, "a *Noerr-Pennington* defense does not necessarily place the attorney-client communications at issue." *Id.* at 353. A defendant may assert a *Noerr-Pennington* defense, but it is the plaintiff that asserts the sham exception that requires an inquiry into the defendant's good faith. *Id.* Thus, the court held, "a *Noerr-Pennington* defense, unlike an advice-of-counsel defense, does not implicitly waive privilege." *See id.*

Those principles apply here. Defendants do not purport to rely on an advice-of-counsel defense, and they have agreed to not offer testimony from their CEQA lawyers. *See P Fourth MIL Opp.* 2, 6, 7. Instead, Defendants rely on a standard *Noerr-Pennington* defense. *See id.* 2. Defendants thus have not affirmatively placed their attorney-client communications at issue. So while the Court will not allow Defendants to use privileged communications as both a sword and a shield, there is no indication from the papers or oral argument that Defendants intend to take that approach. *See Rock River Commc'ns, Inc.*, 745 F.3d at 353.

Plaintiffs' response is unpersuasive. In its Reply, Plaintiffs acknowledge that a *Noerr-Pennington* defense does not necessarily waive the underlying privilege, but then says that Plaintiffs are "not seeking a waiver of any privilege; on the contrary, Plaintiffs seek[] to hold Defendants accountable to the broad assertions of privilege and work product that they invoked during discovery." *Reply* 5:1 4. But what *Rock River* teaches is that parties are not to be punished for keeping privilege when entitled to do so. As noted, Defendants did not implicate privileged communications with their CEQA lawyers simply by invoking the *Noerr-Pennington* defense, and they are not relying on an advice-of-counsel defense.

Other than the privilege assertion, Defendants have cooperated with depositions of Defendant Stephan "Saeed" Nourmand and written discovery requests about Defendants' subjective intent. *See Deposition of Stephan "Saeed" Nourmand on April 22, 2022*, Dkt. # 214-4, Exh. A ("*First Nourmand Depo.*"), 188; *Deposition of Stephan "Saeed" Nourmand on May 4, 2022*, Dkt. # 214-4, Exh. B ("*Second Nourmand Depo.*"), 451 52; *Defendant Sunset Landmark Supplemental Response to Interrogatories*, Dkt. # 214-4, Exh. C ("*D Supp. Resp.*"), 7 8. For example, when asked about any motives for objecting to Plaintiffs' properties, Nourmand testified, "I wanted the environment to be the environment. So I had a lot of environmental issues. I - - I had a lot of, you know, concerns." *First Nourmand Depo.* 188:22 25. He also later testified that his "concerns were environmental because I thought that it was going to be another party hotel. I thought that it was going to be another nuisance for the neighborhood. I

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

thought that it was going to cause traffic problems." *Second Nourmand Depo.* 452:10 14. Plaintiffs therefore have not provided a compelling basis to warrant excluding all evidence relating to Defendants' defense.

The Court **DENIES** Plaintiffs' fourth motion in limine.

> v.  *P Fifth MIL to Prevent Defendants from Introducing Evidence Regarding Complaints About Relevant and Other Projects*

Plaintiffs seek to prevent Defendants from offering testimony and other evidence about various complaints relating to Relevant and its other projects that were not at issue in the underlying CEQA suits. *See P Fifth MIL* (i)  (ii); *see generally P Fifth MIL Reply*. Defendants rebut by arguing that the criticisms were part of the argument in the CEQA litigation and that the complaints are relevant to Defendants' motivations. *See P Fifth MIL Opp.* 1.

The Court finds inadmissible the evidence pointed out by Plaintiffs and any similar evidence. *See P Fifth MIL* (i):14 28, (ii):1 13. Even if the testimony may be relevant to Defendants' state of mind, any probative value is substantially outweighed by the danger of prejudice and misleading the jury. Proposed testimony like "I wanted the people to come to [*sic*] neighborhood where there won't be drug dealers, where there won't be people who are going to come over there and cause problems, hoodlum carry guns," and allegations that Plaintiff did "something illegal" is highly prejudicial and inflammatory without providing the jury with much of any probative value. *P Fifth MIL* (i):14 17, 24 26.

The Court thus **GRANTS** Plaintiffs' fifth motion in limine.

III.  Conclusion

For the foregoing reasons, the Court:

**GRANTS IN PART** and **DENIES IN PART** Defendants first motion in limine to Exclude/Limit Testimony of Tina Thomas.

Thomas may testify only on matters that embrace the ultimate issue, such as the indicia of meritless or malicious CEQA suits and her belief on whether some or all those indicia were present with Defendants suits. She may not opinion on whether the suits were brought "without regard to the merits" and to "injure a market rival."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

Thomas must refrain from opining on the subjective intent of Defendants.

Any testimony from Thomas must be framed as objective expert testimony and not as persuasive advocacy.

Thomas can speak on the pertinent financial matters, and so long as Plaintiffs can lay a proper foundation, Thomas may also speak about Relevant's specific finances.

**DENIES** Defendants second motion in limine to Exclude Opinions of Richard Grassetti.

**DENIES** Defendants' third motion in limine to Exclude/Limit Opinions of Joseph Anastasi.

**GRANTS in part** and **DENIES in part** Defendants' fourth motion in limine to Exclude/Limit Opinions of John Hekman.

Hekman may opine only on market conditions generally for the relevant area and the indicia of property value appreciation; he may not opinion specifically on the Sunset Landmark property and value.

**GRANTS** Plaintiffs' first motion in limine to Prevent Defendants from Admitting Evidence Relating to EB-5 Investor Visa Program.

**GRANTS in part** and **DENIES in part** Plaintiffs second motion in limine to Prevent Defendants from Admitting Witness Testimony of Other Objectors.

The existence of other lawsuits relating to Plaintiffs' properties is relevant and admissible only for Defendants to rebut causation. And calling ten witnesses is unduly cumulative; Defendants can instead introduce public records and other documentary evidence showing that other litigations or oppositions occurred to support the causation argument.

**DENIES** Plaintiffs' third motion in limine Witness Testimony Regarding Sunset Landmark Tenant Complaints.

The testimony is admissible so long as Defendants can lay a foundation to support that the complaints were known to Defendants within the relevant time period.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | December 9, 2022 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

**DENIES** Plaintiffs' fourth motion in limine to Prevent Defendants from Introducing Evidence Regarding the Motivations for Filing CEQA Suits.

**GRANTS** Plaintiffs' fifth motion in limine to Prevent Defendants from Introducing Evidence Regarding Complaints About Relevant and Other Projects.