UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | January 20, 2023 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order VACATING the trial date and ORDERING supplemental briefing.

Although this case is set for trial on January 26, 2023, the Court now finds it appropriate to reconsider its summary judgment order. The Court thus sua sponte **VACATES** the trial date and **ORDERS** the parties to file supplemental briefing and related documents as outlined in this order.

The Court does not take this step lightly. The Court acknowledges that the parties have litigated this case for over three years and that the Court has issued several substantive orders, including a detailed summary judgment order. *See generally* Dkts. # 39, 114, 167, 246. But this case presents important and complex legal issues regarding the *Noerr-Pennington* defense and civil RICO liability that the Court now believes should be reevaluated—or at least clarified. The Court has come to this determination after in-person discussions with the parties' counsel and the Court's own pre-trial preparation.

I.   Legal Standard

The Ninth Circuit "ha[s] held that a district court may reconsider its prior rulings so long as it retains jurisdiction over the case." *United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004). "The general rule regarding the power of a district court to rescind an interlocutory order is as follows: As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citation omitted) (emphasis deleted). "District courts in this circuit have applied *Santa Monica Baykeeper* and *Smith* liberally in holding that a district court has authority to review any order prior to final judgment or appeal of the issue to be reviewed." *In*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | January 20, 2023 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

*re Northrop Grumman Corp. ERISA Litig.*, CV 06-06213 MMM (JCx), 2010 WL 11469724, at *16 (C.D. Cal. Aug. 12, 2010) (collecting cases). "Thus, all rulings of a trial court are subject to revision at any time before the entry of judgment." *Laub v. Horbaczewski*, CV 17-06210 JAK (KS), 2019 WL 2610951, *4 (C.D. Cal. Apr. 29, 2019).

II.   Discussion

As stated above, the Court finds that reconsideration of the Court's previous summary judgment order is proper under the circumstances. As outlined below, the Court wishes to revisit certain aspects of the *Noerr-Pennington* defense and the RICO cause of action.

   A.   *Noerr-Pennington* and RICO

"Under the *Noerr-Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *United States v. Koziol*, 993 F.3d 1160, 1171 (9th Cir. 2021) (quoting *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006)) (cleaned up). "The constitutional right to petition includes the right of access to the courts and therefore most litigation activities (including pre-suit demands) are immunized from statutory liability." *Id.* The defense, however, does not protect sham petitions. *Id.*

The Ninth Circuit has identified three circumstances in which the sham litigation exception might apply. *See Sosa*, 437 F.3d at 938; *see also Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998). Two of those circumstances are relevant here, and the parties disagree on the correct test to apply.

If a defendant is accused of bringing a single sham lawsuit (or a small number of such suits), the plaintiff must show the following: (1) the lawsuit was objectively baseless, meaning that "no reasonable litigant could realistically expect success on the merits," and (2) the defendant's motive in bringing the lawsuit was unlawful. *Koziol*, 993 F.3d at 1171 (quoting *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993)); *see also Kottle*, F.3d at 1060; *Amarel v. Connell*, 102 F.3d 1494 (9th Cir. 1996), *as amended* (Jan. 15, 1997).

But if a defendant is accused of bringing a whole series of legal proceedings, a different test applies. *Amarel*, 102 F.3d at 1518–19. "[T]he question is not whether any one of the legal proceedings has merit . . . but whether they are brought pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival." *USS-*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | January 20, 2023 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

*POSCO Indus. v. Contra Costa Cnty. Bldg. & Const. Trades Council, AFL-CIO*, 31 F.3d 800, 811 (9th Cir. 1994). "In other words, we must ask, 'were the legal filings made, not out of a genuine interest in redressing grievances, but as part of a pattern or practice of successive filings undertaken essentially for purposes of harassment.'" *Amarel*, 102 F.3d at 1519 (quoting *USS-POSCO Indus.*, 31 F.3d at 811).

There appears to be no bright-line rule on how many lawsuits are needed to trigger the "series" sham lawsuit test. But the Ninth Circuit has held that two lawsuits do not constitute a "series" or "pattern" sufficient to invoke the test. *See Amarel*, 102 F.3d at 1519. In reaching its decision, the *Amarel* court refrained from defining the exact number of legal proceedings needed to allege a "series" or "pattern" of litigation as required in *USS-POSCO Industries*; but it did explicitly distinguish *USS-POSCO Industries*, which involved 29 legal proceedings. *See Amarel*, 102 F.3d at 1519. Other courts have also sought to line-draw to some extent on how many lawsuits are needed to achieve a "series" or "pattern." *See, e.g.*, *ERBE Elektromedizin GmbH v. Canady Tech. LLC*, 629 F.3d 1278, 1291–92 (Fed. Cir. 2010) (holding that three lawsuits did not implicate the test for "a whole series of legal proceedings").

Here, Relevant appears to point to only three lawsuits brought by Defendants against Relevant's subsidiary entities, *see* Dkt. # 167 at 4–5, and so the Court would like additional briefing on which sham litigation test applies and whether a triable issue of fact exists as to whether Defendants' purported conduct invokes the exception. Specifically, if the "single" sham lawsuit test applies, the Court would like briefing on how triable issues of fact exist on the objective baselessness of Defendants' three lawsuits where two settled and one received a remand to the city for reconsideration. *See* Dkt. # 167.

Further, if some or all of the lawsuits cannot qualify as sham litigation, the parties should discuss how that determination affects RICO liability in this case. Specifically, the Court would like the parties to discuss how such a ruling affects the predicate-act requirement of RICO and the *Noerr-Pennington* defense. In that discussion, the parties should address, in detail, relevant caselaw, such as *United States v. Koziol*, 993 F.3d 1160 (9th Cir. 2021).

Finally, the Court would like Plaintiffs to specify what predicate acts they intend to prove at trial. Plaintiffs' previous summary judgment briefing seems to hedge on what the predicate acts are, while the joint proposed pretrial order states that the predicate acts are "at least two predicate acts of extortion (e.g., Thompson/Tommie) or attempted extortion (e.g. Selma Wilcox) under the Hobbs Act or California law." Dkt. # 187-1. The Court and the parties must know with clarity what Plaintiffs intend to prove at trail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-05019 PSG (KSx) | Date | January 20, 2023 |
|---|---|---|---|
| Title | Relevant Group, LLC et al v. Stephan Nourmand et al | | |

While the Court recognizes the parties' interests in promptly resolving this matter, the Court believes those interests are outweighed by the circumstances of this case. The issues identified in this order are complex and important and require a second look to ensure that the law is correctly interpreted and applied. It is also in the interests of justice that these issues are clarified for the parties, the Court, and a jury should the case proceed to trial.

III.     Conclusion

For the foregoing reasons, the Court sua sponte **VACATES** the trial date set for January 26, 2023, and **ORDERS** the parties to file simultaneous supplemental briefing. Each party shall file a supplemental brief, not to exceed 25 pages, by **February 23, 2023**, addressing the matters outlined above. Each party may then file an optional response, not to exceed 15 pages, no later than **March 23, 2023**. The Court sets a hearing on the matter for **April 27, 2023, at 1:30pm**.

The parties must also file new statements of undisputed facts and any other evidence or documents relevant to the particular matters discussed above.

**IT IS SO ORDERED.**