| | |
|---|---|
| 1 | **NORTON ROSE FULBRIGHT US LLP**<br>JAMES H. TURKEN (BAR NO. 89618) |
| 2 | CHRISTOPHER K. PELHAM (BAR NO. 241068)<br>NEIL P. THAKOR (BAR NO. 308743) |
| 3 | 555 South Flower Street<br>Forty-First Floor |
| 4 | Los Angeles, CA 90071<br>Telephone:  (213) 892-9200 |
| 5 | Facsimile:   (213) 892-9494<br>james.turken@nortonrosefulbright.com |
| 6 | christopher.pelham@nortonrosefulbright.com<br>neil.thakor@nortonrosefulbright.com |
| 7 | |
| 8 | Attorneys for Defendants,<br>STEPHAN "SAEED" NOURMAND, and THE |
| 9 | SUNSET LANDMARK INVESTMENT LLC |

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC, a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; and DOES 1-10,<br><br>Defendants. | Case No. 2:19-cv-05019-PSG-KSx<br>*[Assigned to the Hon. Philip S. Gutierrez]*<br><br>**DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S SUPPLEMENTAL STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT**<br><br>*[Supplemental Brief in Support of Motion for Summary Judgment; Declaration of Neil P. Thakor Filed Concurrently Herewith]*<br><br>Date: April 27, 2023<br>Time: 1:30 pm<br>Place: Courtroom 6A<br><br>Complaint Filed: June 10, 2019<br>TAC Filed:  September 14, 2021<br>Trial Date:  TBD |

134810887.4

Pursuant to Local Rule 56-1, Defendants Stephan "Saeed" Nourmand and The Sunset Landmark Investment LLC hereby submit the following Supplemental Statement of Undisputed Facts in Support of their Supplemental Brief in support of their Motion for Summary Judgement. All references to exhibits are attached to the Declaration of Neil P. Thakor.

## STATEMENT OF UNDISPUTED MATERIAL FACTS:

| Undisputed Facts | Supporting Evidence |
|---|---|
| 1. Sunset Landmark Investment, LLC owns the historic Hollywood Athletic Club Building located at 6525 Sunset Blvd, Los Angeles, CA 90028. Sunset's principal is Stephan "Saeed" Nourmand. | Previously undisputed. *See* ECF No. 141, SSUF 1. |
| 2. Except for the three lawsuits challenging Plaintiffs' hotels, Sunset has never filed a CEQA petition its 30-year history. | ECF No. 121-2, ¶ 10. |
| 3. Relevant has been involved in the development of at least nine separate projects in Hollywood in the past ten years. | Previously undisputed. *See* ECF No. 141, SSUF 8. |
| 4. Eight of Relevant's developments are within one block of Sunset's business. | Thakor Decl., Ex. W. p 656. |
| 5. Relevant touts that it has "transformed the fabric of Hollywood" with its projects. | Thakor Decl., Ex. X., p. 658 |

- 1 -

DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S SUPPLEMENTAL STATEMENT OF UNCONTROVERTED FACTS

DOCUMENT PREPARED ON RECYCLED PAPER

| Undisputed Facts | Supporting Evidence |
|---|---|
| 6. On February 23, 2015, the City of Los Angeles (the "City") issued a Notice of Public Hearing for the Thompson Hotel inviting Sunset Landmark to attend the hearing and provide comments on the Thompson hotel. | Thakor Decl., Ex. A, p. 41. |
| 7. On September 9, 2015, Sunset filed objections to the Thompson Hotel on the grounds that the hotel would have a significant impact on traffic and noise, exceeded proper density under zoning laws, and that the project was incompatible with the neighborhood aesthetic. | Thakor Decl., Ex. B, p 78. |
| 8. At least 16 other persons opposed the Thompson hotel project on the grounds that the hotel would increase traffic and noise, exceeded proper density, that an EIR was required for a project of this size, and that the project was incompatible with the neighborhood. | Thakor Decl., Ex. D, p. 118-119. |
| 9. On January 11, 2016, Sunset filed an appeal challenging the City's approval of the Thompson Hotel. | Thakor Decl., Ex. C. |
| 10. Four other persons supported Sunset's appeal on the record. | Thakor Decl., Ex. B, p. 89, 92, 94. |

