Patrick M. Maloney – CSBN 197844
Gregory M. Smith – CSBN 259971
Elizabeth T. Schaus – CSBN 272258
**THE MALONEY FIRM, APC**
2381 Rosecrans Avenue, Suite 405
El Segundo, California 90245
T: 310-540-1505 | F: 310-540-1507
E: pmaloney@maloneyfirm.com
E: gsmith@maloneyfirm.com
E: eschaus@maloneyfirm.com

Attorneys for Defendant,
NOURMAND & ASSOCIATES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC, a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10,<br><br>Defendants. | Case No.:  2:19-cv-05019 PSG(KSx)<br>Judge:    Hon. Philips S. Gutierrez<br>Dept.:    Courtroom 6A, 6th Floor<br>Filed:    June 10, 2019<br><br>**DEFENDANT, NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF COURT-ORDERED SUPPLEMENTAL BRIEF RE: RECONSIDERATION OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant NOURMAND & ASSOCIATES ("N&A") hereby submits the following Statement of Uncontroverted Facts and Conclusions of Law in Support of its Court-Ordered Supplemental Brief re: Reconsideration of Defendants' Motions for Summary Judgment.

## STATEMENT OF UNCONTROVERTED FACTS:

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| 1. In the past ten years, Relevant-affiliated companies have developed several properties within one block of the Hollywood Athletic Club, including the hotel development projects at issue in this litigation: the Thompson Hotel, Tommie Hotel, and Selma Hotel. | TAC, ¶ 23; Declaration of Elizabeth Schaus ("Schaus Decl."), Exhibit A, King Transcript, 81:18-24. |
| 2. N&A is a residential real estate brokerage. | Declaration of Michael Nourmand[1] ("Michael Decl."), ¶ 2. |
| 3. N&A does not engage in either residential or commercial real estate development. | Michael Decl., ¶ 2. |
| 4. N&A was not a party to the Thompson, Tommie or Selma | Michael Decl., ¶ 11. |

---

[1] Dkt. 123-4 and resubmitted concurrently with N&A's Supplemental Brief.

0020617000206170.docx        2

| | | |
|---|---|---|
| | CEQA lawsuits filed by Sunset. | |
| | 5. N&A was not a party to the settlements of the Thompson or Tommie CEQA lawsuits filed by Sunset. | Michael Decl., ¶ 12. |
| | 6. N&A did not receive any financial or other benefits from the Thompson, Tommie or Selma CEQA lawsuits filed by Sunset, or the settlements. | Michael Decl., ¶¶ 16-17. |
| | 7. Prior to forming Sunset, Saeed Nourmand founded N&A, but over twelve years ago he relinquished all operational control of N&A to his son, Michael Nourmand, as well as his ownership interest in the company. | Michael Decl., ¶¶ 1, 4-5. |
| | 8. Sunset filed a Verified Petition for Writ of Mandate against the City of Los Angeles challenging the City's approval of the Thompson Hotel Project, including the approval of an MND for the project. | Request for Judicial Notice ("RJN"), Ex. 1. |
| | 9. Sunset filed a Petition for Writ of Mandate against the City, | RJN, Ex. 2. |

0020617000206170.docx        3

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF COURT-ORDERED SUPPLEMENTAL BRIEF RE: RECONSIDERATION OF DEFENDANTS MOTIONS FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | challenging the City's approval of the Thompson Hotel Project, including approval of an MND for the project ("Tommie Lawsuit"). | |
| | 10. Lauren "Elle" Farmer filed a petition against the Tommie Hotel which also challenged, among other things, the City's approval of an MND for the project. | RJN, Ex. 3. |
| | 11. Mama Wilcox, LLC, the owner of another newly built neighboring hotel, also filed a petition challenging the approval of the Tommie Hotel, including the City's approval of an MND for the project. | RJN, Ex. 4. |
| | 12. Plaintiffs settled the Thompson Lawsuit and the Tommie Lawsuit with Sunset, and executed settlement agreements pursuant to which they entered into covenants to reduce the hotels' environment impact and paid $5.5M to Sunset. | Schaus Decl., Exhibits B-C (Thompson Settlement Agreement, Tommie Settlement Agreement). |
| | 13. During the settlement negotiations, Richard Heyman, a | Schaus Decl., Exhibit D. |

