Patrick M. Maloney – CSBN 197844
Gregory M. Smith – CSBN 259971
Elizabeth T. Schaus – CSBN 272258
**THE MALONEY FIRM, APC**
2381 Rosecrans Avenue, Suite 405
El Segundo, California 90245
T: 310-540-1505 | F: 310-540-1507
E: pmaloney@maloneyfirm.com
E: gsmith@maloneyfirm.com
E: eschaus@maloneyfirm.com

Attorneys for Defendant
Nourmand & Associates

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC, a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 2:19-cv-05019 PSG(KSx)<br>Judge: Hon. Philips S. Gutierrez<br>Dept.: Courtroom 6A, 6th Floor<br>Filed: June 10, 2019<br><br>**DEFENDANT NOURMAND & ASSOCIATES' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' SUPPLEMENTAL SEPARATE STATEMENT OF UNCONTROVERTED FACTS**<br><br>[*Filed concurrently with Reply in Support of Supplemental Brief; and Response to Plaintiffs' Supplemental Separate Statement of Uncontroverted Facts*]<br><br>Date: April 27, 2023<br>Time: 1:30 p.m.<br>Place: Courtroom 6A |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Local Rule 56-1, Defendant Nourmand & Associates ("N&A") hereby submits the following Evidentiary Objections to Plaintiffs' Supplemental Separate Statement of Uncontroverted Facts.

| Objections to Declaration of Guy Maisnik [ECF 268-14] | |
|---|---|
| ¶ 3. "When I tried to have a meeting with Mr. Silverstein, my request was rebuffed." | Hearsay. Fed. R. Evid. 801. |
| ¶ 4. "During my many discussions with Mr. Patel, he never once discussed the merits of the CEQA lawsuits or claimed that they had merit. Rather, the sole point Mr. Patel repeatedly stated to me was that the projects could face significant delays if my clients did not cave to Sunset's demands and that they were confident that the projects would be delayed for years." | Hearsay. Fed. R. Evid. 801. |
| ¶ 8. "Mr. Patel stated that Sunset was concerned that if the Thompson and Tommie hotels were constructed, it would make it harder for Sunset to | Hearsay. Fed. R. Evid. 801. |

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

| | |
|---|---|
| develop its own property. Although Mr. Patel refused to provide any details regarding Sunset's development plans, he made it clear that such development would be on the parking lot to the north of the Hollywood Athletic Club. Mr. Patel also demanded that Relevant agree to support any such project that Sunset chose to develop on its property—sight unseen—while at the same time refusing to agree that Sunset would not oppose Relevant's future projects." | |
| **Objections to Declaration of Matthew Hinks [ECF 268-11]** ||
| ¶ 7. "[Mr. Silverstein] told me that Sunset's monetary demand was $2 million." | Hearsay. Fed. R. Evid. 801. |
| ¶ 7. "[Mr. Silverstein] responded that Sunset had expended only about $500,000 in attorney's fees at that point. He did not dispute that the remainder of Sunset's monetary demand was 'blood money.'" | Hearsay. Fed. R. Evid. 801. |

0020762800207628.docx 3

**DEFENDANT NOURMAND & ASSOCIATES' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' SUPPLEMENTAL SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| | | |
|---|---|---|
| 1 2 3 4 5 | ¶ 7.<br>Exhibit B, with respect to all purported statements attributed to Mr. Silverstein. | Hearsay. Fed. R. Evid. 801. |
| 6 7 8 9 10 11 12 13 | ¶ 9.<br>"Mr. Silverstein responded by saying that even if the City prepared and certified an EIR, Thompson could expect further delays because he would "come up with something else" to challenge. | Hearsay. Fed. R. Evid. 801. |
| 14 15 16 17 18 19 | ¶ 10.<br>"I understood Mr. Silverstein's statement to be a threat that Sunset would continue to challenge—and thus delay—the Thompson project even if the City prepared a full EIR." | Irrelevant. Fed. R. Evid. 401. |
| 20 | **Objections to Declaration of Richard Heyman [ECF 268-2]** | |
| 21 22 23 24 25 26 | ¶ 8.<br>"In response, Mr. Silverstein said even EIR was prepared, it wouldn't change their demands and that they would just 'find something else to challenge,' or words to that effect." | Hearsay. Fed. R. Evid. 801. |

| | |
|---|---|
| ¶ 8.<br><br>"I understood Mr. Silverstein's statement that 'he would just find something else to challenge' to be a threat that that even if we agreed to give Sunset Landmark what they were after in the CEQA suit, that they would find other ways to challenge the Thompson project in order to delay its construction." | Irrelevant. Fed. R. Evid. 401. |
| ¶ 13<br><br>"At that same time, we also had signed a Purchase Agreement for another hotel project located at 1600 Schrader Boulevard in Hollywood (the "Schrader Project"). The entitlement process for the Schrader Project was also underway, and the first public hearing was set to be held in July 2018." | Lacks foundation. Fed. R. Evid. 602.<br>Hearsay. Fed. R. Evid. 801. |
| ¶ 15.<br><br>"I understood his reference to 'you know the drill' to be a threat that he would continue to use CEQA challenges to extort money out of Relevant's projects." | Irrelevant. Fed. R. Evid. 401. |

