| | |
|---|---|
| 1 | **WILSON SONSINI GOODRICH & ROSATI** |
| 2 | **Professional Corporation**<br>SUSAN K. LEADER, State Bar No. 216743 |
| 3 | sleader@wsgr.com<br>MARK R. YOHALEM, State Bar No. 243596 |
| 4 | myohalem@wsgr.com<br>MATTHEW A. MACDONALD, State Bar No. 255269 |
| 5 | Matthew.Macdonald@wsgr.com<br>633 West Fifth Avenue, Suite 1550 |
| 6 | Los Angeles, CA 90071-2027<br>Telephone: (323) 210-2900 |
| 7 | Facsimile: (866) 974-7329 |
| 8 | **WILSON SONSINI GOODRICH & ROSATI**<br>**Professional Corporation** |
| 9 | DALE R. BISH, State Bar No. 235390<br>dbish@wsgr.com |
| 10 | 650 Page Mill Road<br>Palo Alto, CA 94304-1050 |
| 11 | Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100 |
| 12 | Attorneys for Plaintiffs Relevant Group, LLC, |
| 13 | 1541 Wilcox Hotel LLC, 6516 Tommie Hotel LLC, and 6421 Selma Wilcox Hotel LLC |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC; a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company, | ) ) ) ) ) ) ) ) | Case No.: 2:19-cv-05019-PSG-KSx<br><br>**PLAINTIFFS' SEPARATE STATEMENT OF GENUINE ISSUES OF DISPUTED FACTS IN OPPOSITION TO DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S SUPPLMENTAL BRIEFING** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STEPHAN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; NOURMAND & ASSOCIATES, a California corporation; and DOES 1-10, | ) ) ) ) ) ) ) | Date: April 27, 2023<br>Time: 1:30 p.m.<br>Dept: Courtroom 6A<br>Before: Hon. Philip S. Gutierrez |
| Defendants. | ) ) | |

Pursuant to Local Rule 56-1 and the Court's Order for Supplemental Briefing (ECF No. 260), Plaintiffs Relevant Group, LLC ("Relevant Group"), 1541 Wilcox Hotel LLC ("Wilcox"), 6516 Tommie Hotel LLC ("Tommie") and 6421 Selma Wilcox Hotel LLC ("Selma") (collectively, "Relevant") submit this Separate Statement of Genuine Issues of Disputed Fact in Opposition to Defendants Stephan "Saeed" Nourmand ("Nourmand") and The Sunset Landmark Investment LLC's ("Sunset") Supplemental Briefing.

## PLAINTIFFS' STATEMENT OF GENUINE ISSUES OF DISPUTED FACT

| Defendants' Undisputed Facts | Plaintiffs' Response and Evidence |
|---|---|
| 1. Sunset Landmark Investment, LLC owns the historic Hollywood Athletic Club Building located at 6525 Sunset Blvd, Los Angeles, CA 90028. Sunset's principal is Stephan "Saeed" Nourmand. | Undisputed. |
| 2. Except for the three lawsuits challenging plaintiffs' hotels, Sunset has never filed a CEQA petition in its 30-year history. | Undisputed. |
| 3. Relevant has been involved in the development of at least nine separate projects in Hollywood in the past ten years. | Undisputed that Relevant has been involved in "at least 9 separate projects in Hollywood and Downtown Los Angeles in the past ten years." ECF No. 141, SSUF 8.<br><br>Defendants' Evidence: Previously undisputed. See ECF No. 141, SSUF 8. |
| 4. Eight of Relevant's development projects are within one block of Sunset's business. | Undisputed. |
| 5. Relevant touts that it has "transformed the fabric of Hollywood" with its projects. | Undisputed that Relevant believes its projects have revitalized a portion of Hollywood. |

