# EXHIBIT 102

FILED
Superior Court of California
County of Los Angeles

DEC 19 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
   ANA PEREZ

1  MICHAEL N. FEUER, SBN 111529
   City Attorney
2  TERRY KAUFMANN MACIAS, SBN 137182
   Assistant City Attorney
3  JOHN W. FOX, SBN 171426
4  MORGAN L. HECTOR, SBN 246573
   Deputy City Attorneys
5  LOS ANGELES CITY ATTORNEY'S OFFICE
   200 N. Main Street, 701 City Hall East
6  Los Angeles, CA 90012
7  Tel.: (213) 978-7121 | Fax: (213) 978-8214
   Email: morgan.hector@lacity.org
8
   ANDREA K. LEISY, SBN 206681
9  CHRISTINA L. BERGLUND, SBN 303865
   REMY MOOSE MANLEY, LLP
10 555 Capitol Mall, Suite 800
   Sacramento, CA 95814
11 Tel.: (916) 443-2745 | Fax: (916) 443-9017
12 Email: aleisy@rmmenvirolaw.com

13 Attorneys for Respondents
   **CITY OF LOS ANGELES, et al.**
14
   *[Additional Counsel Listed After Caption]*
15

EXEMPT FROM FILING FEES
[GOVERNMENT CODE § 6103]

16          SUPERIOR COURT FOR THE STATE OF CALIFORNIA
17          COUNTY OF LOS ANGELES – SOUTHEAST DISTRICT

| | |
|---|---|
| 18  LAUREN "ELLE" FARMER; LILIANA HERNANDEZ; HOLLYWOOD FOR THE ENVIRONMENT AND EQUITABLE DEVELOPMENT,<br><br>21          Petitioners,<br>22  v.<br>23  CITY OF LOS ANGELES; CITY COUNCIL OF CITY OF LOS ANGELES; LOS ANGELES DEPARTMENT OF CITY PLANNING; DOES 1 through 4,<br>25          Respondents.<br>26  6516 TOMMIE HOTEL, LLC; DOES 5 through 10,<br>28          Real Parties in Interest. | Case No. BS169855<br>*[Related Case Nos. BS169821 and BS169883]*<br><br>[~~PROPOSED~~] INTERLOCUTORY ORDER FOR REMAND TO CITY<br><br>ASSIGNED FOR ALL PURPOSES:<br>Hon. John A. Torribio<br><br>Writ Trial: October 16, 2018<br>     Time: 9:00 a.m.<br>     Dept.: SE-G<br><br>Action filed: June 8, 2017 |

[PROPOSED] INTERLOCUTORY ORDER FOR REMAND TO CITY

Relevant Group, LLC, et al. v. Nourmand, et al.
Plaintiff Exhibit
**JX242**
Case No. 2:19-cv-05019-PSG-KSx

**ARTHUR J. FRIEDMAN**, SBN 160867
**ALEXANDER L. MERRITT**, SBN 277864
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
Tel.: (415) 434-9100 | Fax: (415) 434-3947
Email: afriedman@sheppardmullin.com

Attorneys for Real Party in Interest
**6516 TOMMIE HOTEL, LLC**

# [PROPOSED] ORDER

Petitioners Lauren "Elle" Farmer, Liliana Hernandez, and Hollywood for the Environment and Equitable Development ("Petitioners") seek a peremptory writ of mandate setting aside the approvals for the Tommie Hotel ("Project") granted by Respondent City of Los Angeles ("City"). Petitioners allege two causes of action for: (1) violations of the California Environmental Quality Act ("CEQA") and (2) violations of City zoning laws.

