**NORTON ROSE FULBRIGHT US LLP**
JAMES H. TURKEN (BAR NO. 89618)
CHRISTOPHER K. PELHAM (BAR NO. 241068)
NEIL P. THAKOR (BAR NO. 308743)
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
james.turken@nortonrosefulbright.com
neil.thakor@nortonrosefulbright.com
christopher.pelham@nortonrosefulbright.com

Attorneys for Defendants,
STEPHAN "SAEED" NOURMAND, and THE
SUNSET LANDMARK INVESTMENT LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELEVANT GROUP, LLC, a Delaware limited liability company; 1541 WILCOX HOTEL LLC, a Delaware limited liability company; 6516 TOMMIE HOTEL LLC, a Delaware limited liability company; and 6421 SELMA WILCOX HOTEL LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN "SAEED" NOURMAND, an individual; THE SUNSET LANDMARK INVESTMENT LLC, a California limited liability company; and DOES 1-10,<br><br>Defendants. | Case No. 2:19-cv-05019-PSG-KSx<br>*[Assigned to the Hon. Philip S. Gutierrez]*<br><br>**DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S SUPPLEMENTAL RESPONSE BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>*[Supplemental Declaration of Neil P. Thakor filed concurrently herewith]*<br><br>Date: April 27, 2023<br>Time: 1:30 pm<br>Place: Courtroom 6A<br><br>Complaint Filed: June 10, 2019<br>TAC Filed: September 14, 2021<br>Trial Date: TBD |

DOCUMENT PREPARED ON RECYCLED PAPER

DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S
SUPPLEMENTAL RESPONSE BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................... ii

SUPPLEMENTAL RESPONSE BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ................................................................................ 1

    I.    RELEVANT CANNOT OVERCOME *NOERR-PENNINGTON*. ........ 2

        A.    Relevant Fails Both Prongs Of *PRE* ............................................ 2

            1.    Relevant Cannot Demonstrate Objective Baselessness. .................................................................... 2

            2.    Relevant's Concessions Foreclose Any Finding Of Bad Faith. ........................................................................ 5

        B.    *POSCO* Does Not Apply, But Relevant Cannot Satisfy It Anyway. ........................................................................................ 7

            1.    Relevant Cannot Establish The Requisite Numerosity. .......................................................................... 7

            2.    Relevant Cannot Establish That Sunset Maintained A Policy Of Starting Legal Proceedings Without Regard To Their Merits. ................................................... 10

            3.    Relevant Cannot Establish That Sunset Filed Lawsuits With An Impermissible Purpose. ..................... 11

    II.    RELEVANT'S FAILURE TO OVERCOME *NOERR-PENNINGTON* IS DISPOSITIVE. ..................................................... 13

    III.    IN ALL EVENTS, RELEVANT'S CLAIMS FAIL UNDER RICO, THE HOBBS ACT, AND CALIFORNIA LAW. ................... 14

CONCLUSION ........................................................................................................ 14

DOCUMENT PREPARED ON RECYCLED PAPER

- i -

DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S
SUPPLEMENTAL RESPONSE BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ahern v. Cent. Pac. Freight Lines*,
846 F.2d 47 (9th Cir. 1988) ........................................................................... 11

*Amarel v. Connell*,
102 F.3d 1494 (9th Cir. 1996) ......................................................................... 7

*Bey v. Cristiani*,
857 F. App'x 283 (9th Cir. 2021) .................................................................... 2

*Boone v. Redevelopment Agency of San Jose*,
841 F.2d 886 (9th Cir. 1988) ........................................................................... 9

*Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*,
509 U.S. 209 (1993) ........................................................................................ 3

*Castner v. First Nat'l Bank of Anchorage*,
278 F.2d 376 (9th Cir. 1960) ........................................................................... 1

*Chevron Corp. v. Donziger*,
974 F. Supp. 2d 362 (S.D.N.Y. 2014) ........................................................... 13

*Citizens Ass'n for Sensible Dev. of Bishop Area v. County of Inyo*,
172 Cal. App. 3d 151 (4th Dist. 1985) ............................................................ 5

*City of Columbia v. Omni Outdoor Advert., Inc.*,
499 U.S. 365 (1991) ........................................................................................ 5

*Clipper Exxpress v. Rocky Mtn. Motor Tariff Bureau, Inc.*,
690 F.2d 1240 (9th Cir. 1982) ......................................................................... 8

*Delta Sav. Bank v. United States*,
265 F.3d 1017 (9th Cir. 2001) ......................................................................... 2

*Empress LLC v. City & Cnty. of S.F.*,
419 F.3d 1052 (9th Cir. 2005) ..................................................................... 5, 6

*Evans Hotels, LLC v. Unite Here Loc. 30*,
433 F. Supp. 3d 1130 (S.D. Cal. 2020) ........................................................... 9

*ERBE Elektromedizin GmbH v. Canady Tech., LLC*,
629 F.3d 1278 (Fed. Cir. 2010) ....................................................................... 7

*Fairbank v. Wunderman Cato Johnson*,
212 F.3d 528 (9th Cir. 2000) ........................................................................... 2