| Undisputed Facts | Supporting Evidence |
|---|---|
| 11. Sunset's appeal was brought on the grounds that the hotel would increase traffic and noise, exceeded the proper density and height of the zoning in the neighborhood, and would change the aesthetic of the neighborhood. | Thakor Decl., Ex. C. |
| 12. David Carrera filed an appeal claiming the Thompson hotel would have significant noise impacts, was improperly piecemealed and exceeded the proper density and height of the zoning in the neighborhood. | Thakor Decl., Ex. E, p. 123-125. |
| 13. Frances Offenhauser filed an appeal claiming the Thompson hotel improperly exceeded the proper density and height of the zoning in the neighborhood as well as that there may be "adverse environmental effects." | Thakor Decl., Ex. E., 130-131. |
| 14. On March 6, 2016, Sunset filed a Verified Petition For Writ of Mandate against the City of Los Angeles challenging the approval of the Thompson Hotel Project. | Previously undisputed. *See* ECF No. 141, SSUF 19. |
| 15. The Thompson action was litigated for over 18 months. | Previously undisputed. *See* ECF No. 141, SSUF 21. |
| 16. Four separate law firms defended the | Thakor Decl., Ex. H, p. 179. |

| Undisputed Facts | Supporting Evidence |
|---|---|
| approval of the Thompson hotel: (1) Sheppard Mullin Richter & Hampton LLP, (2) Jeffer Mangels Butler & Mitchell LLP (representing Wilcox); as well as (3) Remy Moose Manley LLP; and (4) Goldfarb Lipman, LLP representing the City of Los Angeles. | |
| 17. Trial was set for August 25, 2017. | Previously undisputed. ECF No. 141, SSUF 70. |
| 18. On August 24, 2017, Judge Fruin issued a tentative ruling denying the City of Los Angeles' Motion to Augment The Administrative Record. | Thakor Decl., Ex. G. |
| 19. In the tentative ruling, Judge Fruin stated the Motion had "significance on the parties' arguments on the merits," that the City of Los Angeles withheld "significant information" from the public on the Thompson hotel, and that Sunset's rights under CEQA were prejudiced. | Thakor Decl., Ex. G. |
| 20. On August 24, 2017, approximately three hours after the tentative ruling, the parties reached an agreement in principle to resolve the Thompson and Tommie actions. | Previously undisputed as to timing. *See* ECF No. 141, SSUF 27. |

| Undisputed Facts | Supporting Evidence |
|---|---|
| 21. On August 25, 2017, Relevant's counsel, Arthur Friedman, reported to Judge Fruin that he was "pleased" to announce there was an agreement-in-principle to settle. Freidman reported the settlement included a "financial component" and "some modification of the design of the building." | Thakor Decl., Ex. H., p. 182-183, Tr. 2:9-5:3. |
| 22. The trial was stayed at Relevant's request. | Thakor Decl., Ex. H, p. 182, Tr. 2:11-13. |
| 23. On September 14, 2017, Relevant sent Sunset the first draft of the settlement agreement. It contained a provision stating Relevant was entering the agreement "without duress or undue influence on the part of or on behalf of the other Party or any other person or entity." | Thakor Decl., Ex. TT, p. 785, §11.3. |
| 24. From August 25, 2017, to January 8, 2018, the parties negotiated the terms of the settlement agreement, exchanging approximately eight redlines. | Thakor Decl., Ex. UU, p. 842-43, 845-51. |
| 25. On January 8, 2018, the parties executed a settlement agreement to resolve the Thompson and Tommie actions. The same consideration was | Thakor Decl., Ex. J; Thakor Decl., Ex. K. |

| Undisputed Facts | Supporting Evidence |
|---|---|
| provided for both agreements. | |
| 26. The Thompson agreement contained a provision stating "this Agreement shall not be complete until and unless Wilcox meets its obligations set forth in a contemporaneously executed settlement agreement between Sunset and Tommie." | Thakor Decl., Ex. J, p. 213, §1. |
| 27. The Tommie agreement contained a provision stating "this Agreement shall not be complete until and unless Wilcox meets its obligations set forth in a contemporaneously executed settlement agreement between Sunset and Wilcox." | Thakor Decl., Ex. K, p. 242, §1. |
| 28. Both agreements contained mutual releases for any claims relating to, arising out of, or in any way stemming from the underlying litigation, as well as a waiver releasing unknown claims under California Code of Civil Procedure section 1542. | Thakor Decl., Ex. J, p. 217, 218. Thakor Decl., Ex. K, p. 244. |
| 29. Both agreements contained boldface representations that both parties had a chance to consult with legal counsel. | Thakor Decl., Ex. J, p. 221. Thakor Decl., Ex. K, p. 248. |
| 30. As consideration for the agreements, Sunset granted Tommie a temporary | Thakor Decl., Ex. K, p. 243, §4 Thakor Decl., Ex. VV. |