0020617000206170.docx            4

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF COURT-ORDERED SUPPLEMENTAL BRIEF RE: RECONSIDERATION OF DEFENDANTS MOTIONS FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | principal for Relevant, advised Saeed that Relevant was "willing to develop a solution in part because we recognize that you, like us, are a businessman with good intentions, and so we should be able to come to a common ground." | |
| | 14. The settlements were reached one day before trial in the Thompson Lawsuit, after a tentative ruling was issued by the Court denying an ex parte motion by the City to augment the administrative record. | Schaus Decl., Exhibit E, Guy Maisnik email to Jayesh Patel re: settlement agreement in principal; RJN, Exhibit 5. |
| | 15. The motion was filed after Sunset's attorneys discovered that the City analyzed an out-of-date version of the hotel plans, which had the building facing the opposite direction and failed to include the two planned rooftop bars. | RJN, Ex. 5, August 24, 2017 Tentative Ruling. |
| | 16. In the tentative ruling, the Court stated that the motion was "intertwined with fair notice," that "the City did not follow | RJN, Ex. 5, August 24, 2017 Tentative Ruling. |

| | | |
|---|---|---|
| | standard procedures to inform the public of the design changes," and these facts implicated "the issue…[of] whether the City's failure to tell the public of the design changes in the Project as submitted to the CPC has prejudiced petitioners' rights under CEQA." | |
| 17. | Sunset filed a Verified Petition for Writ of Mandamus against the City, challenging the City's approval of the Selma Wilcox Hotel Project, including approval of an MND for the project ("Selma Lawsuit"). | RJN, Ex. 6. |
| 18. | Casey Maddren also filed a Verified Petition for Writ of Mandamus against the City, in pro per, also challenging the City's approval of a MND for the Selma Wilcox Project. | RJN, Ex. 7. |
| 19. | Maddren does not know, and has never spoken to, Saeed Nourmand. | Schaus Decl., Ex. F, Maddren Tr., 100:17-25. |
| 20. | Maddren filed his lawsuit of his own volition, believing it to be | Schaus Decl., Exhibit F, Maddren Tr. 101:18-102:4; 110:12-111:7-19; 97:16- |

0020617000206170.docx 6

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF COURT-ORDERED SUPPLEMENTAL BRIEF RE: RECONSIDERATION OF DEFENDANTS MOTIONS FOR SUMMARY JUDGMENT**

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| | | |
|---|---|---|
| | meritorious, and did not formulate any legal arguments with the assistance of Sunset's lawyers. | 21; 102:24-103:20; 104:9-106:7. |
| | 21. The Trial Court ultimately disposed of the Selma Lawsuit by issuing an interlocutory writ and order of remand ("Order"), finding that "Sunset has presented substantial evidence supporting a fair argument that the Project may have significant effects on air quality. As such, the City's decision to adopt an MND was an abuse of discretion." | RJN Ex. 8, Order re: Petitions for Writ of Mandate at pg. 65 and Interlocutory Writ and Order of Remand, pgs. 1-2. |
| | 22. The Order remanded the Selma Hotel Project to the City for further proceedings. The Order required a public hearing, allowed the City to consider and accept additional evidence and to prepare an environmental impact report or submit a return setting forth clarifications to its analysis and findings. | RJN Ex. 8, Order re: Petitions for Writ of Mandate at pgs. 56, 65, 74, and Interlocutory Writ and Order of Remand, pgs. 1-2. |
| | 23. In the *Farmer* Case, the Court held that "the MND is defective, | RJN Ex. 9. |

0020617000206170.docx    7

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF COURT-ORDERED SUPPLEMENTAL BRIEF RE: RECONSIDERATION OF DEFENDANTS MOTIONS FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | and cannot be upheld," and granted the writ as to the first cause of action. | |
| | 24. In addition to Farmer, Mama Wilcox and Maddren, numerous others initiated CEQA challenges concerning the Tommie, Thompson, and Selma projects, including: Unite Here Local 1l; Alexis Olbrei; Southwest Carpenters; Fran Offenhauser; Hollywood Heritage; and David Carrera. | Schaus Decl., Exhibit G, Plaintiffs' Supplemental Responses to Sunset Landmark's First Set of Interrogatories, No. 1. |
| | 25. In 2019, the City approved a hotel development called the Schrader Hotel, owned by another development company ("Schrader Owners"), and not by Plaintiffs. | TAC, ¶ 16. Schaus Decl., Ex. H, Rothman Tr., 89:1-91:15 |
| | 26. Sunset filed an administrative appeal challenging the approval of the Shrader Hotel Project. | TAC, ¶ 16. |
| | 27. Sunset met with the Schrader Owners to discuss Sunset's concerns regarding the development. After the Schrader Owners indicated that they did | Schaus Decl., Ex. H, Rothman Tr. 63:15-24, 75:25-76:11. |

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

> not intend to try to modify restrictions imposed by the City, Sunset withdrew its appeal and did not file a CEQA lawsuit.