| | | |
|---|---|---|
| 1 2 3 4 5 6 | ¶ 16.<br>"A few months later, in July 2018, Mr. Nourmand's company, Sunset Landmark, submitted an almost identical letter to the City challenging the Schrader Project." | Irrelevant. Fed. R. Evid. 401.<br>The Schrader Project was at all times owned by another developer and not by Relevant. |
| 7 8 9 10 11 12 | ¶ 16.<br>"Based on my lunch meeting with Mr. Nourmand, I understood that he would continue the opposition against the City unless and until we paid him a check." | Irrelevant. Fed. R. Evid. 401. |
| 13 14 15 16 | ¶ 17<br>In his email to me, Mr. Opman wrote: "Looks like [Saeed's] business plan is to make money off his neighbors." | Hearsay. Fed. R. Evid. 801. |
| 17 18 19 20 21 22 23 24 25 | ¶ 18.<br>"In September 2018, Relevant Group was obligated to make a final payment to KOAR to close on the Schrader or else lose our interest in the project." Because Relevant Group was under severe financial stress, we were unable to make our payment obligation and lost our interest in the Schrader Project | Lacks Foundation. Fed. R. Evid. 602. Hollywood International Regional Center ("HIRC"), and not Relevant Group, is the only signatory to the Purchase Agreement for the Schrader Project.<br><br>The Schrader Project was at all times owned by another developer and not by Relevant. |

| ¶ 19. "Within a month or two of Relevant Group losing its interest in the Schrader Project, Sunset Landmark withdrew its appeal." | Lacks Foundation. Fed. R. Evid. 602. HIRC, and not Relevant Group, is the only signatory to the Purchase Agreement for the Schrader Project. The Schrader Project was at all times owned by another developer and not by Relevant. |
|---|---|
| **Objections to Declaration of Laurent Opman [ECF 268-16]** ||
| ¶ 3. "Mr. Heyman told me that although the CEQA challenges were baseless, Mr. Nourmand was using the delay to create enormous financial pressure on Relevant." | Hearsay. Fed. R. Evid. 801. Lacks Foundation. Fed. R. Evid. 602. |
| ¶ 3. "Ultimately, he told me that Relevant had no choice but to pay Mr. Nourmand millions of dollars in order for him to drop the CEQA lawsuits against the City." | Hearsay. Fed. R. Evid. 801. Lacks Foundation. Fed. R. Evid. 602. |
| ¶ 5. "…Hollywood International Regional Center LLC ("HIRC"), an entity that I understood to be affiliated with Relevant Group…" | Lacks Foundation. Fed. R. Evid. 602. Speculation. |

| | |
|---|---|
| ¶ 6.<br>"Pursuant to the Purchase Agreement, HIRC paid a nonrefundable deposit of $1 million,…" | Lacks Foundation. Fed. R. Evid. 602.<br>Hearsay. Fed. R. Evid. 801. |
| ¶ 7.<br>"Mr. Heyman shared with me that, as he had done with the Thompson and the Tommie, Mr. Nourmand had requested a payment for the Selma project in exchange for dropping his CEQA challenge." | Hearsay. Fed. R. Evid. 801.<br>Lacks Foundation. Fed. R. Evid. 602. |
| ¶ 8.<br>"…and Relevant Group (through HIRC) had acquired an interest in that project via the Purchase Agreement." | Lacks Foundation. Fed. R. Evid. 602.<br>Hearsay. Fed. R. Evid. 801. |
| ¶ 10.<br>"The face of the letter made clear that Sunset Landmark had discovered the Schrader Project was associated with Relevant Group, as it referenced 'relationships with the owner group for the Dream Hotel and Tao Hotel,….'" | Lacks Foundation. Fed. R. Evid. 602. |
| ¶ 10.<br>"I was concerned that Mr. Nourmand would oppose the Schrader Project and attempt to extort money out of the | Irrelevant. Fed. R. Evid. 401. |

| | | |
|---|---|---|
| | project in exchange for dropping his CEQA challenge." | |
| | ¶ 11.<br><br>"…when I saw this letter from Mr. Nourmand's company, I believed that he would try to use his CEQA opposition to extort money out of the Schrader Project." | Irrelevant. Fed. R. Evid. 401. |
| | ¶ 13.<br><br>"The next month, Relevant Group did not make its closing payment to purchase the Schrader Property from KOAR." | Lacks Foundation. Fed. R. Evid. 602.<br><br>Hearsay. Fed. R. Evid. 801.<br><br>There is no foundation for the statement that Relevant Group, as opposed to HIRC, was ever entitled or obligated to make a closing payment to purchase the Schrader Property from KOAR. |
| | ¶ 15.<br><br>"I was also generally aware that Mr. Nourmand was planning to develop his own property on Sunset Boulevard." | Lacks Foundation. Fed. R. Evid. 602. |