| | | |
|---|---|---|
| | | Defendants' Evidence: Thakor Decl., Ex. X., p. 658 |
| | 6. On February 23, 2015, the City of Los Angeles (the "City") issued a Notice of Public Hearing for the Thompson Hotel inviting Sunset Landmark to attend the hearing and provide comments on the Thompson hotel. | Undisputed. |
| | 7. On September 9, 2015, Sunset filed objections to the Thompson Hotel on the grounds that the hotel would have a significant impact on traffic and noise, exceeded proper density under zoning laws, and that the project was incompatible with the neighborhood aesthetic. | Undisputed that Sunset submitted a comment letter on September 9, 2015, purporting to object to the Thompson Hotel project based on unspecified concerns regarding traffic, noise and shadows, and that the project exceeded the by-right FAR and height allowances under the Hollywood Community Plan Update, which was rescinded prior to September 9, 2015. Defendants' Evidence: Thakor Decl., Ex. B, p 78. |
| | 8. At least 16 other persons opposed the Thompson hotel project on the grounds that the hotel would increase traffic and noise, exceeded proper density, that an EIR was required for a project of this size, and that the project was incompatible with the neighborhood. | Undisputed that some of the other sixteen objectors purported to express concern about noise, traffic and/or density. Disputed that all of the other speakers genuinely opposed the Thompson project on those grounds, or at all, including those affiliated with Defendants who attended at the request of Mr. Nourmand. For example, Peter Famulari (co-owner of Boulevard3), Carlos Contreras (Sunset's handyman and tenant in the parking lot duplex), Allen Shamooilian (Nourmand's family friend), Joe Dagia (parking facility manager for Sunset), Howard Nourmand (Nourmand's son), John Richie (Sunset's events coordinator) and Fred Gaines (attorney for Nourmand), as well as the N&A |

PLTFS' SEP. STATEMENT OF FACTS RE SUNSET    -2-
CASE NO. 2:19-CV-05019-PSG-KSX

| | | |
|---|---|---|
| | | employees who Nourmand asked to attend the hearing and sign a petition against the project.<br><br>Plaintiffs' Evidence: Thakor Decl., Ex. D; *see* ECF No. 268-1, SSF 28-30.<br><br>Defendants' Evidence: Thakor Decl., Ex. D, p. 118-119. |
| | 9. On January 11, 2016, Sunset filed an appeal challenging the City's approval of the Thompson Hotel. | Undisputed, except as to the date. Sunset filed its administrative appeal on November 3, 2015.<br><br>Defendants' Evidence: Thakor Decl., Ex. C. |
| | 10. Four other persons supported Sunset's appeal on the record. | Undisputed that four persons filled out speaker cards purporting to support an appeal.<br><br>Plaintiffs' Objection: Plaintiffs object to this fact to the extent that it calls for speculation and lacks foundation.<br><br>Defendants' Evidence: Thakor Decl., Ex. B, p. 89, 92, 94. |
| | 11. Sunset's appeal was brought on the grounds that the hotel would increase traffic and noise, exceeded the proper density and height of the zoning in the neighborhood, and would change the aesthetic of the neighborhood. | Undisputed that Sunset purported to file its appeal based on unspecified concerns regarding traffic, noise, and aesthetics, and based on the by-right FAR allowances in the Hollywood Community Plan of 1988 and the by-right height and FAR allowances in the rescinded Hollywood Community Plan Update.<br><br>Defendants' Evidence: Thakor Decl., Ex. C. |
| | 12. David Carrera filed an appeal claiming the Thompson hotel would have significant noise impacts, was improperly piecemealed and exceeded the proper | Undisputed. |

PLTFS' SEP. STATEMENT OF FACTS RE SUNSET
CASE NO. 2:19-CV-05019-PSG-KSx

-3-

| | | |
|---|---|---|
| | density and height of the zoning in the neighborhood. | |
| | 13. Frances Offenhauser filed an appeal claiming the Thompson hotel improperly exceeded the proper density and height of the zoning in the neighborhood as well as that there may be "adverse environmental effects." | Undisputed. |
| | 14. On March 6, 2016, Sunset filed a Verified Petition For Writ of Mandate against the City of Los Angeles challenging the approval of the Thompson Hotel Project. | Undisputed. |
| | 15. The Thompson action was litigated for over 18 months. | Undisputed. |
| | 16. Four separate law firms defended the approval of the Thompson hotel: (1) Sheppard Mullin Richter & Hampton LLP, (2) Jeffer Mangels Butler & Mitchell LLP (representing Wilcox); as well as (3) Remy Moose Manley LLP; and (4) Goldfarb Lipman, LLP representing the City of Los Angeles. | Undisputed. |
| | 17. Trial was set for August 25, 2017. | Undisputed. |
| | 18. On August 24, 2017, Judge Fruin issued a tentative ruling denying the City of Los Angeles' Motion to Augment The Administrative Record. | Undisputed. |
| | 19. In the tentative ruling, Judge Fruin stated the Motion had "significance on the parties' arguments on the merits," that the City of Los Angeles withheld "significant information" from the public on the Thompson hotel, and that Sunset's | Undisputed that the quoted language appears in the court's tentative order. Disputed that the tentative order was anything more than a procedural decision that affected the City's exhaustion argument. |