The matter was set for hearing before the Court on August 6, 2018. The Court issued a tentative ruling granting the first cause of action and denying the second cause of action. As to the first cause of action, the tentative ruling found that the City's analysis of the Project's potential construction and operational noise impacts violated CEQA. The tentative ruling states that the Project's MND discloses that the Project's construction noise will exceed the 5 dBA threshold of significance that normally applies under the City's *CEQA Thresholds Guide*. (Tentative Ruling, p. 2.) The tentative ruling further states that LAMC § 41.40 will not suffice as an alternative threshold because that regulation merely prohibits construction activity during recognized sleep hours. The tentative ruling further states that the MND does not show that the Project is subject to a threshold other than the normal threshold. (*Id.*, p. 3.) Finally, the tentative ruling states that the City's reliance on additional measures adopted after circulation of the MND to contend that operational noise impacts were mitigated is improper. (*Id.*, p. 4.)

At the hearing, the Court ordered supplemental briefing and hearing on the following issue:

> "Is it appropriate in this case for the court to issue an interlocutory order, remanding the Project to the City and continuing the trial in this action until such time as the City submits a return to this court clarifying its findings regarding the Project's construction and operational noise impacts?"

The parties submitted supplemental briefing and the Court held a further hearing on this issue on October 16, 2018. Having considered the supplemental briefing and the arguments of counsel, the Court hereby determines that it is appropriate to issue such an interlocutory order in this case for the following reasons.

First, the Court has the inherent authority in this administrative mandamus proceeding to issue an interlocutory order remanding the Project to the City to clarify its CEQA findings. (Code of Civil

3
[PROPOSED] INTERLOCUTORY ORDER FOR REMAND TO CITY

1  Procedure §§ 187 and 1094.5; *Voices of the Wetlands v. State Water Resources Control Bd.* (2011) 52
2  Cal. 4th 499, 526 [affirming interlocutory remand to clarify permit findings]; *Rapid Transit Advocates,*
3  *Inc. v. Southern Cal. Rapid Transit Dist.* (1986) 185 Cal. App. 3d 996 [affirming interlocutory remand
4  to clarify CEQA findings]; *The Highway 68 Coalition v. County of Monterey* (2017) 14 Cal. App. 5th
5  883 [affirming interlocutory remand to clarify general plan findings].)

6        Second, an interlocutory remand order is particularly appropriate in this case under *Voices* and
7  *Rapid Transit* because (1) this action is for administrative mandamus; (2) the interlocutory order
8  comports with due process by requiring a duly-noticed public hearing and the opportunity for
9  Petitioners to appear and participate; and (3) the deficiencies identified in the Court's tentative ruling
10 are narrow in scope and may be remedied by the City's clarification of its analysis and findings.

11       Therefore, the Court ORDERS as follows:

12     1.   The Project is remanded to the City for further proceedings during which the City may clarify its analysis and findings regarding the Project's potential construction and operational noise impacts.

15     2.   The City shall only consider and accept additional evidence following a duly-noticed public hearing, at which Petitioners have the opportunity to appear and participate.

17     3.   The City shall submit a return to this Court setting forth the clarifications to its analysis and findings regarding the Project's potential construction and operational noise impacts.

20     4.   The hearing on the merits of this action shall be continued to a future date following the City's submission of the return.

22     5.   Project construction enjoined subject to *[handwritten]* clarification.

IT IS SO ORDERED.

DATED: *[handwritten]* 2018

HON. JOHN A. TORRIBIO
Judge of the Superior Court

```
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ARTHUR J. FRIEDMAN, Cal. Bar No. 160867
ALEXANDER L. MERRITT, Cal. Bar No. 277864
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E mail        afriedman@sheppardmullin.com
              amerritt@sheppardmullin.com

Attorneys for Real Party in Interest
6516 Tommie Hotel, LLC
```