*Farmland Prot. Alliance v. County of Yolo*,
71 Cal. App. 5th 300 (3d Dist. 2021) .............................................................. 4

- ii -

DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S SUPPLEMENTAL
RESPONSE BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

*Flonase Antitrust Litig., In re*,
   795 F. Supp. 2d 300 (E.D. Pa. 2011) ......................................................................... 8

*Hanover 3201 Realty, LLC v. Village Supermarkets, Inc.*,
   806 F.3d 162 (3d Cir. 2015) ...................................................................................... 7

*Kaiser Found. Health Plan, Inc. v. Abbott Lab'ys, Inc.*,
   552 F.3d 1033 (9th Cir. 2009) ................................................................................... 8

*Kottle v. Nw. Kidney Ctrs.*,
   146 F.3d 1056 (9th Cir. 1998) ......................................................................... 4, 5, 7, 9

*La Suisse, Societe D'Assurances Sur La Vie v. Kraus*,
   2014 WL 3610890 (S.D.N.Y. July 21, 2014) ......................................................... 13

*Levald, Inc. v. City of Palm Desert*,
   998 F.2d 680 (9th Cir. 1993) ................................................................................. 1, 2

*Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*,
   192 F. Supp. 2d 519 (M.D. La. 2001) ..................................................................... 10

*Mathis v. Pac. Gas & Elec. Co.*,
   75 F.3d 498 (9th Cir. 1996) ...................................................................................... 1

*Online DVD-Rental Antitrust Litig., In re*,
   779 F.3d 914 (9th Cir. 2015) .................................................................................... 3

*Preaseau v. Prudential Ins. Co.*,
   591 F.2d 74 (9th Cir. 1979) ...................................................................................... 1

*Primetime 24 Joint Venture v. Nat'l Broad. Co.*,
   219 F.3d 92 (2d Cir. 2000) ....................................................................................... 8

*Professional Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*,
   508 U.S. 49 (1993) .................................................................................................... 2

*Puerto Rico Tel. Co. v. San Juan Cable LLC*,
   874 F.3d 767 (1st Cir. 2017) ..................................................................................... 8

*Sosa v. DIRECTV, Inc.*,
   437 F.3d 923 (9th Cir. 2006) ............................................................................... 5, 14

*Terazosin Hydrochloride Antitrust Litig., In re*,
   335 F. Supp. 2d 1336 (S.D. Fla. 2004) ..................................................................... 8

*Theme Promotions, Inc. v. News Am. Mktg. FSI*,
   546 F.3d 991 (9th Cir. 2008) .................................................................................... 4

*Theofel v. Farey-Jones*,
   359 F.3d 1066 (9th Cir. 2004) .................................................................................. 5

*Toyo Tire & Rubber Co. v. CIA Wheel Grp.*,
   2015 WL 4545187 (C.D. Cal. July 8, 2015) ............................................................. 4

DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S
SUPPLEMENTAL RESPONSE BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

*Twin City Bakery Workers & Welfare Fund. v. Astra Aktiebolag*,
  207 F. Supp. 2d 221 (S.D.N.Y. 2002) .................................................................. 8

*United States v. Albertson*,
  971 F. Supp. 837 (D. Del. 1997) ........................................................................ 14

*United States v. Avenatti*,
  2020 WL 70951 (S.D.N.Y. Jan 6, 2020) ............................................................ 13

*United States v. Desert Gold Mining Co.*,
  433 F.2d 713 (9th Cir. 1970) ................................................................................ 2

*United States v. Koziol*,
  993 F.3d 1160 (9th Cir. 2021) ...................................................................... 12, 13

*United States v. Tobin*,
  155 F.3d 636 (3d Cir. 1998) ............................................................................... 13

*USS-POSCO Indus. v. Contra Costa County Bldg. & Constr. Trades
  Council*,
  31 F.3d 800 (9th Cir. 1994) .......................................................... 7, 8, 9, 10, 11

*Viacom Int'l Inc. v. Icahn*,
  747 F. Supp. 205 (S.D.N.Y. 1990) .................................................................... 14

*VIM, Inc. v. Somerset Hotel Ass'n*,
  19 F. Supp. 2d 422 (W.D. Pa. 1998), *aff'd*, 187 F.3d 627 (3d Cir.
  1999) ..................................................................................................................... 3

*Waugh Chapel S., LLC v. United Food & Commercial Workers Union
  Loc. 27*,
  728 F.3d 354 (4th Cir. 2013) ................................................................................ 8

*Wellbutrin XL Antitrust Litig. In re*,
  2012 WL 1657734 (E.D. Pa. May 11, 2012) ..................................................... 5

*Wonderful Real Est. Dev. LLC v. Laborers Int'l Union of N. Am.*,
  2020 WL 91998 (E.D. Cal. Jan. 8, 2020) ............................................................ 7

**SUPPLEMENTAL RESPONSE BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Relevant's effort to employ the federal criminal code as a tool for deterring and profiting from legitimate, communitywide challenges to its developments fails as a matter of law. Having failed to seek dismissal, summary judgment, sanctions, or other penalties in Sunset's CEQA lawsuits; having *lost* one of those three lawsuits on the ground that "the city's [action] *did not satisfy CEQA requirements*," *see infra* at 3 (emphasis added); having relentlessly pursued settlement in the other two when Sunset was prepared to go to trial; and having ultimately announced to the CEQA court that it was "pleased" to have settled in exchange for "financial" consideration, *see* ECF No. 270 at 3, Relevant cannot now transform those cases and that settlement into federal crimes. As Sunset has explained, Relevant cannot overcome *Noerr-Pennington*, cannot satisfy RICO, and cannot establish triable issues as to even a single predicate act.