DOCUMENT PREPARED ON RECYCLED PAPER

| Undisputed Facts | Supporting Evidence |
|---|---|
| five-year easement and a tieback agreement that allowed it to excavate under Sunset's parcel of land to "assist with the construction of the Tommie Hotel." | |
| 31. On January 13, 2016, the City sent a Notice of Public Hearing to Sunset as a neighboring land owner inviting it to comment on the Tommie hotel. | Thakor Decl., Ex. L, p. 276. |
| 32. On January 25, 2017, Sunset filed objections to the Tommie hotel. | Thakor Decl., Ex. O, p. 356, ¶ 14. |
| 33. On February 15, 2017, Sunset filed an appeal challenging the approval of the Tommie hotel. | Thakor Decl., Ex. O, p. 357, ¶ 16. |
| 34. At least, five other persons or entities filed objections or appeals to the Tommie hotel on one or more of the following grounds: there would be a significant impact of construction noise, operational noise, traffic and air quality; that the hotel's excessive density was improper under zoning regulation, and a general failure of the City to properly review the project. | Thakor Decl., Ex. M, p. 279 (Mama Wilcox), p. 281-283 (LAUSD), p. 286-88 (Hollywood Heritage), p. 289 (Maddren), p. 300 (Farmer). |
| 35. On June 9, 2017, Sunset filed a Petition For Writ of Mandate | Thakor Decl., Ex. N, ¶74, ¶¶ 84-100. |

- 7 -

DOCUMENT PREPARED ON RECYCLED PAPER

| Undisputed Facts | Supporting Evidence |
|---|---|
| challenging the approval of the Tommie Hotel on the grounds that the density of the Tommie hotel exceeding zoning requirements, and that there was a substantial evidence that the Tommie hotel was improperly piecemealed, and would have a significant impact on noise, traffic, air quality, and traffic, among other things. | |
| 36. On June 8, 2017, Lauren "Elle" Farmer filed a Petition against the Tommie Hotel (the "Farmer petition"). | Thakor Decl., Ex, O, Lauren "Elle" Farmer Petition. |
| 37. On June 8, 2017, Mama Wilcox, LLC filed a petition against the Tommie Hotel (the "Mama Wilcox petition"). | Thakor Decl., Ex. P, Mama Wilcox Petition. |
| 38. The Mama Wilcox petition opposed the Tommie hotel on the grounds the hotel would have a significant impact on noise, traffic, air quality, and GHG emissions. | Thakor Decl., Ex. P, p. 385, ¶ 39. |
| 39. The Farmer petition cited Sunset's objections and appeals to the City of Los Angeles and incorporated them all by reference into its petition. The Farmer petition also challenged the Tommie hotel for violating zoning regulations | Thakor Decl., Ex, O., p. 356, ¶¶ 14, 16, 25- 35. |

| Undisputed Facts | Supporting Evidence |
|---|---|
| and having significant impacts on noise, traffic and air quality. | |
| 40. In July 2018, Tommie settled the Mama Wilcox action. | Previously undisputed. *See* ECF No. 141, SSUF 40. |
| 41. On January 8, 2019, Farmer won an injunction at trial on the grounds that the Tommie hotel project had a significant impact on construction and operational noise that was not properly mitigated. | Thakor Decl., Ex. Q, p. 415. |
| 42. In support of its ruling, the trial court cited, in part, Sunset's January 25, 2017 objection letter (AR 2485) as evidence that the Tommie hotel would have a significant impact on noise. | Thakor Decl., Ex. Q, p. 407; Thakor Decl., Ex. Y (Sunset's January 25, 2017 submission), p. 680. |
| 43. In April 2019, Tommie settled the Farmer action. | Previously undisputed. *See* ECF No. 141, SSUF 42. |
| 44. On March 6, 2018 the City of Los Angeles issued a Notice of Public Hearing to Sunset for the Selma Hotel inviting it to comment as a neighboring land owner. | Thakor Decl. Ex. S, p. 435. |
| 45. Five other persons opposed the Selma Hotel on the grounds that there would be a significant impact on noise and traffic, that the project was excessively dense in light of zoning, and | Thakor Decl., Ex. T, p. 462-466 (Olbrei); p. 471-474 (Maddren); p. 479 (Farmer); p. 500 (Carerra); Thakor Decl., Ex. U. |