## CONCLUSIONS OF LAW

Based upon the foregoing Statement of Uncontroverted Facts, this Court should make the following Conclusions of Law:

- N&A is immune to Plaintiffs' claims under the *Noerr-Pennington* doctrine.
- The sham litigation exception to *Noerr-Pennington* immunity does not apply in this case.
- The Thompson Lawsuit and the related administrative level petitioning are part and parcel of a single predicate act of alleged extortion.
- The Tommie Lawsuit and the related administrative level petitioning are part and parcel of a single predicate act of alleged extortion.
- Plaintiffs cannot establish any triable issue of fact to show that the Thompson Lawsuit was a sham, and therefore it cannot be a predicate act of alleged extortion.
- Plaintiffs cannot establish any triable issue of fact to show that the Tommie Lawsuit was a sham, and therefore it cannot be a predicate act of alleged extortion.
- Plaintiffs cannot establish any triable issue of fact to show that the Selma Lawsuit was a sham, and therefore it cannot be a predicate act of alleged extortion.
- Plaintiffs cannot establish any triable issue of fact to show that any Defendant extorted or attempted to extort the owners of the Schrader Hotel;
- Plaintiffs cannot establish any triable issue of fact to show that any Defendant

0020617000206170.docx       9

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF COURT-ORDERED SUPPLEMENTAL BRIEF RE: RECONSIDERATION OF DEFENDANTS MOTIONS FOR SUMMARY JUDGMENT**

extorted or attempted to extort Plaintiffs by way of Casey Maddrens' CEQA lawsuit.

- Plaintiffs cannot establish any triable issue of fact to show that any Defendant is a market rival of Plaintiffs.

Dated: February 23, 2023

**THE MALONEY FIRM, APC**

By:    /s/ Elizabeth T. Schaus
Patrick M. Maloney, Esq.
Gregory M. Smith, Esq.
Elizabeth T. Schaus, Esq.
Attorneys for Defendant,
NOURMAND & ASSOCIATES

0020617000206170.docx    10

**DEFENDANT NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF COURT-ORDERED SUPPLEMENTAL BRIEF RE: RECONSIDERATION OF DEFENDANTS MOTIONS FOR SUMMARY JUDGMENT**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2381 Rosecrans Avenue, Suite 405, El Segundo, CA 90245.

I served true copies of the following document on the date listed below, described as **DEFENDANT, NOURMAND & ASSOCIATES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF COURT-ORDERED SUPPLEMENTAL BRIEF RE: RECONSIDERATION OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** on the interested parties in this action as follows:

## SEE SERVICE LIST

☐ For Collection. By placing a true copy(ies) thereof enclosed in a sealed envelope(s), to the address(es) listed above and by placing said sealed envelope(s) for collection and mailing on that date following ordinary business practices. I am "readily familiar" with the business practice for collection and processing of correspondence for mailing the U.S. Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☐ Overnight Delivery. By placing a true copy(ies) thereof enclosed in a sealed envelope(s) or package(s) to the address(es) listed above and placing said envelope(s) or package(s) for collection with delivery fees provided for.

☒ Electronic Service.
   ☐ Via e-mail transmission to the email address(es) listed herein.
   ☒ Electronic Service [CM/ECF]. Via electronic service to the email address(es)/registered participants with the CM/ECF System.

☐ Personal Delivery. I caused to be served by messenger for personal delivery that same day the foregoing documents in a sealed envelope to the persons at the address(es) listed above.

☒ State. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 23, 2023, at El Segundo, California.

_____
Marilyn Vigil

00206000

i

PROOF OF SERVICE

# SERVICE LIST

| | |
|---|---|
| Susan K. Leader, Esq.<br>Granville C. Kaufman, Esq.<br>Conor Tucker, Esq.<br>Mark Yohalem, Esq.<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>633 West Fifth Avenue, Suite 1550<br>Los Angeles, CA 90071-2027<br>T: (323) 210-2900 \| F: (866) 974.7329<br>E: sleader@wsgr.com<br>E: gkaufman@wsgr.com<br>E: ctucker@wsgr.com<br>E: mark.yohalem@wsgr.com | Attorneys for Plaintiffs<br>RELEVANT GROUP, LLC;<br>1541 WILCOX HOTEL, LLC;<br>6516 TOMMIE HOTEL, LLC:<br>6421 SELMA WILCOX HOTEL, LLC |
| Dale R. Bish, Esq.<br>Charles A. Talpa, Esq.<br>Karen Kwok, Esq.<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>T: (650) 493-9300 \| F: (650) 565-5100<br>E: dbish@wsgr.com<br>E: Sctalpas@wsgr.com<br>E: kkwok@wsgr.com | |
| James H. Turken, Esq.<br>Neil P. Thakor, Esq.<br>Phillip R. Di Tullio, Esq.<br>Christopher Pelham, Esq.<br>NORTON ROSE FULBRIGHT US LLP<br>555 South Flower Street, Forty-First Floor<br>Los Angeles, CA 90071<br>T: (213) 892-9200 \| (323) 892-9200<br>F: (213) 892-9494 \| (323) 892-9400<br>E: james.turken@nortonrosefulbright.com<br>E: neil.thakor@nortonrosefulbright.com<br>E: christopher.pelham@nortonrosefulbright.com | Attorneys for Defendants<br>STEPHEN "SAEED"<br>NOURMAND and<br>THE SUNSET LANDMARK<br>INVESTMENT, LLC |

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507