0020762800207628.docx                    9

**DEFENDANT NOURMAND & ASSOCIATES' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' SUPPLEMENTAL SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| Objection to Declaration of Ali Rabbani [ECF 274] ||
|---|---|
| ¶ 75, Exhibit 73 / JX128 [Excerpts from the March 28, 2018, July 12, 2018, November 27, 2018 and March 5, 2019 Los Angeles City Planning Commission transcripts.] | Hearsay. Fed. R. Evid. 801. While the fact that the statements in the transcripts were made at a public hearing is not hearsay, all of the statements made therein are hearsay. |

Dated: March 23, 2023

**THE MALONEY FIRM, APC**

By: _/s/ Elizabeth Schaus_
Patrick M. Maloney, Esq.
Gregory M. Smith, Esq.
Elizabeth T. Schaus, Esq.
Attorneys for Defendant,
NOURMAND & ASSOCIATES

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

0020762800207628.docx            10
DEFENDANT NOURMAND & ASSOCIATES' EVIDENTIARY OBJECTIONS TO PLAINTIFFS'
SUPPLEMENTAL SEPARATE STATEMENT OF UNCONTROVERTED FACTS

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2381 Rosecrans Avenue, Suite 405, El Segundo, CA 90245.

I served true copies of the following document on the date listed below, described as **DEFENDANT NOURMAND & ASSOCIATES' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' SUPPLEMENTAL SEPARATE STATEMENT OF UNCONTROVERTED FACTS** on the interested parties in this action as follows:

**SEE SERVICE LIST**

☐ <u>For Collection</u>. By placing a true copy(ies) thereof enclosed in a sealed envelope(s), to the address(es) listed above and by placing said sealed envelope(s) for collection and mailing on that date following ordinary business practices. I am "readily familiar" with the business practice for collection and processing of correspondence for mailing the U.S. Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☐ <u>Overnight Delivery</u>. By placing a true copy(ies) thereof enclosed in a sealed envelope(s) or package(s) to the address(es) listed above and placing said envelope(s) or package(s) for collection with delivery fees provided for.

☒ <u>Electronic Service</u>.
  ☐ Via e-mail transmission to the email address(es) listed herein.
  ☒ Electronic Service [CM/ECF]. Via electronic service to the email address(es)/registered participants with the CM/ECF System.

☐ <u>Personal Delivery</u>. I caused to be served by messenger for personal delivery that same day the foregoing documents in a sealed envelope to the persons at the address(es) listed above.

☒ <u>State</u>. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 23, 2023, at El Segundo, California.

_____
Marilyn Vigil

# SERVICE LIST

| | |
|---|---|
| Susan K. Leader, Esq.<br>Granville C. Kaufman, Esq.<br>Conor Tucker, Esq.<br>Mark Yohalem, Esq.<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>633 West Fifth Avenue, Suite 1550<br>Los Angeles, CA 90071-2027<br>T: (323) 210-2900 \| F: (866) 974.7329<br>E: sleader@wsgr.com<br>E: gkaufman@wsgr.com<br>E: ctucker@wsgr.com<br>E: mark.yohalem@wsgr.com | Attorneys for Plaintiffs<br>RELEVANT GROUP, LLC;<br>1541 WILCOX HOTEL, LLC;<br>6516 TOMMIE HOTEL, LLC:<br>6421 SELMA WILCOX HOTEL, LLC |
| Dale R. Bish, Esq.<br>Charles A. Talpa, Esq.<br>Karen Kwok, Esq.<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>T: (650) 493-9300 \| F: (650) 565-5100<br>E: dbish@wsgr.com<br>E: Sctalpas@wsgr.com<br>E: kkwok@wsgr.com | |
| James H. Turken, Esq.<br>Neil P. Thakor, Esq.<br>Phillip R. Di Tullio, Esq.<br>Christopher Pelham, Esq.<br>NORTON ROSE FULBRIGHT US LLP<br>555 South Flower Street, Forty-First Floor<br>Los Angeles, CA 90071<br>T: (213) 892-9200 \| (323) 892-9200<br>F: (213) 892-9494 \| (323) 892-9400<br>E: james.turken@nortonrosefulbright.com<br>E: neil.thakor@nortonrosefulbright.com<br>E: christopher.pelham@nortonrosefulbright.com | Attorneys for Defendants<br>STEPHEN "SAEED"<br>NOURMAND and<br>THE SUNSET LANDMARK<br>INVESTMENT, LLC |

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

00207628

ii

**PROOF OF SERVICE**