| | | |
|---|---|---|
| 1 2 3 4 | rights under CEQA were prejudiced. | Plaintiffs' Evidence: Thakor Decl., Ex. G; Thomas Decl., ECF No. 137-3 at 20-21.<br><br>Defendants' Evidence: Thakor Decl., Ex. G. |
| 5 6 7 8 9 10 11 12 13 | 20. On August 24, 2017, approximately three hours after the tentative ruling, the parties reached an agreement in principle to resolve the Thompson and Tommie actions. | Disputed. The parties met and reached an agreement in principle on August 23, 2017, during their in-person meeting. An email, confirming the terms of that agreement in principle, was circulated on August 24, 2017.<br><br>Plaintiffs' Evidence: *See* ECF No. 268-1, SSF 80-82.<br><br>Defendants' Evidence: Previously undisputed as to timing. *See* ECF No. 141, SSUF 27. |
| 14 15 16 17 18 19 | 21. On August 25, 2017, Relevant's counsel, Arthur Friedman, reported to Judge Fruin that he was "pleased" to announce there was an agreement-in-principle to settle. Freidman reported the settlement included a "financial component" and "some modification of the design of the building." | Undisputed. |
| 20 21 | 22. The trial was stayed at Relevant's request. | Undisputed. |
| 22 23 24 25 26 27 | 23. On September 14, 2017, Relevant sent Sunset the first draft of the settlement agreement. It contained a provision stating Relevant was entering the agreement "without duress or undue influence on the part of or on behalf of the other Party or any other person or entity." | Undisputed. |
| 28 | 24. From August 25, 2017, to January 8, 2018, the parties negotiated the terms of | Undisputed that the parties did not finalize the settlement agreements |

| | | |
|---|---|---|
| 1 2 3 4 | the settlement agreement, exchanging approximately eight redlines. | until January 8, 2018 and that approximately eight redlines were exchanged.<br><br>Defendants' Evidence: Thakor Decl., Ex. UU, p. 842-43, 845-51. |
| 5 6 7 8 9 10 11 12 | 25. On January 8, 2018, the parties executed a settlement agreement to resolve the Thompson and Tommie actions. The same consideration was provided for both agreements. | Undisputed that the parties executed the Thompson settlement agreement and the Tommie settlement agreement on January 8, 2018. Disputed that consideration was identical for both agreements.<br><br>Plaintiffs' Evidence: Thakor Decl., Ex. J; Thakor Decl., Ex. K.<br><br>Defendants' Evidence: Thakor Decl., Ex. J; Thakor Decl., Ex. K. |
| 13 14 15 16 17 | 26. The Thompson agreement contained a provision stating "this Agreement shall not be complete until and unless Wilcox meets its obligations set forth in a contemporaneously executed settlement agreement between Sunset and Tommie." | Undisputed. |
| 18 19 20 21 | 27. The Tommie agreement contained a provision stating "this Agreement shall not be complete until and unless Wilcox meets its obligations set forth in a contemporaneously executed settlement agreement between Sunset and Wilcox." | Undisputed. |
| 22 23 24 25 26 27 28 | 28. Both agreements contained mutual releases for any claims relating to, arising out of, or in any way stemming from the underlying litigation, as well as a waiver releasing unknown claims under California Code of Civil Procedure section 1542. | Undisputed that the settlement agreements contained release provisions.<br><br>Plaintiffs' Objection: Plaintiffs object to this fact to the extent it calls for a legal conclusion as to the enforceability of the releases and waivers. |