FILED
Superior Court of California
County of Los Angeles

DEC 21 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
   ANA PEREZ

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – SOUTHEAST DISTRICT

| | |
|---|---|
| LAUREN "ELLE" FARMER; LILIANA HERNANDEZ; HOLLYWOOD FOR THE ENVIRONMENT AND EQUITABLE DEVELOPMENT,<br><br>Petitioners,<br>v.<br><br>CITY OF LOS ANGELES; CITY COUNCIL OF CITY OF LOS ANGELES; LOS ANGELES DEPARTMENT OF CITY PLANNING; DOES 1 through 4,<br><br>Respondents, | Case No. BS169855<br><br>[~~PROPOSED~~] **ORDER MODIFYING INJUNCTION REGARDING PROJECT CONSTRUCTION PENDING INTERLOCUTORY REMAND**<br><br>ASSIGNED FOR ALL PURPOSES:<br>Hon. John A. Torribio<br>Dept. SE-G<br><br>Action filed: June 8, 2017 |
| 6516 TOMMIE HOTEL, LLC; DOES 5 through 10,<br><br>Real Parties in Interest. | |

SMRH:488800479.1 -1-

1  Petitioners Lauren "Elle" Farmer, Liliana Hernandez, and Hollywood for the
2  Environment and Equitable Development ("Petitioners") seek a peremptory writ of mandate
3  setting aside the approvals for the Tommie Hotel ("Project") granted by City of Los Angeles
4  ("City"). The matter came before the Court for hearing on the merits on December 19, 2018.
5  During the December 19, 2018 hearing, the Court issued an Interlocutory Order,
6  remanding the Project to the City for further proceedings to clarify its analysis and findings
7  regarding the Project's potential construction and operational noise impacts. The Court
8  additionally enjoined Project construction, subject to modification and further hearing before
9  the Court in the absence of agreement among counsel regarding the appropriate scope of
10 injunction.
11 Counsel for Petitioners, *the City,* and Real Party in Interest appeared before the Court on
12 December 21, 2018 for hearing regarding the appropriate scope of the injunction.
13
14 The Project has completed grading and excavation. Construction activity presently is
15 occurring approximately four stories below grade.
16 Accordingly, after consideration of balancing the equities and the relative hardships, the
17 Court modifies the injunction as follows: commencing on January 7, 2019 and during the
18 pendency of the City's interlocutory remand, on-site Project construction shall be enjoined,
19 with the exception of below-grade roughing and installation of plumbing and electrical, and
20 below-grade formation of decks and columns utilizing an electric-powered crane and hand-held
21 tools and instruments. *All equipment on table IV-18*
22 *enjoined except as modified by the Court.*
23 IT IS SO ORDERED *attached to Exhibit A.*
24
25 Dated: DEC 21 2018
26                                          _____
                                            HON. JOHN A. TORRIBIO
27                                          Judge of the Superior Court
28

SMRH:488800479.1                                -2-

immediately to the west is located on a parcel that is zoned C4-2D (Commercial Zone – Height District No. 2 with a Development Limitation), which is the same as the Project Site.

For the purpose of evaluating construction noise impacts, the *L.A. CEQA Thresholds Guide* defines sensitive uses as residences, transient lodgings, schools, libraries, churches, hospitals, nursing homes, auditoriums, concert halls, amphitheaters, playgrounds, and parks. As such, the sensitive receptors that would be affected by Project construction activities would be the existing multi-family and hotel buildings in the immediate vicinity of the Project Site. According to the *L.A. CEQA Thresholds Guide*, a significant impact would occur if construction activities lasting more than 10 days in a three-month period would increase the ambient noise levels by 5 dBA or more at any off-site noise-sensitive location (an increase of 5 dBA is readily perceptible to the human ear).

The Federal Highway Administration (FHWA) has compiled data regarding the noise generating characteristics of specific types of construction equipment and typical construction activities. These data are presented in Table IV-13 (Typical Construction Equipment Noise Levels) for the types of equipment that are expected to be used at the Project Site based on industry standard practices and observations of other similar construction sites by Cadence Environmental Consultants.