Unable to support its position on the merits, Relevant tells the Court it must adhere to Judge Wright's prior rulings even if they are "wrong." ECF No. 268 at 1, 7-8. The Court has no such obligation. Sunset's entitlement to judgment as a matter of law is a legal issue subject to *de novo* appellate review. *See, e.g.*, *Mathis v. Pac. Gas & Elec. Co.*, 75 F.3d 498, 501-02 (9th Cir. 1996). There is no "law of the case" exception to that basic principle, which leaves no room for deference to erroneous rulings. *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993); *see, e.g.*, *Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 79 (9th Cir. 1979). Indeed, as the Ninth Circuit has made clear, this Court would not be "conscientiously carry[ing] out [its] judicial function" if it wasted a jury's, the parties', and its own time and resources by holding a "futile and expensive trial" when no judgment in Relevant's favor could stand up on appeal. *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d

DOCUMENT PREPARED ON RECYCLED PAPER

376, 380 (9th Cir. 1960).[1] For that reason, and because the prior summary judgment order is erroneous under *any* standard, summary judgment should be granted.[2]

## I. RELEVANT CANNOT OVERCOME *NOERR-PENNINGTON*.

### A. Relevant Fails Both Prongs Of *PRE*.

#### 1. Relevant Cannot Demonstrate Objective Baselessness.

Relevant devotes less than three pages to *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49 (1993) ("*PRE*"). ECF No. 268 at 20-23. Most of that discussion pertains to generalized, irrelevant propositions of law—not any disputes of fact. When it comes to the facts, all Relevant says is that there is "competing expert testimony . . . as to whether the underlying lawsuits were objectively baseless," and that "the jury will hear" that Sunset's claims "failed." *Id.* at 21-23.

---

[1] Relevant's own cases, which *affirmed* departures from erroneous law of the case, confirm the point. *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1027-28 (9th Cir. 2001) (law of the case cannot "insulate[] either judge's conclusion from appellate review") (quoting *Levald*, 998 F.2d at 687); *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530-31 (9th Cir. 2000) ("[U]ltimately the judge who enters the final judgment in the case is responsible for the legal sufficiency of the ruling, and is the one that will be reversed on appeal if the ruling is found to be erroneous."); *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970) ("[Interlocutory orders are] subject to reconsideration and revision either by the same judge, a successor judge or a different judge to whom the case might be assigned."); *cf. Bey v. Cristiani*, 857 F. App'x 283, 284 (9th Cir. 2021) (affirming grant of summary judgment because it was correct on the merits, with no discussion of law of the case).

[2] Relevant's voluminous, argumentative "Separate Statement of Facts" was not called for by the Court's briefing order. *See* ECF No. 260 at 4 (inviting "statements of *undisputed* facts") (emphasis added). Further, of the 137 assertions contained therein—many of which are incorrect, unsupported, noncompliant with this Court's rules, and/or entirely dependent on inadmissible evidence—not one creates a genuine dispute of *material* fact that would preclude summary judgment. In all events, Sunset reserves all objections to that document and the assertions therein.

That is nowhere close to enough to get to a jury on objective baselessness. To begin, "[e]xpert testimony . . . is not a substitute" for facts. *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242-43 (1993); *see, e.g.*, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 923-24 (9th Cir. 2015). At summary judgment, Relevant's burden is to produce *evidence*—not just pay an expert to *say*—that Sunset's CEQA claims were "so baseless that no reasonable litigant could realistically expect to secure favorable relief." *PRE*, 508 U.S. at 62; *VIM, Inc. v. Somerset Hotel Ass'n*, 19 F. Supp. 2d 422, 427 n.4 (W.D. Pa. 1998) ("[L]ack of objective baselessness is not the sort of issue that lends itself to expert testimony[.]"), *aff'd*, 187 F.3d 627 (3d Cir. 1999) (mem.). And Relevant cannot possibly make the requisite showing when it settled *Tommie* and *Thompson*, the CEQA court later held in Elle Farmer's case that the Tommie "MND is defective, and cannot be upheld," *see* ECF No. 270-19 at 408; and the CEQA court "set[] aside the City's approval" of *Selma* on the ground that "the City's decision to adopt an MND was an abuse of discretion" that "*did not satisfy CEQA requirements*." ECF No. 274-101 at JX253.0002 (emphasis added); ECF No. 270-24 at 645.[3]

Relevant's contention that the issue is unsuited for summary judgment is also unsupportable. *Cf.* ECF No. 268 at 21. *PRE* itself affirmed summary judgment on this exact issue. *PRE*, 508 U.S. at 62. In so doing, it held that the objective prong is for the jury only if the predicate facts of the prior proceeding are so disputed that a jury could find the proceeding objectively meritless. *See id.* at 60, 63. Relevant cannot point to any such dispute here, and even if it could, Sunset's successes in each

---

[3] Relevant's observation that Elle Farmer's lawsuit was "separate" from Sunset's, ECF No. 268 at 17, is a distraction, not a response. Again, Sunset raised *the same issue*, to the point that the CEQA court in Farmer's case cited *Sunset*'s *evidence* regarding operational noise when it ruled in Farmer's favor on it. *See* ECF No. 270 at 4-5 n.1; ECF No. 270-1 at ¶ 41-42. Farmer's success demonstrates beyond dispute that the issue was non-frivolous.

case would render it irrelevant. *See Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1063 (9th Cir. 1998) (successful litigation cannot be sham).