| Undisputed Facts | Supporting Evidence |
|---|---|
| that the project was being improperly piecemealed. | |
| 46. On April 2, 2019 Sunset filed a Petition for Writ of Mandate against the Selma hotel. | Previously undisputed. *See* ECF No. 141, SSUF 50. |
| 47. On April 4, 2019, Casey Maddren filed a Petition for Writ of Mandate against the Selma hotel. | Previously undisputed. *See* ECF No. 141, SSUF 51. |
| 48. On January 18, 2020, the trial court issued an interlocutory order on Sunset's petition remanding the Selma action back to the City. | Thakor Decl., Ex. V, p. 645, 654 |
| 49. To this day, the City has not corrected the errors identified by the trial court. The Selma action remains remanded to the City. | Thakor Decl., Ex. I ("Selma Docket") |
| 50. On August 3, 2018, the City approved another hotel development project located near the HAC (the "Schrader hotel"). | Previously undisputed. *See* ECF No. 141, SSUF 56. |
| 51. At the time, the Schrader hotel was not a project owned by Relevant. | *See* ECF No. 89 (Third Amended Complaint), ¶19. |
| 52. On August 10, 2018, Sunset appealed the approval of the Schrader hotel, objecting on the grounds it was another unnecessary "party hotel" that | Thakor Decl., Ex. ZZ, Rothman Tr. 63:15-24, 75:25-76:11. |

| Undisputed Facts | Supporting Evidence |
|---|---|
| would increase noise and traffic. | |
| 53. Sunset was not the only party that filed an appeal to the Schrader hotel. | Previously undisputed. *See* ECF No. 141, SSUF 81. |
| 54. The owners of the Schrader hotel and Sunset met to "figure out the best path forward" after Sunset filed its appeal. | Previously undisputed. *See* ECF No. 141, SSUF 58. |
| 55. After Schrader owners indicated that they did not intend to try to modify restrictions imposed by the City, and Sunset withdrew its appeal. There was no demand for money. | Thakor Decl., Ex. ZZ, Rothman Tr. 63:15-24, 75:25-76:11; 82:7-14, 84:3-11. |
| 56. In or around 2018, after Sunset's appeal was withdrawn, Relevant announced that it had acquired the Schrader Hotel project. | Thakor Decl., Ex. ZZ, Rothman Tr., 17:20 - 20:1. |
| 57. From 2015 to 2018, before and during the pendency of the litigations, Relevant made multiple efforts to convince Sunset to drop its opposition to the Thompson and Tommie hotels. | Previously unopposed. *See* ECF No. 141, SSUF; Thakor Decl., Ex. Z (Appendix 1) Thakor Decl., Exs. AA-XX. |
| 58. On March 9, 2015, Relevant's agent, John Tronson of Avison & Young, asked Sunset to meet with Relevant. | Thakor Decl., Ex. AA. |
| 59. On March 16, 2015, Relevant's agents asked Saeed Nourmand to "consider changing your position | Thakor Decl., Ex. BB. |

- 11 -

| Undisputed Facts | Supporting Evidence |
|---|---|
| regarding supporting, or at least not opposing, his project." | |
| 60. On April 28, 2015, Relevant's agent, Scott Campbell, asked to set up meeting between Sunset and Relevant so Relevant could show Sunset a PowerPoint presentation. | Thakor Decl., Ex. CC. |
| 61. On May 4, 2015, Relevant's agent, Scott Campbell, called Saeed Nourmand to set up a meeting with Relevant. | Thakor Decl., Ex. DD, p. 711 |
| 62. On May 5, 2015, Sunset met with Relevant to discuss the Thompson hotel project. | Thakor Decl., Ex. DD, Ex. EE. |
| 63. On January 9, 2016, Relevant's agent Scott Campbell, asked for another meeting with Saeed Nourmand. Saeed declined. | Thakor Decl., Ex. GG, p. 723. |
| 64. On January 20, 2016, Relevant set up a meeting with "a personal friend of Saeed." | Thakor Decl., Ex. FF, p. 718. |
| 65. On February 17, 2016, Relevant asked for another meeting with Saeed Nourmand. Saeed declined. | Thakor Decl., Ex. HH, p. 725. |
| 66. On October 6, 2016, Relevant obtained Saeed's email and cell phone number to personally contact him. | Thakor Decl., Ex. II, p. 727. |

DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S SUPPLEMENTAL STATEMENT OF UNDISPUTED FACTS

| Undisputed Facts | Supporting Evidence |
|---|---|
| 67. On October 10, 2016, Relevant's principal, Richard Heyman, emailed Saeed Nourmand asking to meet in person. Heyman stated in his email he recognizes Saeed Nourmand had "good intentions" and asked "if modifying our building design works for you." Saeed did not respond to the offer. | Thakor Decl., Ex. JJ, p. 732-33. |
| 68. On December 7, 2016, Relevant sent Sunset a letter stating again that Sunset had "good intentions" and that it would "gladly prepare a short settlement agreement." The letter also requested another meeting. | Thakor Decl., Ex. KK, p. 735. |
| 69. On December 12, 2016, Relevant's agent, Scott Campbell, encouraged Saeed Nourmand to reach out to Relevant, but reported that Saeed seemed "reticent to reach out directly to Heyman." | Thakor Decl., Ex. LL, p. 738. |
| 70. On March 31, 2017, Richard Heyman texted Saeed Nourmand about settlement. | Thakor Decl., Ex. MM, p. 740. |
| 71. On April 2, 2017, Richard Heyman asked Saeed Nourmand to "Pls counter" and that he was "happy to meet to | Thakor Decl., Ex. MM, 741. |

DOCUMENT PREPARED ON RECYCLED PAPER

| Undisputed Facts | Supporting Evidence |
|---|---|
| discuss a win-win." | |
| 72. On April 21, 2017, Sunset provided 12 discussion points that could form the basis of a settlement. | Thakor Decl., Ex. NN. |
| 73. On May 3, 2017, Relevant rejected 7 of the 12 discussion points and offered to "discuss" the other 6 points. | Thakor Decl., Ex. OO. |
| 74. On June 15, 2017, Relevant asked Sunset for a meeting with its corporate counsel, Guy Maisnik. | Thakor Decl., Ex. PP, p. 762-763. |
| 75. On June 23, 2017, Maisnik asked Sunset's counsel, Jay Patel, for another meeting. | Thakor Decl., Ex. PP, 761. |
| 76. From July 13, 2017, Patel sent Relevant a counter-offer. | Thakor Decl., Ex. QQ. |
| 77. On July 14, 2017, Maisnik requested that Tommie be included in a "global settlement." | Thakor Decl., Ex. PP, p .750. |
| 78. On July 17, 2017, Mainsik sent a counter-offer to Sunset. | Thakor Decl., Ex. RR. |
| 79. On August 17, 2017, Maisnik asked Patel about the status of settlement negotiations. | Thakor Decl., Ex. SS, p. 777 |
| 80. On August 24, 2017, the parties met and reached a settlement which was executed on January 8, 2018. | *See* SSUF 20-24. |

- 14 -

| Undisputed Facts | Supporting Evidence |
|---|---|
| 81. On January 11, 2018, Relevant recorded the Temporary Tieback Easement Agreement with the City of Los Angeles. | Thakor Decl., Ex. VV. |
| 82. On March 18, Heyman sent a text to Saeed Nourmand inviting him to lunch as a "thank you," and "to express how glad I am we have resolved our issues." | Thakor Decl., Ex. WW |
| 83. Saeed Nourmand accepted the invitation, and the meeting took place about 10 days later on the roof of the Dream Hotel. | Thakor Decl., Ex. WW. |

Dated: February 23, 2023

**NORTON ROSE FULBRIGHT US LLP**

By */s/ Christopher K. Pelham*
    CHRISTOPHER K. PELHAM
    Attorneys for Defendants
    THE SUNSET LANDMARK
    INVESTMENT, LLC, and STEPHEN
    "SAEED" NOURMAND

- 15 -
DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S SUPPLEMENTAL STATEMENT OF UNDISPUTED FACTS

DOCUMENT PREPARED ON RECYCLED PAPER