| | | |
|---|---|---|
| | | Defendants' Evidence: Thakor Decl., Ex. J, p. 217, 218.  Thakor Decl., Ex. K, p. 244. |
| | 29. Both agreements contained boldface representations that both parties had a chance to consult with legal counsel. | Undisputed that the settlement agreements state that the parties each warrant and acknowledge that they have had the full opportunity to consult with legal counsel to review the terms of this agreement.<br><br>Defendants' Evidence: Thakor Decl., Ex. J, p. 221. Thakor Decl., Ex. K, p. 248. |
| | 30. As consideration for the agreements, Sunset granted Tommie a temporary five-year easement and a tieback agreement that allowed it to excavate under Sunset's parcel of land to "assist with the construction of the Tommie Hotel." | Undisputed that Sunset granted Tommie an easement to "install and maintain temporary underground tieback anchors and temporary shoring materials" "within and beneath the surface" of the Sunset property. Disputed that the tieback easement allowed any other activity that could be characterized as excavation.<br><br>Defendants' Evidence: Thakor Decl., Ex. K, p. 243, § 4; Thakor Decl. Ex. VV. |
| | 31. On January 13, 2016, the City sent a Notice of Public Hearing to Sunset as a neighboring land owner inviting it to comment on the Tommie hotel. | Undisputed, except as to the date the notice was sent (January 13, 2017, not January 13, 2016).<br><br>Defendants' Evidence: Thakor Decl., Ex. L, p. 276. |
| | 32. On January 25, 2017, Sunset filed objections to the Tommie hotel. | Undisputed. |
| | 33. On February 15, 2017, Sunset filed an appeal challenging the approval of the Tommie hotel. | Undisputed. |
| | 34. At least, five other persons or entities filed objections or appeals to the Tommie hotel on one or more of the following | Undisputed except that two of the five commenters (LAUSD and Hollywood Heritage) only recommended additional |

PLTFS' SEP. STATEMENT OF FACTS RE SUNSET      -7-
CASE NO. 2:19-CV-05019-PSG-KSX

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | grounds: there would be a significant impact of construction noise, operational noise, traffic and air quality; that the hotel's excessive density was improper under zoning regulation, and a general failure of the City to properly review the project. | mitigation measures and did not actually oppose the project.<br><br>Plaintiffs' Evidence: Thakor Decl., Ex. M. at 281-83 (LAUSD), 286-88 (Hollywood Heritage).<br><br>Defendants' Evidence: Thakor Decl., Ex. M, p. 279 (Mama Wilcox), p. 281-283 (LAUSD), p. 286-88 (Hollywood Heritage), p. 289 (Maddren), p. 300 (Farmer). |
| 9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | 35. On June 9, 2017, Sunset filed a Petition For Writ of Mandate challenging the approval of the Tommie Hotel on the grounds that the density of the Tommie hotel exceeding zoning requirements, and that there was a substantial evidence that the Tommie hotel was improperly piecemealed, and would have a significant impact on noise, traffic, air quality, and traffic, among other things. | Undisputed that Sunset alleged that "[t]he record contains substantial evidence to support a fair argument that the Project may cause significant, unmitigable impacts to the environment, including but not limited to land use, transportation, traffic operational, circulation, emergency response times, parking, pedestrian safety, noise, air quality and health risks, greenhouse gases, historic resources, shade/shadow, public services, cumulative impacts and growth inducing impacts, and further, that the City also illegally piecemealed and/or allowed Real Party to piecemeal the whole of the Project, in violation of CEQA."  Undisputed that Sunset alleged that the Tommie hotel exceeded the by-right allowable FAR in a 1990 zoning ordinance that was purportedly "permanent," and that the City could not pass a new ordinance increasing the FAR.  Disputed that any of the allegations had factual support.<br><br>Plaintiffs' Evidence: Thomas Decl., ECF No. 137-3 at 28. |