Table IV-13
Typical Construction Equipment Noise Levels

| Equipment | $L_{max}$ Noise limit at 50 feet |
|---|---|
| **Earthmoving** | |
| Backhoe | 80 |
| Bulldozer | 85 |
| Dump Truck | 84 |
| Front-End Loader | 80 |
| Scraper | 85 |
| Tractor | 84 |
| **Materials Handling** | |
| Concrete Mixer Truck | 85 |
| Concrete Pump Truck | 82 |
| Crane | ~~85~~ *Except electric one* [handwritten] |
| **Impact Equipment** | |
| Compactor | 80 |
| Jackhammer | 85 |
| Pneumatic Tools | 85 |
| **Other Equipment** | |
| Compressors | 80 |
| Concrete Saws | 90 |
| Gradall Forklift | 85 |
| ~~Pickup Truck~~ | ~~55~~ |
| Vacuum Street Sweeper | 80 |
| ~~Welder/Torch~~ | ~~73~~ |

Notes: $L_{max}$ = maximum noise level. The highest exponential, time-averaged sound level that occurs during a stated period and reflects acoustical peaks.

Machinery equipped with noise control devices or other noise-reducing design features does not generate the same level of noise emissions as that shown in this table.

Source: Cadence Environmental Consultants, December 2016.

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ARTHUR J. FRIEDMAN, Cal. Bar No. 160867
ALEXANDER L. MERRITT, Cal. Bar No. 277864
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E mail        afriedman@sheppardmullin.com
              amerritt@sheppardmullin.com

Attorneys for Real Party in Interest
6516 Tommie Hotel, LLC

**FILED**
Superior Court of California
County of Los Angeles

JAN 08 2019

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
         ANA PEREZ

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – SOUTHEAST DISTRICT

| | |
|---|---|
| LAUREN "ELLE" FARMER; LILIANA HERNANDEZ; HOLLYWOOD FOR THE ENVIRONMENT AND EQUITABLE DEVELOPMENT,<br><br>Petitioners,<br>v.<br><br>CITY OF LOS ANGELES; CITY COUNCIL OF CITY OF LOS ANGELES; LOS ANGELES DEPARTMENT OF CITY PLANNING; DOES 1 through 4,<br><br>Respondents,<br><br>6516 TOMMIE HOTEL, LLC; DOES 5 through 10,<br><br>Real Parties in Interest. | Case No. BS169855<br><br>[~~PROPOSED~~] **ORDER FURTHER MODIFYING INJUNCTION REGARDING PROJECT CONSTRUCTION PENDING INTERLOCUTORY REMAND**<br><br>ASSIGNED FOR ALL PURPOSES:<br>Hon. John A. Torribio<br>Dept. SE-G<br><br>Action filed: June 8, 2017 |

SMRH:489024229.2

-1-

Counsel for Petitioners, the City, and Real Party in Interest appeared before the Court on January 8, 2019, on Real Party in Interest's ex parte application to further modify the injunction in this action.

Based on the results of noise testing conducted by Ganddini Group, Inc., having considered the balance of equities and relative hardships, and good cause appearing, the Court hereby modifies its December 21, 2018 Order Modifying Injunction Regarding Project Construction Pending Interlocutory Remand as follows:

Exhibit A to the December 21, 2018 Order is amended to remove the "Concrete Mixer Truck" and "Concrete Pump Truck" from the list of enjoined equipment. Real Party is authorized to use this equipment during the interlocutory remand period, provided that it has installed a temporary noise barrier at least 12 feet in height and with a sound transmission classification (STC) level of at least 25. *[handwritten: below grade construction one]*

**IT IS SO ORDERED**

DATED: 1-8, 2019

_____
HON. JOHN A. TORRIBIO
Judge of the Superior Court

*[handwritten: * limited to 6 days in January, 6 days in February & 3 days in March. Cebo by Friday. Counsel meet & confer re noise monitoring which the court approves & construction to stop if the 75 dBA level is exceeded.]*

```
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ARTHUR J. FRIEDMAN, Cal. Bar No. 160867
ALEXANDER L. MERRITT, Cal. Bar No. 277864
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:        afriedman@sheppardmullin.com
              amerritt@sheppardmullin.com

Attorneys for Real Party in Interest
6516 TOMMIE HOTEL, LLC
```