The claim that Sunset's lawsuits "failed" because "no court ever ordered an EIR," ECF No. 268 at 16-23, hardly merits further discussion. *See* ECF No. 270 at 7-8. Even if the CEQA suits had failed (which they did not), failure alone would not create a jury issue on whether Sunset lacked a reasonable basis for bringing them. *PRE*, 508 U.S. at 65. In any event, the fact that no EIR was ordered is obviously not evidence of failure. Again, Relevant *paid Sunset* to drop its challenges to Thompson and Tommie, then *paid Mama Wilcox* to drop *its* challenge to Tommie, then *paid Elle Farmer* to drop *her* challenge to Tommie after *she won an injunction*. *See Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1008 (9th Cir. 2008) (fact that "litigation settled suggest[ed] that" it "was not objectively baseless"); *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, 2015 WL 4545187, at *3 (C.D. Cal. July 8, 2015) (similar). And in *Selma*, the CEQA court held that the City's approval "*did not satisfy CEQA requirements*," "set[]" that approval "aside," and remanded to the City to either fix its errors or "elect to prepare an [EIR] addressing the court's concerns." ECF No. 274-101 at JX253.0002 (emphasis added).

Relevant attempts to leverage Sunset's appeal of the *Selma* order. But the appeal had nothing to do with the merits; it merely challenged the CEQA court's decision to remand instead of vacating outright. *Id.* at JX253.0001. That appellate challenge, which *would be successful* today under current California law,[4] does nothing to vitiate the CEQA court's unambiguous holding that the City's approval "did not satisfy CEQA requirements." *Id.* at JX253.0002.

---

[4] *See Farmland Prot. Alliance v. County of Yolo*, 71 Cal. App. 5th 300, 308-12 (3d Dist. 2021) (holding that where a CEQA challenger presents "substantial evidence support[ing] a fair argument" of significant environmental effects—as the *Selma* court agreed Sunset had—the court is *required by law* to order a full EIR); ECF No. 270-24 at 654.

- 4 -

Relevant also cannot fend off summary judgment by contending that *some* claims or arguments embedded in Sunset's otherwise-meritorious lawsuits were sham. *Cf.* ECF No. 268 at 21-22. As Sunset has explained, the law is clear that a lawsuit is not frivolous unless it is *entirely* frivolous. *See, e.g.*, *Kottle*, 146 F.3d at 1063; ECF No. 270 at 8 (collecting cases).[5] In any event, Relevant has not shown any injury specifically attributable to any sub-portion of any suit. Thus, even assuming *arguendo* that Relevant could establish that some sub-portion was frivolous, its claims would still fail for lack of causation. *See, e.g.*, *In re Wellbutrin XL Antitrust Litig.*, 2012 WL 1657734, at *33-34 (E.D. Pa. May 11, 2012).

### 2. Relevant's Concessions Foreclose Any Finding Of Bad Faith.

In order to satisfy *PRE*, Relevant would also need to demonstrate subjective bad faith. *See* 508 U.S. at 60-61. Yet Relevant says almost nothing about that issue also. It spends pages arguing that Sunset was not an "environmental advocate[]," and that Sunset's CEQA concerns were therefore supposedly pretextual. ECF No. 268 at 2-3; *see id.* at 1, 4-5, 12, 14-15. But as Sunset has explained, ECF No. 270 at 14-15, that complaint is irrelevant, because the First Amendment protects "genuine attempt[s] to influence governmental action" *regardless* of their underlying motive. *City of Columbia v. Omni Outdoor Advert., Inc.*, 499 U.S. 365, 382 (1991); *Empress LLC v. City & Cnty. of S.F.*, 419 F.3d 1052, 1057 (9th Cir. 2005) (if governmental action is sought, petition is protected "no matter" petitioner's "motives").[6]

---

[5] Relevant's reliance on *Theofel v. Farey-Jones*, 359 F.3d 1066, 1079 (9th Cir. 2004), is misplaced. That case involved freestanding, objectively meritless *third-party discovery* abuses. *Id.* As the Ninth Circuit has made clear, *Theofel* is about "private discovery conduct," which is "not . . . a petition" in the first place. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 938 (9th Cir. 2006).

[6] Relevant's "pretext" objection also finds no support in California law, which permits *all* "property owner[s], taxpayer[s], or elector[s]" with "a geographical nexus with the site of the challenged project" to raise challenges. *Citizens Ass'n for Sensible Dev. of Bishop Area v. County of Inyo*, 172 Cal. App. 3d 151, 158 (4th Dist. 1985).