| | |
|---|---|
| | Defendants' Evidence: Thakor Decl., Ex. N, ¶74, ¶¶ 84-100. |
| 36. On June 8, 2017, Lauren "Elle" Farmer filed a Petition against the Tommie Hotel (the "Farmer petition"). | Undisputed. |
| 37. On June 8, 2017, Mama Wilcox LLC filed a petition against the Tommie Hotel (the "Mama Wilcox petition"). | Undisputed. |
| 38. The Mama Wilcox petition opposed the Tommie hotel on the grounds the hotel would have a significant impact on noise, traffic, air quality, and GHG emissions. | Undisputed. |
| 39. The Farmer petition cited Sunset's objections and appeals to the City of Los Angeles and incorporated them all by reference into its petition. The Farmer petition also challenged the Tommie hotel for zoning regulations and having significant impacts on noise, traffic and air quality. | Undisputed that the Farmer petition cited Sunset's objection and appeals to the City and incorporated them by reference. Undisputed that the Farmer petition alleged that there was substantial evidence supporting a fair argument that the project would have significant environmental impacts on noise, traffic and air quality, and alleged land use violations. Disputed that any of the allegations had factual support.<br><br>Plaintiffs' Evidence: Thomas Decl., ECF No. 137-3 at 28.<br><br>Defendants' Evidence: Thakor Decl., Ex. O., p. 356, ¶¶ 14, 16, 25- 35. |
| 40. In July 2018, Tommie settled the Mama Wilcox action. | Undisputed. |
| 41. On January 8, 2019, Farmer won an injunction at trial on the grounds that the Tommie hotel project had a significant | Disputed. The court remanded to the City to clarify its analysis and findings regarding the projects' potential construction and operational noise impacts; and, the court issued a |

| | | |
|---|---|---|
| | impact on construction and operational noise that was not properly mitigated. | modified order to allow certain construction activities during remand. |
| | | Plaintiffs' Evidence: Thomas Decl., ECF No. 137-3 at 28; Ex. 102 [JX242] |
| | | Defendants' Evidence: Thakor Decl., Ex. Q, p. 415. |
| | 42. In support of its ruling, the trial court cited, in part, Sunset's January 25, 2017 objection letter (AR 2485) as evidence that the Tommie hotel would have a significant impact on noise. | Disputed. The court cited Sunset's letter in a tentative ruling, but the court did not adopt the tentative ruling and, instead, issued an Interlocutory Remand Order on December 19, 2018, finding that "the deficiencies identified in the Court's tentative ruling are narrow in scope and may be remedied by the City's clarification of its analysis and findings." |
| | | Plaintiffs' Evidence: Thomas Decl., ECF No. 137-3 at 28; Ex. 102 [JX242] |
| | | Defendants' Evidence: Thakor Decl., Ex. Q, p. 407; Thakor Decl., Ex. Y (Sunset's January 25, 2017 submission), p. 680. |
| | 43. In April 2019, Tommie settled the Farmer action. | Undisputed. |
| | 44. On March 6, 2018 the City of Los Angeles issued a Notice of Public Hearing to Sunset for the Selma Hotel inviting it to comment as a neighboring land owner. | Undisputed. |
| | 45. Five other persons opposed the Selma Hotel on the grounds that there would be a significant impact on noise and traffic, that the project was excessively dense in light of zoning, and | Undisputed that four other persons purported to oppose the Selma Hotel on one or more of the grounds listed. |

| | | |
|---|---|---|
| 1 2 3 4 5 | that the project was being improperly piecemealed. | There is no fifth person in Defendants' cited evidence.<br><br>Defendants' Evidence: Thakor Decl., Ex. T, p. 462-466 (Olbrei); p. 471-474 (Maddren); p. 479 (Farmer); p. 500 (Carerra); Thakor Decl., Ex. U. |
| 6 7 8 9 10 | 46. On April 2, 2019, Sunset filed a Petition for Writ of Mandate against the Selma hotel. | Undisputed that Sunset filed a Petition for Writ of Mandate against the City of Los Angeles, challenging the approval of the Selma hotel project.<br><br>Defendants' Evidence: Previously undisputed. *See* ECF No. 141, SSUF 50. |
| 11 12 13 14 15 | 47. On April 4, 2019, Casey Maddren filed a Petition for Writ of Mandate against the Selma hotel. | Undisputed that Maddren filed a Petition for Writ of Mandate against the City of Los Angeles, challenging the approval of the Selma hotel project.<br><br>Defendants' Evidence: Previously undisputed. *See* ECF No. 141, SSUF 51. |
| 16 17 18 19 | 48. On January 18, 2020, the trial court issued an interlocutory order on Sunset's petition remanding the Selma action back to the City. | Undisputed. |
| 20 21 22 | 49. To this day, the City has not corrected the errors identified by the trial court. The Selma action remains remanded to the City. | Undisputed. |
| 23 24 25 | 50. On August 3, 2018, the City approved another hotel development project located near the HAC (the "Schrader hotel"). | Undisputed. |
| 26 27 28 | 51. At the time, the Schrader hotel was not a project owned by Relevant. | Disputed. On December 14, 2017, Relevant, through an affiliated entity, entered into a Purchase Agreement to purchase the property for the Schrader |