FILED
Superior Court of California
County of Los Angeles
03/22/2019
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ Deputy
    Ana Perez

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – SOUTHEAST DISTRICT

| | |
|---|---|
| LAUREN "ELLE" FARMER; LILIANA HERNANDEZ; HOLLYWOOD FOR THE ENVIRONMENT AND EQUITABLE DEVELOPMENT,<br><br>　　　　Petitioners,<br>v.<br><br>CITY OF LOS ANGELES; CITY COUNCIL OF CITY OF LOS ANGELES; LOS ANGELES DEPARTMENT OF CITY PLANNING; DOES 1 through 4,<br><br>　　　　Respondents,<br><br>6516 TOMMIE HOTEL, LLC; DOES 5 through 10,<br><br>　　　　Real Parties in Interest. | Case No. BS169855<br><br>**STIPULATION AND [PROPOSED] ORDER FOR 30-DAY EXTENSION OF CONSTRUCTION ACTIVITY AS AUTHORIZED BY THE COURT'S INJUNCTION PENDING SETTLEMENT**<br><br>ASSIGNED FOR ALL PURPOSES:<br>Hon. John A. Torribio<br>Dept. SE-G<br><br>Action Filed: June 8, 2017 |

Electronically Received 03/21/2019 05:27 PM

SMRH:489853519.3 　　　　　　　　　　-1-　　　　　　　　　　Case No. BS169855
　　　　　　　　　　　　　　　　　　　　　　　STIPULATION AND [PROPOSED] ORDER

Petitioners, the City, and Real Party in Interest, through their undersigned counsel, enter into the following Stipulation.

**RECITALS**

A. On December 19, the Court issued an Interlocutory Order, remanding the Tommie Hotel project (the "Project") to the City for further proceedings to clarify its noise analysis under CEQA.

B. The Court partially enjoined Project construction during the remand period, through Orders dated December 19, December 21, January 8, and January 11 (collectively, the "Injunction"). The Injunction allowed Real Party to (i) proceed with "below-grade roughing and installation of plumbing and electrical, and below-grade formation of decks and columns" (December 21 Order); (ii) use an electric-powered crane, hand-held tools and instruments, pickup trucks, and welders/torches (*id.*); and (iii) use concrete mixer trucks and concrete pump trucks (collectively, concrete trucks) for specified numbers of days between January and March 2019, subject to installation of temporary noise barriers and subject to a noise monitoring protocol. (January 8 and 21 Orders.)

C. Petitioners and Real Party are discussing a settlement in principal to resolve this entire action, which they expect to confirm in a written agreement, that would result in Petitioners' dismissal of this action with prejudice within the next 30 days.

D. Therefore, the Parties wish to further modify the Injunction to allow Real Party to continue construction activities for another 30 days subject to all requirements of the existing Injunction.

**STIPULATION**

1. Real Party may continue construction activities for the Project as authorized under the Injunction, including the use of concrete trucks pursuant to the requirements of the Injunction, for an additional 30 days after entry of this Order.

**IT IS SO STIPULATED.**

DATED: March 21, 2019        REMY MOOSE MANLEY, LLP

By: _____
ANDREA K. LEISY
Attorneys for Respondents
CITY OF LOS ANGELES et al.

DATED: March 21, 2019        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____
ARTHUR J. FRIEDMAN
Attorneys for Real Party in Interest
6516 TOMMIE HOTEL, LLC

DATED: March 21, 2019        LAW OFFICE OF GIDEON KRACOV

By: _____
GIDEON KRACOV
Attorneys for Petitioners
LAUREN "ELLE" FARMER, ET AL.

**[PROPOSED] ORDER**

For good cause appearing the Parties' stipulation is approved and entered as an order of the Court.

**IT IS SO ORDERED.**

Dated: 09/22/2019, 2019

_____
HON. JOHN A. TORRIBIO
JUDGE OF THE SUPERIOR COURT

SMRH:489853519.2                    -3-