Relevant's extensive argument about *why* Sunset wanted to obtain further environmental review is therefore immaterial. The question is merely *whether* Sunset wanted to. *See, e.g.*, *Empress*, 419 F.3d at 1057. And there is no genuine dispute on that question. Relevant's own complaint alleges that Sunset challenged Thompson for the specific purpose of "invalidat[ing]" it—*i.e.*, *not* solely for the purpose of procedural delay. ECF No. 89 ¶ 73. Indeed, even now, Relevant continues to argue that Sunset's challenges were motivated by "anticompetitive concerns"—*i.e.*, a desire to *prevent the development* of "nightclubs and event spaces that could have competed with [Sunset's] properties." ECF No. 268 at 12 n.1. Preventing such developments is one possible outcome of a *winning* CEQA suit. Furthermore, it was *Relevant* that sought out *Sunset* to settle. *See* ECF No. 270 at 1-4. The record is undisputed that Sunset, which did not agree to settle until *the day before trial*, was perfectly willing to take each case to judgment.

  Relevant's contention that "[t]he *process* itself was Defendants' weapon," ECF No. 268 at 1, is also unsupportable. In fact, Relevant has failed to create a dispute as to even the fundamental issue of whether any process-based threat existed. It is undisputed, for instance, that construction *proceeded throughout the lawsuits* without material delay. *E.g.*, ECF No. 157-1 at 33 ¶ 5 (construction was "continuously ongoing"); Supp. Thakor Decl., Ex. A at 179:21-180:7 (construction on Thompson "got moving" while litigation was pending). Nor is there *evidence* of any delay in funding. *See, e.g.*, *id*. at 179:7-15; Ex. B at 250:5-9 (conceding that funding for Thompson was secured "before the settlement of th[e] CEQA case"); *cf.* ECF No. 268 at 9 (asserting, *without any citation*, that "[t]he evidence will show" funding delays). Thus, as one of Relevant's principals stated in *his own declaration*, Relevant's real fear was that construction would be "enjoined" on the merits. ECF No. 157-1 at 33 ¶ 8. And Relevant's supposed smoking gun—the document it says "mak[es] clear that *delay*" was Sunset's weapon—further undermines Relevant's

arguments, because the delay in question is expressly tied to Sunset's "*success*[] *in the litigation*." ECF No. 268 at 19-20 (emphasis added).[7]

### B. *POSCO* Does Not Apply, But Relevant Cannot Satisfy It Anyway.

#### 1. Relevant Cannot Establish The Requisite Numerosity.

Relevant's arguments for the application of *USS-POSCO Industries v. Contra Costa County Building & Construction Trades Council*, 31 F.3d 800 (9th Cir. 1994) ("*POSCO*"), ECF No. 268 at 8-11, are unprecedented. *No* case has deemed *PRE* inapplicable because of legislative petitioning, or because a litigant exhausted their claims. *See* ECF No. 270 at 11-12 (citing, *inter alia*, *Wonderful Real Est. Dev. LLC v. Laborers Int'l Union of N. Am.*, 2020 WL 91998, at *10 (E.D. Cal. Jan. 8, 2020)). Nor has any case found a *POSCO* series on the basis that a litigant "contemplated" lawsuits. *Cf.* ECF No. 268 at 5. And in contending that *POSCO* applies whenever there was more than a "single" proceeding, *id.* at 8, Relevant misrepresents binding Ninth Circuit law. *See Amarel v. Connell*, 102 F.3d 1494, 1519 (9th Cir. 1996); *see also Kottle*, 146 F.3d at 1060 (case involving "a small number of . . . suits" falls under *PRE*). Indeed, as Sunset has explained without refutation, courts have unanimously rejected application of *POSCO* in cases involving three lawsuits. ECF No. 270 at 10 (citing, *inter alia*, *ERBE Elektromedizin GmbH v. Canady Tech., LLC*, 629 F.3d 1278, 1291-92 (Fed. Cir. 2010)).

The out-of-circuit precedent Relevant relies on also does not support its case. Again, *Hanover 3201 Realty, LLC v. Village Supermarkets, Inc.*, 806 F.3d 162, 181-83 (3d Cir. 2015), involved *four* petitions, not three, and two of them were

---

[7] Relevant claims to recall that Sunset threatened it would "find something else to challenge" in a hypothetical future action that was never actually brought. ECF No. 268 at 1, 6, 9, 15. Assuming *arguendo* that threat occurred—which it did not—it would not establish a process-based threat, impugn Sunset's motivation for filing the three meritorious lawsuits it did bring, or even demonstrate that any hypothetical future suit would be brought without regard to its merits.