| | | |
|---|---|---|
| | | hotel project and paid a $1 million non-refundable deposit, with the balance of the closing price due by no later than September 28, 2018.<br><br>Plaintiffs' Evidence: *See* ECF No. 268-1, SSF 97-101, 107-111.<br><br>Defendants' Evidence: *See* ECF No. 89 (Third Amended Complaint), ¶19. |
| | 52. On August 10, 2018, Sunset appealed the approval of the Schrader hotel, objecting on the grounds it was another unnecessary "party hotel" that would increase noise and traffic. | Undisputed. |
| | 53. Sunset was not the only party that filed an appeal to the Schrader hotel. | Undisputed. |
| | 54. The owners of the Schrader hotel and Sunset met to "figure out the best path forward" after Sunset filed its appeal. | Undisputed that the then-current owners of the Schrader hotel project, KOAR Investment Advisors, LLC ("KOAR"), met with Saeed Nourmand on October 4, 2018 to discuss the Schrader hotel project. Disputed as to the characterization of the meeting. KOAR believed that Nourmand was opposing the Schrader hotel project as part of an attempt to extort money from the project.<br><br>Plaintiffs' Evidence: *See* ECF No. 268-1, SSF 112-117.<br><br>Defendants' Evidence: Previously undisputed. *See* ECF No. 141, SSUF 58. |
| | 55. After Schrader owners indicated that they did not intend to try to modify restrictions imposed by the City, and | Disputed. Sunset agreed to withdraw its appeal after KOAR informed Nourmand that Relevant was no longer involved in the project and that KOAR, |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | Sunset withdrew its appeal. There was no demand for money. | unlike Relevant, was not vulnerable to delays and could not be extorted.<br><br>Plaintiffs' Evidence: See ECF No. 268-1, SSF 112-117.<br><br>Defendants' Evidence: Thakor Decl., Ex. ZZ, Rothman Tr. 63:15-24, 75:25-76:11; 82:7-14, 84:3- 11. |
| 7<br>8<br>9<br>10<br>11 | 56. In or around 2018, after Sunset's appeal was withdrawn, Relevant announced that it had acquired the Schrader Hotel project. | Undisputed that Relevant announced that it had reacquired the Schrader Hotel property at some point after the Sunset appeal was withdrawn.<br><br>Defendants' Evidence: Thakor Decl., Ex. ZZ, Rothman Tr., 17:20 - 20:1. |
| 12<br>13<br>14<br>15 | 57. From 2015 to 2018, before and during the pendency of the litigations Relevant made multiple efforts to convince Sunset to drop its opposition to the Thompson and Tommie hotel. | Undisputed. |
| 16<br>17<br>18<br>19<br>20<br>21 | 58. On March 9, 2015, Relevant's agent, John Tronson of Avison & Young, asked Sunset to meet with Relevant. | Undisputed that John Tronson asked Sunset to meet with Relevant.<br><br>Plaintiffs' Objection: Plaintiffs object to this fact to the extent it calls for a legal conclusion as whether John Tronson was an "agent" of Relevant.<br><br>Defendants' Evidence: Thakor Decl., Ex. AA. |
| 22<br>23<br>24<br>25<br>26<br>27 | 59. On March 16, 2015, Relevant's agents asked Saeed Nourmand to "consider changing your position regarding supporting, or at least not opposing, his project." | Undisputed that John Tronson made the quoted statement in an email to Saeed Nourmand.<br><br>Plaintiffs' Objection: Plaintiffs object to this fact to the extent it calls for a legal conclusion as to whether John Tronson was an "agent" of Relevant. |
| 28 | | |