- 7 -

frivolous under *PRE*. *See* ECF No. 270 at 10-11. Relevant's Fourth Circuit precedent involved *fourteen lawsuits*, two of which *were dismissed outright*, *another nine* of which were collaterally estopped by those two, and *ten* of which were "withdr[awn] . . . under suspicious circumstances." *Waugh Chapel S., LLC v. United Food & Commercial Workers Union Loc. 27*, 728 F.3d 354, 365 (4th Cir. 2013) (cited at ECF No. 268 at 2, 10, 16). That is nothing like this case, where *three* lawsuits were brought, one was *successful*, *Relevant settled* the other two, and Relevant cannot satisfy *PRE* as to even one.[8] As the First Circuit has observed, no court of appeals "ha[s] *ever* sustained a finding of liability while simultaneously determining that no frivolous petitions were filed." *Puerto Rico Tel. Co. v. San Juan Cable LLC*, 874 F.3d 767, 772 (2017) (emphasis added).[9]

Unable to satisfy even the broadest out-of-circuit interpretations of *POSCO* it can find, Relevant now seeks to count "nearly twenty 'proceedings,'" most of which Sunset was *required to file* to preserve its claims. ECF No. 268 at 2, 6-8. But having failed to demonstrate that Sunset's lawsuits were frivolous, Relevant cannot sneak in the back door by tallying up the *legally required prerequisites* to bringing them.[10]

---

[8] The Second Circuit case on which Relevant relies also does not support Relevant. *See, e.g.*, *In re Flonase Antitrust Litig.*, 795 F. Supp. 2d 300, 310 n.10 (E.D. Pa. 2011) (holding that under *Primetime 24 Joint Venture v. Nat'l Broad. Co.*, 219 F.3d 92, 101 (2d Cir. 2000), five petitions do not constitute a *POSCO* "pattern").

[9] Relevant's reliance on *Clipper Exxpress v. Rocky Mtn. Motor Tariff Bureau, Inc.* as relevant precedent for the interpretation of *POSCO* is indefensible. ECF No. 268 at 10 (quoting 690 F.2d 1240, 1256 n.25 (9th Cir. 1982)). *Clipper* was decided 12 years before *POSCO* and has nothing to do with which test applies.

[10] *See, e.g.*, *Kaiser Found. Health Plan, Inc. v. Abbott Lab'ys, Inc.*, 552 F.3d 1033, 1047 (9th Cir. 2009) (holding at summary judgment that "seventeen suits" were not "sham" where their "volume . . . was dependent on . . . a matter over which [the party who brought them] had no control"); *see also, e.g.*, *In re Terazosin Hydrochloride Antitrust Litig.*, 335 F. Supp. 2d 1336, 1360 (S.D. Fla. 2004) (similar); *Twin City Bakery Workers & Welfare Fund. v. Astra Aktiebolag*, 207 F. Supp. 2d 221, 224 n.2 (S.D.N.Y. 2002) (similar).

That is especially so given the nature of the proceedings Relevant seeks to count, which include such items as filings with the Los Angeles City Council and a letter requesting official action from state and federal prosecutors. *See* ECF No. 274-1. It should go without saying that in the United States, petitioning a legislative body such as a City Council, or an executive officer with virtually unlimited discretion, is not rendered *a criminal act* merely because the petition is unsuccessful. *E.g.*, *Kottle*, 146 F.3d at 1061-62 (explaining that a government actor's "discretion and independence" determine the sham exception's scope, and that a position like Relevant's would "eviscerate the Petition Clause"). It was thus Relevant's burden to plead, and then to demonstrate with evidence, how *any* of Sunset's challenges before the City Council and other *non-judicial* entities could possibly be sham. *See, e.g.*, *Boone v. Redevelopment Agency of San Jose*, 841 F.2d 886, 894 (9th Cir. 1988); *Evans Hotels, LLC v. Unite Here Loc. 30*, 433 F. Supp. 3d 1130, 1149 (S.D. Cal. 2020). Yet even now, Relevant has failed to make any record whatsoever as to what "indicia of a true adjudicatory proceeding," *Kottle*, 146 F.3d at 1062, any of those activities may have had. Nor is there any support for the notion that submitting a letter to anyone, or filing an objection in a legislative or administrative process that is *already ongoing*, would count under *POSCO* anyway. *See, e.g.*, 31 F.3d at 811 (question is how many actions "defendant is accused of *bringing*") (emphasis added).[11]

Furthermore, even if those proceedings counted, they would not count in Relevant's favor. Each act of petitioning was a step towards Sunset's eventual lawsuits, which Relevant has failed to impeach. Relevant cannot show, for instance, that the City's "reject[ion]" of Sunset's opposition to Selma reflects poorly on Sunset,

---

[11] Relevant wrongly claims that "*four projects* were subjected to multiple challenges and objections." ECF No. 268 at 11. Sunset challenged *three* Relevant developments, not four. The fourth project Relevant mentions was not Relevant's and those challenges were before the City Council—not even an agency, much less a quasi-judicial one.

ECF No. 274-1 at 3, when the CEQA court later held that *the City's action violated CEQA*. For that reason, in addition to the others set forth above, the petitioning leading up to each lawsuit was non-sham as a matter of law. *See supra* at 8-9.

### 2. Relevant Cannot Establish That Sunset Maintained A Policy Of Starting Legal Proceedings Without Regard To Their Merits.