| | | |
|---|---|---|
| | | Defendants' Evidence: Thakor Decl., Ex. BB. |
| | 60. On April 28, 2015, Relevant's agent, Scott Campbell, asked to set up meeting between Sunset and Relevant so Relevant could show Sunset a PowerPoint presentation. | Undisputed that Scott Campbell asked to set up a meeting between Sunset and Relevant.<br><br>Plaintiffs' Objection: Plaintiffs object to this fact to the extent that it calls for a legal conclusion as to whether Scott Campbell was an "agent" of Relevant.<br><br>Defendants' Evidence: Thakor Decl., Ex. CC. |
| | 61. On May 4, 2015, Relevant's agent, Scott Campbell, called Saeed Nourmand to set up a meeting with Relevant. | Undisputed that Scott Campbell facilitated a meeting between Nourmand and Relevant.<br><br>Plaintiffs' Objection: Plaintiffs object to this fact to the extent that it calls for a legal conclusion as to whether Scott Campbell was an "agent" of Relevant.<br><br>Defendants' Evidence: Thakor Decl., Ex. DD, p. 711 |
| | 62. On May 5, 2015, Sunset met with Relevant to discuss the Thompson hotel project. | Undisputed except as to the date of the meeting, which was May 4, 2015.<br><br>Defendants' Evidence: Thakor Decl., Ex. DD, Ex. EE. |
| | 63. On January 9, 2016, Relevant's agent, Scott Campbell, asked for another meeting with Saeed Nourmand. Saeed declined. | Undisputed that Scott Campbell offered to set up another meeting on January 18, 2016, but Saeed Nourmand declined.<br><br>Plaintiffs' Objection: Plaintiffs object to this fact to the extent that it calls for a legal conclusion as to whether Scott Campbell was an "agent" of Relevant. |

| | | |
|---|---|---|
| | | Defendants' Evidence: Thakor Decl., Ex. GG, p. 723. |
| | 64. On January 20, 2016, Relevant set up a meeting with "a personal friend of Saeed." | Undisputed that Richard Heyman sent a message indicating that he had a meeting with a personal friend of Saeed Nourmand.<br><br>Defendants' Evidence: Thakor Decl., Ex. FF, p. 718. |
| | 65. On February 17, 2016, Relevant asked for another meeting with Saeed Nourmand. Saeed declined. | Undisputed that Scott Campbell offered to set up another meeting, but Saeed Nourmand declined.<br><br>Defendants' Evidence: Thakor Decl., Ex. HH, p. 725. |
| | 66. On October 6, 2016, Relevant obtained Saeed's email and cell phone number to personally contact him. | Undisputed. |
| | 67. On October 10, 2016, Relevant's principal, Richard Heyman, emailed Saeed Nourmand asking to meet him in person. Heyman stated in his email he recognizes Saeed Nourmand had "good intentions" and asked "if modifying our building design works for you." Saeed did not respond to the offer. | Undisputed that the quoted language appeared in Richard Heyman's email to Saeed Nourmand. Disputed that Mr. Heyman believed Mr. Nourmand had good intentions. Mr. Heyman believed that Relevant was being extorted by Defendants.<br><br>Plaintiffs' Evidence: See Heyman Decl., ECF No. 268-2 ¶¶ 7-9; Ex. 101 [JX117] at JX117.0002 ("Btw this is by no means a closing meeting[.] It's a bend over extortion meeting!").<br><br>Defendants' Evidence: Thakor Decl., Ex. JJ, p. 732-33. |
| | 68. On December 7, 2016, Relevant sent Sunset a letter stating again that Sunset had "good intentions" and that it would "gladly prepare a short settlement agreement." The letter also requested another meeting. | Undisputed that the quoted language appeared in Richard Heyman's letter to Saeed Nourmand. Disputed that Mr. Heyman believed that Mr. Nourmand had good intentions. |