Even if *POSCO* applied, Relevant could not satisfy it. The record contains *no* evidence of any policy of filing lawsuits without regard to their merits. Relevant cannot shift the burden to Sunset to "*disprove*" such a policy. ECF No. 268 at 13 n.2 (emphasis added); *see, e.g.*, *POSCO*, 31 F.3d at 811. And neither the supposed length of Sunset's legal filings nor Sunset's supposed lack of success in the *legislative* sphere, ECF No. 268 at 12-13, has anything to do with any supposed policy of *initiating legal proceedings*.

Relevant also hypothesizes that Sunset acted to "protract" its lawsuits. ECF No. 268 at 13-14. The record does not remotely support that assertion. All Relevant cites are a handful of commonplace scheduling motions and similar filings, with no evidence that any was filed in bad faith or had material real-world effects. A lawsuit obviously does not lose First Amendment protection because the plaintiff extended a briefing deadline. *Cf. Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 192 F. Supp. 2d 519, 540 (M.D. La. 2001) (cited at ECF No. 268 at 14) (parties intervened in cases for the sole purpose of moving to stay them entirely).

As Sunset previously explained, what little the record does contain on the "policy" issue demonstrates the *lack* of a policy of reflexive opposition. *See* ECF No. 270 at 12-14. Of Relevant's *nine* developments (in addition to other applications) in Hollywood, Sunset challenged only three, and was successful in doing so. *Id.* at 12-13. Relevant tries to reverse-engineer a pattern by distinguishing the unchallenged projects one-by-one, *cf.* ECF No. 268 at 13 n.2, but all that remain are a paltry three lawsuits, not one of which was anywhere close to frivolous. As was the case in

DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S
SUPPLEMENTAL RESPONSE BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

*POSCO* itself, Sunset's success "cannot be reconciled with the charge that [it was] filing lawsuits and other actions willy-nilly." 31 F.3d at 811.[12]

### 3. Relevant Cannot Establish That Sunset Filed Lawsuits With An Impermissible Purpose.

Relevant also fails *POSCO*'s third prong. Relevant has effectively conceded the sole material fact, which is that Sunset desired to block and/or delay the developments *by obtaining additional environmental review*. *See supra* at 5-6; ECF No. 270 at 9. As explained, it is irrelevant *why* Sunset wanted that review, so Relevant's attack on Sunset's environmental chops is a waste of ink. ECF No. 270 at 14-15. Instead, what matters is that Relevant has failed to establish that the threat of delay was associated only with the *process of litigating* the CEQA claims, rather than with the additional environmental review that constitutes *a successful outcome*. *See supra* at 6; *see also, e.g.*, *POSCO*, 31 F.3d at 804.

Relevant also cannot establish that the settlement it agreed to—and told Judge Fruin it was "pleased" to announce, ECF No. 270 at 3—suggests in any way that Sunset's lawsuits were filed with an impermissible purpose. It is commonplace for litigants to accept financial consideration and other things of value in exchange for dropping their claims. *See, e.g.*, *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) ("The Ninth Circuit is firmly committed to the rule that the law favors and encourages compromise settlements. There is an overriding public interest in settling and quieting litigation.") (citations and quotation marks omitted).[13] Such

---

[12] Relevant's resort to the boilerplate "roulette" and "broken clock" tropes is unsupportable. *Cf.* ECF No. 268 at 20. Sunset filed *three* CEQA suits against Relevant, and if the claims had not been meritorious, they would have failed. *See, e.g.*, ECF No. 270 at 3.

[13] The question whether a litigant can settle a CEQA action in exchange for private consideration is plainly a matter of *California* law, not federal law, and certainly not federal criminal or constitutional law. Relevant points to no authority—and none exists—suggesting such settlements are impermissible. Indeed, the CEQA

DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S
SUPPLEMENTAL RESPONSE BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

settlements obviously do not establish that the claims themselves were sham. Nor does Relevant identify any principle of First Amendment law requiring Sunset to drop its claims for less than Relevant was willing to pay. And Relevant's attempt to analogize to *United States v. Koziol*, 993 F.3d 1160 (9th Cir. 2021), which involved blackmail based on falsified facts the blackmailer knew he could not substantiate, is obviously inapposite for a range of reasons, including Relevant's failure to satisfy *PRE*, Sunset's undisputed readiness to litigate each case to conclusion, the absence of any allegation (much less any proof) that Sunset's claims were fraudulent, and the fact that although Relevant does not mention it, the *Thompson/Tommie* agreement also included consideration apart from the settlement, such as Sunset's agreement to make its own land available to Relevant to aid in construction. *See* ECF No. 270-1 at ¶ 30.

Relevant's discussion of *its own* motivation for entering into the settlement, ECF No. 268 at 18-19, is immaterial and unsupportable. The question under *POSCO* (if *POSCO* applied) would be *Sunset*'s motivation (not Relevant's) for *suing* (not settling).[14] And Relevant's claim that the amount of the settlement demonstrates that it was "paying to avoid process—as opposed to the outcome of that process," ECF No. 268 at 18 (internal quotation marks and citation omitted), is pure *ipse dixit*. Relevant never moved to dismiss or for summary judgment, never filed any bar complaints, never sought sanctions, and never so much as hinted at the supposed meritlessness of *a single one* of the CEQA cases before settling two of them and then

---

court was well aware that the *Thompson/Tommie* settlement contained a "financial component," ECF No. 270 at 3, and did not bat an eye.