| | | |
|---|---|---|
| | | Plaintiffs' Evidence: *See* Heyman Decl., ECF No. 268-2 ¶¶ 7-9; Ex. 101 [JX117] at JX117.0002 ("Btw this is by no means a closing meeting[.] It's a bend over extortion meeting!"). <br><br> Defendants' Evidence: Thakor Decl., Ex. KK, p. 735. |
| | 69. On December 12, 2016, Relevant's agent, Scott Campbell, encouraged Saeed Nourmand to reach out to Relevant, but reported that Saeed seemed "reticent to reach out directly to Heyman." | Undisputed. <br><br> Plaintiffs' Objection: Plaintiffs object to this fact to the extent that it calls for a legal conclusion as to whether Scott Campbell was an "agent" of Relevant. <br><br> Defendants' Evidence: Thakor Decl., Ex. LL, p. 738. |
| | 70. On March 31, 2017, Richard Heyman texted Saeed Nourmand about settlement. | Undisputed. |
| | 71. On April 2, 2017 Richard Heyman asked Saeed Nourmand to "pls counter" and that he was "happy to meet to discuss a win-win." | Undisputed except as to the date of the text message, which was April 3, 2017. <br><br> Defendants' Evidence: Thakor Decl., Ex. MM, 741. |
| | 72. On April 21, 2017, Sunset provided 12 discussion points that could form the basis of a settlement. | Undisputed that Sunset sent a letter containing thirteen itemized demands to settle the Thompson litigation. <br><br> Defendants' Evidence: Thakor Decl., Ex. NN. |
| | 73. On May 3, 2017, Relevant rejected 7 of the 12 discussion points and offered to "discuss" the other 6 points. | Undisputed. |
| | 74. On June 15, 2017, Relevant asked Sunset for a meeting with its corporate counsel, Guy Maisnik. | Undisputed. |

| | |
|---|---|
| 75. On June 23, 2017, Maisnik asked Sunset's counsel, Jay Patel, for another meeting. | Undisputed. |
| 76. From July 13, 2017, Patel sent Relevant a counter-offer. | Undisputed that Mr. Patel sent a list of demands to settle the Thompson litigation, which included a monetary payment of $4 million.<br><br>Defendants' Evidence: Thakor Decl., Ex. QQ. |
| 77. On July 14, 2017, Maisnik requested that Tommie be included in a "global settlement." | Undisputed. |
| 78. On July 17, 2017, Maisnik sent a counter-offer to Sunset. | Undisputed. |
| 79. On August 17, 2017, Maisnik asked Patel about the status of settlement negotiations. | Undisputed. |
| 80. On August 24, 2017, the parties met and reached a settlement which was executed on January 8, 2018. | Disputed. The parties met and reached an agreement in principle on August 23, 2017, which was formalized into a settlement agreement and executed on January 8, 2018.<br><br>Plaintiffs' Evidence: See ECF No. 268-1, SSF 80-83.<br><br>Defendants' Evidence: See SSUF 20-24. |
| 81. On January 11, 2018, Relevant recorded the Temporary Tieback Easement Agreement with the City of Los Angeles. | Undisputed. |
| 82. On March 18, Heyman sent a text to Saeed Nourmand inviting him to lunch as a "thank you," and "to express how glad | Undisputed that Mr. Heyman's text stated that he wanted to "express how glad I am we have resolved our issues and you have now been paid in full!" |

| | |
|---|---|
| I am we have resolved our issues." | Undisputed that Mr. Heyman invited Mr. Nourmand to lunch. Disputed that Mr. Heyman wanted to thank Mr. Nourmand.<br><br>Defendants' Evidence: Thakor Decl., Ex. WW. |
| 83. Saeed Nourmand accepted the invitation, and the meeting took place about 10 days later on the roof of the Dream Hotel. | Undisputed that Saeed Nourmand accepted the meeting, which took place on March 29, 2018 on the roof of the Dream Hotel.<br><br>Defendants' Evidence: Thakor Decl., Ex. WW. |

**PLAINTIFFS' ADDITIONAL FACTS**

| Plaintiffs' Undisputed Facts | Plaintiffs' Evidence |
|---|---|
| 84. The Thompson and Tommie settlement agreements both stated that each of the parties "shall bear their own attorney's fees and costs incurred in connection with the" Thompson litigation and Tommie litigation, respectively. | ECF No. 274, Rabbani Decl., Ex. 9 at § 10.7, Ex. 71 at § 11.7. |

Dated: March 23, 2023

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Susan K. Leader
        Susan K. Leader

Attorneys for Plaintiffs
Relevant Group, LLC, 1541 Wilcox Hotel LLC, 6516 Tommie Hotel LLC and 6421 Selma Wilcox Hotel LLC