[14] Relevant cannot establish that the settlement was "incongru[ous]," ECF No. 268 at 12, when it is unwilling to acknowledge its contents. For instance, and as noted, Relevant simply ignores that as part of the agreement, Sunset provided consideration in addition to dropping its claims, such as permitting its own property to be used in Relevant's construction. *See* ECF No. 270 at 20.

- 12 -
DEFENDANTS STEPHAN "SAEED" NOURMAND AND THE SUNSET LANDMARK INVESTMENT LLC'S
SUPPLEMENTAL RESPONSE BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

losing the third. If anything, given the timing of the settlements (*Thompson/Tommie* the day before trial; Elle Farmer after she won an injunction), the result in *Selma*, and Relevant's own admissions, *see supra* at 5-6, the uncontroverted record confirms that what Relevant was concerned about was exactly what the *Selma* court would later find: that the City's approval of Relevant's projects "d[id] not comply with CEQA." ECF No. 270-24 at 654.

## II. RELEVANT'S FAILURE TO OVERCOME *NOERR-PENNINGTON* IS DISPOSITIVE.

Relevant now contends that even if the CEQA suits were lawful, meritorious, well-intentioned, and protected by the First Amendment, settling them was extortion. ECF No. 268 at 23-25. That argument is wrong also. Relevant has not demonstrated—and could not demonstrate—that Sunset's acceptance of financial consideration was remotely impermissible, much less a federal crime. *See supra* at 11 n.13.[15]

The cases Relevant cites do not come close to supporting its argument. Two involved unlawful attempts to misappropriate the proceeds associated with *other people's* lawsuits. *United States v. Avenatti*, 2020 WL 70951, at *8-9 & n.2 (S.D.N.Y. Jan 6, 2020) (lawyer-defendant sought $25M kickback from company to drop *his client's* claim against company); *La Suisse, Societe D'Assurances Sur La Vie v. Kraus*, 2014 WL 3610890, at *10 (S.D.N.Y. July 21, 2014) (insurance brokers sought to "negotiate a payment directly to [themselves]" to settle *policyholders'* claims). The other involved essentially the *Koziol* fact pattern: a party's demand to be bribed not to bring falsified, fraudulent allegations of sexual harassment. *United States v. Tobin*, 155 F.3d 636, 640 (3d Cir. 1998); *see Chevron Corp. v. Donziger*, 974 F. Supp. 2d

---

[15] Relevant previously argued that because of CEQA's broad standing provisions, Sunset exercised "government power" when it brought its lawsuits and thus could not accept private consideration. ECF No. 137 at 22 n.5. That argument was indefensible, but now that Relevant has dropped it, the suggestion that Sunset committed extortion by accepting consideration to settle is completely unsupported.

362, 579-80 (S.D.N.Y. 2014) (judgment procured by fraud). None was like this case, where a litigant brought non-frivolous claims it was perfectly entitled to bring, then accepted what its opponent willingly paid to settle them in a comprehensive agreement that was drafted largely by *the opponent's* sophisticated counsel and included consideration flowing both ways. If Relevant cannot prove the claims were meritless—which it cannot—then it cannot prove that Sunset lacked the right to settle them for money. *See, e.g.*, *Sosa*, 437 F.3d at 939-40 (settlement demand not extortion "where the asserted claims do not rise to the level of a sham"); *United States v. Albertson*, 971 F. Supp. 837, 838 (D. Del. 1997) (developer possessed no legal entitlement to be free of opposition to development, and defendant did not commit extortion by accepting payment to drop opposition); ECF No. 270 at 19-20 (citing, *inter alia*, *Viacom Int'l Inc. v. Icahn*, 747 F. Supp. 205, 213-14 (S.D.N.Y. 1990)).[16] That is especially so when the settlement was not the only consideration Relevant received. *See supra* at 12 n.14.

### III. IN ALL EVENTS, RELEVANT'S CLAIMS FAIL UNDER RICO, THE HOBBS ACT, AND CALIFORNIA LAW.

Relevant's supplemental filing lists four supposed predicate acts, one of which it already conceded away. ECF No. 268 at 25; *see* ECF No. 137 at 25. Even assuming Relevant could overcome *Noerr-Pennington*, its efforts to establish predicate acts and RICO claims based on them fail for the additional, independent reasons set forth in Sunset's initial supplemental brief. ECF No. 270 at 15-23. The Court should grant summary judgment for those additional reasons also.

### CONCLUSION

For the foregoing reasons and those in Sunset's prior filings, Sunset respectfully requests that the Court enter judgment in Defendants' favor.

---

[16] Relevant's invocation of *Sosa* in this context, ECF No. 268 at 24, is yet another attempt at misdirection. *Sosa* nowhere suggests that attempts to settle *non-sham* litigation can be criminalized. 437 F.3d at 938.

Dated: March 23, 2023     **NORTON ROSE FULBRIGHT US LLP**

By  */s/ Christopher Pelham*
CHRISTOPHER PELHAM
Attorney for Defendants
THE SUNSET LANDMARK INVESTMENT, LLC, and STEPHEN "SAEED" NOURMAND